FILED

JUN 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DIST~~~ ~~~~

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,
       Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,
       Defendant.

*(handwritten:)* R18123-053
65 Pent
PO Box 150160
Atlanta GA 30315

    Civil No. _____

    COMPLAINT

    Freedom of Information

*(right margin, vertical text:)* CASE NUMBER 1:05CV01314    JUDGE: Henry H. Kennedy    DECK TYPE: FOIA/Privacy Act    DATE STAMP: 06/30/2005

## NATURE OF CASE

This is a civil complaint filed by Charles Miller, a pro s

soner plaintiff, naming the United States Department of Justice

("DOJ"), Federal Bureau of Investigation ("FBI") as defendant

seeking disclosure of information previously sought and denied

under 5 U.S.C. §552 et. seq. and §552 a et. seq.. In support of

his complaint Miller would aver as follows:

## JURISDICTION/VENUE

This Court has proper subject matter and personal jurisdiction

pursuant to 5 U.S.C. §552(a)(4)(B); In re Scott, 709 F.2d 717

(D.C. Cir. 1983).

## PARTIES

1.    The plaintiff, CHARLES MILLER, is a federal prisoner serving

Life without parole at the United States Penitentiary, Atlanta, Georgia.$\underline{1/}$

2    The defendant, Federal Bureau of Investigation is an agency under the auspices of the U.S. Department of Justice with its principal headquarters maintained in the District of Columbia.

## FACTUAL ALLEGATIONS

A.    Facts Associated With FOIA Request:

1.    On or about March 16, 2003, Miller caused to be mailed his written request for information to the FBI.  (Exhibit A).

2.    Miller sought information/records from the FBI pursuant to 5 U.S.C. §552 a  and §552.

3.    On or about March 28, 2003, the FBI acknowledged receipt of Miller's FOIA request, and assigned request number 0974876-000.  (Exhibit B)

4.    On or about September 8, 2004, the FBI made response to Miller's FOIA request by releasing 191 heavily redacted pages while refusing to release another 62 pages entirely. (Exhibit C)

5.    The FBI maintained and asserted various statutory exemptions supporting the non-disclosure of records sought by Miller.

---

1/

For background of Miller's Criminal Case See:
United States v. Miller, Criminal No. 95-896-CR-(Moore)
and United States v. Miller, Appeal No. 01-11825-G

6.   On or about September 27, 2004, Miller submitted his FOIA appeal letter to the Co-Director, U.S. Department of Justice.  (Exhibit D)

7.   On or about November 8, 2004, the Co-director's office acknowledged receipt of Miller's written FOIA Appeal Number 05-0160.  (Exhibit E)

8.   On or about May 23, 2005, the Co-Director's office issued it's appellate decision affirming the F.B.I.'s non-disclosure of information requested.  (Exhibit F)

B.   Facts Related To Plaintiff And Basis For FOIA Request

1.   Miller was prosecuted for violation of USC §960(a) & (b) and §963  the U.S. District Court for the Southern District of Florida.  (Case No. 95-896-CR-(Moore)

2.   Prior to being brought to the U.S. for trial, Miller was a resident and citizen of St. Kitts/Nevis, island in West Indies.  It was the prosecution's position that Miller was violating Federal Drug Laws while a resident of St. Kitts/ Nevis.

3.   Miller's defense at trial was his claim that he worked for various international law enforcement agencies in the interdiction of illegal narcotics.  The district court refused to allow Miller opportunity to present his defense because, due to counsels' ineffective investigation, Miller lacked the evidence to support his defense.

4.   In an effort to procure evidence to support his asserted involvment with law enforcement, and therefore substantiate his defense; Miller sought records from the FBI under the FOIA/Privacy Acts.

5.  In or about the year 1988  Miller was granted immunity by
Federal officials for co-operation in a South Florida Murder
prosecution.  At Miller's federal trial the AUSA used certain
criminal conduct against Miller in violation of immunity
agreement.

6.  Miller believes that the FBI has a copy of the immunty
agreement, or maintains records that allude to this agree-
ment.  Therefore, in light of the AUSA's denial of any such
immunity agreement, and the FBI's extensive involvment with
Miller, it would be Miller's intention to seek such  pur-
suant to 5 U.S.C. §552a  and §552.

## CLAIMS/ARGUMENTS FOR RELIEF

Under 5 U.S.C. §552 there is a presumption in favor of disclosure.
Any individual who is agrieved  by an agency refusal to release
records under the FOIA/Privacy Act may seek civil remedy accordingly
3552 (a)(4)(B).  Lovell v. Dept. of Justice,  589 F.Supp. 150 (D.C.
D.C. 1984).

A complaint under FOIA must allege a proper request for the
records (Exhibit A), a failure of the agency to comply with
request (Exhibit C), and an exhaustion of administrative remedies
(Exhibit D).  Am Jur. 2d FOIA §508; Stebbins v. Nationwide Mut.Ins.Co.
757 F.2d 364 (D.C. Cir. 1974)  The plaintiff in this case has
shown this Court, with credible evidence, that: (1) he did file
a proper request for records under §552(a) et. seq. (2) the
defendant failed to comply with plaintiff's request by releasing
information and (3) plaintiff has exhausted all adminstrative
remedies available under applicable law.

-4-

In this case, Miller is entitled, and the district court should order, that defendant's prepare and present for review a Vaughn index.[2]/ Piper v. U.S. Dept of Justice, 312 F.Supp.2d 17 (D.C.D.C. 2004). When affirming the F.B.I. decision not to release certain records the Co-Director specifically stated that Miller's records are contained in the Organized Crim. Drug Enforcement Task Force. (OCDETF) and therefore exempt under 28 C.F.R. §16.96 (2004)(Exhibit E, pg. #1 ¶3 & 4). However, the F.B.I. did not assert exemption under §16.96 nor allude to Miller's records being part of OCDETF files. There is reason to believe, and Miller alleges herein, that the agency has taken unlawful action to conceal releasable records by, among other subterfuge, redesignating those records as part of exempted files. Consequently, the defendant has acted in bad faith in the non-disclosure of records requested by Miller. Campbell v. U.S. Dept of Justice, 231 F.Supp2d 1 (D.C.D.C. 2002) Records 68.

## RELIEF REQUESTED

WHEREFORE, Miller would respectfully pray that this Honorable Court grant the following relief:

1.  Grant Miller in forma pauperus based on the motion and finanical records submitted with this complaint;

2.  Issue declaratory judgment holding that Miller is entitled to records held by defendant for

---

[2]/    Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973)

purposes of exoneration; <u>3/</u>

3.  Issue an order enjoining defendants' from refusing to release records to Miller;

4.  Order defendants to produce <u>Vaughn</u> affidavit and index specifically addressing each record and why it's non-release is lawful;

5.  Conduct <u>in camera</u> review of the agency's OCDETF file to ensure that <u>all</u> records maintained in that exemptable file are lawfully contained therein;

6.  Order defendants to pay all cost associated with this FOIA/Privacy request. And pay punitive damages if agency acted in bad faith or unlawfully.

7.  Any other relief this Court deems just and proper.

Respectfully prayed for this ⟨20th⟩ day of JUNE, 2005.

/s/ _Charles Miller_
        Charles Miller
        plaintiff, Pro Se

<u>3/</u>

<u>Bright v. Ashcroft</u>, 259 F.Supp.2d 502 (E.D. La. 2003)

## AFFIRMATION OF TRUTH

I, Charles Miller, do hereby state under penalty of perjury that I have read the foregoing complaint and attest to the truth-fulness of facts alleged therein.   28 U.S.C. §1746.

Sworn to this _20th_ day of _June_, 2005.

/s/ _Charles Miller_

Charles Miller
#18123-053
U.S. Penitentiary
P.O. Box 150160
Atlanta, GA 30315

Plaintiff, Pro Se

Exhibit "A"

AGENCIES:
( ) United States Parole Commission
( x ) Federal Bureau of Investigation
( ) Immigration & Naturalization service
( ) Internal Revenue Service
( ) United States Attorney
( ) Treasury Department
( ) Bureau of Prisons
( ) State Agency
( ) Other: _____

DIRECT RESPONSE TO:

Name: Charles Miller
      aka Cecil Conners
Reg. No.:    18123-053

Unit:    D-2

Date:    March 16, 2003

TO:

Justibe Department
Federal Buareu of Investigation
J#. Hoover Bldg.
If9th & Pennsylvania Ave. NW
(~Washington, DC   20535

IDENTIFICATION OF REQUESTER:
NAME: Charles Miller
ALIAS:    Cecil Conners
DATE OF BIRTH:  03-29-60
PLACE OF BIRTH:  St. Kitts W.I.
F.B.I. NO: 5702 62 bA3
SOC. SEC. NO:
OTHER:

RE:   FREEDOM OF INFORMATION ACT
      ( U.S.C. 552), PRIVACY ACT
      (5 U.S.C. 552a (d) (1)) Request:
      EXEMPTIONS (5 U.S.C. 552 (6) (C)
      (B) (7)), GENERAL ( U.S.C. 552 A
      (J) (2)) OR SPECIFIC ( U.S.C.
      552 a (k) (2)) NOT APPLICABLE TO
      THIS REQUEST.

Right Thumb        Right Index

 

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports, and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (h) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

Dated: 3-17-03

Exhibit "B"



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR CHARLES MILLER
***18123-053
UNIT: D-2
601 MCDONOUGH BOULEVARD, SOUTHEAST
ATLANTA, GA 30315

MARCH 28, 2003

Request No.: 0974876- 000
Subject: MILLER, CHARLES

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Records Information
 and Dissemination Section
Records Management Division

Exhibit "C"

 

U. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 8, 2004

MR CHARLES MILLER
**18123-053
UNIT: D-2
601 MCDONOUGH BOULEVARD, SOUTHEAST
ATLANTA, GA 30315

Subject: MILLER, CHARLES

FOIPA No.  0974876- 000

Dear Mr. Miller:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☒(b)(3) __FRCP rule 6e__ | ☒(b)(7)(C) | ☐(k)(1) |
| __18 USC 2515-20__ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

253  page(s) were reviewed and 191  page(s) are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C.  20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

◻ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

⊠ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

Please be advised that the enclosed documents are maintained in a multiple subject investigation. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion specifically requested by providing all information pertaining to you rather than that information pertaining to other subjects. Therefore, only those documents which contained substantive information concerning you were processed for release. Portions of sections one through three of file number 245 HQ-657 were processed and are enclosed.

As a means of releasing documents to you in a more timely and efficient manner, we are enclosing the requested material in advance of your payment. At this time, we are requesting payment in the amount of $9.10 for this release of 191 pages. Your check or money order should be made payable to the Federal Bureau of Investigation, and should include the FOIPA number assigned to this request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages.

Exhibit "D"

September 27, 2004


Charles Miller
#18123-053
U.S. Penitentiary, P.O. Box 150160
Atlanta, Ga. 30315


Co-Director, Office of FOIA
U.S. Dept. of Justice
FLAG Bldg. Suite 570
Washington, D.C. 20530-001


RE: FOIA "APPEAL"  Case No. 0974876-000 (FBI)


Co-Director:

       This letter will serve as my administrative appeal in the
above refferenced FOIA request to Federal Bureau of Investigation.

       The FBI's response to my FOIA request contains blank pages
completely redacted except for one or two words, and the FBI has
used, certain exemptions as pretext to support non-disclosure
of documents that I am entitled to under 5 U.S.C. 552 and 552(a).

       Thank you for your time and concern in this matter.


                                        /s/ _Charles Miller_____
                                             Charles Miller




Copy to:  File


Cert/ Mail Recpt. No. ⎡ 7001 2510 0000 6266 5784 ⎤

Exhibit "E"




**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                                  _Washington, D.C. 20530_

NOV - 8 2004

Mr. Charles Miller
Register No. 18123-053
United States Penitentiary
P.O. Box 150160
Atlanta, GA  30315

            Re:    Request No. 974876

Dear Mr. Miller:

        This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on October 18, 2004.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0160**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                            Sincerely,

                            _Priscilla Jones_

                            Priscilla Jones
                            Administrative Specialist

Exhibit "F"



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 2 3 2005**

Mr. Charles Miller
Register No. 18123-053
United States Penitentiary          Re:  Appeal No. 05-0160
Post Office Box 150160                    Request No. 974876
Atlanta, GA  30315                        RLH:ADW:MJS

Dear Mr. Miller:

You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records concerning you.

After carefully considering your appeal, I have decided to affirm the FBI's action on your request.

You are the subject of one Headquarters Office file entitled Organized Crime Drug Enforcement Task Force.

These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.96 (2004).  Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records you requested.

The FBI properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (in this instance, 18 U.S.C. § 2515-20, Title III of the Omnibus Crime Control and Safe Streets Act, which pertains to wiretaps);

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to

-2-

constitute an unwarranted invasion of the personal privacy of third parties (including, in this instance, the names of FBI special agents and employees);

5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes, the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

I have determined that this information is not appropriate for discretionary release.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director