## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>Federal Bureau of Investigation )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1314 (HHK)<br>Electronic Case Filing |

### **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time to answer or otherwise respond to the Complaint from August 24, 2005 until September 26, 2005.  The grounds for this motion are set forth below.

Plaintiff, who is serving a life sentence without parole, brings this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a. See Complaint, Nature of Case, Parties, ¶ 1.  Plaintiff challenges the response he received from the FBI to his FOIA request dated March 16, 2003.  See id., Exhibits A-C.  Plaintiff alleges that FBI produced 191 redacted pages and withheld 62 pages.  Although the FBI's cover letter to plaintiff requested payment of fees in the amount of $9.10 in connection with that release, the Complaint is silent regarding whether plaintiff ever remitted payment.  See id. Exhibit C at 2.  In any event, after plaintiff filed an appeal, the Office of Information and Privacy affirmed the FBI's

response to plaintiff's FOIA request by letter dated May 23, 2005 without regard to the fees. See id. Exhibit F. Plaintiff is proceeding *pro se*.

The U.S. Attorney's Office was served with the Complaint on July 25, 2005. Accordingly, the defendant's response is currently due on August 24, 2005. The Assistant United States Attorney with primary responsibility for this matter promptly contacted the FBI's FOIA litigation unit after she received the case so that the agency could begin gathering information needed to respond in this case. Responding will require preparation of a Vaughn index of the withholdings made to the documents as well as preparation of an appropriate declaration describing FBI's reasonable search for responsive documents and other relevant matters. Undersigned counsel is informed that the FBI will not be able to have that declaration complete prior to the current deadline due, in large part, to its heavy FOIA workload. In addition, the same Assistant United States Attorney will be out of the office on previously-scheduled leave between August 22 and September 6, 2005. Once she returns, a reasonable amount of time for coordination with the FBI and preparation of a response, likely to be a dispositive motion as is typical in cases brought under the FOIA, will be needed. This extension of time is sought in good faith and will not unduly delay the resolution of this matter. Plaintiff will not be unfairly prejudiced by the delay associated with this extension as he has been pursuing the administrative process now for over two years. By comparison, one additional month does not amount to significant delay. Furthermore, nothing about the Complaint alleges any reason why FBI's handling of this case needs to be placed in front of other pending matters with urgent deadlines.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.[1]  This is the defendant's first request for an extension of time to respond to the Complaint, and no scheduling order has been entered.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for answering or otherwise responding to the amended complaint be extended to and including September 26, 2005.  A proposed order is attached.

Dated: August 19, 2005.

                                                Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not require counsel to discuss those motions with pro se parties.  Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference).  LCvR 16.3(a) (emphasis added).

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2005, I placed a copy of the foregoing **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME** in the first class United States mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> U.S. Penitentiary
> P.O. Box 150160
> Atlanta, Georgia   30315

/s/_____
Jane M. Lyons
Assistant United States Attorney