UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>Federal Bureau of Investigation )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1314 (HHK)<br>Electronic Case Filing |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7(h), defendant United States Department of Justice, and its component the Federal Bureau of Investigation ("FBI") respectfully submits this statement of material facts not in genuine dispute in support of its motion for summary judgment. This statement is supported by the Declaration of David M. Hardy ("Hardy Dec.") which is attached hereto.

1. In March 2003, plaintiff sent a letter to FBI Headquarters requesting certain information from the FBI's files about himself. See Hardy Dec. ¶ 5. In addition to requesting non-exempt information about himself generally, plaintiff also specifically requested: (1) arrest records; (2) investigation and/or investigatory reports; (3) reports or evidentiary and/or scientific information findings; (4) warrants, and/or detainers; and (5) final and closing investigation reports. Id. & Exhibit A.

2, FBI promptly acknowledged plaintiff's FOIA request and assigned it a tracking number. Id. ¶ 6 & Exhibit B.

3.  In September 2004, after reviewing 263 pages of material, the FBI released to plaintiff 191 pages. See id. ¶¶ 7, 17 & Exhibit C.  Of the 253 pages reviewed, 98 pages were released in full, 99 pages were partially released, 8 pages were denied and 58 pages were found to be duplicates of others. See id. ¶ 18.  With respect to information it withheld from plaintiff, the FBI advised him that FOIA exemptions (b)(3), (b)(7)(C) and (b)(7)(D) applied and that all of the information was exempt from disclosure under the Privacy Act. Id. ¶ 7 & Exhibit C.  The FBI also advised plaintiff of his right to appeal its determination to DOJ's Office of Information and Privacy ("OIP"). Id.

4.  FBI made a reasonable search for responsive records to plaintiff's FOIA request by looking in its Central Records System through its automated indices using plaintiff's name. See id. ¶¶ 11-18 (describing FBI's records systems and methods of information retrieval).  The search yielded one main file – 245-HQ-657.

5.  FBI properly applied Exemption 2 on only four pages and withheld primarily internal telephone numbers of its agents and other employees.  Hardy Dec. ¶¶ 24-26 & n.4.

6.  FBI properly withheld information under Exemption 3 in conjunction with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-20, to protect information gathered through a lawful wiretap.  See Hardy Dec. ¶¶ 27-28.

7.  FBI appropriately withheld information regarding third parties whose substantial privacy interests outweigh the benefit of public disclosure under Exemption 6.  See Hardy Dec. ¶¶ 30-44 & Exhibit G.

8. FBI also withheld information regarding third parties under Exemption 7(C) in its law enforcement records because disclosure would result in an unwarranted invasion of personal privacy. See Hardy Dec. ¶¶ 50-64.

9. FBI correctly withheld information relating to confidential informants mentioned in plaintiff's criminal case file under Exemption 7(D). See Hardy Dec. ¶¶ 67-69.

10. FBI properly applied Exemption 7(E) by withholding information relating to law enforcement techniques and procedures for law enforcement investigations. See Hardy Dec. ¶ 71 & n.18.

14. FBI has supplied plaintiff with all of the non-exempt material which could reasonably be separated from the exempt information. Id. ¶¶ 50, 73, 75 & Exhibit G.

Dated: September 26, 2005.

Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161