IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,                          )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )    Civil Action Number 05-CV-01314 (HHK)
                                         )
FEDERAL BUREAU OF INVESTIGATION          )
                                         )
                                         )
        Defendants.                      )
                                         )

# EXHIBIT G

# Folder Separator Sheet

③ 974876

# File Batch ID :     36004
# Folder # :     1



99999999999999

00000360040001

**MILLER-1**

REVISED 3-13-03
MC                              TOTAL # OF VOLUMES   *3*                    BATCH #   *36004*

# SCANNING TRACKING SHEET

**FOIPA #** ___974876_____

**SUBJECT** __Charles Miller___

**FILE #** __HQ 245-657__

**SECTION #** ____1___
   (Please use a separate form for each section)

**SERIAL(s)** ___All_____

**LEGAL TECH** [_____]    __WPU-1__    [_____]   b2
                   NAME              TEAM        EXT.     b6 -1
                                                          b7C -1

DATE FORWARDED TO SCANNING___5/5/2003_____

DATE COMPLETED _____

                        INITIAL AND DATE:
□ACL NEEDED _____

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

                        INITIAL  AND  DATE:
DOCUMENTS PREPARED BY    _____
SCANNED BY              _____
QUALITY CONTROLLED BY   _____
REWORKED BY             _____
CATALOGED BY            _____
REASSEMBLED BY          _____

□ACL APPLIED BY         _____ ___

                                        MILLER-2

245- HQ-657    SECTION 1

SERIALS X-42

SECTION 1
SERIAL X-42

U. S. Department of Justice

FEDERAL BUREAU

of

INVESTIGATION

Bureau File Number

See also nos.

MILLER-3

NOV 30 1984

Assistant Attorney General
Criminal Division

Director, FBI

FEDERAL GOVERNMENT

DESMOND LLOYD ANDERSON; DAVID A. BURKE
KARL L. MARTIN; MUNOZ PRYCE; BURNAGIE WEBB
NARCOTICS MATTER

ACTION MEMORANDUM

Enclosed is one copy of an affidavit in which Special
Agent William Leach of this Bureau's Buffalo, New York, Field
Office, is the affiant. This memorandum, based upon the content
of the accompanying affidavit, seeks approval from the
Department of Justice for the filing of an application,
supported by the affidavit, for a court order authorizing, for a
thirty day period, the interception of wire communications over
telephone number (716) 461-3312, subscribed to by Mercedes
Sales, located at 565 Monroe Avenue, Apartment 24, Rochester,
New York. As a result of this investigation, it is believed
that this telephone has been used, is being used, and will
continue to be used by Karl Martin, and others as yet unknown,
to plan and carry out criminal activities, in violation of Title
21, United States Code, Sections 841, 843(b), and 846; that is
to manufacture, distribute, and possess with intent to
manufacture, distribute and possess a controlled substance, to
wit, marijuana and cocaine; to use communication facilities in
committing, causing, and facilitating the commission of acts set
forth above; and conspiracy to commit the above offenses.

It is believed that the enclosed affidavit contains
probable cause that wire communications of the named principals,
and others as yet unknown, concerning enumerated offenses, will
be obtained through the interception of their communications, as
indicated in the affidavit, therefore, justifying the use of
electronic devices, pursuant to the provisions of the Omnibus
Crime Control and Safe Streets Act of 1968.

It is therefore requested, based upon the facts set
forth in the enclosed affidavit, that authorization be granted
for the filing of an application, supported by this affidavit,
with the United States District Court, Western District of New
York, Rochester, New York.

Enclosure

Hand carried to
OEO 11/30/84
KAS/rms
APPROVED:

1 - Mr. Mintz
1 - Mr. E. F. Walsh
1 - Mr. Coon
1 - Ms. Withrow

(bb)/MMf (9)

MAY 01 1985

1 - Mr. Oppy        MILLER-4
1 - Mr. Domroe
1 - Mr. J. Murray
Adm Servs          Laboratory
Crim.Inv           Legal Coun.
                   Off. of Cong.
                   & Public Affs.
Director           Rec. Mgnt.
Exec. AD-Adm.   Ident.
Exec. AD-Inv.   Inspection   Tech. Servs.
Exec. AD-LES    Intell.      Training

Exec AD Adm. ___
Exec AD Inv. ___
Exec AD LES ___
Asst. Dir.:
  Adm. Serv.
  Crim. Inv.
  Ident.
  Insp.
  Intell.
  Lab.
  Legal Coun.
  Off. Cong. &
   Public Affs.
  Rec. Mgnt.
  Tech. Servs.
  Training
  Telephone Rm.
  Director's Sec'y

MAIL ROOM ☐

PAGE TWO BU 245D-58 UNCLAS

NARCOTICS SUPPLIER OF THIS ORGANIZATION, IS CECIL CONNER,

A NATIVE OF ST. KITTS, AN ESCAPEE FROM A JAMAICAN JAIL,

WHERE HE WAS INCARCERATED FOR MURDER.

BT

MILLER-5

BU 245D-58                          b6 -3
                                    b3 - 18 USC 2515-20
I. CASE SYNOPSIS                    b7C -3

     Historical background on the nature of this problem was previously submitted by referenced airtel.

The source of this substance is an unknown individual known only as the "Modeler." One shipment of drugs was sent to Rochester via Federal Express. Monies are returned to the Modeler via Western Union utilizing fictitious names.

II. PRIORITY

     The Organized Crime (OC) program is a priority program within the Buffalo Division, and this investigation is targeting an OC group and is a derivative from an ongoing Title III. It is considered the priority investigation matter in the Rochester, NY Resident Agency.

III. SYNOPSIS OF PROBABLE CAUSE

**MILLER-6**

-2-

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

___ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

X Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

#### Section 552                                             Section 552a

☐ (b)(1)            ☐ (b)(7)(A)            ☐ (d)(5)

☐ (b)(2)            ☐ (b)(7)(B)            ☐ (j)(2)

X (b)(3)            X (b)(7)(C) -3, 4, 5   ☐ (k)(1)

___18 U.S.C. 2518___   X (b)(7)(D)         ☐ (k)(2)

                    ☐ (b)(7)(E)            ☐ (k)(3)

                    ☐ (b)(7)(F)            ☐ (k)(4)

☐ (b)(4)            ☐ (b)(8)               ☐ (k)(5)

☐ (b)(5)            ☐ (b)(9)               ☐ (k)(6)

X (b)(6) -3, 4, 5                          ☐ (k)(7)

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

___ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

___ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

___ Page(s) were not considered for release as they are duplicative of _____

___ Page(s) withheld for the following reason(s):_____

☐ The following number is to be used for reference regarding these pages:

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

Miller-7                    FBI/DOJ

RECEIVED
TELETYPE UNIT

FORMS.TEXT HAS 1 DOCUMENT

INBOX.1 (#1093)

2 FEB 20  51

FBI
OF INVESTIGATION

TEXT: VZCZCBQ0113

PP HQ BU MM

DE BQ #0113 0431931

ZNY UUUUU

R 121725Z FEB 85

FM FBI BROOKLYN-QUEENS (245D-NEW) (P) (C-13)

TO DIRECTOR FBI PRIORITY

FBI BUFFALO (245D-58) PRIORITY

    ATTN:  ROCHESTER RA

FBI MIAMI (12D-1354) PRIORITY

    ATTN:  SA [          ] OC-5

BT

UNCLAS

b6 -1, -3
b7C -1, -3

[                        ] AKA: ET AL: OCDETF: (OO:BUFFALO).


    THIS COMMUNICATION IS TO ADVISE THE BUREAU, BUFFALO, AND MIAMI

DIVISION THAT ON FEBRUARY 11, 1985, AT APPROXIMATELY 11:00 AM, CECIL

EMMANUEL CONNOR WAS ARRESTED WITHOUT INCIDENT ON A WARRANT ISSUED IN

THE WESTERN DISTRICT OF NEW YORK.  THE ARREST TRANSPIRED AT THE

HOLIDAY INN, DITMARS BOULEVARD, QUEENS, NEW YORK, ROOM 526.  AT THE

657

MILLER-8

PAGE TWO DE BQ 0113 UNCLAS

TIME OF HIS ARREST. CONNOR WAS ATTEMPTING TO DESTROY RECORDS AND

PHONE NUMBERS WHICH WERE RECOVERED. BY ARRESTING AGENTS.

AT THE TIME OF ARREST. AGENTS OBSERVED A LARGE AMOUNT OF

CURRENCY ($10,441) IN PLAIN VIEW ON CONNOR'S BED.

CONNOR INDICATED THAT CONTAINED WITHIN TWO PIECES OF LOCKED

LUGGAGE WAS APPROXIMATELY $159,000.00.

SEARCH WARRANTS WERE OBTAINED LATE IN THE EVENING OF FEBRUARY

11, 1985 FOR THE LUGGAGE, WHICH WILL SUBSEQUENTLY BE OPENED AND

INVENTORIED ON FEBRUARY 12, 1985.

THE BUREAU AND BUFFALO DIVISION WILL BE KEPT ADVISED OF THE

RESULTS OF THE SEARCH WARRANTS.

REMOVAL PROCEEDINGS WERE HELD AT THE EASTERN DISTRICT OF NEW

YORK (EDNY). AT WHICH TIME BAIL HEARING IS TENTATIVELY SCHEDULED FOR

10:00 AM. FEBRUARY 14, 1985. AND CONNOR WAS REMANDED TO CUSTODY OF

OSM SERVICE UNTIL THAT TIME.

MILLER-9

PAGE THREE DE BQ 0113 UNCLAS

CONNOR IS DESCRIBED AS FOLLOWS:  B/M, 5'8", 190 POUNDS, DOB MARCH 29, 1960, POB:  BASSETERRE, ST. KITTS, BROWN EYES, BLACK HAIR, SSAN 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, FORMER ADDRESS:  150 VANAUKER STREET, ROCHESTER, NEW YORK: WIFE:  FRANCINE CONNOR, 150 VANAUKER STREET, ROCHESTER, NEW YORK.

LEADS:

BUFFALO DIVISION, AT ROCHESTER, NEW YORK.  PROVIDE BROOKLYN-QUEENS WITH ADDITIONAL INFORMATION TO FURNISH MAGISTRATE TO ENABLE MAGISTRATE TO SUBSTIANTE "NO BAIL" REQUEST BY UNITED STATES ATTORNEYS OFFICE REGARDING CONNOR.

MIAMI DIVISION, AT FT. LAUDERDALE, FLORIDA.  PROVIDE BROOKLYN-QUEENS WITH READABLE SET OF FINGERPRINTS OF CONNOR, WHO IS WANTED BY JAMAICA AUTHORITIES TO DETERMINE IF CONNOR IN CUSTODY IS IDENTICAL.  FINGERPRINTS SHOULD ARRIVE NO LATER THAN WEDNESDAY, FEBRUARY 13, 1985.

BT

#0113

MILLER-10

NNNN

- -->

FORMS.TEXT HAS 1 DOCUMENT

INBOX.1 (#1245)

TEXT: VZCZCBQO129

RR HQ BU MM

DE BQ #0129 0452143

ZNY UUUUU

R 142111Z FEB 85

FM FBI BROOKLYN-QUEENS (245D-187) (P) (C-13)

TO DIRECTOR FBI ROUTINE

FBI BUFFALO (245D-58) ROUTINE

    ATTN:  ROCHESTER RA

FBI MIAMI (12D-1354) ROUTINE

    ATTN:  SA [          ]  OC-5

BT

UNCLAS

b6 -1, -3
b7C -1, -3

[          ], AKA: ET AL; OCDETF; OO:BU.

    REFERENCE BROOKLYN-QUEENS TELETYPE TO DIRECTOR, FEBRUARY 12,
1985.

    ON THURSDAY MORNING, FEBRUARY 14, 1985, THE COPY OF CECIL
CONNOR'S FINGERPRINTS FROM THE JAMAICA CONSTABULARY AND PROVIDED TO

MILLER-11

PAGE TWO DE BQ 0129 UNCLAS

BROOKLYN-QUEENS OFFICE BY THE MIAMI DIVISION WAS POSITIVELY
IDENTIFIED BY AN FBI FINGERPRINT EXPERT AS BEING IDENTICAL TO
FINGERPRINTS OF CECIL CONNOR. SUBSEQUENT TO HIS ARREST ON FEBRUARY
11, 1985.  IN OPEN COURT, CONNOR'S THROUGH HIS ATTORNEY, ADVISED THE
COURT THAT THE MURDER CHARGE AGAINST HIM IN JAMAICA HAD BEEN
OVERTURNED IN A JAMAICAN APPEALS COURT, AND ADDITIONALLY THE LIFE
IMPRISONMENT STEMMED AS A RESULT OF AN ILLEGAL POSSESSION OF
FIREARMS IN JAMAICA.  CONNOR THUS RECANTED EARLIER STATEMENTS HE
HAD GIVEN THE ARRESTING AGENTS, STATING HE HAD NEVER BEEN IN JAMAICA
BEFORE.

      CECIL CONNOR WAIVED ANY REMOVAL HEARING AND U. S. MAGISTRATE
JOHN L. CADEN, EDNY, DENIED BAIL FOR CONNOR AND REMANDED HIM TO THE
CUSTODY OF THE U. S. M. SERVICE.
BT
#0129

NNNN

--&gt;

MILLER-12

Agents later identified him as <u>Cecil Connors</u>, a citizen of St. Kitts and escapee from a Jamaican jail where he was serving a life sentence for the 1978 killing a Jamaican police officer. Connors had escaped from prison two years ago.

On 2/11/84, New York Division Agents arrested him in a Queens hotel. When taken into custody, he had $158,000 in his possession.

All subjects arrested have been afforded an initial appearance before a U. S. Magistrate, Western District of New York, at Rochester. The Jamaican Government has initiated extradition proceedings against Cecil Connors.

b3 -18 USC 2518

b6 -1

b7C -1

MILLER-13

PAGE TWO   BU 245D-58 UNCLAS E F T O PRIORITY

WEAPONS, AND ONE SEIZED VEHICLE.   ADDITIONALLY, SIX INDIVIDUALS

WERE ARRESTED ON STATE WARRANTS.   FIVE PERSONS ARRESTED WERE

ARRESTED AS ILLEGAL ALIENS; OF THESE, THREE INDIVIDUALS CHARGED

WITH NARCOTICS VIOLATIONS.   A TOTAL OF EIGHTEEN PERSONS WERE

ARRESTED.   SUBJECT [                    ] REMAINS IN FUGITIVE STATUS.

*handwritten right margin:* Correction 18 Arrests Ten federally six locally 2 Aliens 1-Fugitive

b6 -3, -4
b7C -3, -4

ON THE BASIS OF INFORMATION DEVELOPED BY THE BUFFALO

DIVISION, SUBJECT CECIL CONNORS, ALSO KNOWN AS "THE MODELER,"

WAS ARRESTED BY THE NEW YORK OFFICE-BROOKLYN QUEENS MRA, IN

POSSESSION OF $158,287 IN UNITED STATES CURRENCY.   CONNORS

BELIEVED TO BE AN ILLEGAL ALIEN IS WANTED BY THE JAMAICAN

GOVERNMENT FOR A HOMICIDE ESCAPE REGARDING THE MURDER OF

A JAMAICAN POLICE OFFICER.

FBIHQ SHOULD BE AWARE THAT THE JAMAICAN GOVERNMENT WILL

BE INITIATING EXTRADITION PROCEEDINGS AGAINST CONNORS THROUGH

UNITED STATES EMBASSY CHANNELS WITHIN THE NEXT FEW DAYS.

ALL INDIVIDUALS ARRESTED BY FEDERAL WARRANT WERE

AFFORDED AN INITIAL APPEARANCE BEFORE UNITED STATES MAGISTRATE

DAVID G. LARIMER, WESTERN DISTRICT OF NEW YORK, ROCHESTER, NEW

YORK, AT WHICH TIME BOND DETERMINATION WAS MADE.

MILLER-14

PAGE THREE BU 245D-58 UNCLAS E F T O PRIORITY

BUFFALO WILL KEEP BUREAU APPRISED OF SIGNIFICANT

DEVELOPMENTS.

ARMED AND DANGEROUS.

BT

#

MILLER-15

—657-25

MILLER-16

‑192 (Rev. 6‑9‑82)

| | Date |
|---|---|
| | 2/15/85 |

**Title and Character of Case**

ET AL
OCDETF

| Date Property Acquired | Source From Which Property Acquired | |
|---|---|---|
| 2/11/85 | CECIL CONNOR | |

| Location of Property or Bulky Exhibit | Reason for Retention of Property and Efforts Made to Dispose of Same |
|---|---|
| SAFE | EVIDENCE PENDING CONCLUSION OF CASE |

| To Be Returned ☐ Yes ☒ No | See Serial | Agent Submitting Property or Exhibit   SA [ ] | Agent Assigned Case   SA [ ]   C‑13 |
|---|---|---|---|

☐ Yes  ☐ No  Grand Jury Material ‑ Disseminate Only Pursuant to Rule 6(e), Federal Rules of Criminal Procedure.
    x

**Description of Property or Exhibit**

b6 ‑1, ‑3

b7C ‑1, ‑3

ONE CELLOPHANE ENVELOPE CONTAINING:

12 ITEMS OF JEWELRY (see attached for complete description)

| For Valuable and/or Narcotics Evidence Only | |
|---|---|
| Evidence Bag Seal # _____ | Signature of Two Special Agents Verifying and Sealing Bag Contents |

SEMIANNUAL INVENTORY CERTIFICATION TO JUSTIFY RET|

BLOCK STAMP

Field File # __NY 245‑187‑1B3    C‑13__

OO: _____BUFFALO_____

ORIGINAL (FILE COPY)

MILLER‑17

CECIL CONNOR - JEWELRY

1.  GOLD COLORED NECKLACE WITH OVAL SHAPED GOLD BEADS (FIVE)

2.  18K GOLD CHAIN WITH 18K GOLD RELIGIOUS CHARM (MADONNA HOLDING CHILD, DIAMOND CHIPS AND ONE RED STONE)  SANTA BARBARA

3.  GOLD CHAIN WITH GOLD RELIGIOUS CHARM (MAN WITH TWO DOGS, DIAMOND CHIPS)  ST. LARAUS

4.  (WIDE) GOLD COLORED BRACELET (MEN'S) WITH DIAMOND CHIPS

5.  14K GOLD MEN'S ID BRACELET WITH DIAMOND CHIPS "CECIL"

6.  ONE OMEGA WATCH (MEN'S) - GOLD FACE AND BAND

7.  14K GOLD MEN'S RING - SQUARE FACE WITH DAIMOND CHIPS (22 CHIPS)

8.  18K GOLD MEN'S RING - TWO LARGE DIAMOND , SIX CHIPS

9.  14K GOLD MEN's RING - CIRCLE WITH SEVEN CHIPS

10. 14K GOLD MEN'S  - INITIAL "C" IN DIAMOND CHIPS  AND ONE LARGE DIAMOND

11. 14K GOLD MEN'S RING - DIAMOND CHIPS

12. GOLD MEN'S RING - DIAMOND CHIPS

MILLER-18

(212) CANAL 6-6334                                                    **APPRAISALS**

# Carl De Sciora, Inc.



**WHOLESALERS**

*Diamonds - Watches - Jewelry*                    159 CANAL ST., NEW YORK, N. Y. 10013

ITEM #1    18KT YELLOW GOLD CHAIN LINK NECKLACE
CONTAINING (5) OVAL SHAPED BEADS
16" IN LENGTH   (12.83 DWT)

$525.00

ITEM #2    18KT YELLOW GOLD "SANTA BARBARA" RELIGIOUS
MEDALLION - CONTAINING APPROXIMATELY 54 FULL
CUT DIAMONDS APPROXIMATE TOTAL WEIGHT
1.50 CT. DIAMONDS ARE COMMERCIAL QUALITY
MEDALLION IS COMPLETELY HAND MADE AND
DIAMOND CUT ON EDGES. IT IS ATTACHED
TO A 22" SOLID CUBAN LINK CHAIN WITH
HEAVY SAFETY LOCK. ENTIRE MEDALLION AND
CHAIN WEIGH  192.58 DWT.

$13,000

ITEM #3    18KT TWO-TONE "ST LARAUS" RELIGIOUS
MEDALLION CONTAINING APPROXIMATELY (45) FULL
CUT DIAMONDS APPROXIMATELY 1 CT DIAMONDS
TOTAL WEIGHT. DIAMONDS ARE COMMERCIAL
QUALITY. MEDALALLION IS COMPLETELY HAND MADE
MEDALLION IS ATTACHED TO A 24" SOLID CUBAN
LINK CHAIN WITH A SAFETY LOCK. ENTIRE
MEDALLION AND CHAIN ARE (150.57 DWT)

$10,230.00

MILLER-19

(212) CANAL 6-6334

APPRAISALS

*Carl De Sciora, Inc.*



WHOLESALERS

Diamonds - Watches - Jewelry

159 CANAL ST., NEW YORK, N. Y. 10013

ITEM #4    14KT TWO-TONE GOLD HEAVY NUGGET STYLE MENS DIAMOND BRACELET 1 1/4" WIDE CONTAINING A CENTER PAVE DIAMOND PLATE THAT HAS APPROXIMATELY 76 FULL CUT DIAMONDS APPROXIMATELY TOTAL WEIGHT OF 2 1/2 CT. DIAMONDS ARE FINE, WHITE, EXCELLENT QUALITY. NUGGET STYLE LINKS ARE INDIVIDUALLY SOLDERED TOGETHER ~~TOGETHER~~. TOTAL GOLD WEIGHT (106.26 DWT)

#8100 —

ITEM #5    14KT TWO-TONE GENTS DIAMOND NAME BRACELET "CECIL" IN ORIENTAL LETTERING CONSISTING OF APPROXIMATELY (38) FULL CUT DIAMOND .60 CT. POOR QUALITY. NAME IS ATTACHED TO A YELLOW GOLD PLATE WITH NUGGET STYLE LINKS ATTACHED TO IT. OVERALL LENGTH IS 8 3/4" TOTAL WEIGHT (45.53 DWT)

#2500.00

ITEM #6    14KT YELLOW GOLD NUGGET STYLE "OMEGA" GENTS WATCH. QUARTZ MOVEMENT, SEVEN JEWELS UNADJUSTED, MODEL #1380. TOTAL WEIGHT IS (74.53 DWT)

#4300 —

(212) CANAL 6-6334                                                    APPRAISALS

  

WHOLESALERS

Diamonds · Watches · Jewelry                     159 CANAL ST., NEW YORK, N. Y. 10013

ITEM # 7    14KT TWO-TONE GENTS DIAMOND
CLUSTER RING. SQUARE IN SHAPE, CONTAINING
APPROXIMATELY 22 FULL CUT DIAMONDS, APPROXIMATE
TOTAL WEIGHT  1 L0 CT DIAMONDS ARE COMMERCIAL
QUALITY.  TOTAL WEIGHT (13.98 DWT)

                                    # 1750.00

ITEM # 8     YELLOW TONE GENTS SIMULATED
DIAMOND RING . ALL STONES ARE SYNTHETIC

                                    N|V

ITEM # 9    14KT GENTS TWO-TONE "ROLEX" STYLE
RING · CONTAINING  7 FULL CUT DIAMONDS
APPROXIMATELY .85CT. DIAMONDS ARE GOOD QUALITY
WHITE IMPERECTS. HAND MADE MOUNTING. 5 PIECE
ASSEMBLY    (11.90 DWT)

                                    # 2,000.00

ITEM # 10    14KT TWO-TONE GENTS DIAMOND INITIAL
RING "C" CONTAINING  10 FULL CUT DIAMONDS
APPROXIMATELY .50CT AND 1 CENTER DIAMOND
APPROXIMATELY .45CT TOTAL WEIGHT OF
DIAMONDS .95CT DIAMONDS ARE FAIR QUALITY.
TOTOL WEIGHT OF GOLD   (13.28 DWT)

                                    # 2200.00

(212) CANAL 6-6334                                    **APPRAISALS**

## *Carl De Sciora, Inc.*

**WHOLESALERS**

Diamonds · Watches · Jewelry                159 CANAL ST., NEW YORK, N. Y. 10013

ITEM #11    18KT TWO-TONE UNI-SEX DIAMOND
CLUSTER CONTAINING 37 FULL CUT DIAMONDS
APPROXIMATELY 1CT IN DIAMONDS. COMMERCIAL
QUALITY. HAND MADE MOUNTING
(13.37 DWT)
2,000.00

ITEM #12    14KT TWO-TONE GENTS DIAMOND
CLUSTER RING CONSISTING OF APPROXIMATELY
44 FULL CUT DIAMONDS. FAIR QUALITY. APPROXI-
MATELY 1CT TOTAL WEIGHT. RING HAS
HONEY COMBE SIDE DESIGN - HAND CRAFTED
(18.14 DWT)
2175

**MILLER-22**

# RECORD of SEIZED PROPERTY (Type or Print in Ink)

FD-C635
4-1-84

| 1. Seizure Number | 2. F.O. File Number | 3. Office of Origin | 4. Primary Violation Code | 4a. Secondary Violation Code | 5. Appraised Value $ |
|---|---|---|---|---|---|
| 3540-85-014 | 245-187 | Buffalo | 21 USC 846 | 21 USC 843 | $ 48,780 |

| 6. Joint Agency | 7. Docket Number | 8. Date of Indictment | 9. Date Warrant In Rem Executed | 10. Substitute Custodian Order ☐ Yes ☐ No | 11. Property Code J |
|---|---|---|---|---|---|

| 12. VIN / Serial Number | 13. Year | 14. Make | 15. Model / Brand | 16. Style | 17. Color(s) |
|---|---|---|---|---|---|

| 18. Condition Code | 19. Cyl. | 20. Mileage / Hrs. | 21. License Number, State & Year | 22. Equipment |
|---|---|---|---|---|

| 23. Repairs Required | 24. Description (Other Property; Use Preparing Later) |
|---|---|
| | 12 Pieces (See Attached) |

| 25. Suitable for Official Use | 26. Evidence | 27. Property Processed Other Agencies | 28. Seizure Expense | 29. Transportation Expense |
|---|---|---|---|---|
| Yes | Yes | | | |

| 30. Storage Expense Per Day | 31. Repair Expense | 32. Appraisal Expense | 33. Advertisement Expense |
|---|---|---|---|

## STORAGE

| 34. Name of Facility | 35. Street Address |
|---|---|
| FBI - NYO | 26 Federal Plaza |

| 36. City | 37. State | 38. ZIP | 39. Date Received | 40. Name / Title of Custodian (Print) |
|---|---|---|---|---|
| Manhattan | NY | 10278 | 2-15-85 | Task Force Valuables |

| 41. Signature of Custodian | 42. |
|---|---|

## SEIZED FROM

| 43. Name (Mr., Ms., etc.) | 44. Street Address (Holiday Inn) |
|---|---|
| Cecil Connor | Room 526    Ditmars Blvd |

| 45. City | 46. State | 47. ZIP | 48. Date Seized | 49. City / State Seized | 50. Judicial District |
|---|---|---|---|---|---|
| Queens | NY | 11370 | 2-11-85 | Queens    New York | EDNY |

| 51. Seizing Agent(s) | 52. Name / Address of USA (if applicable) |
|---|---|

## SEIZED TO

| 53. Name (Mr., Ms., etc.) | 54. Street Address    b6 -1 |
|---|---|
| | b7C -1 |

| 55. City | 56. State | 57. ZIP | 58. Judicial District | 59. |
|---|---|---|---|---|

## LIENOR

| 60. Name / Title | 61. Street Address |
|---|---|

| 62. City | 63. State | 64. ZIP | 65. Quick Release ☐ Yes ☒ No | 66. Name / Title of Recipient |
|---|---|---|---|---|

| 67. Amount of Lien | 68. |
|---|---|

| 69. F.O. FA Name / Signature | 70. Expenses Reimbursed | 71. FSPG FA Initials | 72. Probable Cause ☒ Yes ☐ No |
|---|---|---|---|

MILLER-23

# D.635-A  RECORD of SEIZED PROPERTY  (Type or Print in Ink)

| 73. Name (Mr./Ms., etc.) and ID Number | 74. Name of Institution | | |
|---|---|---|---|
| Cecil Connor  181230S3 | US Marshal Office  b6 -2  ATT | | |
| 75. Address | 76. City | 77. State | |
| 100 State Street | Rochester | New York 14614 | b7C -2 |
| 78. Name (Mr./Ms., etc.) and ID Number | 80. Name of Institution | | |
| 81. Address | 82. City | 83. State | 84. ZIP |
| 85. Name (Mr./Ms., etc.) and ID Number | 86. Name of Institution | | |
| 87. Address | 88. City | 89. State | 90. ZIP |
| **PLACE PROPERTY SEIZED** | 91. Name | | |
| | New York Daily News | | |
| 91. Address | 93. City | 94. State | 95. ZIP |
| | Queens | | |
| **PLACE PROPERTY REGISTERED** | 96. Name | | |
| 97. Address | 98. City | 99. State | 100. ZIP |

102. Additional Individuals Requiring Notice

103. Other Subjects

[box] b6 -3

b7C -3

ET AL

OCDETF

Cecil Connor aka
   Cecil Gissenbanner
   "The Meddler"

Connor is a fugitive from Jamaica
(cop killing). Known drug dealer - No
source of income

MILLER-24

FD-36 (Rev. 5-22-78)

**FBI**

TELETYPE                    ROUTINE                    UNCLAS

2/14/85

---

ROUTINE
BROOKLYN-QUEENS (245D-187) (P) (C-13)
ROUTINE
DIRECTOR FBI ()
BUFFALO (245D-58)
          ATTN:  ROCHESTER RA
MIAMI (12D-1354)
          ATTN:  SA [                    ] OC-5                    b6 -1, -3
BT                                                                 b7C -1, -3
UNCLAS

[                              ] AKA; ET AL; OCDETF; OO:BU.

     REFERENCE BROOKLYN-QUEENS TELETYPE TO DIRECTOR, FEBRUARY 12,
1985.

     ON THURSDAY MORNING, FEBRUARY 14, 1985, THE COPY OF CECIL
CONNOR'S FINGERPRINTS FROM THE JAMAICA CONSTABULARY AND PROVIDED TO

245D-187-4

1 - Brooklyn-Queens 245D-187
1 - Supervisor C-13
DLD:lmw111VQ
(2)

---

Approved: _____    Transmitted_____ Per _____

NOTE:  AFTER APPROVAL, PLEASE ROUTE THIS DOCUMENT BACK TO THE WORD
       PROCESSING SUPERVISOR, NOT TO THE TELETYPE ROOM.

WP Initials:_____

MILLER-25

BROOKLYN-QUEENS OFFICE BY THE MIAMI DIVISION WAS POSITIVELY
IDENTIFIED BY AN FBI FINGERPRINT EXPERT AS BEING IDENTICAL TO
FINGERPRINTS OF CECIL CONNOR, SUBSEQUENT TO HIS ARREST ON FEBRUARY
11, 1985.  IN OPEN COURT, CONNOR'S THROUGH HIS ATTORNEY, ADVISED THE
COURT THAT THE MURDER CHARGE AGAINST HIM IN JAMAICA HAD BEEN
OVERTURNED IN A JAMAICAN APPEALS COURT, AND ADDITIONALLY THE LIFE
IMPRISONMENT STEMMED AS A RESULT OF AN ILLEGAL POSSESSION OF
FIREMARMS IN JAMAICA.  CONNOR THUS RECANTED EARLIER STATEMENTS HE
HAD GIVEN THE ARRESTING AGENTS, STATING HE HAD NEVER BEEN IN JAMAICA
BEFORE.

     CECIL CONNOR WAIVED ANY REMOVAL HEARING AND U. S. MAGISTRATE
JOHN L. CADEN, EDNY, DENIED BAIL FOR CONNOR AND REMANDED HIM TO THE
CUSTODY OF THE U. S. M. SERVICE.

MILLER-26

FD-302 (rev.3-8-77)

# FEDERAL BUREAU OF INVESTIGATION

Date of transcription
2/15/85

1

On February 11, 1985, Special Agents (SAS) of the Brooklyn-Queens Office of the Federal Bureau of Investigation (FBI), executed an arrest warrant issued in the Western District of New York (Rochester) for CECIL CONNOR. Agents of the FBI effected the arrest of CECIL CONNOR at the Holiday Inn, Ditmars Boulevard, Queens, New York, without incident at approximately.

Information was provided to Brooklyn-Queens Office from the Rochester Resident Agency indicating that CECIL CONNOR was residing in Room 525 of the Holiday Inn in Queens, New York.

Brooklyn-Queens agents established contact with Holiday Inn security and obtained a pass key to Room 525.

At approximately 10:54 a.m. same date, SA [          ] telephonically contacted the occupant (CONNOR) of Room 525 from an adjacent hotel room and advised him that the FBI had his room surrounded and they had a warrant for his arrest. SA [          ] then advised CONNOR to immediately exit the room with his hands on his head. CONNOR advised that he was coming out immediately. At this point the telephone call was ended and after approximately 30 seconds it was evident that CONNOR was not coming out of his room. Taking into consideration the fact that CONNOR was considered to be armed and dangerous, SA [          ] utilized the hotel pass key and the necessary force to effect entry into Room 525.

At this point, SA [          ] observed CONNOR standing approximately 4 feet inside of the room next to the bathroom door. SA [          ] ordered CONNOR to move into the hallway with his hands up. SAS [          ] placed CONNOR under arrest and handcuffed him and walked CONNOR back into his hotel room where SA [          ] orally advised CONNOR of his rights and showed him a copy of the warrant for his arrest from the Western District of New York.

b6 -1
b7C -1

b6 -1
b7C -1

Interviewed on 2/11/85    at Queens, New York    File # BQ (245D-187)-7

By SA [          ] /kmc  b6 -1
ATO            b7C -1

Date Dictated 2/15/85

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

MILLER-27

BG (245D-187)

Continuation of
interview of    CECIL CONNOR              Page 2

_____

$10,441.82
c (82)

[redacted] of money wrapped with rubber [redacted] on the bed nearest the bathroom wall. The money and its brown paper bag were [redacted] were two closed bags of luggage. CONNOR advised arresting agents that there was approximately $159,000 contained in his luggage.

SA [redacted] and SA [redacted] noted numerous slips of paper bearing names, phone numbers, and numerical calculations lying in the toilet. SA [redacted] retreived same for possible evidentiary value.

Special Agent (SA) [redacted] asked CONNOR if he had ever been arrested in Jamaica or had he ever been to Jamaica? To both questions, CONNOR answered in the negative.

CONNORS personal possessions - clothing, luggage were taken into custody by the arresting agents.

b6 -1
b7C -1

Upon departing the Holiday Inn lobby, agents were informed by the hotel management that CONNOR still owed for one night's stay and inquired if he was going to pay for it. CONNOR indicated to the arresting agents that he wished to pay the hotel bill. The bill was paid from CONNOR's funds and receipts for CONNOR's stay were provided to agents by the hotel management.

At this point, agents removed CECIL CONNOR to the Brooklyn-Queens Federal Bureau of Investigation (FBI) office for arrest processing.

**MILLER-28**

UNITED STATES OF AMERICA

v.

CECIL CONNORS

DOCKET NO.

MAGISTRATE CASE NO.
85-522 M

NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED

CECIL CONNORS

WARRANT ISSUED ON THE BASIS OF:

☐ Order of Court    ☐ Indictment    ☐ Information    ☒ Complaint

TO: Any Special Agent of the Federal Bureau of Investigation and any other Law Enforcement Official authorized execute this arrest warrant

DISTRICT OF ARREST
ESTERN DISTRICT OF NEW YORK

Rochester, New York

YOU ARE HEREBY COMMANDED to _ above-named person and bring that person _ charge(s) listed below.

DESCRI        CHARGES

CECIL CONNORS , did knowing and intentionally use a communication facility, a telephone, in committing or causing to be committed or facilitat the commission of the manufacture, distribution or possession with intent to manufacture, distribute or dispense controlled substances, to wit, marihuana and/or cocaine; All in violation of Title 21 United States Code, Section 843

| IN VIOLATION OF | UNITED STATES CODE TITLE 21 | SECTION 843 (b) | |
|---|---|---|---|
| BAIL FIXED BY COURT | OTHER CONDITIONS OF RELEASE | | |
| ORDERED BY | SIGNATURE OF JUDGE / MAGISTRATE | | DATE February 6, 1985 |
| CLERK OF COURT | (BY) DEPUTY CLERK | | DATE ISSUED |

RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

United States Judge or Judge of a State Court of Record

MILLER-29

CRIMINAL COMPLAINT

# United States District Court

### United States of America

v.

KARL MARTIN, CECIL CONNORS, HOWARD GRANT, DONOVAN MAC CLEAN, MIKE CASTELL, SEAFORD LOMON, VERNELL SMITH, REATHA PRESTON, JAMES A. ROSE and JOMANDA BETANCES

**WESTERN DISTRICT OF NEW YORK**

DOCKET NO.

MAGISTRATE'S CASE NO.

**95-522 M.**

Complaint for violation of Title 21    United States Code 843(b)

| NAME OF JUDGE OR MAGISTRATE | | TITLE | LOCATION |
|---|---|---|---|
| HONORABLE DAVID G. LARIMER | | US Magistrate | Rochester, New York |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| See attached affidavit | Rochester, New York | |

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE:**

The defendants, did knowingly and intentionally

**VIOLATION:**

Used a communication facility, a telephone, in committing or causing to be committed or facilitating the commission of the manufacture, distribution or possession with intent to manufacture, distribute or dispense controlled substances, to wit, marihuana and/or cocaine; All in violation of Title 21, United States Code, Section 843(b).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

See attached affidavit of SA William G. Leach, which is incorporated and made a part of this complaint.

2450-58 sub 3

**MATERIAL WITNESSES IN RELATION TO THIS CHARGE:**

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

**SIGNATURE OF COMPLAINANT (official title)**

_William G. Leach_

**OFFICIAL TITLE**

Special Agent, FBI

Sworn to before me and subscribed in my presence.

**SIGNATURE OF MAGISTRATE**

DATE

MILLER-30

MJB:JJG:sm
F. #
wp/5/388

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - X

**UNITED STATES OF AMERICA,**

      **- against -**

**ONE BLACK SOFT-SIDED SUITCASE WITH**
**LIGHT BROWN HANDLES AND TWO SIDE**
**COMPARTMENTS MEASURING 13 INCHES**
**HIGH BY 19 INCHES LONG BY 10 INCHES**
**WIDE APPROXIMATELY, AND BEING THE**
**SAME SUITCASE RECOVERED FROM**
**HOLIDAY INN, ROOM 526, DITMAS BLVD.**
**QUEENS, NEW YORK AND PRESENTLY IN**
**THE CUSTODY OF THE FEDERAL BUREAU**
**OF INVESTIGATION**

**and**

**ONE LIGHT GREEN SOFT-SIDED SUITCASE**
**WITH BEIGE HANDLES AND THREE SIDE**
**COMPARTMENTS MEASURING APPROXIMATELY**
**21 INCHES BY 12 INCHES EXPANDED AND**
**BEING THE SAME SUITCASE RECOVERED**
**FROM HOLIDAY INN, ROOM 526, DITMAS**
**BLVD., QUEENS, NEW YORK AND**
**PRESENTLY IN THE CUSTODY OF THE**
**FEDERAL BUREAU OF INVESTIGATION**

   **AFFIDAVIT FOR A**
   **SEARCH WARRANT**

   **T. 21, U.S.C., §§846,**
   **843(b)**

- - - - - - - - - - - - - - - - - - X

**EASTERN DISTRICT OF NEW YORK, SS:**

       DENNIS DUFOUR being duly sworn deposes and says

that he is a Special Agent of the Federal Bureau of

Investigation duly appointed according to law and acting as

such.

MILLER-31

2.

Upon information and belief, there is presently kept and concealed within ONE BLACK SOFT-SIDED SUITCASE WITH LIGHT BROWN HANDLES AND TWO SIDE COMPARTMENTS MEASURING 13 INCHES HIGH BY 19 INCHES LONG BY 10 INCHES WIDE APPROXIMATELY, AND BEING THE SAME SUITCASE RECOVERED FROM HOLIDAY INN, ROOM 526, DITMAS BLVD., QUEENS, NEW YORK AND PRESENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF INVESTIGATION and ONE LIGHT GREEN SOFT-SIDED SUITCASE WITH BEIGE HANDLES AND THREE SIDE COMPARTMENTS MEASURING APPROXIMATELY 21 INCHES BY 12 INCHES EXPANDED AND BEING THE SAME SUITCASE RECOVERED FROM HOLIDAY INN, ROOM 526, DITMAS BLVD., QUEENS, NEW YORK AND PRESENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF INVESTIGATION, property constituting evidence of the commission of a criminal offense, to wit, proceeds of narcotics transactions, and books and records of drug transactions in violation of Title 21, United States Code, Sections 846 and 843(b).

The source of your deponent's information and the grounds for his belief are:

1. On or about February 6, 1985, an arrest warrant was issued by a United States Magistrate sitting in the Western District of New York in United States v. Cecil Connor, et al., 85-522M (W.D.N.Y.). A copy of the arrest warrant and complaint, without supporting affidavit, are attached hereto. The complaint charged that Cannors and

3.

others named therein knowingly, and intentionally used a
communication facility, a telephone, in committing or
causing to be committed or facilitating the commission of
the manufacture, distribution or dispose controlled
substances, to wit, marihauana and/or cocaine in violation
of Title 21, U.S.C. Section 843(b).

2.  On February 11, 1985, your deponent and other
agents of the Federal Bureau of Investigation, acting upon
information from the Western District of New York, arrested
Cecil Connors at the Holiday Inn, Room 526, Ditmas Blvd.,
Queens, New York.

3.  Prior to entering the room, a fellow agent
called Room 526 and informed Cecil Connors, in substance,
that the FBI had his room surrounded and had a warrant for
his arrest and that Cecil Connors should walk out of the
room with his hands on his head.  Cecil Connors informed
the agent, in substance, that he would be coming out.

4.  After Cecil Connors failed to exit the room
within approximately the next 30 seconds and, based on
information from agents in Rochester, New York, that he was
armed, and had one prior arrest for possession of firearms,
your deponent and other agents effected entry into Room 526
by using a key provided by management and by breaking the
chain lock.

4.

5.  Upon entering Room 526, agents observed Cecil Connors standing near the bathroom door. He was taken out in the hallway and was, in substance, advised of the charges against him. *He was shortly thereafter advised of his Constitutional rights.*

6.  After entering Room 526, your deponent and fellow agents observed in plain view a quantity of money on a bed.  This money was subsequently counted and totaled $10,441.00 which was arranged in bundles *of varying denominations* of a thousand dollars with rubber bands.

7.  Your deponent and fellow agents also observed floating in the toilet bowl in the bathroom various pieces of paper, some of which were ripped.  A fellow agent examined the paper.  He determined that this paper contained notations of figures totaling $243,200.00.  The paper also contained names of various people, addresses and telephone numbers.

8.  After his arrest, Cecil Connor informed your deponent, in substance, that he had approximately $159,000.00 "in the bags" and he pointed in the direction of the luggage, *that is, the suitcases described above as well as a paper bag containing the $159,000.00*

9.  Your deponent observed that the black bag, identified more fully above, was located next to the bed on which the $10,441.00 had been strewn, *and* was bulging with unknown contents.

5.

10. Your deponent has spoken by telephone with agents in the Western District of New York who are familiar with the investigation leading up to the issuance of the arrest for Cecil Connors ("investigation").

11. Your deponent informed that the investigation involved, in substance, the distribution of marijauana and/or cocaine in the Rochester, New York area. The investigation included surveillance and court approved wire taps.

12. Your deponent was further informed that on January 21, 1985, Cecil Connors was overheard on the wire, speaking with one Karl Luther Martin. Connors informed Martin, in substance, that to tell one Vernell Smith that it was he (Connors) who had put up the stuff in her name; that the shipment had already been sent and would arrive tomorrow; that it was nice; there was 52 in it; and that it's not cut. The following day agents observed Martin go to Federal Express and pick up a package that he put in the trunk of his car and was so large that Martin could not close his trunk all the way.

13. Your deponent was informed that on or about February 10, 1985, Connors was picked up on the wire speaking with Martin. Connors stated to Martin, in substance, that he wanted the money from this shipment that

MILLER-35

6.

he just sent and all monies owed to him from previous shipments.

14.   Your deponent was informed that a conversation during the week of January 28, 1985 to February 3, 1985, Cecil Connors was picked up on the wire tell Martin, in substance, to lower the price of the "reefer" from $650.00 a pound to $610.00 a pound and if he still couldn't move it, lower it to $580.00 a pound.

15.   Your deponent was further informed that agents executed a search warrant _____ at the residence of Martin located at 494 Fetzer Road, Greece, New York -- the same address where Martin had been observed bringing the Federal Express package on January 22, 1985. The agents recovered two large bags containing an unknown amount of currency in various denominations.

16.   Your deponent was further advised, in substance, that agents working this investigation in the Western District of New York, believe that the above conversations concerned narcotics trafficking.

WHEREFORE, your deponent respectfully requests that search warrants issue to your deponent to search within the described ONE BLACK SOFT-SIDED SUITCASE WITH LIGHT BROWN HANDLES AND TWO SIDE COMPARTMENTS MEASURING 13 INCHES HIGH BY 19 INCHES LONG BY 10 INCHES WIDE APPROXIMATELY, AND BEING THE SAME SUITCASE RECOVERED FROM

7.

HOLIDAY INN, ROOM 526, DITMAS BLVD., QUEENS, NEW YORK AND
PRESENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF
INVESTIGATION and ONE LIGHT GREEN SOFT-SIDED SUITCASE WITH
BEIGE HANDLES AND THREE SIDE COMPARTMENTS MEASURING
APPROXIMATELY 21 INCHES BY 12 INCHES EXPANDED AND BEING THE
SAME SUITCASE RECOVERED FROM HOLIDAY INN, ROOM 526, DITMAS
BLVD., QUEENS, NEW YORK AND PRESENTLY IN THE CUSTODY OF THE
FEDERAL BUREAU OF INVESTIGATION for property constituting
evidence of the commission of a criminal offense, to wit:
proceeds of narcotics transactions, and books and records
of drug transactions, in violation of Title 21, United
States Code, Section 846 and 843(b).

DENNIS DUFOUR

Sworn to before me this
11th day of February, 1985

UNITED STATES MAGISTRATE

DO 089 079/2105Z

F NY PP

E BU

08/2105Z FEB 85

M BUFFAIC (245D-58)

C NEW YORK   FFICEITY

ATTN:   BROOKLYN-QUEENS MTA   SQ  C-44   SEW. LOUIS SCHILT (

IAMI (INIC   FFICEITY

1

NCIAS

_____   DE ALL COPY ASY LOUSE RART:

ARCCTICS MATTER CC BUFFAIC.

FE TELCAL INSTANT DATE BETWEEN SA_____

CCEESTER EA._____ AND SUERE/ISC:_____

FCR INFCRMATICN CF BROOKLYN-QUEENS MRA. CAPTIONED MATTE.

_____   SUS IPE MIAMI,

_____   NEW YORK, INVOLVING MARIJUANA AND

CCAINE IN WHICH THE PRINCIPALS ARE PRIMARILY ILLEGAL JAMAICANS

ILLEGALLY IN THIS COUNTRY CF RESIDENT ALIENS.   THE SCURCE

F THE NARCCTICS IS BELIEVED TC BE_____

RCIFICCENCE, WHAT THE MCILER.   THE SCURCE IS REPRESENTE C

b6 -1, -3
b7C -1, -3

b6 -1, -3
b7C -1, -3

OPEN
ORIGIN
SUPT

"AUTOMATED RECORD"

GR TVC PU 2451-58   UNCLAS

VE PERMANENT RESIDENCE IN MIAMI, [          ]

[                    ]

[                    ]

INVESTIGATION BY MIAMI OFFICE INDICATES THAT THE

"CLIFF", USING THE NAME CECIL CONNOR, IS FROM ST. KITTS IN          b3 -18 USC 2515-20
                                                                   b6 -3, -4
THE LOWER ANTILLES CHAIN AND IS AN ESCAPEE FROM A JAIL IN          b7C -3, -4

JAMAICA, WHERE HE WAS SERVING A SENTENCE FOR KILLING A

POLICE OFFICER.   MIAMI IS ATTEMPTING TO POSITIVELY IDENTIFY

THE "CLIFF" AS THIS CECIL CONNOR.   FBI BUFFALO, CURRENTLY

HAS A WARRANT FOR CECIL CONNOR CHARGING ONE COUNT VIOLATION

TITLE 21, SECTION 943F.   COMPLAINT FILED FEB. 6, 1985, BY

SA [                    ] BEFORE U. S. MAGISTRATE, WESTERN DISTRICT

OF NEW YORK, ROCHESTER, NEW YORK.   WARRANT ISSUED AND IN

POSSESSION U. S. MARSHAL, ROCHESTER, NEW YORK.   EFFORTS ARE

CURRENTLY UNDERWAY TO SECURE A WARRANT FOR [                    ]

[                    ]

MILLER-39

THREE BU 245D-56   UNCLAS

THE BUFFALO DIVISIO CONTEMPLATES MAKING MULTIPLE

ISTS THE MORNING OF FEB 12 1965. BROOKLYN-QUEENS SHOULD

PPARED AS DISCUSSED IN RE TEL TO ARREST "THE MOILER",

CONNOR, AKA GISSENDANNER. THE MORNING OF FEB 14, 1965,

E IS AT THE TELEPHONE NUMBER GIVEN.

MIAMI AT MIAMI  FLORIDA  WHEN POSITIVE IDENTIFICATION

IVED FROM JAMAICA RE THE ESCAPEE CECIL CONNOR, ADVISE

CKLYN-QUEENS MRA IN ADDITION TO BUFFALO DIVISION.

BROOKLYN-QUEENS MRA  ADVISE IF WISUR DETERMINES THE

CATION OF "THE MOILER" AT THE ABOVE APARTMENT.

ARMED AND DANGEROUS.

FBI — NEW YORK

PAGE THREE BU 245D-58 PRIORITY UNCLAS

INASMUCH AS BUFFALO FIELD SUPPORT ACCOUNT UNABLE TO ACCOMMODATE THIS

LEVEL OF EXPENSES.

SUBJECT CECIL CONNERS, ESCAPED MURDERER FROM JAMAICAN PENITEN-

TIARY, WAS AFFORDED HEARING AT ROCHESTER, NEW YORK ON FEBRUARY 6,

1985 AND AT THAT TIME, BOND WAS ESTABLISHED IN THE AMOUNT OF

$100,000 SURETY.

MIAMI IS REQUESTED TO EXPEDITIOUSLY CONTACT JAMAICAN

AUTHORITIES IN ORDER TO INSURE THAT DETAINER IS PLACED AGAINST

CONNERS IMMEDIATELY, INASMUCH AS CONNERS WILL ABSCOND IF

RELEASED ON BAIL.

ADMINISTRATIVE

BUFFALO DIVISION APPRECIATES ASSISTANCE OF FBIHQ DURING THE

COURSE OF THIS DIFFICULT INVESTIGATION INVOLVING SIGNIFICANT

LANGUAGE BARRIERS, AND EXPEDITIOUS TREATMENT WHICH HAS BEEN RECEIVED

FROM FBIHQ IN THIS MATTER.

BT

FEDERAL GOVERNMENT

March 28, 1985

REGISTERED RETURN RECEIPT

b6 -3
b7C -3

Mr. Cecil Connor
#18123053
U.S. Marshals Office
100 State Street
Rochester, New York 14614
Attention: D. B. Wright

Dear Mr. Connor:

You are hereby informed that on February 11, 1985, at
Queens, New York, the property described below was seized by
Agents of the Federal Bureau of Investigation (FBI) for violation
of Title 21, United States Code (USC), Section 881:

12 Pieces of Jewelry

The appraised value of this property has been
established at $48,780. Steps are being taken to forfeit this
property pursuant to Title 19, USC, Sections 1602-1619; Title 21,
Code of Federal Regulations, Sections 1316.71-1316.81; and Title
28, Code of Federal Regulations, Sections 9.1-9.7.

If you intend to file a petition for the remission or
mitigation of this forfeiture, you should file it in triplicate
within thirty days of the date of this letter. Your petition
should conform to the requirements outlined in the above-cited
authorities. Proof of interest in the property (vehicle
registration, property title, copy of loan agreement, etc.)
should be submitted with any petition.

If you intend to contest the forfeiture in the United
States District Court, a claim and bond of $2,500 or ten percent
of the value of the claimed property, whichever is lower but not
less than $250, must be filed on or before May 9, 1985. Bond should
be submitted by cashier's check made payable to the United States
of America, cash or appropriate surety. Indigent petitioners

Enc: AD Adm. ____
Exec AD Inv. ____
Exec AD LES ____
Asst. Dir.:
  Adm. Servs. ____
  Crim. Inv. ____          1 - FSPU **ENCLOSURE**
  Ident. ____              1 - New York Field Office
  Insp. ____                 Attn:
  Intell. ____
  Lab. ____
  Legal Coun. ____         MLO/
  Off. Cong. &                                        b6 -1
    Public Affs. ____
  Rec. Mgnt. ____
  Tech. Servs. ____                                   b7C -1
  Training ____
  Telephone Rm. ____
  Director's Sec'y ____    MAIL ROOM

APPROVED:
Director ____
Exec. AD-Adm ____
Exec. AD-Inv. ____
Exec. AD-LES ____

Adm. Serv. ____
Crim. Inv. ____
Ident. ____
Inspection ____
Intell. ____

Laboratory ____
Legal Coun. ____
Off. of Cong.
  & Public Affs. ____
Rec. Mgnt. ____
Tech. Servs. ____
Training ____

APR 1985

MILLER-42

Mr. Connor

desiring to place the matter before the court, but who are unable to post the bond, may file an Affidavit of Indigency in lieu of the bond by the date listed above. You may obtain the format for the affidavit by contacting the office shown herein.

This matter has been assigned seizure number 3540-85-014. All correspondence with the FBI should make reference to this number and accurately describe the property in order to facilitate timely processing. Further information on this matter is available from, and documents should be submitted to the FBI, 26 Federal Plaza, New York, New York, 10278, Attention: Forfeiture Analyst.

Sincerely,

/S/

Paul V. King, Jr.
Chief
Forfeiture and Seized Property
  Unit

-2-

MILLER-43

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

__1__ Page(s) were not considered for release as they are duplicative of _bates Stamp Miller 18_

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

MILLER-44

FBI/DOJ

48

245 - 657-91



MILLER-45

ENCLOSURE

# FD-635
4-1-89

# RECORD of SEIZED PROPERTY (Type or Print in Ink)

**PROPERTY SEIZED**

| 1. Seizure Number | 2. F.O. File Number | 3. Office of Origin | 4. Primary Violation Code | 4a. Secondary Violation Code | 5. Appraised Value |
|---|---|---|---|---|---|
| 3540-85-013 | 245-187 | Buffalo | 21 USC 843 (b) | | 159,305.82 |

| 6. Joint Agency | 7. Docket Number | 8. Date of Indictment | 9. Date Warrant In Rem Executed | 10. Substitute Custodian Order ☐ Yes ☐ No | 11. Property Code C |
|---|---|---|---|---|---|
| | | | | | |

| 12. VIN / Serial Number | 13. Year | 14. Make | 15. Model / Brand | 16. Style | 17. Color(s) |
|---|---|---|---|---|---|
| | | | | | |

| 18. Condition Code | 19. Cyl. | 20. Mileage / Hrs. | 21. Licence Number, State & Year | 22. Equipment |
|---|---|---|---|---|
| | | | | |

| 23. Repairs Required | 24. Description (Other Property: Use accompanying Jabs) |
|---|---|
| | |

| 25. Suitable for Official Use NO | 26. Evidence YES | 27. Property Processed Other Agencies | 28. Seizure Expense | 29. Transportation Expense |
|---|---|---|---|---|
| | | | | |

| 30. Storage Expense Per Day | 31. Repair Expense | 32. Appraised Expense | 33. Advertisement Expense |
|---|---|---|---|
| | | | |

**STORAGE**

| 34. Name of Facility | 35. Street Address |
|---|---|
| FBI - NYO | 26 Federal Plaza |

| 36. City | 37. State | 38. ZIP | 39. Date Received | 40. Name / Title of Custodian (Print) |
|---|---|---|---|---|
| Manhatten | NY | 10278 | 2/15/85 | Task Force Vehicles |

| 41. Signature of Custodian | 42. |
|---|---|
| | |

**SEIZED FROM**

| 43. Name (Mr., Ms., etc.) | 44. Street Address |
|---|---|
| Cecil Connor | (Holiday Inn Room 526) Oatmeas Blvd. |

| 45. City | 46. State | 47. ZIP | 48. Date Seized | 49. City / State Seized | 50. Judicial District |
|---|---|---|---|---|---|
| Queens | NY | 11370 | 2/14/85 | Queens / NY | ED NY |

| 51. Seizing Agent(s) | 52. Name / Address of USA (if applicable) |
|---|---|
| | |

**TO**

| 53. Name (Mr., Ms., etc.) | 54. Street Address | b6 -1 b7C -1 |
|---|---|---|
| | | |

| 55. City | 56. State | 57. ZIP | 58. Judicial District | 59. |
|---|---|---|---|---|
| | | | | |

**LIEN OR**

| 60. Name / Title | 61. Street Address |
|---|---|
| | |

| 62. City | 63. State | 64. ZIP | 65. Quick Release ☐ Yes ☒ No | 66. Name / Title of Recipient |
|---|---|---|---|---|
| | | | | |

| 67. Amount of Lien | 68. |
|---|---|
| | |

| 69. F.O. FA Name / Signature | 70. Expenses Reimbursed | 71. FSPG FA Initials | 72. Probable Cause ☒ Yes ☐ No |
|---|---|---|---|
| COPY A | | | |

MILLER-46

**FD-635-A**  **RECORD of SEIZED PROPERTY** *(Type or Print in Ink)*

| 73. Name (Mr./Ms., etc.) and ID Number | 74. Name of Institution | | |
|---|---|---|---|
| Cecil Connor 192123053 | US Marshal ATF: | | |

| 75. Address | 76. City | 77. State | 78. ZIP |
|---|---|---|---|
| 100 State Street | Rochester | New York | 14614 |

| 79. Name (Mr./Ms., etc.) and ID Number | 80. Name of Institution | | |
|---|---|---|---|
| | | b6 -2 | |
| | | b7C -2 | |

| 81. Address | 82. City | 83. State | 84. ZIP |
|---|---|---|---|
| | | | |

| 85. Name (Mr./Ms., etc.) and ID Number | 86. Name of Institution | | |
|---|---|---|---|
| | | | |

| 87. Address | 88. City | 89. State | 90. ZIP |
|---|---|---|---|
| | | | |

| PLACE PROPERTY SEIZED | 91. Name | | |
|---|---|---|---|
| | New York Daily News | | |

| 92. Address | 93. City | 94. State | 95. ZIP |
|---|---|---|---|
| | Queens | | |

| PLACE PROPERTY REGISTERED | 96. Name | | |
|---|---|---|---|
| | | | |

| 97. Address | 98. City | 99. State | 100. ZIP |
|---|---|---|---|
| | | | |

**101. Additional Individuals Requiring Notice**

**102. Case Subjects**

ET AL
Narcotics

b6 -3
b7C -3

Cecil Connor
aka Cecil Glassenbarner
aka "The Mailler"

Connor is a Fugitive from Jamaica
(cop Killing) No source of income. Known
Drug Dealer

MILLER-47

Bulky Exhibit - Inventory of Property Acquired as Evidence
FD-192 (Rev. 6-9-82)

| | Date |
|---|---|
| | 2/15/85 |

**Title and Character of Case**

ET AL
OCDETF

| Date Property Acquired | Source From Which Property Acquired |
|---|---|
| 2/11/85 | CECIL CONNOR – HOLIDAY INN(ROOM 526) DEMITARS BLVD. |

| Location of Property or Bulky Exhibit | Reason for Retention of Property and Efforts Made to Dispose of Same |
|---|---|
| SAFE | EVIDENCE PENDING CONCLUSION OF CASE |

| To Be Returned ☐ Yes ☒ No | See Serial | Agent Submitting Property or Exhibit | Agent Assigned Case |
|---|---|---|---|
| | | SA | SA                C-13 |

☐ Yes ☒ No   Grand Jury Material - Disseminate Only Pursuant to Rule 6(e), Federal Rules of Criminal Procedure.

**Description of Property or Exhibit**

b6 -1, -3
b7C -1, -3

ONE CELLOPHANE ENVELOPE CONTAINING:

HEAT SEALED ENVELOPE CONTAINING:   $10,441.82 IN US CURRENCY

| For Valuable and/or Narcotics Evidence Only | |
|---|---|
| Evidence Bag Seal # _____ | Signature of Two Special Agents Verifying and Sealing Bag Contents |

SEMIANNUAL INVENTORY CERTIFICATION TO JUSTIFY RETENTION OF PROPERTY (Initial and Date)

| | | | | BLOCK STAMP |
|---|---|---|---|---|

Field File #   NY 245-187-1B2    C-13                     MILLER-48

BUREAU