ky Exhibit - Inventory of Property Acquired as Evidence
-192 (Rev. 6-9-82)

| | Date |
|---|---|
| | 2/15/85 |

Title and Character of Case

ET AL
OCDETF

b6 −3
b7C −3

| Date Property Acquired | Source From Which Property Acquired |
|---|---|
| 2/12/85 | CONNOR (CONTAINED IN BLACK BAG SEE 1B4) |

| Location of Property or Bulky Exhibit | Reason for Retention of Property and Efforts Made to Dispose of Same |
|---|---|
| SAFE | EVIDENCE PENDING CONCLUSION OF CASE |

| To Be Returned | See Serial | Agent Submitting Property or Exhibit | Agent Assigned Case | |
|---|---|---|---|---|
| ☐ Yes ☒ No | | SA | SA | C−13 |

☐ Yes ☒ No  Grand Jury Material - Disseminate Only Pursuant to Rule 6(e), Federal Rules of Criminal Procedure.

Description of Property or Exhibit

HEAT SEALED BAGS CONTAINING:

b6 −1
b7C −1

$148,864 IN US CURRENCY

For Valuable and/or Narcotics Evidence Only

Evidence Bag Seal # _____

Signature of Two
Special Agents
Verifying and Sealing
Bag Contents

SEMIANNUAL INVENTORY CERTIFICATION TO JUSTIFY RETENTION OF PROPERTY (Initial and Date)

| | BLOCK STAMP |
|---|---|
| Field File #  NY 245-187-1B5    C−13 | MILLER-49 |
| OO:  BUFFALO | |

XXXXXX
XXXXXX

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_9_ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 29-37_

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☐ The following number is to be used for reference regarding these pages: _____

```
XXXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXXX
```

_Miller 50-58_                    FBI/DOJ

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐   Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐   Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_3_   Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 38-40_

_____ Page(s) withheld for the following reason(s): _____
_____

☐   The following number is to be used for reference regarding these pages: _____

```
XXXXXXXXXXXXXXXX
X      Deleted Page(s)     X
X   No Duplication Fee   X
X      For this page      X
XXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
## DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

__2__ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 25.26_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

Miller-62-63                    FBI/DOJ

FD-302 (rev. 3-8-77)

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription
2/13/85

1

On February 12, 1984, Special Agents (SAS)☐
☐accompanied Assistant Special
Agent in Charge (ASAC)☐☐ Brooklyn-Queens
Metropolitan Resident Agency, (BQMRA), to the high value vault
area in the Brooklyn-Queens Office where they accepted custody of
two pieces of soft-sided luggage belonging to CECIL CONNOR and
which had been placed in the vault for security on February 11,
1985.

Agents☐☐while in possession of
search warrants issued in the Eastern District of New York (EDNY)
for both suitcases opened them in the presence of ASAC☐☐at
approximately 9:10 a.m. The black suitcase revealed a large,
unknown amount of U.S. currency, packaged in bundles and secured
by rubber bands. The light green bag revealed numerous brown
paper bags and plastic bags.

b6 -1
b7C -1

The suitcases were removed to the Organized Crime Drug
Enforcement Task Force (OCDETF) area in the Brooklyn-Queens Office
where each suitcase's contents were carefully inventoried.

Special Agents (SAS)☐☐
☐counted the currency contained in the black bag
and its total was determined to be $148,846.

Interviewed on 2/12/85    at Queens, New York    File # BQ (245D-187)

By SA DENNIS L. DUFOUR/mmd    Date Dictated 2/13/85

This document contains neither recommendations nor conclusions of the FBI.
It is the property of the FBI and is loaned to your agency; it and its
contents are not to be distributed outside your agency.

MILLER-64

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|  | Section 552 |  |  |  | Section 552a |
|---|---|---|---|---|---|
| ☐ (b)(1) |  | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) |  | ☐ (b)(7)(B) |  | ☐ (j)(2) |
| ☐ (b)(3) |  | ☐ (b)(7)(C) |  | ☐ (k)(1) |
| _____ |  | ☐ (b)(7)(D) |  | ☐ (k)(2) |
| _____ |  | ☐ (b)(7)(E) |  | ☐ (k)(3) |
| _____ |  | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) |  | ☐ (b)(8) |  | ☐ (k)(5) |
| ☐ (b)(5) |  | ☐ (b)(9) |  | ☐ (k)(6) |
| ☐ (b)(6) |  |  |  | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_2_ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 27-28_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXXX
X      Deleted Page(s)      X
X    No Duplication Fee    X
X      For this page      X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

_Miller 65-66_                                    FBI/DOJ



MILLER-67

FD-263 (Rev. 7-15-75)

**FEDERAL BUREAU OF INVESTIGATION**

| Reporting Office | Office of Origin | Date | Investigative Period |
|---|---|---|---|
| NEW YORK | NEW YORK | 3/11/85 | 2/11/85 - 3/11/85 |

| TITLE OF CASE | Report Made By | Typed By |
|---|---|---|
| ET AL; OCDE ORGANIZED CRIME DRUGE ENFORCEMENT TASK FORCE | SA | djc |

CHARACTER OF CASE
FORFEITURE REPORT SEIZURE NUMBER
3540-85-013

**REFERENCE**

New York airtel to the Director, 3/6/85.

b6 -1, -3
b7C -1, -3

**ADMINISTRATIVE**

Buffalo Division is Office of Origin for the substantive criminal investigation. New York Division is Office of Origin for this civil forfeiture matter wherein venue lies in the Eastern District of New York.

| ACCOMPLISHMENTS CLAIMED [] NONE | | | | | | ACQUIT- | CASE HAS BEEN: |
|---|---|---|---|---|---|---|---|
| CONVIC. | PRETRIAL DIVERSION | FUG. | FINES | SAVINGS | RECOVERIES | TALS | Pending over 1 year [] yes [] no Pending pros. over 6 mos. [] yes [] no |
| | | | | | | | |

| APPROVED | SPECIAL AGENT IN CHARGE | DO NOT WRITE IN SPACES BELOW |
|---|---|---|

Copies Made:
3-Bureau
    (ATTN: Forfeiture Unit)
1-USA, EDNY
    (ATTN: AUSA Thomas Battistoni)
1-Buffalo (245D-58)
3-New York
    (1-Forfeiture Unit)
    (1-Sa            )

DE-264

4 AP

145 - 657 =

| Dissemination Record of Attached Report | | | | | Notations |
|---|---|---|---|---|---|
| Agency | | | | | |
| Request Recd. | | | | | |
| Date Fwd. | | | | | |
| How Fwd. | | | | | |
| By | | | | | |

JUL 1 7 1985

ALL copies to file

MILLER-68

-*-
COVER PAGE

NY 245D-187

## TABLE OF CONTENTS

<u>DETAILS SECTION</u>

Basis for Feiture          Page 2

Witnesses and Evidence     Page 3

SAC Recommendation         Page 4

<u>EXHIBITS SECTION</u>

Arrest Warrant for
Cecil Connor               Page 5

FD 302 Reflecting
Arrest of Connor           Page 6 & 7

Search Warrant and
Affidavit                  Pages 8 - 15

FD 302 Reflecting
Search of Suitcases        Page 16

MILLER-69

2

FD-204 (Rev. 3-3-59)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION

Copy To:    USA, EDNY, Attention: AUSA Thomas Battistoni

Report of: SA [                    ]          Office: New York, New York
Date:       March 11, 1985

Field Office File #: 245D-187          Bureau File #: [      ]
                                                                b6 -1, -3
Title:      [                        ]
            ET AL;                                              b7C -1, -3
            ORGANIZED CRIME DRUG ENFORCEMENT TASK FORCE


Character: Forfeiture Report/Seizure Number 3540-85-013


Synopsis:

        The government seeks to forfeit $159,305.82 in United
States currency.  This property was seized on February 11, 1985,
from the motel room occupied by Cecil Connor, a narcotics fugitive.
The seizure occurred at the Holiday Inn located on Ditmars
Boulevard, Queens, New York.  Forfeiture is requested pursuant to
Title 21, United States Code, Section 881 (a)(6) "Proceeds
traceable to narcotics transactions".


MILLER-70


This document contains neither recommendations nor conclusions of
the FBI.  It is the property of the FBI and is loaned to your
agency; it and its contents are not to be distributed outside your
agency.

3

NY 245D-187

DETAILS:

### BASIS FOR FORFEITURE

On February 11, 1985, Special Agents (SAs) for the New York office received information from FBI Agents of the Rochester Resident Agency based in the Buffalo Division indicating that Cecil Connor was currently residing in room 526 in the Holiday Inn in Queens, New York. New York Agents subsequently surrounded room 526 and notified Connor of their presence. Connor refused to immediately exit the room after which Agents utilized a pass key to gain entrance and arrest Connor. At the time of his arrest SA [            ] observed in plain view on the bed several bundles of money (subsequently determined to be $10,441.82). This quantity of currency was immediately seized as evidence. At this time Connor advised the arresting Agents that there was an additional $159,000.00 contained in his luggage. Also seized at the time of Connor's arrest were numerous slips of paper indicating numerical calculations which had been torn and placed in the hotel room toilet. An alalysis of these papers subsequently revealed them to contain names, telephone numbers, and numerical calculations indicating money received and money owed.

On February 11, 1985, SA [            ] obtained a search and seizure warrant for both of Connor's suitcases. On February 12, 1985, the search warrant was executed at the Brooklyn-Queens office of the Federal Bureau of Investigation. Upon opening the black suitcase Agents recovered $148,845.00 in United States currency. The currency was packaged in bundles and secured by rubber bands. The second green suitcase contained numerous brown paper bags and plastic bags.

b3 -18 USC 2515-20

b6 -1, -3

b7C -1, -3

MILLER-71

-A-
4

NY 245D-187

### WITNESSES AND EVIDENCE

1. FBI, Special Agent (SA)[                    ]
Brooklyn-Queens, New York, can testify as to the arrest of
Connor, the search of his motel room and person, and the
subsequent search of Connor's two suitcases.  SA[        ] was
the affiant on the search warrant for both of Connor's
suitcases.

2. FBI, SA[              ] Rochester, New York
Resident Agency can testify as to the [                    ]
[                              ]Connor.  SA[      ]can also testify
as the substative criminal investigation based in Rochester,
New York, as well as the transmittal of probable cause to
SA[        ]to believe that Connor was in fact residing at
room 526 in the Holiday Inn in Queens ,New York.

3. FBI, SA[            ], Rochester, New York, Resident
Agency, can testify as Case Agent in the manner in similar
to the testimony of SA[        ]

b6 -1
b7C -1

b6 -1
b7C -1

### EVIDENCE

1. Various pieces of paper containing notations of
figures totaling $243,200.00.  These papers also contain the
name of various people, addresses ,and telephone numbers.

[                                                              ]

3. One black soft sided suitcase containing
$148,846.00 in United States currency.

4. One green soft sided suitcase containing
packaging materials and narcotics paraphernalia.

5. $10,441.82 in United States currency recovered
from the bed of the hotel room.

b3 -18 USC 2515-20
b6 -1, -3
b7C -1, -3

-8-

∫

NY 245D-187

### SAC RECOMMENDATION

The subject property was seized under circumstances which clearly give rise to probable cause to believe that the property is subject to civil forfeiture under Title 21, Section 881 (a)(6).

In accordance with guidelines established by the Federal Bureau of Investigation with respect to the forfeiture of United States currency it is recommended that forfeiture be pursued for the following reasons:

1. The value of the currency is in excess of $1000.00.

2. Currency was recovered under circumstances which indicate there are no other parties who have a viable interest in the currency.

3. The FBI has made arrangements to make the required notifications and advertisements according to the new forfeiture provisions of the Comprehensive Crime Control Act of 1984 (October 12, 1984). Accordingly, since the property seized is in excess of $100,000.00, and is not a conveyance, the FBI is required to present this to the United States Attorney for judicial forfeiture.

MILLER-73

EXHIBITS SECTION

MILLER-74

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐  Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐  Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐  Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

__1__ Page(s) were not considered for release as they are duplicative of _Bates Stump Miller 25_

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☐  The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXXX
X     Deleted Page(s)     X
X   No Duplication Fee   X
X      For this page       X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

MILLER-75

FBI/DOJ

XXXXXX
XXXXXX
XXXXXX

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| _____ | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(4) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(5) | | ☐ (k)(7) |
| ☐ (b)(6) | | |

☐   Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐   Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

 X   Page(s) were not considered for release as they are duplicative of *Bates Stamps Miller-27-28*

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐   The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXXX
X      Deleted Page(s)      X
X   No Duplication Fee   X
X        For this page        X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

*MiLLER-76-77*

FBI/DOJ

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

## FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|  | **Section 552** |  | | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_1_ Page(s) were not considered for release as they are duplicative of *Bates Stamp Miller 31-37*

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X      Deleted Page(s)      X
X    No Duplication Fee    X
X        For this page        X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

*MiLLER-78-84*

FBI/DOJ

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

## FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐    Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐    Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐    Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

___1___ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 64_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐    The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

_MiLLER-85_

FBI/DOJ

FEDERAL BUREAU OF INVESTIGATION
FOIPA
DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_7_ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 68-74_

_____ Page(s) withheld for the following reason(s): _____

_____

☐ The following number is to be used for reference regarding these pages:

_____

XXXXXXXXXXXXXXXXX
X     Deleted Page(s)     X
X     No Duplication Fee     X
X     For this page     X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

_Miller 86-92_

FBI/DOJ

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

__1__ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 29_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

_MILLER-93_

FBI/DOJ

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

**Section 552**                                                      **Section 552a**

☐ (b)(1)             ☐ (b)(7)(A)             ☐ (d)(5)

☐ (b)(2)             ☐ (b)(7)(B)             ☐ (j)(2)

☐ (b)(3)             ☐ (b)(7)(C)             ☐ (k)(1)

_____      ☐ (b)(7)(D)             ☐ (k)(2)

_____      ☐ (b)(7)(E)             ☐ (k)(3)

_____      ☐ (b)(7)(F)             ☐ (k)(4)

☐ (b)(4)             ☐ (b)(8)                ☐ (k)(5)

☐ (b)(5)             ☐ (b)(9)                ☐ (k)(6)

☐ (b)(6)                                     ☐ (k)(7)

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_2_ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 27-28_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

_MILLER-94-95_                    FBI/DOJ

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐  Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|  |  |  |
|---|---|---|
| **Section 552** | | **Section 552a** |
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐  Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐  Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_7_ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 31-37_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐  The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X     Deleted Page(s)     X
X   No Duplication Fee    X
X      For this page      X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

MILLER-96-102                    FBI/DOJ

XXXXXX
XXXXXX
XXXXXX

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐  Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|          | Section 552 |          | Section 552a |
|----------|-------------|----------|--------------|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
|          | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| _____ | ☐ (b)(8)    | ☐ (k)(5) |
| ☐ (b)(4) | ☐ (b)(9)    | ☐ (k)(6) |
| ☐ (b)(5) |             | ☐ (k)(7) |
| ☐ (b)(6) |             |          |

☐  Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐  Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

___1___ Page(s) were not considered for release as they are duplicative of *Bates Stamp Miller 64*

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐  The following number is to be used for reference regarding these pages: _____
_____

XXXXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

*Miller 103*

FBI/DOJ

FD-515 (Rev. 2-27-84)
ACCOMPLISHMENT REPORT (Effective 10/1/84)
(Submit within 30 days from date of accomplishment)

Date 2/25/85

TO: DIRECTOR, FBI

FROM: SAC, BUFFALO
SUBJECT:

(FOR TITLE, SEE PAGE 1A)

b7E

| | |
|---|---|
| Bureau File Number | 245D-58 |
| Field Office File Number | 3665 |
| Squad or RA Number | |

Agent's Social Security No.

☐ X if a joint operation with another Federal, State or Local LE agency **
☐ x if case involves corruption of a public official (Federal, State or Local).

**Investigative Assistance or Technique Used** 2/26/85

Were any of the investigative assistance or techniques listed below used in connection with accomplishment being claimed? ☐ No ☑ Yes - If Yes, rate each used as follows:
1 = Used, but did not help
2 = Helped, but only minimally
3 = Helped, substantially
4 = Absolutely essential

| | | | |
|---|---|---|---|
| 1. Acctg Tech Assistance | 6. ELSUR - Title III | 11. Lab. Div. Field Support | 16. Show Money Usage |
| 2. Aircraft Assistance | 7. Hypnosis Assistance | 12. Pen Registers | 17. Survel. Sqd Asst |
| 3. Computer Assistance | 8. Ident Div Assistance | 13. Photographic Coverage | 18. SWAT Team Action |
| 4. Consensual Monitoring | 9. Informant Information | 14. Polygraph Assistance | 19. Telephone Toll Records |
| 5. ELSUR - FISC | 10. Lab Div Exams | 15. Search Warr Executed | 20. Undercover Operation |
| | | | 21. Visual Invest Analysis (VIA) |

| A. Preliminary Judicial Process (Number of subjects) | Complaints | Informations | Indictments |
|---|---|---|---|
| | 11 | | |

| B. Arrests, Locates, Summonses & Subpoenas (No. of subjects) | Subject Priority (See Reverse) | | |
|---|---|---|---|
| | A | B | 2 C 14 |
| FBI Arrests | | | 16 |
| FBI Locates | 3 4 | | |

Number of Subjects of FBI Arrests Who Physically Resisted ___0___
Number of Subjects of FBI Arrests Who Were Armed ___2___

Criminal Summons _____    Subpoenas Served _____

| D. Recoveries, Restitutions, Court Ordered Forfeitures or Potential Economic Loss Prevented (PELP) | Recoveries | Restitutions | Court Ordered Forfeitures | Potential Economic Loss Prevented |
|---|---|---|---|---|
| Property or PELP Type Code | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |

C. Release of Hostages or Children Located: (Number of Hostages or Children Located)

Hostages Held By Terrorists _____ ; All Other Hostage Situations _____
Missing or Kidnapped Children Located _____

| E. Civil Matters | Government Defendant | Government Plaintiff |
|---|---|---|
| Amount of Suit | $ | $ |
| Settlement or Award | $ | |

Enter AFA Payment Here

F. Final Judicial Process:    Judicial District _____    Dates _____

| | District | State | | Convictions (or Final Judicial Process) Date | Sentence Date |
|---|---|---|---|---|---|

Subject 1 - Name - _____    Subject's Description Code* -

| ☐ Pretrial Diversion ☐ Dismissal ☐ Acquittal | -Convictions- Enter conviction and sentence data in space at right. If more than four sections are involved, limit to the four most relevant. Do not report conviction until sentence has been pronounced. | ☐ Felony ☐ Misde- ☐ Plea ☐ Trial | Conviction | | | Combined Sentence | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Title | Section | Counts | In-Jail Term | | Suspended | | Probation | | Total Fines |
| | | | | | | Yrs | Mos | Yrs | Mos | Yrs | Mos | $ |

Consecutive Sentences - Add all consecutive sentences together.
Concurrent Sentences - Enter longest single term. Do not add concurrent sentences together. If the sentence is 10 years in custody of the Atty Gen, but 8 years are suspended, the in-jail term would be 2 years.

Subject 2 - Name - _____    Subject's Description Code* -

| ☐ Pretrial Diversion ☐ Dismissal ☐ Acquittal | -Convictions- Enter conviction and sentence data in space at right. If more than four sections are involved, limit to the four most relevant. Do not report conviction until sentence has been pronounced. | ☐ Felony ☐ Misde- ☐ Plea ☐ Trial | Conviction | | | Combined Sentence | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Title | Section | Counts | In-Jail Term | | Suspended | | Probation | | Total Fines |
| | | | | | | Yrs | Mos | Yrs | Mos | Yrs | Mos | $ |

Consecutive Sentences - Add all consecutive sentences together.
Concurrent Sentences - Enter longest single term. Do not add concurrent sentences together. If the sentence is 10 years in custody of the Atty Gen, but 8 years are suspended, the in-jail term would be 2 years.

Subject 3 - Name - _____    Subject's Description Code* -

| ☐ Pretrial Diversion ☐ Dismissal ☐ Acquittal | -Convictions- Enter conviction and sentence data in space at right. If more than four sections are involved, limit to the four most relevant. Do not report conviction until sentence has been pronounced. | ☐ Felony ☐ Misde- ☐ Plea ☐ Trial | Conviction | | | Combined Sentence | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Title | Section | Counts | In-Jail Term | | Suspended | | Probation | | Total Fines |
| | | | | | | Yrs | Mos | Yrs | Mos | Yrs | Mos | |

Consecutive Sentences - Add all consecutive sentences together.
Concurrent Sentences - Enter longest single term. Do not add concurrent sentences together. If the sentence is 10 years in custody of the Atty Gen, but 8 years are suspended, the in-jail term would be 2 years.

Attach additional forms if reporting final judicial process on more than three subjects, and submit a final disposition form (R-84) for each subject.

Remarks: (SEE ATTACHED PAGES FOR REMARKS.)

b6 -1
b7C -1

Bureau
Field Office    BUFFALO    (1 - SSS) KRO;kah (4)

* See codes on reverse side. Subject description codes in Section F are required only when reporting a conviction.
** In joint operations, identify the other Federal, State or Local Law Enforcement (LE) agency in the Remarks Section.

MILLER-104

FBI/DOJ

Property Type Codes*    INCONS    NOV 2 2 1985    Potential Economic Loss Prevented (PELP) Type Codes*

Ouctions 11    23/15

| Code No | Description | Code No | Description |
|---------|-------------|---------|-------------|
| 1 | Cash (U.S. and foreign currency) | 22 | Counterfeit Stocks, Bonds, Currency or Negotiable Instruments |
| 2 | Stock, Bonds or Negotiable Instruments (checks, travelers checks, money orders, certificates of deposit, etc) | 23 | Counterfeit or Pirated Sound Recordings or Motion Pictures |
| 3 | General Retail Merchandise (clothing, food, liquor, cigarettes, TVs, etc) | 24 | Bank Theft Scheme Aborted |
| 4 | Vehicles (autos, trucks, tractors, trailers, campers, motorcycles, etc) | 25 | Ransom, Extortion or Bribe Demand Aborted |
| 5 | Heavy Machinery & Equipment (heavy equipment, computers, etc) | 26 | Theft from, or Fraud Against, Government Scheme Aborted |
| 6 | Bulk Materials (grain, fuel, raw materials, metals, wire, etc) | 27 | Commercial or Industrial Theft Scheme Aborted |
| 7 | Jewelry (including unset precious and semiprecious stones) | | |
| 8 | Precious Metals (gold, silver, silverware, platinum, etc) | | |
| 9 | Art, Antiques or Rare Collections | | |
| 10 | Dangerous Drugs | | |
| 11 | Weapons or Explosives | | |
| 12 | Businesses or Assets Forfeited | 30 | All Other Potential Economic Loss Prevented (not falling in any |
| 20 | All Other Recoveries (not falling in any category above) | | category above) |

*The case file must contain an explanation of the computation of the recovery value or loss prevented. An explanation airtel must accompany this report if the recovery is $1 million or more, or if the PELP is $5 million or more.

---

### Subject Description Codes*
- Enter Description Code Only When Reporting a Conviction -

**Organized Crime Subjects:**
1A Boss, Underboss or Consigliere
1B Capodecina or Soldier
1C Possible LCN Member or Associate
1D OC Subject Other Than LCN

**Known Criminals (Other Than OC Members):**
2A Top Ten or I.O. Fugitive
2B Top Thief
2C Top Con Man

**Foreign Nationals:**
3A Legal Alien
3B Illegal Alien
3C Foreign Official Without Diplomatic Immunity
3D U.N. Employee Without Diplomatic Immunity
3E Foreign Students
3F All Others

**Terrorists:**
4A Known Member of a Terrorist Organization
4B Possible Terrorist Member or Sympathizer

**Union Members:**
5A International or National Officer
5B Local Officer
5C Union Employee

**Government Officials Or Employees:**

| Federal | State | Local |
|---------|-------|-------|
| 6A Presidential Appointee | 6J Governor | 6R Mayor |
| 6B U.S. Senator | 6K Lt. Governor | |
| 6C U.S. Representative | 6L Legislator | 6S Legislator |
| 6D Judge | 6M Judge | 6T Judge |
| 6E Prosecutor | 6N Prosecutor | 6U Prosecutor |
| 6F Law Enforcement Officer | 6P Law Enforcement Officer | 6V Law Enforcement Officer |
| 6G Fed Exec - GS 13 & above | 6Q All Others - State | 6W All Others - Local |
| 6H Fed Empl - GS 12 & below | | |

**Bank Officers or Employees:**
7A Bank Officer
7B Bank Employee

**All Others:**
8A All Other Subjects (not fitting above categories)

*If a subject can be classified in more than one of the categories, select the most appropriate in the circumstance.

---

### Instructions

**Subject Priorities for FBI Arrest or Locates:**
    A - Subject wanted for crimes of violence (i.e. murder, manslaughter, forcible rape, robbery and aggravated assault) or convicted of such crimes in the past five years.
    B - Subjects wanted for crimes involving the loss or destruction of property valued in excess of $25,000 or convicted of such crimes in the past five years.
    C - All others

**Claiming Convictions Other Than Federal:**
    It is permissible to claim a local (state, county or local) conviction if the FBI's investigation significantly contributed to the successful local prosecution. A succinct narrative setting forth the basis for claiming a local conviction must accompany this report. When claiming a conviction other than Federal, enter the word "LOCAL" in the Conviction-Section" block, disregard the number of conviction counts, but enter the sentence in the appropriate blocks. Enter "LF" in the "In-Jail" block for all life sentences and "CP" for all capital punishment sentences.

**Reporting Convictions:**
    Convictions should not be reported until the sentence has been issued. There are two exceptions to this rule. The conviction information can be submitted by itself if:
    1. The subject becomes a fugitive after conviction but prior to sentencing.
    2. The subject dies after conviction but prior to sentencing.
    An explanation is required in the Remarks section for either of the above exceptions.

**Rule 20 Situations:**
    The field office that obtained the process (normally the office of origin) is the office that should claim the conviction, not the office where the subject enters the plea in cases involving Rule 20 of the Federal Rules of Criminal Procedures.

**Investigative Assistance or Techniques (IA/Ts) Used:**
    -Since more than one IA/T could have contributed to the accomplishment, each IA/T must be rated.
    -The IA/T used must be rated each time an accomplishment is claimed. (For example - if Informant information was the basis for a complaint, an arrest, a recovery and a conviction and if separate FD-515s are submitted for each of the aforementioned accomplishments, the "Informant Information" block must be rated on each FD-515 even if it was the same information that contributed to all the accomplishments.)

MILLER-105

BU 245D-58

CHANGED;



CECIL CONNORS, aka Mod Le

NARCOTICS MATTER - OCDE
TASK FORCE CASE
OO:  BUFFALO

b6 -3, -4

b7C -3, -4

        Title marked "Changed" to add additional subjects.
Title previously carried as [                    ]
[                                    ] NARCOTICS MATTER -
OCDE TASK FORCE CASE; OO:  BUFFALO."

-1A-

BU 245D-58

      The following individuals were arrested and processed on New York State narcotics charges:



b6 -3, -4

b7C -3, -4

      Additionally, the following individual was arrested by the Brooklyn-Queens MRA, New York Division, in Room 526 of the Holiday Inn, LaGuardia Airport, on the basis of information furnished by the Buffalo Division:

    1.  CECIL CONNORS

      During the course of this Title III phase of this joint investigation, 31 local search warrants were executed on Rochester, NY "smoke houses" dealing narcotics.  Thirty-four individuals were arrested as a result.  Information obtained as a result of this joint investigation was utilized to obtain and executed the warrants; therefore, 34 FBI locates are being claimed by the Buffalo Division.

      The following SAs should be credited with arrest statistics concerning the respective subjects:



1.  SA

2.  SA

3.  SA      & SA

4.  SA      & SA

5.  SA      & SA

6.  SAA    & SA

b6 -1, -3, -4

b7C -1, -3, -4

-3-

FD-515 (Rev. 2-27-84)
**ACCOMPLISHMENT REPORT (Effective 10/1/8**

(Submit within 30 days from date of accomplishment)

Date _____ 3/13/85

TO: **DIRECTOR, FBI**

FROM: **SAC, BROOKLYN/QUEENS**

SUBJECT:

aka:

ET AL
OCDETF

b6 -3
b7C -3
b7E

| Bureau File Number |
|---|
| 245D-187 |

| Field Office File Number |
|---|
| C-13 |

| Squad or RA Number |
|---|
| |

Agent's Social Security No.

☐ X if a joint operation with another Federal, State or Local LE agency **

☐ X if case involves corruption of a public official (Federal, State or Local).

**Investigative Assistance or Technique Used**

Were any of the investigative assistance or techniques listed below used in connection with accomplishment being claimed? ☒ No ☐ Yes - If Yes, rate each used as follows:
1 = Used, but did not help
2 = Helped, but only minimally
3 = Helped, substantially
4 = Absolutely essential

| | | | | Rating | | | Rating | | | Rating |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. Acctg Tech Assistance | | 6. ELSUR - Title III | | | 11. Lab. Div. Field Support | | | 16. Show Money | | |
| 2. Aircraft Assistance | | 7. Hypnotic Assistance | | | 12. Pen Registers | | | 17. Surveil. Sqd Asst | | |
| 3. Computer Assistance | | 8. Ident Div Assistance | | | 13. Photographic Coverage | | | 18. SWAT Team Action | | |
| 4. Consensual Monitoring | | 9. Informant Information | | | 14. Polygraph Assistance | | | 19. Telephone Toll Records | | |
| 5. ELSUR - FISC | | 10. Lab Div Exams | | | 15. Search Warrants Executed | | | 20. Undercover Operation | | |
| | | | | | | | | | 21. Visual Invest Analysis (VIA) | |

| A. Preliminary Judicial Process (Number of subjects) | Complaints | Informations | Indictments |
|---|---|---|---|
| | | 1 | |

| B. Arrests, Locates, Summonses & Subpoenas (No. of subjects) | Subject Priority (See Reverse) | | |
|---|---|---|---|
| | A | B | C |
| FBI Arrests | 1 | | |
| FBI Locates | | | |

Number of Subjects of FBI Arrests Who Physically Resisted _____

Number of Subjects of FBI Arrests Who Were Armed _____

Criminal Summons _____     Subpoenas Served _____

| D. Recoveries, Restitutions, Court Ordered Forfeitures or Potential Economic Loss Prevented (PELP) | | | |
|---|---|---|---|
| Property or PELP Type Code | Recoveries | Restitutions | Court Ordered Forfeitures | Potential Economic Loss Prevented |
| 1 | $ 159,305.82 | $ | $ | $ |
| 7 | $ 48,780.00 | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |

| C. Release of Hostages or Children Located: (Number of Hostages or Children Located) | E. Civil Matters | Government Defendant | Government Plaintiff |
|---|---|---|---|
| Hostages Held By Terrorists _____ ; All Other Hostage Situations _____ | Amount of Suit | $ | $ |
| Missing or Kidnapped Children Located _____ | Settlement or Award | $ | $ Enter AFA Payment Here |

F. Final Judicial Process:    Judicial District    District    State    Dates _____    Convictions (or Final Judicial Process) Date _____    Sentence Date _____

Subject 1 - Name   **CECIL EMMANUEL CONNOR**    Subject's Description Code*-

| | Convictions | Convictions | Conviction | | | Combined Sentence | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Pretrial Diversion ☐ Dismissal ☐ Acquittal | Enter conviction and sentence data in space at right. If more than four sections are involved, limit to the four most relevant. Do not report conviction until sentence has been pronounced. | ☐ Felony ☐ Misde- ☐ Plea ☐ Trial | Title | Section | Counts | In-Jail Term | | Suspended | | Probation | | Total Fines |
| | | | | | | Yrs | Mos | Yrs | Mos | Yrs | Mos | |

Consecutive Sentences - Add all consecutive sentences together.
Concurrent Sentences - Enter longest single term. Do not add concurrent sentences together.
If the sentence is 10 years in custody of the Atty Gen. but 8 years are suspended, the in-Jail term would be 2 years.

Subject 2 - Name _____    Subject's Description Code*-

| | Convictions | Conviction | | | Combined Sentence | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Pretrial Diversion ☐ Dismissal ☐ Acquittal | Enter conviction and sentence data in space at right. If more than four sections are involved, limit to the four most relevant. Do not report conviction until sentence has been pronounced. | ☐ Felony ☐ Misde- ☐ Plea ☐ Trial | Title | Section | Counts | In-Jail Term | | Suspended | | Probation | | Total Fines |
| | | | | | | Yrs | Mos | Yrs | Mos | Yrs | Mos | |

Consecutive Sentences - Add all consecutive sentences together.
Concurrent Sentences - Enter longest single term. Do not add concurrent sentences together.
If the sentence is 10 years in custody of the Atty Gen. but 8 years are suspended, the in-Jail term would be 2 years.

Subject 3 - Name _____    Subject's Description Code*-

| | Convictions | Conviction | | | Combined Sentence | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Pretrial Diversion ☐ Dismissal ☐ Acquittal | Enter conviction and sentence data in space at right. If more than four sections are involved, limit to the four most relevant. Do not report conviction until sentence has been pronounced. | ☐ Felony ☐ Misde- ☐ Plea ☐ Trial | Title | Section | Counts | In-Jail Term | | Suspended | | Probation | | Total Fines |
| | | | | | | Yrs | Mos | Yrs | Mos | Yrs | Mos | $ |

Consecutive Sentences - Add all consecutive sentences together.
Concurrent Sentences - Enter longest single term. Do not add concurrent sentences together.
If the sentence is 10 years in custody of the Atty Gen. but 8 years are suspended, the in-Jail term would be 2 years.

Attach additional forms if reporting final judicial process on more than three subjects, and submit a final disposition form (R-84) for each subject.

Remarks:

FEB 26 1986

b6 -1
b7C -1

2 - Bureau   (1 - 66-8492)   (1 - ASAC_____)   (1 - Supv. C-13)
2 - Field Office   (1 - 245D-187)   (1 - IAU)   DLD:baf (7)
* See codes on reverse side.   Subject description codes in Section F are required only when reporting a conviction.
** In joint operations, identify the other Federal, State or Local Law Enforcement (LE) agency in the Remarks Section.

MILLER-108

**Property Type Codes\***

| Code No | Description |
|---|---|
| 1 | Cash (U.S. and foreign currency) |
| 2 | Stock, Bonds or Negotiable Instruments (checks, travelers checks, money orders, certificates of deposit, etc) |
| 3 | General Retail Merchandise (clothing, food, liquor, cigarettes, TVs, etc) |
| 4 | Vehicles (autos, trucks, tractors, trailers, campers, motorcycles, etc) |
| 5 | Heavy Machinery & Equipment (heavy equipment, computers, etc) |
| 6 | Bulk Materials (grain, fuel, raw materials, metals, wire, etc) |
| 7 | Jewelry (including unset precious and semiprecious stones) |
| 8 | Precious Metals (gold, silver, silverware, platinum, etc) |
| 9 | Art, Antiques or Rare Collections |
| 10 | Dangerous Drugs |
| 11 | Weapons or Explosives |
| 12 | Businesses or Assets Forfeited |
| 20 | All Other Recoveries (not falling in any category above) |

**Potential Economic Loss Prevented (PELP) Type Codes \***

| Code No | Description |
|---|---|
| 21 | Blank Negotiable Instruments or Tickets |
| 22 | Counterfeit Stocks, Bonds, Currency or Negotiable Instruments |
| 23 | Counterfeit or Pirated Sound Recordings or Motion Pictures |
| 24 | Bank Theft Scheme Aborted |
| 25 | Ransom, Extortion or Bribe Demand Aborted |
| 26 | Theft From, or Fraud Against, Government Scheme Aborted |
| 27 | Commercial or Industrial Theft Scheme Aborted |
| 30 | All Other Potential Economic Loss Prevented (not falling in any category above) |

\* The case file must contain an explanation of the computation of the recovery value or loss prevented. An explanation airtel must accompany this report if the recovery is $1 million or more, or if the PELP is $5 million or more.

**Subject Description Codes \***
**- Enter Description Code Only When Reporting a Conviction -**

**Organized Crime Subjects:**
- 1A  Boss, Underboss or Consigliere
- 1B  Capodecina or Soldier
- 1C  Possible LCN Member or Associate
- 1D  OC Subject Other Than LCN

**Known Criminals (Other Than OC Members):**
- 2A  Top Ten or I.O. Fugitive
- 2B  Top Thief
- 2C  Top Con Man

**Foreign Nationals:**
- 3A  Legal Alien
- 3B  Illegal Alien
- 3C  Foreign Official Without Diplomatic Immunity
- 3D  U.N. Employee Without Diplomatic Immunity
- 3E  Foreign Students
- 3F  All Others

**Terrorists:**
- 4A  Known Member of a Terrorist Organization
- 4B  Possible Terrorist Member or Sympathizer

**Union Members:**
- 5A  International or National Officer
- 5B  Local Officer
- 5C  Union Employee

**Government Official Or Employees:**
- 6A  Federal - Elected Official
- 6B  Federal - Nonelected Executive Level
- 6C  Federal - All Other
- 6D  State - Elected Official
- 6E  State - Nonelected Executive Level
- 6F  State - All Other
- 6G  Local - Elected Official
- 6H  Local - Nonelected Executive Level
- 6J  Local - All Other

**Bank Officers Or Employees:**
- 7A  Bank Officer
- 7B  Bank Employee

**All Others:**
- 8A  All Other Subjects (not fitting above categories)

\* If a subject can be classified in more than one of the categories, select the most appropriate in the circumstance.

**Instructions**

**Subject Priorities for FBI Arrest or Locates:**

A - Subject wanted for crimes of violence (i.e. murder, manslaughter, forcible rape, robbery and aggravated assault) or convicted of such crimes in the past five years.

B - Subjects wanted for crimes involving the loss or destruction of property valued in excess of $25,000 or convicted of such crimes in the past five years.

C - All others

**Claiming Convictions Other Than Federal:**

It is permissible to claim a local (state, county or local) conviction if the FBI's investigation significantly contributed to the successful local prosecution. A succinct narrative setting forth the basis for claiming a local conviction must accompany this report. When claiming a conviction other than Federal, enter the word "LOCAL" in the "Conviction-Section" block, disregard the number of conviction counts, but enter the sentence in the appropriate blocks. Enter "LF" in the "In-Jail" block for all life sentences and "CP" for all capital punishment sentences.

**Reporting Convictions:**

Convictions should not be reported until the sentence has been issued. There are two exceptions to this rule. The conviction information can be submitted by itself if:

1. The subject becomes a fugitive after conviction but prior to sentencing.
2. The subject dies after conviction but prior to sentencing.

An explanation is required in the Remarks section for either of the above exceptions.

**Rule 20 Situations:**

The field office that obtained the process (normally the office of origin) is the office that should claim the conviction, not the office where the subject enters the plea in cases involving Rule 20 of the Federal Rules of Criminal Procedures.

**Investigative Assistance or Techniques (IA/Ts) Used:**

- Since more than one IA/T could have contributed to the accomplishment, each IA/T must be rated.
- The IA/T used must be rated each time an accomplishment is claimed. (For example, if informant information was the basis for a complaint, an arrest, a recovery and a conviction and if separate FD-515s are submitted for each of the aforementioned accomplishments, the "Informant Information" block must be rated on each FD-515 even if it was the same information that contributed to all the accomplishments.)


MILLER-109

**FEDERAL GOVERNMENT**

April 4, 1985

REGISTERED RETURN RECEIPT

AKA; OCDETF
NARCOTICS MATTER

Mr. Cecil Connors
#1812305
c/o U.S. Marshal Service
100 State Street
Rochester, New York 14614
Attention: Mr. Daniel B. Wright

b6 -1

b7C -1

Dear Mr. Connors:

        You are hereby informed that on February 11, 1985, at Queens, New York, the property described below was seized by Agents of the Federal Bureau of Investigation (FBI) for violation of Title 21, United States Code (USC), Section 881:

        $159,305.82 in U.S. Currency

        Steps are being taken to forfeit this property pursuant to Title 19, USC, Sections 1602-1619 and Title 28, Code of Federal Regulations (C.F.R.), Sections 9.1-9.7, and this matter has been referred to the Office of the United States Attorney for action.

        Should you choose to file a petition for the remission or mitigation of this forfeiture, you should file it in triplicate in a timely manner. Your submission should conform to the requirements outlined in Title 28, C.F.R., Sections 9.1-9.7. Proof of interest in the property must be submitted with your petition, which should be addressed to the Attorney General for the judicial district where the seizure took place. This matter has been assigned Control Number 3540-85-013, which should be referenced in all correspondence regarding this matter. To expedite processing of the petition, you are also requested to forward a copy to the FBI, Federal Office Building, 26 Federal Plaza, New York, New York 10278, Attention: Forfeiture Analyst.

                            Sincerely yours,

Exec AD Adm. ____
Exec AD Inv. ____
Exec AD LES ____    PVK;cal (5)
Asst. Dir.:
Adm. Servs. ____
Crim. Inv. ____
Ident. ____
Insp. ____
Intell. ____
Lab. ____
Legal Coun. ____
Off. Cong. &
Public Affs. ____
Rec. Mgmt. ____
Tech. Servs. ____
Training ____
Telephone Rm. ____
Director's Sec'y ____    MAIL ROOM

17 MAY 21 1985

Chief
Forfeiture and Seized Property
Unit

APPROVED:

Director ____
Exec. AD-Adm. ____
Exec. AD-Inv. ____
Exec. AD-LES ____

Adm. Servs. ____    Laboratory ____
Crim. Inv. ____    Legal Coun. ____
                    Off. of Cong.
                    & Public Affs. ____
Ident. ____    Rec. Mgnt. ____
Inspection. ____    Tech. Servs. ____
Intell. ____    Training ____

MILLER-110

FD-654 (5-8-83)

**AIRTEL**

Date: ___5/10/85___

## FEDERAL BUREAU OF INVESTIGATION
### Forfeiture/Seized Property

To:       Director, FBI                                      Entry (Check one)

From:     SAC, ADIC NEW YORK  (245-187) (C-13)              ☐ New Case

Attention: Administrative Services Division/PPMS            ☒ Change or Additional
          Forfeiture/Seized Property Group

Subject:    #3540-85-014    CECIL CONNOR  DTF
          (Seizure #)

*Cecil Emmiiii... / Connor.*                     **Property Seized:**                    3

☐ FD-635 Record of Seized Property              ☐ Car     ☐ Truck

☐ FD-302 Probable Cause for Seizure             ☐ Boat    ☐ Plane

☐ Quick Release Documentation                   ☐ Cash Amount $

                                                ☐ Other

☐ Claimants Petition   ☐ Claim and Cost Bond

          ☐ Copy of Court Pleading

                                                ☐ Complaint    ☐ Final Decree

☐ FD-272 Petition Investigation                 ☐ Motion       ☐ Other,
☐ Other

### Subsequent Materials

_____            _____

_____            _____

_____            _____

N-201   OC-137
**DE-59**

Enclosed are copies of a "Petition in Forma Pauperis in Lieu of Posting
Cost Bond" and letters from Connor's Attorney.

3 **ENCLOSURE**                                            4  MAY 17 1985

2-BUREAU
1-NEW YORK

ENCS. 6

LS:ls                                        Forfeiture and Seized Property
                                             Property Procurement and Property
                                             Section
                                             FBI Headquarters

MILLER-111                              FBI/DOJ

# The Law Firm
## of
# Gerald Kaiser

### A PROFESSIONAL CORPORATION

April 29, 1985

[                    ] Forfeiture Analyst
Federal Bureau of Investigation
26 Federal Plaza
New York, New York   10278

b6 -1

b7C -1

Re:  Seizure No. 3540-85-014
     Cecil Connor

Dear[            ]

As per our telephone conversation, please be advised that I represent the above
named individual in the Seizure proceedings as captioned.  In respect to the
claim for the $159,305.82 seized along with the jewelry, it would be
greatly appreciated if you could forward a copy of this letter along to the
U.S. District attorney who will be assigned to this case.

Furthermore, I am anticipating that this letter will serve as timely notice
that Cecil Connor has elected to file a claim of interest concerning the
above seized, to wit, the jewelry as referred to by the above seizure number
and  the case as aforementioned.

I am awaiting the form for Cecil Connor to file as an indigent, thus
avoiding the filing of a bond in the sum of $2,500 payable by a cashier's check.

The enclosed letter states that the claim must be filed on or
before May 9, 1985.   In view of this fact, I am hereby assuming that this
letter  will serve as a preliminary filing, and will serve to eliminate the
May 9, 1985 expiration date. In the event you still require the official
filing of the notice to take place on or before May 9, 1985, kindly notify
me telephonically, and I am sure that the statement and official notice will be
filed timely.

Thank you for your cooperation in this matter.

Sincerely,

GERALD KAISER

GK:ph
enclosure

cc:  Cecil Connor

245 - 657 - 41    MILLER-112

300 E. 40TH STREET • NEW YORK, N.Y. 10016 • (212) 972-4779



**The Law Firm**
**of**
**Gerald Kaiser**

A PROFESSIONAL CORPORATION

May 6, 1985

BY HAND

[                    ] Forfeiture Analyst
Federal Bureau of Investigation
26 Federal Plaza
New York, New York 10278                              b6 -1

                    Re:  Seizure No. 3540-85-014          b7C -1
                         Cecil Connor

Dear [              ]

In furtherance to my letter of April 29, 1985, please find
enclosed Cecil Connor's indigent form.  Please accept
this form for the present time; I have sent the form by
Federal Express Mail to have the proper authority sign and
also for Cecil Connor to complete same.  I anticipate I should
have the completed-signed form by the end of the week.

Please communicate with me telephonically if you need any
assistance in this matter.

                              Sincerely,

                              Gerald Kaiser Consultant

                              Law offices of Gerald Kaiser, P.C.

ph
encl.

300 E. 40TH STREET • NEW YORK, N.Y. 10016 • (212) 972-4779

ENCLOSURE

Seizure # 3540-85-014
Re: Cecil Connor
ID #

## PETITION TO PROCEED IN FORMA PAUPERIS
## IN LIEU OF POSTING COST BOND

I, <u>CECIL CONNOR</u>, depose and say that
I am the claimant in the above-entitled case; that in support of my
motion to proceed without being required to post a cost bond, I
state that because of my poverty, I am unable to do so.

I further depose and say that the responses which I have
made to questions and instructions below are true.

1.      Are you presently employed?      Yes ( )      No (x)

A.  If the answer is "yes," state the amount of your
salary or wages per month and give the name and address of your
employer.

B.  If the answer is "no," state the date of last employ-
ment and the amount of salary or wages per month which you received.
n/a

2.      Have you received within the past 12 months any money
from any of the following sources?

A.  Business, profession or form of        Yes ( ) No (x)
    self-employment?

B.  Rent payments, interest or            Yes ( ) No (x)
    dividends?

C.  Pensions, annuities or life           Yes ( ) No (x)
    insurance payments?

D.  Gifts or inheritances?                Yes ( ) No (x)

If the answer to any of the above is "yes," describe each source of
money and state the amount received from each during the past 12
months.                             n/a

245-657-41

ENCLOSURE

MILLER-114

- 2 -

3.        Do you own any cash or do you have money in a checking or
savings account?  Yes ( )  No (x)  (Include any funds in prison
accounts.)   If the answer is "yes," state the total amount in these
accounts. _____

4.        Do you own real estate, stocks, bonds, notes, automobiles
or other valuable property (excluding ordinary household furnish-
ings and clothing)?  Yes ( )  No (x)   If the answer is "yes,"
describe the property and state its approximate value. _____

_____

5.        List the persons who are dependent upon you for support,
state your relationship to those persons, and indicate how much you
contribute toward their support. _____none_____

_____

I certify that the foregoing is true and correct.

Gerald Kaiser, P.C.
Attorney for Cecil Connor                    Cecil Connor
300 East 40 Street
New York, N.Y.   If you are incarcerated, the following certificate must
10016 be completed by an authorized officer of the institution.
(212) 247-7960

### CERTIFICATE

I hereby certify that the petitioner herein has the sum
of $ _____ on account to his/her credit at the Monroe County Jail
__Rochester, New York_____ institution where he/she is
confined.   I further certify that petitioner likewise has the
following securities to his/her credit according to the records of
said institution: _____

_____

_____(Authorized Officer of Institution

Connor is married ("12 yrs")

b6 -3, -4
b7C -3, -4

MILLER-115

# Folder Separator Sheet    974 876

# File Batch ID :    36003
# Folder # :    1

99999999999999

00000360030001

MILLER-116

REVISED 3-13-03
MC

TOTAL # OF VOLUMES    3

BATCH #    36003

# SCANNING TRACKING SHEET

FOIPA # ___974876_____

SUBJECT ___Charles Miller_____

FILE # __HQ 245-657___

SECTION # ____2___
## (Please use a separate form for each section)

SERIAL(s)____All_____

| LEGAL TECH | | WPU-1 | |
|---|---|---|---|
| | NAME | TEAM | EXT. |

DATE FORWARDED TO SCANNING___5/5/2003_____

DATE COMPLETED _____

b2
b6 -1
b7C -1

INITIAL AND DATE:
☐ACL NEEDED _____

✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳

INITIAL  AND  DATE:
DOCUMENTS PREPARED BY     _____
SCANNED BY                         _____
QUALITY CONTROLLED BY     _____
REWORKED BY                       _____
CATALOGED BY                     _____
REASSEMBLED BY                 _____

☐ACL APPLIED BY              _____

MILLER-117

FD 263 (Rev. 7-3-83)

## U. S. Department of Justice

# FEDERAL BUREAU

## *of*

# INVESTIGATION

Bureau File Number



245-HQ-657

SERIALS 43-56

SECTION 2

SECTION 2
SERIAL 43-56

See also Nos.

MILLER-118

FD-634 (5-6-83)



**AIRTEL**

Date: ___6/13/85___

### FEDERAL BUREAU OF INVESTIGATION
### Forfeiture/Seized Property

To:      Director, FBI

From:    SAC, ADIC NEW YORK  (245-187) (C-13)

Attention: Administrative Services Division/PPMS
           Forfeiture/Seized Property Group                          b6 -3

Subject: \#3540-85-014      [                    ]          b7C -3
         \(Seizure #)

*ET AL*
*OCDE Task Force - Narcotics*
*OO: NY (245-187)*

Entry (Check one)

☐ New Case

☒ Change or Additional

**Property Seized:**

☐ FD-635 Record of Seized Property          ☐ Car    ☐ Truck

☐ FD-302 Probable Cause for Seizure          ☐ Boat   ☐ Plane

☐ Quick Release Documentation                ☐ Cash Amount $

                                             ☐ Other

☐ Claimants Petition    ☐ Claim and Cost Bond

           ☐ Copy of Court Pleading

                                             ☐ Complaint    ☐ Final Decree

☐ FD-272 Petition Investigation              ☐ Motion       ☐ Other
☐ Other

**Subsequent Materials**

_____        _____

_____        _____

_____        _____

**WITH**  DE-87  4

Enclosed for FBIHQ are copies of a "WARRANT IN REM" on Jewelry seized.

2-BUREAU  1-FSPU (Encl 1)
1-NEW YORK

ENCS.  2

LS:ls

53 OCT 15 1985

MILLER-119

FBI/DOJ

Form No. USM-38
(Ed. 1-22-59)

# U. S. MARSHAL'S OFFICE

EASTERN District of NEW YORK

3540-85-013
3540-85-014

## NOTICE OF ATTACHMENT    CV85-1981

May 30, 1985 _____ 19_____

TO MASTER, OWNER, OR PERSON IN CHARGE OF THE PROPERTY ATTACHED:

b6 -1
b7C -1

Forfeiture Analyst

FBI, 26 Federal Plaza

New York, New York 10278

You will please take notice that the ___ U.S. Currency in the Sum of $159,287.82

and Articles of Jewelry with an appraised value of $48,780.00 more or less

has been attached by me, at the suit of ___ the U.S.A.

for ___ 21 U.S.C. 881

and will remain in my custody until the claim is settled

b6 -1
b7C -1

GPO 916-183

UNITED STATES MARSHAL

MILLER-120

USA 52 705

## WARRANT FOR ARREST OF ARTICLE IN REM

UNITED STATES OF AMERICA

EASTERN DISTRICT OF NEW YORK ss:

WEINSTEIN, CH. J.

CV-85-1081

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Eastern District of New York -- GREETING:

WHEREAS, a complaint has been filed in the United States District Court for the Eastern District of New York on the 29th day of May, 1985 by UNITED STATES OF AMERICA Plaintiff, against UNITED STATES CURRENCY IN THE SUM OF $159,287.82 (ONE HUNDRED FIFTY NINE THOUSAND TWO HUNDRED AND EIGHTY SEVEN DOLLARS AND EIGHTY-TWO CENTS), MORE OR LESS, AND ARTICLES OF JEWELRY WITH AN APPRAISED VALUE OF $48,780.00, MORE OR LESS,

21 U.S.C. § 881                          Defendant,

upon a civil and maritime claim for seizure and condemnation of said article for the reasons and causes in the said complaint mentioned and praying for process of warrant for the arrest of the said article, and that all persons interested in the said article may be cited in general and special to answer the premises; and all proceedings being had, that the said article may for the causes in the said complaint mentioned be condemned and forfeited to the use of the UNITED STATES OF AMERICA.

You are therefore hereby commanded to attach the said article and to detain the same in your custody until the further order of the Court respecting the same, and to give due notice to all persons claiming the same or knowing or having anything to say why the same should not be condemned and forfeited pursuant to the prayer of said complaint that they must file their claims with the Clerk of this Court within ten (10) days after the execution of this process or within such additional time as may be allowed by the Court, and must serve their answers within twenty (20) days after the filing of their claims, and that you promptly after execution of this process file the same in this Court with your return thereon.

WITNESS, THE HONORABLE JACK WEINSTEIN, Chief Judge of said Court, at Brooklyn, New York, in the Eastern District of New York, this 29 day of May, 1985

ROBERT C. HEINEMANN
                                    Clerk
By: S. John F. Sweeney
                                    Deputy Clerk

RAYMOND J. DEARIE
United States Attorney, EDNY
225 Cadman Plaza East
By: Brooklyn, New York 11201

KIYO A. MATSUMOTO
Assistant U.S. Attorney
Attorney for Plaintiff

NOTE: Claimant is required to file claim in the Clerk's office and to answer or except to said complaint within the times above fixed: otherwise, the plaintiff may enter an interlocutory of final judgment as may be appropriate.

This warrant is issued pursuant to Rule C (3) of the Supplementary Rules for Certain Admiralty and Maritime Claims the Federal Rules of Civil Procedure.

MILLER-121

RLB:KAM:ec
F. #8501036
cv/5/467

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                    Plaintiff,                      VERIFIED COMPLAINT
                                                    IN REM
     - against -
                                                    Civil Action
UNITED STATES CURRENCY IN THE                       No.
SUM OF $159,287.82 (ONE HUNDRED
FIFTY NINE THOUSAND TWO HUNDRED
AND EIGHTY SEVEN DOLLARS AND
EIGHTY-TWO CENTS), MORE OR LESS,
AND ARTICLES OF JEWELRY WITH AN
APPRAISED VALUE OF $48,780.00,
MORE OR LESS,

                    Defendants.

- - - - - - - - - - - - - - - -X

          Plaintiff UNITED STATES OF AMERICA, by its

attorney, RAYMOND J. DEARIE, United States Attorney for the

Eastern District of New York, KIYO A. MATSUMOTO, Assistant

United States Attorney, of counsel, complaining of the

defendants, alleges the following upon information and

belief:

          1.   Jurisdiction over this action is vested in

this Court pursuant to 28 U.S.C. §§ 1345 and 1355.

          2.   Plaintiff brings this action is order to

forfeit and condemn to the use of the United States of

MILLER-122

2.

America the defendant United States currency and articles
of jewelry, in accordance with the provisions of 21 U.S.C.
§ 881.

3.   On or about February 11, 1985, the defendant
$159,287.82 in United States currency and the defendant
articles of jewelry (appraised value of $48,780.00) were
seized by agents of the Federal Bureau of Investigation at
Room 526 of the Holiday Inn located at Ditmars Boulevard in
Queens, New York.

4.   The defendant currency and the defendant
jewelry is in the custody and control of the United States
Attorney General at the Federal Bureau of Investigation, 26
Federal Plaza, New York, New York.

<u>FIRST CAUSE OF ACTION</u>

5.   Plaintiff repeats and realleges each and
every allegation set forth in paragraphs 1 through 4 above.

6.   On information and belief, the defendant
United States currency and the defendant jewelry was
furnished, employed or used, intended to be furnished,
employed or used in facilitation of, or the exchange,
purchase, possession, manufacture, sale, transportation, or
distribution of a controlled substance, in violation of 21
U.S.C. § 841, <u>et</u> <u>seq</u>.

7.   As a result of the foregoing, the defendant
currency and the defendant jewelry are liable to

condemnation and forfeiture to the United States of America
for its use, in accordance with the provisions of 21 U.S.C.
§ 881(a)(6).

### SECOND CAUSE OF ACTION

8. Plaintiff repeats and realleges each and
every allegation set forth in paragraphs 1 through 4 above.

9. On information and belief, the defendant
currency and the defendant jewelry are the proceeds of and
are directly traceable to the possession, sale, manu-
facture, exchange, transportation or distribution of a
controlled substance, which possession, sale, manufacture,
exchange, transportation, or distribution was in violation
of 21 U.S.C. § 841 et seq.

10. As a result of the foregoing, the defendant
currency and the defendant jewelry are liable to condemna-
tion and forfeiture to the United States of America for its
use in accordance with the provisions of 21 U.S.C.
§ 881(a)(6).

WHEREFORE, the plaintiff requests that a warrant
of this Court issue for the arrest of the said defendant
United States currency and the defendant articles of
jewelry, that due notice of these proceedings be given to
all interested persons, that the defendants be forfeited
and condemned to the use of the United States of America,

MILLER-124

4.

and that plaintiff be awarded its costs and disbursements

in this action.

Dated:    Brooklyn, New York
          May  29  , 1985

                        RAYMOND J. DEARIE
                        United States Attorney
                        Eastern District of New York
                        Attorney for the Plaintiff
                        225 Cadman Plaza East
                        Brooklyn, New York  11201

              By:  _Kiyo A. Matsumoto_____
                        KIYO A. MATSUMOTO
                        Assistant U.S. Attorney
                        (718) 330-7967

MILLER-125

5.

## VERIFICATION

KIYO A. MATSUMOTO verifies that she is the
Assistant United States Attorney in charge of the within
action; that she has read the foregoing complaint and knows
the contents thereof, and that the same are true of her own
knowledge, except as to those matters therein stated as
alleged on information and belief, and as to those matters,
she believes them to be true.  The information contained
herein has been obtained from the official files of the
United States of America.

I verify under penalty of perjury that the
foregoing is true and correct.

Dated:  Brooklyn, New York
        May  29 , 1985

KIYO A. MATSUMOTO
Assistant U. S. Attorney

SIR:

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, New York, on the ___ day of _____, 19___ , at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,

_____ , 19___

_____

United States Attorney,
Attorney for _____

To:

_____
_____
_____

Attorney for _____

SIR:

**PLEASE TAKE NOTICE** that the within is a true copy of _____ duly entered herein on the ___ day of _____
_____ , in the office of the Clerk of the Eastern District of New York.

Dated: Brooklyn, New York

_____ , 19___

_____

United States Attorney,
Attorney for _____

To:

_____
_____

Attorney for _____

Civil ___ Action    No. _____

UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA,

Plaintiff,

– Against –

UNITED STATES CURRENCY IN THE
SUM OF $159,287.82, et al.,

Defendants.

VERIFIED COMPLAINT IN REM

RAYMOND J. DEARIE

United States Attorney,
Attorney for    Plaintiff
Office and Post Office Address,
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Due service of a copy of the within _____
_____ is hereby admitted.
Dated: _____ , 19 ___

Attorney for _____

KIYO A. MATSUMOTO, AUSA    330-7967

MILLER-127

FD-634 (5-6-83)



# AIRTEL

Date: ___6/13/85___

## FEDERAL BUREAU OF INVESTIGATION
### Forfeiture/Seized Property

To:       Director, FBI

From:     SAC, ADIC NEW YORK  (245-187) (C-13)

Attention: Administrative Services Division/PPMS
           Forfeiture/Seized Property Group

Subject: #3540-85-013
         Seizure #)

Entry (Check one)

☐ New Case

☑ Change or Additional

b6  -3
b7C  -3

Property Seized:

☐ FD-635 Record of Seized Property        ☐ Car     ☐ Truck

☐ FD-302 Probable Cause for Seizure       ☐ Boat    ☐ Plane

☐ Quick Release Documentation             ☐ Cash Amount $

                                          ☐ Other

☐ Claimants Petition   ☐ Claim and Cost Bond

              ☐ Copy of Court Pleading

                                          ☐ Complaint    ☐ Final Decree

☐ FD-272 Petition Investigation           ☐ Motion       ☐ Other
☐ Other

### Subsequent Materials

_____     _____

_____     _____

_____     _____

V-T4    DE-264    245-  6  -  4

Enclosed for FBIHQ are copies of a "Warrant in Rem" for $159,287.82
in US Currency

2-BUREAU   1-FSPU
1-NEW YORK

ENCS. 2

LS:ls

64 OCT 29 1985

JUN 28 1985

MILLER-128

FBI/DOJ

Form No. USM-28
(Ed. 1-22-59)

# U. S. MARSHAL'S OFFICE

3540-85-013
3540-85-014

EASTERN District of NEW YORK

## NOTICE OF ATTACHMENT    CV85-1981

May 30, 1985              19

TO MASTER, OWNER, OR PERSON IN CHARGE OF THE PROPERTY ATTACHED:

Ms. Lynn Shoresky, Forfeiture Analyst

FBI, 26 Federal Plaza

New York, New York 10278

You will please take notice that the U.S. Currency in the Sum of $159,287.82

and Articles of Jewelry with an appraised value of $48,780.00 more or less

has been attached by me, at the suit of    the U.S.A.

for    21 U.S.C. 881

and will remain in my custody until the claim is settled or bond is furnished for the property attached

b6 -1
b7C -1

UNITED STATES MARSHAL

GPO 916-183

ENCLOSURE

MILLER-129

USA **-135**

WARRANT FOR ARREST OF ARTICLE IN REM

UNITED STATES OF AMERICA

EASTERN DISTRICT OF NEW YORK ss.

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Eastern District of New York -- GREETING:

WHEREAS, a complaint has been filed in the United States District Court for the Eastern District of New York on the **29th** day of **May, 1985** by UNITED STATES OF AMERICA Plaintiff, against **UNITED STATES CURRENCY IN THE SUM OF $159,287.82 (ONE HUNDRED FIFTY NINE THOUSAND TWO HUNDRED AND EIGHTY SEVEN DOLLARS AND EIGHTY-TWO CENTS), MORE OR LESS, AND ARTICLES OF JEWELRY WITH AN APPRAISED VALUE OF $48,780.00, MORE OR LESS,**

**21 U.S.C. § 881**                    Defendant.

upon a civil and maritime claim for seizure and condemnation of said article for the reasons and causes in the said complaint mentioned and praying for process of warrant for the arrest of the said article, and that all persons interested in the said article may be cited in general and special to answer the premises; and all proceedings being had, that the said article may for the causes in the said complaint mentioned be condemned and forfeited to the use of the UNITED STATES OF AMERICA.

You are therefore hereby commanded to attach the said article and to detain the same in your custody until the further order of the Court respecting the same, and to give due notice to all persons claiming the same or knowing or having anything to say why the same should not be condemned and forfeited pursuant to the prayer of said complaint that they must file their claims with the Clerk of this Court within ten (10) days after the execution of this process or within such additional time as may be allowed by the Court, and must serve their answers within twenty (20) days after the filing of their claims, and that you promptly after execution of this process file the same in this Court with your return thereon.

WITNESS, THE HONORABLE JACK WEINSTEIN, Chief Judge of said Court, at Brooklyn, New York, in the Eastern District of New York, this ⅛ day of May, 1985

ROBERT C. HEINEMANN
                                                    Clerk
By: S/ John F. Sweeney
                                                    Deputy Clerk

RAYMOND J. DEARIE
United States Attorney, EDNY
225 Cadman Plaza East
By: Brooklyn, New York 11201

KIYO A. MATSUMOTO
Assistant U.S. Attorney
Attorney for Plaintiff

NOTE: Claimant is required to file claim in the Clerk's office and to answer or except to said complaint within the times above fixed; otherwise, the plaintiff may enter an interlocutory of final judgment as may be appropriate.
      This warrant is issued pursuant to Rule C (3) of the Supplementary Rules for Certain Admiralty and Maritime Claims the Federal Rules of Civil Procedure.

**MILLER-130**