FEDERAL BUREAU OF INVESTIGATION

Date of transcription 7/17/85

On July 16, 1985, major case fingerprints and photographs were taken of CECIL CONNORS, also known as (aka) "MODELER", pursuant to a court order from Judge MICHAEL A. TELESCA, United States District Court (USDC), Western District of New York.

The fingerprinting and photographing were accomplished at the United States Marshal's Office, 100 State Street, Rochester, New York. Special Agent (SA) [redacted] Federal Bureau of Investigation (FBI), Rochester, took the major case fingerprints, and SA [redacted] Internal Revenue Service (IRS), Rochester, took the photographs. SA [redacted] IRS, and SA [redacted], FBI, were also present.

CONNORS refused to execute the fingerprint card with his signature, signifying that the fingerprints on the card were, in fact, his prints.

b6 -1

b7C -1

Investigation on 7/16/85 at Rochester, NY File # BU 245D-58

by SA [redacted] SA [redacted] KRO;kah Date dictated 7/17/85

41

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 11-15-83)

Continuation of FD-302 of [redacted] (BU 245D-530 , On 5/2/85 , Page 2*

[redacted]

She stated that she met "MODLER", [redacted]

b6 -3, -4

b7C -3, -4

FD-302 (Rev. 3-10-82)

FEDERAL BUREAU OF INVESTIGATION

b6 -1, -3, -4, -6

b7C -1, -3, -4, -6

Date of transcription 6/20/85

He was buying his cocaine from "MODELER"

the MODELER became involved and was the main man in Florida He

the Summer of 1984, MODELER was in Rochester from Florida, and he dropped the price of reefer to $600 a pound, but as soon as MODELER returned to Florida,

He related that MODELER brought a kilo-sized "rock" of cocaine to

Investigation on 6/13/85 at Rochester, NY File # Bu 245D-53

b6 -1, -2, -3, -4

by SA kab b7C -1, -2, -3, -4 Date dictated 6/19/85

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 11-15-83)

Continuation of FD-302 of [redacted] (BU 245D-58), On 6/13/85, Page 2*

and wanted him to cook some to test the quality. He advised that he cooked it, and the quality of the cocaine was very good.

[redacted]

b6 -1, -3, -4

b7C -1, -3, -4

FD-302 (Rev. 3-10-82)

FEDERAL BUREAU OF INVESTIGATION

b6 -1, -3, -4, -6
b7C -1, -3, -4, -6

Date of transcription 3/12/85

"Modler" was sending the cocaine and marijuana from Florida.

package of cocaine, which was shipped from Florida by "Modler".

"Modler" came a kilo-sized rock of cocaine They cooked it up, and it was real

Investigation on 2/28/85 at Rochester, NY File # RU 245D-53

by SA kah 47 Date dictated 3/6/85

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 11-15-83)

Continuation of FD-302 of [redacted] (SU 245D-53) On 2/28/85 Page 2

good cocaine. [redacted] "Modler" left [redacted] [redacted] to bag out the cocaine. [redacted]

[redacted]

b6 -3, -4
b7C -3, -4

[redacted] [redacted] to Florida, contact "Modler", obtain cocaine or marijuana and return to Rochester. [redacted] [redacted]

"Modler" was the boss of the drug operation, [redacted] [redacted] "Modler". [redacted] [redacted] when "Modler" came to Rochester [redacted]

b6 -3, -4
b7C -3, -4

[redacted]

FD-302a (Rev. 11-15-83)

b6 -3, -4

b7C -3, -4

Continuation of FD-302 of (BU 245D-58), On 2/22/85, Page 3

"Modler", came to her residence.

FD-302 (Rev. 3-10-82)

FEDERAL BUREAU OF INVESTIGATION

Date of transcription 3/8/85

"MODLER" sold marijuana.

She advised she met "MODLER" introduced "MODLER" to her as being his She saw "MODLER" again

b6 -1, -3, -4, -6

b7C -1, -3, -4, -6

b6 -1 Investigation on 2/28/85 at Rochester, NY File # BU 245D-58 -

b7C -1

by SA kah 51 Date dictated 3/4/85

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 3-10-82)

FEDERAL BUREAU OF INVESTIGATION

b6 -1, -3, -4, -6

b7C -1, -3, -4, -6

Date of transcription 3/21/35

He related that he met "MODLER" on one occasion at [redacted] [redacted] and talked briefly with "MODLER".

b6 -1, -3, -4

b7C -1, -3, -4

Investigation on 3/14/35 at Rochester, NY File # 3U 245D-58

by SA [redacted] kah Date dictated 3/15/35

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 3-10-82)

-1-

FEDERAL BUREAU OF INVESTIGATION

Date of transcription 5/20/85

who used to call looking for "MODELER".

b6 -1, -3, -4, -6
b7C -1, -3, -4, -6

Investigation on 5/9/85 at Rochester, New York File # BU 245D-58

by SA kah Date dictated 5/14/85

56

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

MILLER-192

FD-302 (Rev. 3-10-82)

FEDERAL BUREAU OF INVESTIGATION

b6 -1, -3, -4, -6
b7C -1, -3, -4, -6

Date of transcription 5/22/85

He stated he met MODELER [redacted] Rochester, NY, one evening [redacted].

Investigation on 5/10/85 at Rochester, NY File # BU 245D-58

by SA [redacted] kah 57 Date dictated 5/16/85

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

BU 245D-58

[redacted] wired [redacted] to CECIL CONNORS.

b6 -1, -3, -4

b7C -1, -3, -4

MILLER-194

FD-36 (Rev. 8-26-82)

FBI

TRANSMIT VIA:
- ☐ Teletype
- ☐ Facsimile
- ☐ AIRTEL

PRECEDENCE:
- ☐ Immediate
- ☐ Priority
- ☐ Routine

CLASSIFICATION:
- ☐ TOP SECRET
- ☐ SECRET
- ☐ CONFIDENTIAL
- ☐ UNCLAS E F T O
- ☐ UNCLAS

Date 12/23/85

TO : DIRECTOR, FBI (245-657)
(ATTN: FORFEITURE UNIT)

FROM: SAC, BUFFALO (245D-58)

[redacted]
ET AL
NARCOTICS MATTER - OCDE
TASK FORCE CASE
OO: BU

b6 -1,-3
b7C -1,-3

Re telcall of Unit Chief [redacted] to New York and New York telcall to Buffalo, 12/17/85 and New York report to Bureau, 3/11/85.

Enclosed for the Bureau are two copies each of DAG-71 and DAG-72. The original forms were sent to New York inasmuch as New York was the seizing office for $159,287.82 in cash and $48,780 in jewelry.

For the information of the Bureau, Buffalo Division (Rochester RA) developed information that CECIL CONNOR, a narcotics fugitive, was located in a New York City hotel room and requested NY arrest him on the morning of 2/12/85. At the time of the arrest $159,287.82 in cash (NY seizure #3540-85-013, BU seizure #3110-85-009) and $48,780 in jewelry (NY seizure #3540-85-014, BU seizure #3110-85-010) was seized.

The Rochester PD is claiming 50% of above seizures

[redacted]

2 - Bureau (Encs. 4)
2 - Buffalo
(1 - F/A KING)
JAK
(4)

b6 -5
b7C -5

Approved: [signature] Transmitted ____ (Number) (Time) Per

MILLER-195

b6 -3

b7C -3

**Requesting Agency:** Rochester Police Dept.
**Investigative Bureau:** FBI
**Case Name:** [redacted] ET AI
**Case Number:** 245D-58
**Court Docket Number:**

**U.S. Department of Justice**

**Decision Form for Transfer of Federally Forfeited Property**

**PART I: To Be Completed By Investigative Bureau Field Office**

1. Field Office:

Buffalo

2. United States Attorney Where Transfer Request Originated:
Name of USA: Salvatore R. Martoche
Name of AUSA: Melchor Castro, Rochester

Address: U.S. Court House
100 State Street
Rochester, New York 14614

Telephone Number: (716) 263-6761

3. Description of all Property Subject to Federal Forfeiture:

| | Property | Identification Number | Appraised Value | Liens |
|---|---|---|---|---|
| (1) | Cash | -- | $159,287.82 | -- |
| (2) | Jewelry | -- | $ 48,780.00 | -- |

**For Headquarters Use Only**

| Requested | Official Use | Decision Maker | Recommender |
|---|---|---|---|
| | | | |

4. Is the Information Provided by the Requester in Questions 4 and 5 of the Transfer Application Complete and Accurate? If not, explain:

Yes

5. Recommendation of Field Office:
Estimate the percentage of the requester's participation in the investigation: 50 %
Recommend how the property should be equitably distributed.

SAC concurs with 50% sharing with Rochester PD.

[signature] 12/23/85

Official/Title Date

Special Agent in Charge 12/23/85

245-659-53

(Use additional sheets of paper if necessary)

MILLER-196

FORM DAG-72
JUN. 85

**Requesting Agency:**
**Investigative Bureau:**
**Case Name:**
**Case Number:**
**Court Docket Number:**

**PART II: To Be Completed By Investigative Bureau Headquarters**

1. Complete the block "For Headquarters Only" in Part I, Question 3.
2. Requester's Participation:
   Estimate the percentage of the requester's participation in the investigation: _____%
3. Date of Forfeiture:
4. Distribution of Property:
   Refer to Part I, Question 3, and *decide* or *recommend* accordingly.

Designated Official/Title ______ Date ______

**PART III: To Be Completed By The United States Attorney or The Criminal Division Section Chief**

1. Requester's Participation:
   Estimate the percentage of the requester's participation in the investigation: _____%
2. Date of Forfeiture:
3. Distribution of Property:
   Refer to Part I. Question 3, and *decide* or *recommend* accordingly.

United States Attorney/Section Chief ______ Date ______

**PART IV: To Be Completed By Director, Asset Forfeiture Office, Criminal Division**

1. Requester's Participation:
   Estimate the percentage of the requester's participation in the investigation: _____%
2. Distribution of Property:
   Refer to Part I, Question 3, and *decide* or *recommend* accordingly.

MILLER-197

Director, Asset Forfeiture Office ______ Date ______

Date:
Requesting Agency:
Case Name:
Case Number:

U.S. Department of Justice

Application for Transfer of Federally Forfeited Property

*To Be Completed by Requesting Agency Within 30 Days Following Seizure*

1. Requesting Agency or Agencies:
Agency Name: Rochester, New York, Police Department
Agency Address: 150 South Plymouth Avenue, Rochester, NY, 14614

Contact Person/Title: [redacted] Police Captain
Telephone Number: [redacted]

b6 -3, -6
b7C -3, -6

2. Description of Requested Property:
List and describe the property requested (include VIN or serial number, if known). If you are requesting an equitable share of the net proceeds, in lieu of or in addition to other property, indicate the percentage you are requesting.

A 50% share of the following cash and/or merchandise seized in the [redacted] [redacted], Cecil Connor et al. case; $158,000 in cash, jewelry and diamonds valued at approximately $ 46,000 [redacted]

3. Intended Law Enforcement Use:

To increase the budget of the Rochester Police Department enforcement efforts, ie. buy money, narcotics enforcement training, and support equipment.

4. Description of Requesting Agency's Participation in the Investigation:
Estimate your agency's contribution as a percentage of the total investigative effort. Where pertinent, indicate the percentage of manpower and/or money expended.

The Rochester Police Department's participation in this investigation consisted of an excess of three man years of investigative support plus supervisory and administrative overhead, plus all necessary equipment and logistic support which we estimate to be in excess of 50% of the total investigative effort.

5. Identification of All State or Local Law Enforcement Agencies That Participated in this Investigation:

Rochester Police Department was the only state or local law enforcement agency participating in this investigation.

*(Use additional sheets of paper if necessary)*

FORM DAG-71
JUN. 88

Date:
Requesting Agency:
Case Name:
Case Number:

6. Description of Assets Seized for State Forfeiture in this Investigation, if any:

| Property | Appraised Value |
|---|---|
| None | |

7. Requester Agrees to Pay Fees and Expenses Necessary to Effect Transfer of Title Not Later Than the Time of the Transfer:

Yes ________ No ________

8. Fiscal Officer to Whom Disbursement of Money Should be Made:
Name/Title: Joseph Cavallaro, City Treasurer, City of Rochester
Address: City Hall, Church Street, Rochester, NY, 14614

Telephone Number: (716) 428-6705

9. Official to Whom Transfer Documents Should be Delivered:
Name/Title: Joseph Cavallaro, City Treasurer, City of Rochester
Address: City Hall, Church Street, Rochester, NY, 14614

Telephone Number: ( 716 428-6705

10. Official to Whom Property Should be Delivered:
Name/Title: N/A
Address:

Telephone Number: ( )

11. Certifications:
A. The requester certifies that the above information is true and correct.

[signature] 8/4/85
Signature/Title Date
Chief of Police

B. As legal counsel for the City of Rochester (Requester) I have reviewed this Application for Transfer of Federally Forfeited Property and I certify that Joseph Cavallaro (Name) has the authority to accept the forfeited property and is the official to whom transfer documents should be delivered. It is my opinion that Joseph Cavallaro (Name) is the proper fiscal officer to whom disbursement of money is to be made. I know of no state or local law prohibiting the transfer of this property to Rochester Police Dept (Requester)

[signature] Dep. Corporation Counsel 9/4/85
Signature/Title Date

Address: City Hall Law Department
Rochester, NY, 14614

Telephone Number: (716) 428-6986

MILLER-199

**Requesting Agency:** Rochester Police Dept.
**Investigative Bureau:** FBI
**Case Name:** [redacted] ET AL
**Case Number:** 245D-58
**Court Docket Number:**

**U.S. Department of Justice** **Decision Form for Transfer of Federally Forfeited Property**

**PART I: To Be Completed By Investigative Bureau Field Office**

b6 -3
b7C -3

1. Field Office:

Buffalo

2. United States Attorney Where Transfer Request Originated:
Name of USA: Salvatore R. Martoche
Name of AUSA: Melchor Castro, Rochester

Address: U.S. Court House
100 State Street
Rochester, New York 14614
Telephone Number: (716) 263-6761

3. Description of all Property Subject to Federal Forfeiture:

| | Property | Identification Number | Appraised Value | Liens |
|---|---|---|---|---|
| (1) | Cash | -- | $159,287.82 | -- |
| (2) | Jewelry | -- | $ 48,780.00 | -- |

**For Headquarters Use Only**

| Requested | Official Use | Decision Maker | Recommender |
|---|---|---|---|
| | | | |

4. Is the Information Provided by the Requester in Questions 4 and 5 of the Transfer Application Complete and Accurate? If not, explain:

Yes

5. Recommendation of Field Office:
Estimate the percentage of the requester's participation in the investigation: 50 %
Recommend how the property should be equitably distributed.

SAC concurs with 50% sharing with Rochester PD.

[signature] 12/23/85
Official/Title Date
Special Agent in Charge 12/23/85

(Use additional sheets of paper if necessary)

MILLER-200

FORM DAG-72
JUN. 85

**Requesting Agency:**
**Investigative Bureau:**
**Case Name:**
**Case Number:**
**Court Docket Number:**

**PART II: To Be Completed By Investigative Bureau Headquarters**

1. Complete the block "For Headquarters Only" in Part I, Question 3.
2. Requester's Participation:
   Estimate the percentage of the requester's participation in the investigation: _____%
3. Date of Forfeiture:
4. Distribution of Property:
   Refer to Part I, Question 3, and *decide* or *recommend* accordingly.

Designated Official/Title                Date

**PART III: To Be Completed By The United States Attorney or The Criminal Division Section Chief**

1. Requester's Participation:
   Estimate the percentage of the requester's participation in the investigation: _____%
2. Date of Forfeiture:
3. Distribution of Property:
   Refer to Part I, Question 3, and *decide* or *recommend* accordingly.

United States Attorney/Section Chief                Date

**PART IV: To Be Completed By Director, Asset Forfeiture Office, Criminal Division**

1. Requester's Participation:
   Estimate the percentage of the requester's participation in the investigation: _____%
2. Distribution of Property:
   Refer to Part I, Question 3, and *decide* or *recommend* accordingly.

MILLER-201

Director, Asset Forfeiture Office                Date

Date:
Requesting Agency:
Case Name:
Case Number:

U.S. Department of Justice

Application for Transfer of Federally Forfeited Property

*To Be Completed by Requesting Agency Within 30 Days Following Seizure*

1. Requesting Agency or Agencies:
   Agency Name: Rochester, New York, Police Department
   Agency Address: 150 South Plymouth Avenue, Rochester, NY, 14614

   Contact Person/Title: [redacted] Police Captain
   Telephone Number: [redacted]

b6 -3, -6
b7C -3, -6

2. Description of Requested Property:
   List and describe the property requested (include VIN or serial number, if known). If you are requesting an equitable share of the net proceeds, in lieu of or in addition to other property, indicate the percentage you are requesting.

   A 50% share of the following cash and/or merchandise seized in the Karl Martin,Cecil Connor et al. case; $158,000 in cash, jewelry and diamonds valued at approximately $ 46,000 [redacted]

3. Intended Law Enforcement Use:

   To increase the budget of the Rochester Police Department enforcement efforts, ie. buy money, narcotics enforcement training, and support equipment.

4. Description of Requesting Agency's Participation in the Investigation:
   Estimate your agency's contribution as a percentage of the total investigative effort. Where pertinent, indicate the percentage of manpower and/or money expended.

   The Rochester Police Department's participation in this investigation consisted of an excess of three man years of investigative support plus supervisory and administrative overhead, plus all necessary equipment and logistic support which we estimate to be in excess of 50% of the total investigative effort.

5. Identification of All State or Local Law Enforcement Agencies That Participated in this Investigation:

   Rochester Police Department was the only state or local law enforcement agency participating in this investigation.

*(Use additional sheets of paper if necessary)*

MILLER-202

FORM DAG-71
JUN. 85

Date:
Requesting Agency:
Case Name:
Case Number:

6. Description of Assets Seized for State Forfeiture in this Investigation, if any:

| Property | Appraised Value |
| --- | --- |
| None | |

7. Requester Agrees to Pay Fees and Expenses Necessary to Effect Transfer of Title Not Later Than the Time of the Transfer:

Yes ________ No ________

8. Fiscal Officer to Whom Disbursement of Money Should be Made:
Name/Title: Joseph Cavallaro, City Treasurer, City of Rochester
Address: City Hall, Church Street, Rochester, NY, 14614

Telephone Number: (716) 428-6705

9. Official to Whom Transfer Documents Should be Delivered:
Name/Title: Joseph Cavallaro, City Treasurer, City of Rochester
Address: City Hall, Church Street, Rochester, NY, 14614

Telephone Number: ( 716 428-6705

10. Official to Whom Property Should be Delivered:
Name/Title: N/A
Address:

Telephone Number: ( )

11. Certifications:
A. The requester certifies that the above information is true and correct.

[signature] 8/4/85
Signature/Title Date
Chief of Police

B. As legal counsel for the City of Rochester (Requester) I have reviewed this Application for Transfer of Federally Forfeited Property and I certify that Joseph Cavallaro (Name) has the authority to accept the forfeited property and is the official to whom transfer documents should be delivered. It is my opinion that Joseph Cavallaro (Name) is the proper fiscal officer to whom disbursement of money is to be made. I know of no state or local law prohibiting the transfer of this property to Rochester Police Dept (Requester)

[signature] Dep. Corporation Counsel 9/4/85
Signature/Title Date

Address: City Hall Law Department
Rochester, NY, 14614
Telephone Number: (716) 428-6986

MILLER-203

MILLER-204

ENCLOSURE

AO 91
Rev. 11/82

# CRIMINAL ·PLAINT

**United States District Court**

·RICT
·STERN DISTRICT OF NEW YORK

·ET NO.

UNITED STATES OF AMERICA
V.
KARL MARTIN, CECIL CONNORS, HOWARD GRANT, DONOVAN MAC CLEAN, MIKE CASTELL, SEAFORD LINTON, VERNELL SMITH, REATHA PRESTON, JAMES A. ROSE and JOWANDA BETANCES

·ISTRATE'S CASE NO.
85-522M.

Complaint for violation of Title 21 United St· 843(b)

| NAME OF JUDGE OR MAGISTRATE | ·TLE | LOCATION |
|---|---|---|
| HONORABLE DAVID G. LARIMER | ·agistrate | Rochester, New York |

| DATE OF OFFENSE | PLACE OF OFFENSE | · OF ACCUSED (If known) |
|---|---|---|
| See attached affidavit | Rochester, New York | |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFE· ·VIOLATION:

The defendants, did knowingly and intentiona· ·se a communication facility, a telephone, in committing or causing to be co··· ·d or facilitating the commission of the manufacture, distribution or possession with intent to manufacture, distribute or dispense controlled substances, to wit, marihuana and/or cocaine; All in violation of Title 21, United States Code, Section 843(b).

BASIS OF COMPLAINANTS CHARGE AGAINST THE ACCUSED:

See attached affidavit of SA William G. Leach, which is incorporated and made a part of this complaint.

245D-58 sub 3-3

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title)
William G. Leach

OFFICIAL TITLE
Special Agent, FBI

Sworn to before me and subscribed in my presence,

SIGNATURE OF MAGISTRATE(1)
David G Larimer

16

MILLER-205

DATE
2/6/85

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AVIT

STATE OF NEW YORK )
COUNTY OF MONROE : SS:
CITY OF ROCHESTER )

WILLIAM LEACH, being dul rn, deposes and says:

1. I, William G. Le ng duly sworn depose and state that I am a Special Agent of deral Bureau of Investigation, having been so employed for rs. I am currently assigned to the Rochester, New York (NY) ent Agency. During the regular course of my duties, I have involved in an investigation concerning the violation of ontrolled Substances Act, Title 21, United States Code .C.), Sections 841(a)(1), 843(b) and 846.

2. I, William G. Leach, make the following affidavit in support of criminal complaints against Karl Martin, Cecil Connors, Reatha Preston, Howard Grant, Donovan MacClean, James A. Rose, Mike Castell, Vernell Smith, Jowanda Betances and Seaford Linton for a violation of T. 21 U.S.C. §843(b).

3. Based upon the facts of this case, the above named individuals, for and between November 29, 1984 and February 6, 1985, and at specific dates as set forth herein, have knowingly, intentionally and unlawfully engaged in a conspiracy to distribute

or dispense marihuana and cocaine through the use of a communication facility.

4. The facts of the case with which I am completely familiar are set forth as follows:

(a) Since November 29, 1984, your affiant has supervised the interception of wire communications based upon a court order signed by the Honorable Michael A. Telesca, United States District Judge, Rochester, New York on February 18, 1983. The interception is for telephone facility bearing number (716) 461-3312 subscribed to and billed to Mercedes Sales, 565 Monroe Avenue, Apartment 24, Rochester, New York.

(b) Conversations have been intercepted which indicate that the above named individuals as well as others are involved in the distribution and/or receipt of controlled substances, to wit, marihuana and cocaine and further, this trafficking activity through the use of telephone facilities.

(c) Based upon your affiant's experience as a law enforcement officer and based upon conversations with other special agents of the Federal Bureau of Investigation and with members of the Rochester Police Department, who are experienced in narcotics investigations, your affiant states (1) reefer, herb, corn, and ganga are code terms used for marihuana; (2) white stuff

and girl refer to cocaine; (3) eighths, quarters and ounces are terms used as units of measuring pounds of cocaine.

(d) On January 16, 1985 at approximately 6:17 p.m., an incoming call was placed by an individual who identified himself as "Peter". Upon information and belief, based upon my conversation with Officer Robert Urtis of the Rochester Police Department Howard Peterson Grant, who is ~~Jamaican~~, uses the street name of "Peter". The call was received by an individual named Michael. ~~Speaking with a Jamaican accent,~~ Peter asked for Dandy and asked if Dandy had anything beside "corn". Michael told Peter to just come on over. At 6:35 p.m., Matthew Siuda, an agent of the Immigration and Naturalization Service observed Howard Peterson Grant enter the front door of 565 Monroe Avenue, Rochester, New York.

(e) On January 17, 1985 at 7:17 p.m. an incoming call was placed by a male who identified himself as Macky Don (Macky Don is the street name used by Donovan MacClean) to Karl Martin. MacClean asked if Martin had "stuff". Martin affirms that he did and that it was "gold". MacClean stated he would check it out. MacClean then asked if he could "pick it up now". Martin then gave his address, 565 Monroe Avenue, Apartment 24. Another male then got on the telephone. He and Martin discuss what Martin had. Again Martin stated he had "gold" and further stated, "its going for six and a half." Based upon your affiant's past experience,

the term "gold" refers to a grade of marihuana and six and a half is the price of $650.00 a pound for the marihuana. While conducting a surveillance at 565 Monroe Avenue at 7:30 p.m., Investigator Gerald Connor of the Rochester Police Department observed two black males exiting a Buick, greenish in color, bearing New York registration 2803-AXU which vehicle was registered to Donovan MacClean, 21 Gladys Street. At 7:58 p.m. Investigator Connor observed the same two individuals exit the building and get into the Buick. Investigator Connor further observed the driver of the vehicle as Donovan MacClean. Investigator Connor stated that he knows Donovan MacClean from past investigations, one of which was an arrest of MacClean on December 17, 1982 for Criminal Possession of Marihuana Fifth, N.Y.S.P.L. 221.10

(f) On January 16, 1985 an incoming call was placed by a male who identified himself as Troy who asked to speak with Mike. Mike has been subsequently identified as Mike Castell during a conversation between Castell and an unidentified female on February 2, 1985. Mike stated he was going to need "weed" and later used the word "ganga". Mike asked if it was "bagged up" to hwich Troy answered in the affirmative. Mike asked how much he had, to which Troy replied about ten. Based upon my experience Mike Castell was seeking to purchase a quantity of marihuana. He was informed that the marihuana was already packaged, or "bagged up". Troy indicated he had ten which was likely to be ten ounces

available. Mike ended the conversation by saying he would be right over.

(g) On December 10, 1984 at 12:25 a.m., an outgoing call was placed to (716) 235-5965, by a person who was identified as Karl Martin to a female individual who was identified as Loretta. In the conversation Loretta asked, "Do you have any more?". Martin replied, "What do you want?". To which Loretta replied, "A half". A "half" is common drug parlance for a weight measurement such as half-ounce or half-pound. The exact amount requested in the conversation is unknown. That fact, however, is significant because it suggests that Karl Martin and Loretta have done enough business in the past so that Martin is familiar with amounts normally purchased by Loretta.

(h) On December 11, 1984 at approximately 12:20 a.m. Harry made an outgoing call from the Monroe Avenue telephone to (716) 436-8874 and spoke to a female identified as Bonnie Burke. Shortly thereafter Bonnie asked to speak to Dandy. Dandy is a nickname used by Karl Martin. Martin indicated that he had been "sort of campaigning". He then stated that he had been collecting his money at the "reefer shops" and record stores. During the course of this investigation we have determined that marihuana and/or cocaine has been sold by Martin's organization or other groups associated with Martin through certain record stores and other apparently legitimate businesses in the Rochester area.

(i) On December 13, 1984 at approximately 12:01 a.m. an individual identifying himself as Wa-wa, whose voice has been identified as that of Seaford Linton, placed an incoming call to Harry. Linton asked, "Fix me up." To which Harry replied that he had "a half, three-quarters and a full gram." In this conversation Linton was asking whether or not Harry had any drugs for sale. Harry indicated that he had a half, three-quarters or a full gram available. Based on the amounts indicated in the conversation, it is most likely that the drug referred to was cocaine, which is commonly sold at the retail level in gram and less than full gram quantities.

(j) On January 21, 1985, at 2019 an incoming call was intercepted from "the Modeler". As noted in my prior wiretap affidavit, I have reason to believe that "the Modeler" is the head of the organization of which Karl Martin and others are a part. THE MIAMI FBI OFFICE HAS IDENTIFIED THE MODELER AS CECIL CONNORS. "Modeler" spoke to Dandy and asked Dandy for Vernell's phone number. Dandy told him 884-4014. "Modeler" then told Dandy to tell Vernell that "it is he that sent up the stuff in her name, and he'll (Modeler) give her $200.00 to pick it up." In later conversation "Modeler" said that the "shipment" had already been sent off and that it should arrive tomorrow. "Modeler" also told Dandy that there is "52 in it" and that "it's nice . . . its non-cut". Based upon my experience and the investigation thus far completed, the above conversation concerns a 52 pound shipment of marihuana and cocaine sent by "Modeler" to Dandy.

(k) On January 22, 1985 at 1047 Martin made an outgoing call to 889-4014 and spoke to a Vernell Smith. He told her that "Modeler" had sent a "package" via "Federal Express" and asked her to have Federal Express deliver the package to her door. Thereafter at 1103 an incoming call was received by Martin from Vernell in which she told Martin that Federal Express could not deliver the package today. Martin then told Vernell that he would pick up the "package" himself. At 1614 that day Officers McCarthy and Campione of the Rochester Police Department, while conducting a surveillance of the Federal Express Office on Scottsville Road in the Town of Chili, observed Martin drive a 1985 Chevrolet Celebrity bearing license plate number 1563BFK into the Federal Express parking lot. An unidentified black female exited the car and entered the Customer Service entrance while Martin remained in the car. At 1628 Officer J.D. Thomas of the Rochester Police Department, who also was conducting a surveillance of the premises, observed Martin load a large box approximately 3 1/2 feet in length and 2 1/2 feet in height into the trunk of his vehicle. Because of the size of the box Martin could not close the trunk of his car and he drove from the scene with the box in plain view. Thereafter, Martin was followed from that location by the surveillance team as he proceeded northbound on Scottsville Road and headed north (in the direction of Fetzner Road in Greece) on I390. At 1638 the surveillance was terminated as Martin drove north on I390 past the I490 interchange. Thereafter, at 1811

Martin was observed by Special Agent Johnson of the IRS as he backed his vehicle into the driveway at 494 Fetzner Road.

The records of the Federal Express located on Scottsville Road in the Town of Chili indicate that on January 21, 1985 a 52 pound package addressed to Verne L. Smith was received and that on January 22, 1985 this package was picked up.

(l) On January 22, 1985, Karl Martin placed an outgoing call to 716-232-2712 and spoke to an individual whose voice was identified as that of Reatha Preston. Martin stated, "I have some nice gold reefer, and it lovely." Preston asked, "how's the weight?"to which Martin replied, "the weight is good." In my opinion Martin has informed Preston that he had good quality marihuana for sale and in large quantity. Preston then asked how much to which Martin replied six and one half. He also stated that he was getting 75 but for her he would give her the special price of six-fifty. This portion of the conversation reflects a price of $650.00 for one pound of marihuana. Preston then stated, "I know reefer's scarce . . . I don't deal that shake. Preston is questioning the quality of the marihuana. Martin replied "No, I gonna bring you two nice ones honey so you'll make some money." Martin indicated that he would bring her two pounds of marihuana.

(m) On January 24, 1985 at approximately 12:09 a m., a male who identified himself as Batman placed an incoming call to Mike Castell. Batman is the street name for James A. Rose.

Castell asked Rose "how much do you want?" Rose replied "a Q". Based upon my experience the term "Q" is drug slang for a quarter pound of marihuana.

(n) On January 20, 1985, an incoming call was received from a female who identified herself as Jowanda. The female was identified from other intercepted calls as Jowanda Betances. She said, "Mickey this is Jowanda." Mike said, "he doesn't come yet." She replied "Yes, but I need some stuff" Mike replied, "I just sell the last of it I have here . . . but we still have more you know." She said I wanted to, you know give me half. Mike said yeah. She replied to have a half for me, cause I got his money. A "half" is common drug parlance for a quantity of a controlled substance, generally a half ounce.

William G. Leach
WILLIAM G. LEACH
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this 6th day of February, 1985.

David G. Larimer
HONORABLE DAVID G. LARIMER
United States Magistrate

Reviewed by AUSA M. CAPO

BU0005 0700107Z

RR HQ NY

DE BU

R 100107Z MAR 86

11 MAR 86 10 z

FM BUFFALO (245D-58)

TO DIRECTOR ROUTINE

ADIC, NEW YORK (BQ 245D-187) ROUTINE

BT

UNCLAS

[redacted] ET AL; NARCOTICS; OCDETF- NARCOTICS MATTER;

b6 -3, -4
b7C -3, -4

OO: BUFFALO.

RE NEW YORK REPORT OF SA [redacted] MAR. 11, 1985.

ON MAR. 7, 1986, AUSA MATTHEW J. MURPHY, WDNY, BUFFALO, NEW YORK, ADVISED THAT A SUPPRESSION HEARING WILL BE HELD IN U. S. DISTRICT COURT, ROCHESTER, NEW YORK, ON MAR. 19, 1986. REGARDING SUBJECT CECIL CONNERS WHO WAS ARRESTED BY NEW YORK AGENTS ON FEB. 11, 1985, ON A WARRANT FROM THE WDNY, CHARGING TITLE 21 VIOLATIONS. SUBSEQUENT TO THE ARREST, NEW YORK AGENTS OBTAINED A SEARCH WARRANT FOR LUGGAGE IN CONNERS' POSSESSION. THE SEARCH REVEALED APPROXIMATELY $150,000 IN CASH AND $50,000 IN JEWELRY. THE DEFENSE SEEKS TO SUPPRESS THE FRUITS OF THIS SEARCH.

b6 -1
b7C -1

MILLER-215

PAGE TWO BU 245D-58 UNCLAS

BUFFALO IS USING THE FRUITS INA SUBSEQUENT INDICTMENT WHICH CHARGES CONNERS WITH A CCE VIOLATION. AUSA MURPHY ADVISED THAT THE TESTIMONY OF SA'S [redacted] [redacted] WILL BE NECESSARY AT THE SUPPRESSION HEARING. UACB, THE ABOVE SA'S WILL BE AVAILABLE IN USDC, WDNY, ROCHESTER, NEW YORK, NOT LATER THAN 8:00 AM, MAR. 19, 1986.

BT

b6 -1
b7C -1

BU0012 1482238Z

RR HQ NY BA

DE BU

R 282238Z MAY 86

FM BUFFALO (245D-58) (P)

TO DIRECTOR ROUTINE

NEW YORK ROUTINE

BROOKLYN QUEENS ROUTINE

BALTIMORE ROUTINE

BT

UNCLAS

[redacted] ET AL; OCDETF: NARCOTICS MATTER; OO: BUFFALO.

RE BUFFALO PROSECUTIVE REPORT OF [redacted] OCT. 11, 1985.

CAPTIONED MATTER SET FOR TRIAL U.S. DISTRICT COURT, WDNY, ROCHESTER, NEW YORK, JUNE 10-12, 1986. NEGOTIATIONS REGARDING PLEAS ARE ONGOING, SOME PROFERS ACCEPTED. HOWEVER, AUSA MATT MURPHY BUFFALO, NEW YORK, ADVISED THAT THE FOLLOWING AGENTS WILL BE NECESSARY WITNESSES IF THE TRIAL COMMENCES:

SAS [redacted]

b6 -1

b7C -1

RECEIVED TELETYPE

28 MAY 86 22 39

U.S. DEPT OF JUSTICE

JUN 9 1986

PERS. REC. UNIT

MILLER-217

ASSIGNED BROOKLYN QUEENS METRO RESIDENT AGENCY REGARDING THE ARREST OF CECIL CONNOR, AKA MODLER, AND THE RECOVERY OF $150,000 CASH AND A QUANTITY OF JEWELRY IN A QUEENS, NEW YORK MOTEL. SA [redacted] CURRENTLY ASSIGNED BALTIMORE, RE THE ARREST OF JAMES [redacted] AT ROCHESTER, NEW YORK.

b6 -1, -3
b7C -1, -3

UACB ABOVE AGENTS BE PREPARED TO BE IN ROCHESTER, NEW YORK FOR TRIAL ON JUNE 10, 1986.

BT

(3)

# Folder Separator Sheet

974876

# File Batch ID : 36002

# Folder # : 1

99999999999999

00000360020001

REVISED 3-13-03
MC

TOTAL # OF VOLUMES 3

BATCH # 36002

# SCANNING TRACKING SHEET

FOIPA # 974876

SUBJECT Charles Miller

FILE # HQ 245-657

SECTION # 3

(Please use a separate form for each section)

SERIAL(s) All

LEGAL TECH [ ] NAME    WPU-1 TEAM    [ ] EXT.

b2
b6 -1
b7C -1

DATE FORWARDED TO SCANNING 5/5/2003

DATE COMPLETED ______

INITIAL AND DATE:

☐ACL NEEDED ______

************************************

INITIAL AND DATE:

DOCUMENTS PREPARED BY ______
SCANNED BY ______
QUALITY CONTROLLED BY ______
REWORKED BY ______
CATALOGED BY ______
REASSEMBLED BY ______

☐ACL APPLIED BY ______

U. S. Department of Justice

# FEDERAL BUREAU of INVESTIGATION

Bureau File Number

245-HQ-657

SERIALS 57-

SECTION 3

MILLER-221

See also Nos.

SECTION 3

SERIAL 57-

BU 245D-58

Also, investigation has disclosed that wired substantial sums to CECIL CONNERS in Miami, FL, to pay for the narcotics. CECIL CONNERS has pled guilty.

b6 -3,-4
b7C -3,-4

FD-65 (Rev. 6-25-84)

Federal Bureau of Investigation

**AIRTEL**

To: Director, FBI
Att: Criminal Investigative Division
Fugitive Unit

Date: 10/23/86

INSTRUCTIONS - Reverse Side
NOTE: Priority "A" and "B" Fugitives - With initial submission, set forth a synopsis of crime on reverse side.

From: SAC, BUFFALO (245D-58)(P)
CHANGED

Subject

☐ III Inquiry
☐ Initial Submission
☐ Initial Submission - Parental Kidnaping
XX Supplements FD-65 dated 7/25/86

Indicate Fugitive Priority
X A
☐ B
☐ C
☐ D (Parental Kidnaping)

b6 -3, -4
b7C -3, -4

CECIL CONNERS, aka
"The Modeler;"
NARCOTICS MATTER;
BOND DEFAULT; FTA; OCDE TASK FORCE CASE;
OO: BUFFALO

FUGITIVE INDEX

Title marked "Changed" to add new alias of
of

| Caution | MKE | Name | NAM | Sex | SEX | Race | RAC |
|---|---|---|---|---|---|---|---|
| ☐ | | | | | | | |

| Place of Birth | POB | Birth Date | DOB | Height | HGT | Weight | WGT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Eye Color | EYE | Hair Color | HAI | FBI No. | FBI | Skin Tone | SKN |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Scars, Marks, Tattoos, and Other Characteristics SMT

| NCIC Fingerprint Classification | FPC | Other Identifying Number | MNU | Social Security # | SOC |
|---|---|---|---|---|---|
| | | | | | |

| Operator's License Number | OLN | Operator's License State | OLS | Year Expires | OLY |
|---|---|---|---|---|---|
| | | | | | |

Offense Charged OFF

U. S. Code, Title and Section

Warrant Issued By on DOW F.O. File # OCA

Miscellaneous Including Bond Recommended (MIS)

STOP CARDS AUTOMATED

LICENSE PLATE AND VEHICLE INFORMATION

| License Plate Number | LIC | State | LIS | Year Expires | LIY | License Plate Type | LIT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Vehicle Identification # | VIN | Year | VYR | Make | VMA | Model | VMO | Style | VST | Color | VCO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

Aliases

Additional Identifiers

NCIC # NIC
W403793337

MILLER-223

2 FBIHQ (1 - Fugitive Unit)
2 - Buffalo WGL;kah (4)

FBI/DOJ

**PRIORITY "A" and "B" FUGITIVES - Synopsis of Crime.**

## INSTRUCTIONS

1. **Caution (MKE)** - Insert "C" in block if caution statement indicated. Basis for caution statement must appear in Miscellaneous block, e.g., armed and dangerous.
2. **Name (NAM)** - Place name in this block. Aliases are not to be entered in this block but are to be placed in Aliases block.
3. **Sex (SEX)** - Sex will be designated by one letter, M (male) or F (female).
4. **Race (RAC)** - Race will be described by one letter, A (Asian or Pacific Islander), I (American Indian or Alaskan Native), B (Black), W (White), U (Unknown).
5. **Place of Birth (POB)** - Indicate city and state or, if foreign born, city and country. Where multiple birthplaces are reported, list verified birthplace or that which appears most logical in this block.
6. **Birth Date (DOB)** - Enter as month, day and year. Where multiple birth dates are reported, enter verified birth date or that which appears most logical in this block. Place other dates of birth in Additional Identifiers block.
7. **Height (HGT)** - Express in feet and inches, e.g., 6'0". Round off fractions to nearest inch.
8. **Weight (WGT)** - Express in pounds. Omit fractions.
9. **Eye Color (EYE)** - Use appropriate three-character symbol.
10. **Hair Color (HAI)** - Use appropriate three-character symbol.
11. **Skin Tone (SKN)** - Use appropriate three-character symbol.
12. **Scars, Marks, Tattoos, (SMT), and Other Characteristics** - Place in this block only appropriate NCIC coding for scars, marks, tattoos, birthmarks, deformities, missing body parts and artificial body parts as defined in NCIC Code Manual. If more than one SMT is to be entered, use Additional Identifiers block for additional appropriately coded items. Use Miscellaneous block to describe all scars, marks, tattoos, and other characteristics, which are not defined in the NCIC Code Manual and to more fully describe SMT's which have been entered in SMT block. For example, an appendectomy scar, not being readily visible, would be described in the Miscellaneous block. A tattoo on right arm, shown as TAT R ARM in block, might be further described in Miscellaneous block as a rose tattoo on inside of lower right arm.
13. **NCIC Fingerprint Classification (FPC)** - Enter NCIC fingerprint classification.
14. **Other Identifying Number (MNU)** - Miscellaneous numbers may be entered with appropriate identifiers (prefixes). For first miscellaneous identifying number, use MNU block. When military service number is in fact Social Security Account Number, the number should be entered in both MNU and SOC blocks. Additional identifying numbers are placed in Additional Identifiers block. The identifier (prefix) should precede the number and be separated from the number by use of a hyphen.
15. **Social Security Number (SOC)** - Place subject's Social Security Account Number in this block.
16. **Operator's License Number** - Place subject's operator's license number in OLN block. Also show licensing state (OLS) and year license expires (OLY).
17. **Warrant Issued By-On-(DOW)** - Enter date warrant issued in DOW block.
18. **Miscellaneous (MIS)** - Enter additional pertinent information in this block. If caution statement used, basis for statement must be set forth as first item in this block.
19. **License Plate and Vehicle Information** - Place information concerning license plate and/or vehicle known to be in the possession of subject in appropriate blocks under License Plate and Vehicle Information heading.
20. **Additional Identifiers** - Enter information concerning additional license plates (number, state, year expires, and where applicable, type); Social Security Numbers; operator's license number, state and year expires; vehicle information (VIN, VYR, VMA, VMO, VST, VCO); MNU's (see list in item 14 above); visible scars, marks, tattoos, and other characteristics; and dates of birth. Clearly identify what data is being set forth; e.g., Social Security # 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; Michigan operator's license 234567, expires 1987; DOB's 4/5/32, 5/3/32; etc.
21. By making an III inquiry, the entering agency may become knowledgeable of additional DOBs, AKAs, and other significant information which may aid in the location and/or apprehension of wanted persons.
22. Changes and deletions should be so indicated in the appropriate blocks.



FD-515 (Rev. 6-6-85)
**ACCOMPLISHMENT REPORT**
(Effective 10/1/85)
(Submit within 30 days from date of accomplishment)

TO: DIRECTOR, FBI

FROM: SAC, BUFFALO

SUBJECT:

[redacted]
ET AL.
NARCOTICS MATTER,
OCDE TASK FORCE
(OO: BUFFALO)

b6 -3, -4,

b7C -3, -4

b7E

245-657
Bureau File Number

245D-58
Field Office File Number

3665
Squad or RA Number

[redacted]
Agent's Social Security No.

☐ X if a joint operation with: ______ (identity of other agency)

☐ X if case involves corruption of a public official (Federal, State or Local).

Date 9/4/86

**Investigative Assistance or Technique Used**

Were any of the investigative assistance or techniques listed below used in connection with accomplishment being claimed? ☐ No ☐ Yes - If Yes, rate each used as follows:
1 = Used, but did not help 3 = Helped, substantially
2 = Helped, but only minimally 4 = Absolutely essential

| | Rating | | Rating | | Rating | | Rating |
|---|---|---|---|---|---|---|---|
| 1. Acctg Tech Assistance | | 8. Eng. Sect. Tape Exams | | 15. Photographic Coverage | | 22. Telephone Toll Recs | |
| 2. Aircraft Assistance | | 9. Hypnosis Assistance | | 16. Polygraph Assistance | | 23. UCO Group I | |
| 3. Computer Assistance | | 10. Ident Div Assistance | | 17. Search Warrant Executed | | 24. UCO Group II | |
| 4. Consensual Monitoring | | 11. Informant Information | | 18. Show Money Usage | | 25. UC Other | |
| 5. ELSUR - FISC | | 12. Lab Div Exams | | 19. Survel. Sqd. (SOG) Asst | | 26. NCAVC/ VI-CAP | |
| 6. ELSUR - Title III | | 13. Lab Div Field Support | | 20. SWAT Team Action | | 27. Visual Invest Analysis (VIA) | |
| 7. Eng. Sect. Field Support | | 14. Pen Registers | | 21. Tech. Agt. or Tech Equip | | | |

| A. Preliminary Judicial Process (Number of subjects) | Complaints | Informations | Indictments |
|---|---|---|---|
| | | | |

**B. Arrests, Locates, Summonses or Subpoenas Served (No. of Subj.)**

| | Subject Priority* A | B | C | | |
|---|---|---|---|---|---|
| FBI Arrests - | | | | Subpoenas Served | |
| FBI Locates - | | | | Criminal Summons | |
| Local Arrests - | | | | Local Crim. Summons | |

FBI Subj. Resisted ______ ; Armed ______

**D. Recoveries, Restitutions, or Potential Economic Loss Prevented (PELP)** (Explain valuation in remarks)

| Property Type Code* | Recoveries | Restitutions | PELP Type Code* | Potential Economic Loss Prevented |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

**C. Release of Hostages or Children Located:** (Number of Hostages or Children Located)
Hostages Held By Terrorists ______ ; All Other Hostage Situations ______
Missing or Kidnaped Children Located ______

**E. Civil Matters**

| | Government Defendant | Government Plaintiff |
|---|---|---|
| Amount of Suit | $ | $ |
| Settlement or Award | $ | $ Enter AFA Payment Here |

**F. Final Judicial Process:** Judicial District WD NY
District State | Conviction or Pretrial Div. Date | Sentence Date | No. of Subjects Acquitted | Dismissed

Subject 1 Subject Description Code* — 3B

| | Title | Section | Counts | In-Jail Yrs | In-Jail Mos | Suspended Yrs | Suspended Mos | Probation Yrs | Probation Mos |
|---|---|---|---|---|---|---|---|---|---|
| ☒ Felony ☐ Misdemeanor | 21 | 846 | 1 | 5 | 0 | | | | |
| ☒ Plea ☐ Trial ☐ Pretrial Diversion | 18 | 1952(a) | 1 | Total Fines $ | | | | | |

Add consecutive sentences together. Enter longest single concurrent sentence. Do not add concurrent sentences together. Sentence 10 yrs.-8 yrs. susp. = 2 yrs. In-Jail.

Subject 2 Subject Description Code* —

| | Title | Section | Counts | In-Jail Yrs | In-Jail Mos | Suspended Yrs | Suspended Mos | Probation Yrs | Probation Mos |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Felony ☐ Misdemeanor | | | | | | | | | |
| ☐ Plea ☐ Trial ☐ Pretrial Diversion | | | | Total Fines $ | | | | | |

Add consecutive sentences together. Enter longest single concurrent sentence. Do not add concurrent sentences together. Sentence 10 yrs.-8 yrs. susp. = 2 yrs. In-Jail.

Subject 3 Subject Description Code* —

| | Title | Section | Counts | In-Jail Yrs | In-Jail Mos | Suspended Yrs | Suspended Mos | Probation Yrs | Probation Mos |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Felony ☐ Misdemeanor | | | | | | | | | |
| ☐ Plea ☐ Trial ☐ Pretrial Diversion | | | | Total Fines $ | | | | | |

Add consecutive sentences together. Enter longest single concurrent sentence. Do not add concurrent sentences together. Sentence 10 yrs.-8 yrs. susp. = 2 yrs. In-Jail.

Subject 4 Subject Description Code* —

| | Title | Section | Counts | In-Jail Yrs | In-Jail Mos | Suspended Yrs | Suspended Mos | Probation Yrs | Probation Mos |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Felony ☐ Misdemeanor | | | | | | | | | |
| ☐ Plea ☐ Trial ☐ Pretrial Diversion | | | | Total Fines $ | | | | | |

Add consecutive sentences together. Enter longest single concurrent sentence. Do not add concurrent sentences together. Sentence 10 yrs.-8 yrs. susp. = 2 yrs. In-Jail.

N/A

657-74

*Attach additional forms if reporting final judicial process on more than four subjects, and submit a final disposition for (R-84) for each subject.*

Remarks: (For every subject reported in Sections A, B or F above, provide name, DOB, race*, sex, and FOB and SSAN if available.)

On 8/14/86, CECIL CONNORS, DOB 3/29/60, was sentenced at U.S. District Court, WDNY, Rochester, N.Y. to serve 5 years in custody of U.S. Attorney General for violation Title 21, US Code, Section 846 and Title 18, US Code, Section 1952(a).

16 SEP 10 1986

03

2 - Bureau
2 - Field Office (BUFFALO) (1-SSS)
* See codes on reverse side. KRO:dam (4)

**Property Type Codes***

| Code No | Description |
|---|---|
| 1 | Cash (U.S. and foreign currency) |
| 2 | Stock, Bonds or Negotiable Instruments (checks, travelers checks, money orders, certificates of deposit, etc) |
| 3 | General Retail Merchandise (clothing, food, liquor, cigarettes, TVs, etc) |
| 4 | Vehicles (autos, trucks, tractors, trailers, campers, motorcycles, etc) |
| 5 | Heavy Machinery & Equipment (heavy equipment, computers, etc) |
| 6 | Bulk Materials (grain, fuel, raw materials, metals, wire, etc) |
| 7 | Jewelry (including unset precious and semiprecious stones) |
| 8 | Precious Metals (gold, silver, silverware, platinum, etc) |
| 9 | Art, Antiques or Rare Collections |
| 11 | Weapons or Explosives |
| 20 | All Other Recoveries (not falling in any category above) |

**Potential Economic Loss Prevented (PELP) Type Codes***

| Code No | Description |
|---|---|
| 22 | Counterfeit Stocks, Bonds, Currency or Negotiable Instruments |
| 23 | Counterfeit or Pirated Sound Recordings or Motion Pictures |
| 24 | Bank Theft Scheme Aborted |
| 25 | Ransom, Extortion or Bribe Demand Aborted |
| 26 | Theft from, or Fraud Against, Government Scheme Aborted |
| 27 | Commercial or Industrial Theft Scheme Aborted |
| 30 | All Other Potential Economic Loss Prevented (not falling in any category above) |

*Except for cash, the Remarks section must contain an explanation of the computation of the recovery value or loss prevented. An explanation airtel must accompany this report if the recovery is $1 million or more, or if the PELP is $5 million or more.

**Subject Description Codes***

**- Enter Description Code Only When Reporting a Conviction -**

**Organized Crime Subjects:**
- 1A Boss, Underboss or Consigliere
- 1B Capodecina or Soldier
- 1C Possible LCN Member or Associate
- 1D OC Subject Other Than LCN

**Known Criminals (Other Than OC Members):**
- 2A Top Ten or I.O. Fugitive
- 2B Top Thief
- 2C Top Con Man

**Foreign Nationals:**
- 3A Legal Alien
- 3B Illegal Alien
- 3C Foreign Official Without Diplomatic Immunity
- 3D U.N. Employee Without Diplomatic Immunity
- 3E Foreign Students
- 3F All Others

**Terrorists:**
- 4A Known Member of a Terrorist Organization
- 4B Possible Terrorist Member or Sympathizer

**Union Members:**
- 5A International or National Officer
- 5B Local Officer
- 5C Union Employee

**Government Officials Or Employees:**

| Federal | State | Local |
|---|---|---|
| 6A Presidential Appointee | 6J Governor | 6R Mayor |
| 6B U.S. Senator | 6K Lt. Governor | |
| 6C U.S. Representative | 6L Legislator | 6S Legislator |
| 6D Judge | 6M Judge | 6T Judge |
| 6E Prosecutor | 6N Prosecutor | 6U Prosecutor |
| 6F Law Enforcement Officer | 6P Law Enforcement Officer | 6V Law Enforcement Officer |
| 6G Fed Empl - GS 13 & above | 6Q All Others - State | 6W All Others - Local |
| 6H Fed Empl - GS 12 & below | | |

**Bank Officers or Employees:**
- 7A Bank Officer
- 7B Bank Employee

**All Others:**
- 8A All Other Subjects (not fitting above categories)

*If a subject can be classified in more than one of the categories, select the most appropriate in the circumstance.

**Instructions**

**Subject Priorities for FBI Arrest or Locates:**

A - Subject wanted for crimes of violence (i.e. murder, manslaughter, forcible rape, robbery and aggravated assault) or convicted of such crimes in the past five years.

B - Subjects wanted for crimes involving the loss or destruction of property valued in excess of $25,000 or convicted of such crimes in the past five years.

C - All others

**Claiming Non-Federal Arrests, Summonses, Recoveries or Convictions:**

It is permissible to claim a local arrest, summons, recovery or conviction **if the FBI significantly contributed to the accomplishment.** A succinct narrative setting forth the basis for the claim must accompany this report. When claiming a local recovery, enter the word "LOCAL" to the right of the amount. Enter "LF" in the "In-Jail" block for all life sentences and "CP" for capital punishment sentences.

**Reporting Convictions:**

Convictions should not be reported until the sentence has been issued. There are two exceptions to this rule. The conviction information can be submitted by itself if:

1. The subject becomes a fugitive after conviction but prior to sentencing.
2. The subject dies after conviction but prior to sentencing.

An explanation is required in the Remarks section for either of the above exceptions.

**Rule 20 Situations:**

The field office that obtained the process (normally the office of origin) is the office that should claim the conviction, **not** the office where the subject enters the plea in cases involving Rule 20 of the Federal Rules of Criminal Procedures.

**Investigative Assistance or Techniques (IA/Ts) Used:**

-Since more than one IA/T could have contributed to the accomplishment, each IA/T used must be rated.

-The IA/T used must be rated **each time** an accomplishment is claimed. (For example - if informant information was the basis for a complaint, an arrest, a recovery and a conviction and if separate FD-515s are submitted for each of the aforementioned accomplishments, the "Informant Information" block must be rated on each FD-515 even if it was the same information that contributed to all the accomplishments.)

**Race Codes:**

C = Chinese; I = Indian/American; J = Japanese; N = Negro; O = All other; U = Unknown; W = White

MILLER-226



FD-36 (Rev. 8-29-85)

FBI

TRANSMIT VIA:
☐ Teletype
☐ Facsimile
☒ Airtel

PRECEDENCE:
☐ Immediate
☐ Priority
☐ Routine

CLASSIFICATION:
☐ TOP SECRET
☐ SECRET
☐ CONFIDENTIAL
☐ UNCLAS E F T O
☐ UNCLAS

Date 7/7/87

TO: ACTING DIRECTOR, FBI (245-657)
(ATTN: DRUG SECTION, ROOM 3037)

FROM: SAC, BUFFALO (245D-58) (P)

[redacted]

CECIL CONNERS, aka;

[redacted]

NARCOTICS MATTER
OCDE TASK FORCE
(OO: BUFFALO)

b6 -1, -3, -4
b7C -1, -3, -4

Re Prosecutive report of SA [redacted] Buffalo Division, dated 10/11/85 and Bureau routing slip dated 6/22/87 captioned, [redacted] Et Al., NARCOTICS MATTER - OCDETF, OO: BUFFALO." Routing slip title was the title of instant matter, which was changed to captioned by referenced prosecutive report.

All persons in the title, minus [redacted] [redacted] have been convicted of narcotics violations in U.S. District Court, Western District of New York. [redacted] was murdered in New York City in December, 1986, while in a Fugitive status. [redacted] is currently a FTA Fugitive. He was arrested in New York City in December, 1986 for a local narcotics violation, but was released on bond prior to his true identity becoming known. Currently a Fugitive investigation is being conducted regarding [redacted]

2 - Bureau
2 - Buffalo
WGL:dam (4)

Approved: ______ Transmitted ______ (Number) (Time) Per ______

MILLER-227

AIRTEL

8/13/87

Acting Director, FBI

SAC, Buffalo (245D-58)

b6 -3, -4
b7C -3, -4

CECIL CONNERS, AKA;

OCDE TASK FORCE MATTER;
OO: BUFFALO

ReBUairtel to FBIHQ dated 7/7/87.

Captioned matter addresses a Rastafarian Organization and should be reclassified to an "F" classification rather than "D" as stated in referenced communication.

245-[illegible]-[illegible]-76

17 SEP 2 1987

MAILED 22
AUG 17 1987
FBI

Exec AD Adm. 1
Exec AD Inv. 1
Exec AD LES 1
Asst. Dir.:
Adm. Servs. 1
Crim. Inv.
Ident.
Insp.
Intell.
Lab.
Legal Coun.
Off. Cong. & Public Affs.
Rec. Mgnt.
Tech. Servs.
Training
Telephone Rm.
Director's Sec'y
MAIL ROOM

b6 -1
b7C -1

MILLER-228

FORMS.TEXT HAS 1 DOCUMENT

INBOX.303 (#7265)

TEXT:

CLASS
SRC
SER
REC

HQ NY NK MM BU

DE BS #0009 3451532

ZNR UUUUU

O 111223Z DEC 87

FM BOSTON (245D-270) (P)

TO DIRECTOR (IMMEDIATE)

TO FBI BUFFALO (245-58)

TO FBI NEW YORK (245-275)

TO FBI NEWARK

TO FBI MIAMI

ATTN: JAMAICAN ROAD TRIP

BT

UNCLAS

b6 -1, -3, -4

b7C -1, -3, -4

RECEIVED TELETYPE UNIT 10 DEC 87 FEDERAL BUREAU OF INVESTIGATION

CESIL CONNORS, AKA "THE MODELER";

-657-

OCDETF.

RETELCALS FROM BOSTON TO NEW YORK AND BUFFALO ON DECEMBER 9,

17 JAN 8 198

MILLER-229

27 AUG 3 1988

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff

-vs-

$4,349.31 UNITED STATES CURRENCY,

Defendant

CIVIL NO. 86-0408T

STIPULATION AND ORDER OF SETTLEMENT

This Stipulation and Order of Settlement is made by and among the undersigned attorneys for the parties herein, as follows:

RECITALS

A. On May 1, 1986, the United States of America filed a Complaint for Forfeiture against the defendant, $4,349.31 United States currency, wherein it is alleged that the defendant currency was furnished or intended to be furnished in exchange for controlled substances or as traceable to such an exchange or was used or intended to be used to facilitate a violation of Subchapter I of Chapter 13 of Title 21, United States Code, in violation of 21 U.S.C. §881(a)(6). The Complaint for Forfeiture requested that due process issue to enforce the forfeiture of the defendant currency to the United States Government.

245-657-887

ENCLOSURE

AIRTEL

UNCLAS

6/29/89

Director, FBI (66-3209)

ADIC, New York (245-187)
(Attn: Forfeiture Analyst)

[redacted];
ET AL;
OCDETF
OO: BUFFALO
BUDED: 7/10/89

PROPERTY MANAGEMENT MATTER - FORFEITED PROPERTY

b6 -1, -3
b7C -1, -3

Re seizure number 3540-85-014.

In compliance with Title 41, Code of Federal Regulations, Section 128-48.1 (Utilization of Abandoned and Forfeited Personal Property), title to the above captioned seizure was forfeited to the United States on 3/30/89. A copy of the order of forfeiture is enclosed for your records.

It is requested that the New York Division forward the following property from the referenced seizure number to the Property Management Unit, Administrative Services Division, Room 1B122, Attention: [redacted] The items will be put into official use and should be returned via Airborne, Signature Service, by COB 7/10/89.

1. ITEM #1 - Necklace, 18K Gold Chain Link W/5 Oval Beads
   Value: $525.00

2. ITEM #2 - Medallion and Chain, 18K YG "Santa Barbara" - Religious
   Value: $13,000

3. ITEM #3 - Medallion and Chain, 18K Two-Tone "St. Laraus" - Religious
   Value: $10,230

4. ITEM #4 - Bracelet, 14K Gold Heavy Nugget Style W/Diamonds
   Value: $8,100

Sent By Mail
6/29/89

Enclosure
1 - [redacted]
1 -
1 - Property Management Unit
Special Operations Support Desk
1 - Forfeiture and Seized Property Unit
1 - Supply Technician - New York
:cdc (8)

Exec AD Adm. ___
Exec AD Inv. ___
Exec AD LES ___
Asst. Dir.:
Adm. Servs. ___
Crim. Inv. ___
Ident. ___
Insp. ___
Intell. ___
Lab. ___
Legal Coun. ___
Off. Cong. & Public Affs. ___
Rec. Mgnt. ___
Tech. Servs. ___
Training ___
Off. Liaison & Int. Affs. ___
Telephone Rm. ___
Director's Sec'y ___
MAIL ROOM

RECORDED COPY FILED IN

MILLER-231

Airtel to ADIC, New York (245-187)
RE: PROPERTY MANAGEMENT MATTER - FORFEITED PROPERTY

5. ITEM #5 - Bracelet, 14K Gold and Diamond "Cecil"
Value: $2,500

6. ITEM #6 - Watch, 14K YG Nugget Style Omega
Value: $4,300

7. ITEM #7 - Ring, 14K Square Face W/Diamond Chips
Value: $1,750

8. ITEM #9 - Ring, 14K Rolex Style W/7 Diamonds
Value: $2,000

9. ITEM #10 - Ring, 14K Gold with initial "C" in Diamond Chips
Value: $2,200

10. ITEM #11 - Ring, 18K Diamond Cluster W/37 Diamonds
Value: $2,000

11. ITEM #12 - Ring, 14K Diamond Cluster W/44 Diamonds
Value: $2,175

Any questions regarding this matter should be referred to the same personnel on Extension [ ]

All inventory adjustments will be handled by FBIHQ.

b2

APPROVED:

| | | |
|---|---|---|
| | Adm. Servs. | Off. of Cong. |
| | Crim. Inv. | & Public Affs. |
| | Ident. | Off. of Liaison |
| Director | Inspection | & Intl. Affs. |
| Exec. AD-Adm. | Intell. | Rec. Mgmt. |
| Exec. AD-Inv. | Laboratory | Tech. Servs. |
| Exec. AD-LES | Legal Coun. | Training |

MILLER-232