RLB:KAM:tp
F. #8501036
:s/9/253

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

           Plaintiff,

   - against -

UNITED STATES CURRENCY IN THE SUM
OF $159,287.82 (One Hundred Fifty
Nine Thousand Two Hundred Eighty-
Seven Dollars and Eighty-Two Cents),
and ARTICLES OF JEWELRY WITH AN
APPRAISED VALUE OF $48,780.00,
more or less,

        Defendants.

- - - - - - - - - - - - - - - -X

**DECREE OF
FORFEITURE
AND ORDER OF
DELIVERY**

Civil Action
No. CV-85-1981

(Weinstein, J.)

Upon the declaration of KIYO A. MATSUMOTO,
Assistant United States Attorney for this judicial
district, and upon all the papers filed and proceedings
heretofore had herein, and pursuant to 21 U.S.C. § 881,
and the application of the plaintiff, United States of
America, it is hereby

ORDERED, ADJUDGED and DECREED that, all of the
persons known or thought to have an interest in or claim
to the defendant currency and jewelry having been given
due notice of these proceedings, and none of those persons
having interposed an answer, claim or other response of
any kind to the complaint, except for CECIL CONNOR who has
withdrawn his claim with prejudice, the default of all
other persons claiming or having any interest in the
defendant currency and jewelry be and the same hereby is
noted; and it is further

MILLER-233

ORDERED, ADJUDGED AND DECREED that, pursuant to 21 U.S.C. § 881, the defendant currency and jewelry having been arrested on the 13th day of June 1985, pursuant to a warrant of arrest issued by this Court, is hereby forfeited and condemned to the use and benefit of the United States of America for the reasons set forth in the said complaint, and it is further

ORDERED, ADJUDGED AND DECREED that the United States Marshal for the Eastern District of New York be and the same hereby is directed to pay his costs incurred incident to this proceeding, and to dispose of the defendant currency and jewelry in accordance with law; and it is further

ORDERED that the Clerk of the Court forward three certified copies of this Decree to the United States Attorney for the Eastern District of New York.

Dated:    Brooklyn, New York
          3/30      , 1989

HONORABLE JACK B. WEINSTEIN
United States District Judge
Eastern District of New York

A TRUE COPY
ATTEST
DATED ...4./.19...... 19.....
ROBERT C. HEINEMANN
                                    CLERK
BY .........................
                          DEPUTY CLERK

Close the Case
Jw

# RECORD of SEIZED PROPERTY (Type or Print in Ink)

FD-635
4-2-84

| 1. Seizure Number | 2. F.O. File Number | 3. Office of Origin | 4. Primary Violation Code | 4a. Secondary Violation Code | 5. Appraised Value $ |
|---|---|---|---|---|---|
| 3540-85-014 | 245-187 | Buffalo | 21 USC 846 | 21 USC 843 | 48,780 |

| 6. Joint Agency | 7. Docket Number | 8. Date of Indictment | 9. Date Warrant In Rem Executed | 10. Substitute Custodian Order | 11. Property Code |
|---|---|---|---|---|---|
| | | | | ☐ Yes ☐ No | S |

| 12. VIN/Serial Number | 13. Year | 14. Make | 15. Model/Brand | 16. Style | 17. Color(s) |
|---|---|---|---|---|---|
| | | | | | |

| 18. Condition Code | 19. Cyl. | 20. Mileage/Hrs. | 21. Licence Number, State & Year | 22. Equipment |
|---|---|---|---|---|
| | | | | |

| 23. Repairs Required | 24. Description (Other Property; Use in space given above) |
|---|---|
| | 12 Pieces (See Attached) |

| 25. Suitable For Official Use | 26. Evidence | 27. Property Interested Other Agencies | 28. Seizure Expense | 29. Transportation Expense |
|---|---|---|---|---|
| Yes | Yes | | | |

| 30. Storage Expense Per Day | 31. Repair Expense | 32. Appraisal Expense | 33. Advertisement Expense |
|---|---|---|---|
| | | | |

| 34. Name of Facility | 35. Street Address |
|---|---|
| FBI-NYO | 26 Federal Plaza |

| 36. City | 37. State | 38. ZIP | 39. Date Received | 40. Name/Title of Custodian (Print) |
|---|---|---|---|---|
| Manhattan | NY | 10278 | 2-15-85 | Jesse Issee Valdes |

| 41. Signature of Custodian | 42. |
|---|---|
| | |

| 43. Name (Mr., Ms., etc.) | 44. Street Address (Holiday Inn) |
|---|---|
| Cecil Connor | Room 5204 Defense Blvd |

| 45. City | 46. State | 47. ZIP | 48. Date Seized | 49. City/State Seized | 50. Judicial District |
|---|---|---|---|---|---|
| Queens | NY | 11370 | 2-11-85 | Queens New York | EDNY |

| 51. Seizing Agent(s) | 52. Name/Address of USA (if applicable) |
|---|---|
| | |

| 53. Name (Mr., Ms., etc.) | 54. Street Address | b6 -1 |
|---|---|---|
| | | b7C -1 |

| 55. City | 56. State | 57. ZIP | 58. Judicial District | 59. |
|---|---|---|---|---|
| | | | | |

| 60. Name/Title | 61. Street Address |
|---|---|
| | |

| 62. City | 63. State | 64. ZIP | 65. Quick Release | 66. Name/Title of Recipient |
|---|---|---|---|---|
| | | | ☐ Yes ☒ No | |

| 67. Amount of Lien | 68. |
|---|---|
| | |

| 69. F.O. FA Name/Signature | 70. Expenses Reimbursed | 71. FSPG PA Initials | 72. Probable Cause |
|---|---|---|---|
| | | | ☒ Yes ☐ No |

MILLER-235

# RECORD of SEIZED PROPERTY (Type or Print in Ink)

DEA-35-A

| 73. Name (Mr./Ms., etc.) and ID Number | 74. Name of Institution |
|---|---|
| Cecil Connor b6 -2 | US ~~Marshal~~ Office b7C -2 |
| # 18123053 | ATF |
| 75. Address | 76. City | 77. State | 78. ZIP |
| 100 State Street | Rochester | New York | 14614 |

| 79. Name (Mr./Ms., etc.) and ID Number | 80. Name of Institution |
|---|---|
| | |
| 81. Address | 82. City | 83. State | 84. ZIP |
| | | | |

| 85. Name (Mr./Ms., etc.) and ID Number | 86. Name of Institution |
|---|---|
| | |
| 87. Address | 88. City | 89. State | 90. ZIP |
| | | | |

| PLACE PROPERTY SEIZED | 91. Name |
|---|---|
| | New York Daily News |
| 92. Address | 93. City | 94. State | 95. ZIP |
| | Queens | | |

| PLACE PROPERTY REGISTERED | 96. Name |
|---|---|
| | |
| 97. Address | 98. City | 99. State | 100. ZIP |
| | | | |

101. Additional Individuals Requiring Notice

b6 -3
b7C -3

102. Case Subjects

ET AL
OCDETF

Cecil Connor aka
Cecil Greenbannus
"The Medlar"

Connor is a Fugitive from Jamaica
(Cop Killing). Known drug dealer - No
Source of Income

MILLER-236

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐  Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐  Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐  Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

__4__ Page(s) were not considered for release as they are duplicative of *Bates Stamp Miller 19-22*

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐  The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X     Deleted Page(s)     X
X     No Duplication Fee     X
X     For this page     X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

*MILLER-237-240*

FBI/DOJ

XXXXXX
XXXXXX
XXXXXX

## FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

**Section 552**                                              **Section 552a**

☐ (b)(1)                    ☐ (b)(7)(A)                    ☐ (d)(5)

☐ (b)(2)                    ☐ (b)(7)(B)                    ☐ (j)(2)

☐ (b)(3)                    ☐ (b)(7)(C)                    ☐ (k)(1)

_____            ☐ (b)(7)(D)                    ☐ (k)(2)

_____            ☐ (b)(7)(E)                    ☐ (k)(3)

_____            ☐ (b)(7)(F)                    ☐ (k)(4)

☐ (b)(4)                    ☐ (b)(8)                       ☐ (k)(5)

☐ (b)(5)                    ☐ (b)(9)                       ☐ (k)(6)

☐ (b)(6)                                                   ☐ (k)(7)

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

___1___ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 18_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐ The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXXX
X        Deleted Page(s)    X
X    No Duplication Fee    X
X         For this page     X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

MiLLER-241                    FBI/DOJ

FD-634 (Rev. 5-18-83)

**AIRTEL**

SSP

CLASS

SRC'D

SER

REC

Date: ___5-22-89___

## FEDERAL BUREAU OF INVESTIGATION
### Forfeiture/Seized Property

To:        Director, FBI

From:     SAC, ADIC, NEW YORK (245-187)(C-13)        b6 -3

Attention:  Administrative Services Division/PPMS        b7C -3
           Forfeiture/Seized Property Group

Subject:  7 #3540-85-F-013
          (Seizure#, Case Title, Violation)

Entry (Check one)

☐ New Case

☒ Change or Additional

21 USC 881

☐ FD-635 Record Of Seized Property

☐ FD-302

☐ Quick Release

☐ Indemnity Agreement

☒ Final Decree

☐ Receipt For Transfer/Disposition Of
   Funds/Property

☐ Newspaper Clippings

☐ Lab Reports

☐ Police Reports

☐ Invoices

☐ Title Documentation

☐ Appraisal Report

☐ Warrant Of Arrest In Rem

☐ Complaint For Forfeiture

☐ Search Warrant

☐ Affidavit

☐ Seizure Warrant

☐ Plea Agreement

☐ Sharing Request Attached
   ☐ DAG 71    ☐ DAG 72

☐ Petition

☐ Claim & Cost Bond

☐ Petition Investigation

☐ Civil Forfeiture Report

☐ Order Appointing Substitute
   Custodian

☒ Other Subsequent Materials

AUG 29 1989

2-BUREAU
2-NEW YORK
   (1cc-BQ 245-187 Forfeiture Sub File)
   (1cc-Forfeiture Folder)

ENCS. 4  **ENCLOSURE**

LS:ls

CC and    Enc.(s)
Retained FSPU, Room 6853

"Property Procurement and
Management Section"

MILLER-242

FBI/DOJ

# Memorandum  

To   : SSA[                    ]                    Date   5-22-89
       F.A.S.T.

From : SA[                    ]

Subject : #3540-85-F-013


    This is to advise that a "Decree of Forfeiture and Order of Delivery"
has been received from the United States District Court, Eastern District
of New York regarding the following property:

                    $159,287.82 in US Currency                    b6 -1

                                                                   b7C -1

    The above mentioned property has already been turned-over to the United
States Marshals' Service (EDNY) on 5-31-88.

    In view of the above, the seizure folder will be closed and all documents
regarding this matter will be forward to the criminal case file (245-187) for
entry as a 1A exhibit.

    The F.A.S.T. agent assigned to this matter was SA[                    ]


2cc-FBIHQ Forfeiture Unit
1cc-BQ 245-187
1cc-Forfeiture Folder


245-85 1 -

MILLER-243

RLB:KAM:tp
F. #8501036
cs/9/253

85c1036
KAM!

3540-85-013
3540-85-014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,

  - against -

UNITED STATES CURRENCY IN THE SUM
OF $159,287.82 (One Hundred Fifty
Nine Thousand Two Hundred Eighty-
Seven Dollars and Eighty-Two Cents),
and ARTICLES OF JEWELRY WITH AN
APPRAISED VALUE OF $48,780.00,
more or less,

        Defendants.

- - - - - - - - - - - - - - - -X

DECREE OF
FORFEITURE
AND ORDER OF
DELIVERY

Civil Action
No. CV-85-1981

(Weinstein, J.)

FILED

      Upon the declaration of KIYO A. MATSUMOTO,

Assistant United States Attorney for this judicial

district, and upon all the papers filed and proceedings

heretofore had herein, and pursuant to 21 U.S.C. § 881,

and the application of the plaintiff, United States of

America, it is hereby

      ORDERED, ADJUDGED and DECREED that, all of the

persons known or thought to have an interest in or claim

to the defendant currency and jewelry having been given

due notice of these proceedings, and none of those persons

having interposed an answer, claim or other response of

any kind to the complaint, except for CECIL CONNOR who has

withdrawn his claim with prejudice, the default of all

other persons claiming or having any interest in the

defendant currency and jewelry be and the same hereby is

noted; and it is further

#16

MILLER-244

ORDERED, ADJUDGED AND DECREED that, pursuant to
21 U.S.C. § 881, the defendant currency and jewelry having
been arrested on the 13th day of June 1985, pursuant to a
warrant of arrest issued by this Court, is hereby
forfeited and condemned to the use and benefit of the
United States of America for the reasons set forth in the
said complaint, and it is further

ORDERED, ADJUDGED AND DECREED that the United
States Marshal for the Eastern District of New York be and
the same hereby is directed to pay his costs incurred
incident to this proceeding, and to dispose of the
defendant currency and jewelry in accordance with law; and
it is further

ORDERED that the Clerk of the Court forward
three certified copies of this Decree to the United States
Attorney for the Eastern District of New York.

Dated:      Brooklyn, New York
            3/30    , 1989

HONORABLE JACK B. WEINSTEIN
United States District Judge
Eastern District of New York

A TRUE COPY
ATTEST
DATED  ........  19 ..
ROBERT C. HEINEMANN
                              CLERK
BY  ...........
                         DEPUTY CLERK

Close the Case
Jw

RLB:KAM:tp
F. #8501036
cs/9/254

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

           Plaintiff,

   _ against -

UNITED STATES CURRENCY IN THE SUM
OF $159,287.82 (One Hundred Fifty
Nine Thousand Two Hundred Eighty-
Seven Dollars and Eighty-Two Cents),
and ARTICLES OF JEWELRY WITH AN
APPRAISED VALUE OF $48,780.00,
more or less,

           Defendants.

- - - - - - - - - - - - - - - -X

DECLARATION AND
APPLICATION FOR
DECREE OF FORFEITURE
AND ORDER OF DELIVERY

Civil Action
No. CV-85-1981

(Weinstein, J.)

KIYO A. MATSUMOTO, declares the following:

1.   I am an Assistant United States Attorney for
the Eastern District of New York, counsel for plaintiff.
In that capacity, I am fully familiar with the facts
concerning the above-captioned action.

2.   This declaration is submitted in support of
the within application for an order forfeiting and
condemning the defendants, United States currency and
articles of jewelry, to the plaintiff.

3.   On May 29, 1985, the United States of
America filed a verified complaint in rem for the
forfeiture and condemnation of the defendant currency and

2.

jewelry pursuant to 21 U.S.C. § 881 et seq., on the grounds
that the defendant currency and jewelry were furnished,
employed or used, or were intended to be furnished,
employed or used in facilitation of, or the exchange,
purchase, possession, manufacture, sale, transportation or
distribution of a controlled substance, or were the
proceeds or were directly traceable to such a transaction,
in violation of 21 U.S.C. § 841 et seq.

    4.  On May 29, 1985, the Court issued a warrant
for the arrest of the defendant currency and articles of
jewelry.

    5.  On or about June 13, 1985, the United States
Marshal for the Eastern District of New York, pursuant to
said warrant, attached the currency and jewelry.

    6.  On or about June 25, 1985, the United States
Marshal for the Eastern District of New York caused public
notice of this action and the arrest of the defendant
currency and jewelry to be published in the New York Post.

    7.  On or about June 22, 1985, the United States
Marshal for the Eastern District of New York, served
process on CECIL CONNOR by certified mail.  On or about
April 10, 1986, the United States Marshal for the Western
District of New York personally served process upon CECIL
CONNOR.  Service was also effected by the United States

MILLER-247

3.

Marshal for the Western District of New York on or about
April 18, 1986, upon Francine Gissendanner, believed by
plaintiff to be the common-law wife of Cecil Connor.
Mr. Connor and Ms. Gissendanner are the only persons known
or thought by plaintiff to have any claim or interest in
the defendant currency and jewelry.

8.  The United States Marshal's returns and
affidavit of publication, all attesting to the foregoing,
have heretofore been filed with the Clerk of the Court in
connection with this action.

9.  On April 21, 1986, Cecil Connor, by his
attorney, filed a claim to the defendant currency and
jewelry, which claim was withdrawn by claimant's counsel by
stipulation of the parties, and so ordered by this Court on
February 2, 1989.  No other persons have appeared or
filed a claim or answer in this action, and the time to do
so has long ago passed.  Upon information and belief, no
person thought to have an interest in the defendant
currency and jewelry is an infant, or incompetent, or is
currently engaged in military service.  Rule C(6) of the
Federal Rules of Civil Procedure, applicable to this
action, requires that any claimant to the defendant
currency and jewelry shall file a claim within ten (10)
days after process has been executed, and shall serve an
answer within twenty (20) days after the filing of the

4.

claim. No extensions of these time limits have been requested, consented to, or granted.

10.    On or about March 13, 1989, the United States Attorney's office for the Eastern District of New York was advised by the United States Attorneys office for the Western District of New York and the FBI that a request for equitable sharing in the above-referenced defendants had been made by the Rochester Police Department, Special Criminal Investigation Division. It is thus hereby requested that the defendant articles be disposed of by the United States Marshals in accordance with law.

11.    In light of all of the foregoing, it is submitted that this Court has jurisdiction in rem over the defendant currency and jewelry; that no persons other than CECIL CONNOR have appeared claiming an interest to the defendant; that CECIL CONNOR has withdrawn his claim to the defendants with prejudice; that all persons who may claim any interest in the defendants are in default for want of filing a verified claim to the defendants or an answer to the complaint herein; that pursuant to 21 U.S.C. § 881, a decree of forfeiture and condemnation to the United States of America should be entered; and that an order of delivery shall be entered directing the United States Marshal for this district to pay his costs incident to the seizure of the defendants and to dispose of the defendants in accordance with law.

MILLER-249

5.

WHEREFORE, your declarant, on behalf of the plaintiff, respectfully requests the Court to enter an order noting the default of all persons who may have any claim to or interest in the defendants, forfeiting and condemning the defendants to the plaintiff, and directing the United States Marshal to dispose of the defendant in the manner described in paragraph No. 10 above.

The undersigned hereby declares under penalty of perjury that the foregoing is true to the best of her knowledge, information and belief.

Dated:    Brooklyn, New York
          March 22, 1989

                              _Kiyo A. Matsumoto_
                              KIYO A. MATSUMOTO
                              Assistant U.S. Attorney

Date: _____5-22-89_____

## FEDERAL BUREAU OF INVESTIGATION
### Forfeiture/Seized Property

To:      Director, FBI                                              Entry (Check one)

From:    SAC, ADIC, NEW YORK (245-187)(C-13)                        ☐ New Case

Attention: Administrative Services Division/PPMS                    ☒ Change or Additional
           Forfeiture/Seized Property Group

Subject: #3540-85-F-014                                             21 USC 881
         (Seizure#, Case Title, Violation)

☐ FD-635 Record Of Seized Property          b6  -3      ☐ Warrant Of Arrest In Rem

☐ FD-302                                     b7C -3      ☐ Complaint For Forfeiture

                                                         ☐ Search Warrant

☐ Quick Release                                          ☐ Affidavit

☐ Indemnity Agreement                                    ☐ Seizure Warrant

☒ Final Decree                                           ☐ Plea Agreement

☐ Receipt For Transfer/Disposition Of                    ☐ Sharing Request Attached
    Funds/Property                                           ☐ DAG 71    ☐ DAG 72

☐ Newspaper Clippings                                    ☐ Petition

☐ Lab Reports                                            ☐ Claim & Cost Bond

☐ Police Reports                                         ☐ Petition Investigation

☐ Invoices                                               ☐ Civil Forfeiture Report

☐ Title Documentation                                    ☐ Order Appointing Substitute
                                                             Custodian

☐ Appraisal Report

                                                   DE-d(w)

                    ☒ Other Subsequent Materials              L57-S'1

_____

_____

        4

2-BUREAU
2-NEW YORK
   (1cc-BQ 245-187 Forfeiture File)
   (1cc-Forfeiture Folder)                                    "Property Procurement and
                                                               Management Section"
ENCS. 4
                          1 cc and 2 Enc.(S)
LS:ls                     Retained FSPU, Room 6855
369                                                           MILLER-251

# Memorandum



To      : SSA [                    ]
         F.A.S.T.                              b6 -1          Date    5-22-89

From [      ]FA [                ]             b7C -1

Subject : #3540-85-F-014


    This is to advise that a "Decree of Forfeiture" has been received from the United States District Court, Eastern District of New York regarding the following property :

Miscellaneous pieces of jewelry

    FBIHQ Forfeiture Unit has advised (telephonically) that the jewelry is wanted for official use, and a communication will be forth-coming as to disposition of the property.

    In view of the above the seizure folder will remain open until the airtel is received from headquarters.


2cc-FBIHQ
1cc-BQ 245-187
1cc-Seizure Folder


MILLER-252

OPCA-20 (12-3-96)

XXXXXX
XXXXXX
XXXXXX

## FEDERAL BUREAU OF INVESTIGATION
## FOIPA
## DELETED PAGE INFORMATION SHEET

_____ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐  Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐  Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐  Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

__7__ Page(s) were not considered for release as they are duplicative of _Bates Stamp Miller 244-250_

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☐  The following number is to be used for reference regarding these pages:
_____

XXXXXXXXXXXXXXXX
X      Deleted Page(s)      X
X    No Duplication Fee    X
X      For this page        X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

_Miller 253-259_

FBI/DOJ

FD-634 (Rev. 5-15-87)

**AIRTEL**

Date:    7-20-89

## FEDERAL BUREAU OF INVESTIGATION
### Forfeiture/Seized Property

To:    Director, FBI

From:    SAC, ADIC, NEW YORK (245-187) (C-13)                    b6 -3

Attention:    Administrative Services Division/PPMS                    b7C -3
    Forfeiture/Seized Property Group

Subject:    #3540-89-F-001                                        21 USC 881
    (Seizure#, Case Title, Violation)

Entry (Check one)

☐ New Case

☒ Change or Additional

☐ FD-635 Record Of Seized Property            ☐ Warrant Of Arrest In Rem

☐ FD-302                                    ☐ Complaint For Forfeiture

                                            ☐ Search Warrant

☐ Quick Release                            ☐ Affidavit

☐ Indemnity Agreement                      ☐ Seizure Warrant

☐ Final Decree                            ☐ Plea Agreement

☐ Receipt For Transfer/Disposition Of      ☐ Sharing Request Attached
    Funds/Property                            ☐ DAG 71    ☐ DAG 72

☐ Newspaper Clippings                      ☐ Petition

☐ Lab Reports                              ☐ Claim & Cost Bond

☐ Police Reports                          ☐ Petition Investigation

☐ Invoices                                ☐ Civil Forfeiture Report

☐ Title Documentation                      ☐ Order Appointing Substitute
                                              Custodian

☐ Appraisal Report

☒ Other Subsequent Materials

OCT 20 1989

2-BUREAU
2-NEW YORK
    (1cc-NY 245-187 Forfeiture Sub File __ )
    (1cc-Seizure Folder)

Encs. 4

DJR:djr

Retained FSPU, Room 6853

MILLER-260

FBI/DOJ

# Memorandum



To    :  SSA [                    ]                          **Date**    7-20-89

From  ⟋  IFA [                    ]          b6 -1
                                             b7C -1

**Subject** :  TRANSFER OF PROPERTY (#3540-89-F-001 JEWELRY)

This is to advise that on July 19, 1989, the above mentioned property
was forwarded to Mr. Micheal Moxley at FBI Headquarters, Property Management
Unit, Administrative Service Division, Room 1B122, via Airborne, Signature
Service Order #788705363 in compliance with FBIHQ's Airtel dated 6-29-89.

In view of the above, the seizure folder will be closed and all docu-
ments regarding this forfeiture will be forward to the criminal case (NY 245-
187) for entry as a 1A exhibt.

𝒜 Bureau
1-NY 245-187)
1-Seizure Folder

DJR:djr                        ℒ45 - 657 - 8

                                             MILLER-261

**AIRTEL**

**UNCLAS**                                              6/29/89

Director, FBI (66-3209)

ADIC, New York (245-187)
(Attn:  Forfeiture Analyst)

ET AL:                                b6 -3
OCDETF                                b7C -3
OO:  BUFFALO
BUDED:  7/10/89

PROPERTY MANAGEMENT MATTER - FORFEITED PROPERTY

Re seizure number 3540-85-014.

In compliance with Title 41, Code of Federal Regula-
tions, Section 128-48.1 (Utilization of Abandoned and Forfeited
Personal Property), title to the above captioned seizure was
forfeited to the United States on 3/30/89.  A copy of the order
of forfeiture is enclosed for your records.

It is requested that the New York Division forward the
following property from the referenced seizure number to the
Property Management Unit, Administrative Services Division, Room
1B122, Attention:  Ms.                                    b6 -1
The items will be put into official use and should be returned   b7C -1
via Airborne, Signature Service, by COB 7/10/89.

    1.   ITEM #1 - Necklace, 18K Gold Chain Link W/5 Oval
         Beads
         Value:  $525.00

    2.   ITEM #2 - Medallion and Chain, 18K YG "Santa
         Barbara" - Religious
         Value:  $13,000

    3.   ITEM #3 - Medallion and Chain, 18K Two-Tone
         "St. Laraus" - Religious
         Value:  $10,230

    4.   ITEM #4 - Bracelet, 14K Gold Heavy Nugget Style
         W/Diamonds
         Value:  $8,100

Enclosure

*245 - 657-*

MILLER-262

Airtel to ADIC, New York (245-187)
RE:  PROPERTY MANAGEMENT MATTER - FORFEITED PROPERTY

5.   ITEM #5 - Bracelet, 14K Gold and Diamond "Cecil"
     Value:  $2,500

6.   ITEM #6 - Watch, 14K YG Nugget Style Omega
     Value:  $4,300

7.   ITEM #7 - Ring, 14K Square Face W/Diamond Chips
     Value:  $1,750

8.   ITEM #9 - Ring, 14K Rolex Style W/7 Diamonds
     Value:  $2,000

9.   ITEM #10 - Ring, 14K Gold with initial "C" in
     Diamond Chips
     Value:  $2,200

10.  ITEM #11 - Ring, 18K Diamond Cluster W/37 Diamonds
     Value:  $2,000

11.  ITEM #12 - Ring, 14K Diamond Cluster W/44 Diamonds
     Value:  $2,175

        Any questions regarding this matter should be referred
to the same personnel on Extension ⬚          b2

        All inventory adjustments will be handled by FBIHQ.

≠ 8  Mens Diamond Cluster Ring
     will be forwarded to USMS- EDNY

* 7/18/89  All jewelry to be forwarded to
           (Headquarters per SSA ⬚        b6 -1
                                         b7C -1

- 2 -

MILLER-263