UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES E. MILLER,
    Plaintiff,

vs.

U.S. DEPT. OF JUSTICE,
Federal Bureau of Investigation
    Defendant.

Civil Action No.:
05-1314(HHK)

PLAINTIFF'S PRELIMINARY OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    COMES NOW, Charles E. Miller, the pro se plaintiff in the above-styled action under 5 U.S.C. §552 and §552a and respectfully submitts this pleading in preliminary opposition to the Defendant's Motion For Summary Judgment.

I. PRELIMINARY STATEMENT

    Miller submits this pleading as "preliminary" opposition against defendant's motion for summary judgment because Miller can not at this juncture in the proceedings reasonably be required to defend against the defendant's professionally prepared legal pleadings. In order to adequately oppose the defendant's motion for summary disposition Miller must have access to the discovery process, and appointment of counsel would best serve the ends of justice in this case. [1]

---

[1]   Miller has filed with this pleading his pro se "Motion for Leave to Conduct Discovery" and "Motion for Appointment of Counsel" along with other pleadings arguing for judicial relief to effectively litigate this matter before the Court. (See: Attached Motions)

## PRELIMINARY ARGUMENT AGAINST SUMMARY JUDGMENT

Summary judgment is appropriate only when there are no genuine issues of material fact in dispute and the movant is entitle to judgment as a matter of law. Rule 56(c), F.R.Civ.P., Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the burden of proving the entitlment to summary judgment by meeting this exacting standard. Adricks v S.H. Kress & Co., 398 U.S. 144 (1970). In applying this standard, the evidence, and all reasonable inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. Arrington v. Cobb County, 139 F.3d 865, 871 (11th Cir 1998), Airline Pilots Assoc. v. Federal Exp. Corp., 310 F.Supp. 247 (D.D.C. 2004).

Whether a fact is "material" is determined in light of the applicable substantive law and facts involved in the action. Anderson v. Liberty Lobby Inc. 477 U.S. 242 (1986). And because the court does not sit as fact-finder, it is precluded from weighing evidence or finding facts and must draw all inferences and resolve all doubts in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574 (1986) Finally, disposition by summary judgment is precluded when determination of a genuine issue of material fact might result in a reasonable jury returning a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248; Morgan v. Federal Home Loan Mortg. Corp., 328 F.3d 647, 651 (D.C. Cir. 2003).

Against this backdrop of judicial praxis, the defendant has a <u>heavy</u> onus to carry its burden of proof justifying entitlment to summary judgment in this case. Miller contends that defendants have not carried this burden. For example, the defendant relies heavily on its declarations that no issues of fact are in dispute. This declaration is contradicted by the facts. Specifically, the FBI claims not to have any other records/ information related to Miller beyond that reviewed in association to the Rochester, New York investigation of early-mid 1980's. In contrast Miller has submitted his sworn affidavit, supported by news media articles, that clearly shows the FBI's involvment in investigative activities related to Miller and certain activities Miller was associated with <u>after</u> the Rochester, New York, investigation up to and including FBI involvment as late as 1998. See: <u>Affidavit</u> of Miller ¶ 5-13).

This dispute (whether additional records exist) clearly presents a material factual disagreement which forecloses summary judgment, <u>Weisberg v. U.S. Dept. of Justice</u>, 627 F2d 365 D.C. Cir. 1980)(whether records exist is a question of fact precluding summary judgment); <u>Golder v. Exec. Office of President</u>, 26 F.2d (5th Cir. 1994).

Moreover, Miller has not been granted the opportunity to further explore the existance of additional records at the FBI by way of discovery. The Supreme Court has held that summary Judgment is inappropriate in cases where the non-moving party has not had the chance to conduct discovery to fend-off oppon-

ent's motion for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).2/

### CONCLUSION

WHEREFORE, Miller prays this Honorable Court will deny defendant's motion for summary judgment at this time

Respectfully prayed for this _28th_ day of October, 2005.

/s/ *Charles Miller*
Charles Miller
Petitioner, Pro Se

---

2/  Miller has filed for stay of summary judgment under Rule 56(f) F.R.Civ.P., and moved for leave to effect discover.

## CERTIFICATE OF SERVICE

I, Charles E. Miller, state under the penalty of perjury that I have this day filed with the Court and serviced on defendant the following Pleadings/Motions/Discovery:

1. Motion to Stay Summary Judgment Determination and Leave to Conduct Discovery.

2. Plaintiff's Preliminary Opposition to Defendant's Motion for Summary Judgment.

3. Affidavit of Charles E. Miller in Support of Preliminary Opposition to Summary Judgment.

4. Motion to Conduct Evidentiary Hearing and In Camera Inspection.

5. Motion For Appointment of Counsel.

6. Memorandum of Law in Support of Motion for Appointment of Counsel.

7. Affidavit of Charles E. Miller In Support of Motion to Appoint Counsel.

8. Plaintiff's Statement of Disputed Facts.

9. Plaintiff's First Set of Interrogatories.

by depositing the same in the prison legal mailbox with First Class postage attached and addressed as follows:

U.S. District Court
District of Columbia
U.S. Courthouse Bldg.
333 constitutional Ave. N.W.
Washington, D.C. 20001

Office of U.S. Attorney
Kenneth L. Wainstein, U.S. Atty
Civil Division
555 4th Street, N.W.
Room E4822
Washington, D.C. 20530

Done this 20th day of October, 2005.

/s/ _Charles E. Miller_
Charles E. Miller
Plaintiff, Pro Se