UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,
       Plaintiff,

vs.

Civil Action No.:
05-1314(HHK)

U.S. DEPARTMENT OF JUSTICE,
Federal Bureau of Investigation
       Defendant.

## MOTION TO STAY SUMMARY JUDGMENT DETERMINATION
## AND LEAVE TO CONDUCT DISCOVERY

COMES NOW, Charles Miller, the plaintiff acting pro se in the above-styled action and moves under Rules 26, 33, 34, 36; and 56(f), F.R.Civ.P., by moving this Court for order staying summary judgment determination and permission to conduct discovery to develop facts related to material matters before this Court on defendant's Motion for Summary Judgment

### I. ARGUMENT/CAUSE FOR DISCOVERY

The defendant has moved under Rule 56, F.R.Civ.P., by requesting that this Court sumarily dispose of Miller's FOIA lawsuit based on the agency's various pleadings and affidavit accompanied with motion for summary judgment.  In response Miller has filed a preliminary opposition to defendant's motion to dismiss (herewith attached).

However, Miller can not properly prepare any substantive opposition to summary judgment without access to information and knowledge in the possession of defendants.

It is well established by the Courts that summary judgment is inappropriate in cases where adequate discovery related to material facts has not been conducted. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)(Summary judgment is appropriate only "after adequate time for discovery."); <u>Wallace v. Brownell Pontiac-GMC, Co.</u>, 703 F.2d 525, 527 (11th Cir. 1983). Therefore, Miller request an opportunity to conduct discovery pursuant to applicable rules of civil procedure.[1] In particular Miller relies on Rule 56(f), F.R.Civ.P., which states in pertent part:

> "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for the reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be has or may make such order as is just."

Miller has supplied an affidavit attached with this pleading that cites to specific examples of factual disputes between these two litigants. (See: attached Affidvit of Charles E. Miller). Generally, Miller alleges that the FBI does in fact maintain additional records/information related to him that the agency refuses to acknowledge or assess for releasability under 5 U.S.C. §552 and §552(a). (id. ¶ 5-13). The District of

---

[1] Miller has filed his <u>pro se</u> motion to conduct discovery and served interrogatories on defendant.

Columbia Circuit Court of Appeals has held that the issue of whether records exist at the agency or not is a question of fact precluding summary judgment. <u>Weisberg . U.S. Dept of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980); <u>Epps v. U.S. Dept Justice</u>, 801 F.Supp. 787, 789 (D.D.C. 1982). Moreover, the agency has the burden to prove the nonexistance of records under the FOIA. <u>Golder v. Office of Admin., Exec. Office of the President</u>, 26 F.3d 32 (5th Cir. 1994).

To be entitled to summary judgment in this case the FBI must "prove [] that no substantial and material facts are in dispute and that [it] is entitled to judgment as a matter of law." <u>Weisberg</u> at 368; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Alaska Pipeline Serv. Co. v. E.P.A.</u>, 856 F.2d 309, 313 (D.C. Cir. 1988). The Court exercises <u>de novo</u> review standard as to the existance of material facts in dispute under FOIA, and the burden is on the agency to show that records sought by requestor do not exist. 5 U.S.C. §552(a)(4)(B); <u>Golder, supra</u> at 35; <u>Dept of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989).

Although the agency may satisfy its burden based solely on affidavits alone, those affidavits "must be relatively detailed and nonconclusory" <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826 (D.C. Cir. 1973) cert. den. 415 U.S. 977 (1974). In this case, the FBI relies exclusively on the declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section (RIDS), Record Managment Division (RMD), at FBI headquarters, Washington, D.C., to support its position

that the agency has complied with the law under 5 U.S.C. §552 and §552(a). No where in his declaration does Mr. Hardy explain why the FBI does not have a single shred of information on Miller aside from the Rochester, New York files dating from early-mid 1980's.[2/] Miller specificall requested disclosure of all records maintained by the FBI. (Comp. Exhibit A, initial request dated March 16, 2003.)

In contrast to Mr. Hardy's declaration Miller has proffered his own affidavit which demonstrates--or at least raises the probability--that the FBI does maintain additional records/files related to Miller. (SEE: Affidavit of Charles E. Miller). in light of the inadequacy of the defendant's affidavits related to records maintained by the FBI that post-date Rochester, New York case, and Miller's affidavit presenting substantial evidence that the FBI does, or should have, additional records/information related to Miller; this Court should allow Miller to conduct discovery in order to further develop material facts associated with issues before this Court. Celotex Corp at 332.

## CONCLUSION

WHEREFORE, Miller prays this Honorable Court will: (A) stay summary judgment determination and (B) grant Miller leave

---

[2/] The "Rochester, New York case" is explained in more detail in Miller's Affidavit and in Miller's "Declaration of Disputed Facts" and "Motion to Conduct Evidentiary Hearing".

-4-

to conduct limited discovery to adequately flesh-out the relative facts.

Respectfully prayed for this 25th day of October, 2005.

/s/ *Charles E. Miller*
Charles E. Miller
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I, Charles E. Miller, state under the penalty of perjury that I have this day filed with the Court and serviced on defendant the following Pleadings/Motions/Discovery:

1. Motion to Stay Summary Judgment Determination and Leave to Conduct Discovery.

2. Plaintiff's Preliminary Opposition to Defendant's Motion for Summary Judgment.

3. Affidavit of Charles E. Miller in Support of Preliminary Opposition to Summary Judgment.

4. Motion to Conduct Evidentiary Hearing and In Camera Inspection.

5. Motion For Appointment of Counsel.

6. Memorandum of Law in Support of Motion for Appointment of Counsel.

7. Affidavit of Charles E. Miller In Support of Motion to Appoint Counsel.

8. Plaintiff's Statement of Disputed Facts.

9. Plaintiff's First Set of Interrogatories.

by depositing the same in the prison legal mailbox with First Class postage attached and addressed as follows:

U.S. District Court
District of Columbia
U.S. Courthouse Bldg.
333 constitutional Ave. N.W.
Washington, D.C. 20001

Office of U.S. Attorney
Kenneth L. Wainstein, U.S. Atty
Civil Division
555 4th Street, N.W.
Room E4822
Washington, D.C. 20530

Done this _20th_ day of October, 2005.

/s/ Charles E. Miller
Charles E. Miller
Plaintiff, Pro Se