UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,
   Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
   Defendant.

Civil Action No.:
05-1314 (HHK)

MOTION TO CONDUCT EVIDENTIARY HEARING
AND IN CAMERA INSPECTION

  COMES NOW, Charles Miller, the plaintiff acting pro se in the above-styled action, and respectfully moves this Honorable Court for an order to convene evidentiary hearing and conduct in camera review for appropriate adjudication of this lawsuit.

I. TRUNCATED BACKGROUND

  On March 16, 2003, Miller submitted his request, pursuant to Freedom of Information Act (FOIA) for all records in the FBI's possession referring or relating to him. In September, 2004 the FBI released 191 pages after reviewing 253. More specifically, the FBI released 98 pages in full, 99 pages were partially released, 8 pages were denied and 58 were alleged to be duplicates. Miller appealed the FBI's treatment of his FOIA request on September 27, 2004, and the Office of Information and Privacy subsequently affirmed the FBI's decision on May 23, 2005.

-1-

Miller filed the instant civil action to challenge the FBI's non-disclosure of records maintained by the agency but not released to Miller.

Although Miller alleges that the FBI misused statutory exemptions as pretext not to release certain records related to the Rochester, New York investigation,[1] the most significant question before this Court is whether the FBI has any records related to Miller that post-date Rochester investigation. In Particular, FBI records relating to Miller's involvment in the Shower Posse case of 1988/1989,[2] and more recently the criminal case for which Miller now remains incarcerted.[3]

## II. ARGUMENT FOR HEARING AND IN CAMERA REVIEW

Miller finds it wholly incredulous that the FBI ceased all investigations of Miller after the 1980's Rochester investigation which generated--according to FBI--a total of 253 documents. As a consequence of his arrest and prosecution

---

[1] The Rochester case involved a large-scale narcotics distribution organization that was prosecuted by the U.S. Attorney for the Western District of New York. The only documents that Miller actually wants from this case would be the "Immunity/Plea Agreement" entered into by Miller, the AUSA and federal investigators to do with the Miami case which was the progeny of the Rochester.

[2] This would include but not belimited to the Nickel Murder case prosecuted in the Southern District of Florida (Miami)

[3] This would relate to FBI's investigation of Miller related to drug trafficking from St. Kitts to the U.S. and the homocides associated with such attributed to Miller by federal authorities Case No. 95-CR-896(Moore).

by federal authorities in Rochester case Miller was implicated and involved in a substantial federal murder/drug investigation in the Miami, Florida area.[4/]  Subsequently, Miller was investigated by various federal agencies (including the FBI) for his alleged involvment in large scale narcotics trafficking and other criminal violations occuring in and around St. Kitts/Nevis between 1994 until February 2000 when Miller was arrested.[5/]

The defendant has submitted various pleadings and affidavits to this Court contending that the FBI does not have any records on Miller except those related to Rochester investigation.  Moreover, defendant assures this Court that its use of statutory exemptions--related to Rochester documents--is proper and asserted in good-faith.  The defendant's position related to Rochester records may in fact be accurate; however, the FBI remains mute on why the agency's files fail to reflect any records relative to Miller that post-date Rochester case.  Unless this Court is willing to simply take the FBI at its implied word that no other records on Miller exist within the agency's files; then further fact development must be conducted.[6/]  To be sure, Miller does not accept the FBI's

---

[5/] This would include matters associated with Miller's present criminal conviction, as well as disappearance of William "Billy" Herbert, former Ambassador to the U.S. from St. Kitts; murders of Jude Mattews, former St. Kitts Detective Superintendant, and Vincent Morris; threats against lives of American students attending Ross Veterinary University in St. Kitts.

[6/] Miller has moved for appointment of counsel to appear at any hearings (See: Attached Motion for Appointment of Counsel)

conclusary claims as competent evidence supporting the non-existance of post Rochester/Miller records.[7] Therefore, this Court should conduct an evidentiary hearing at which the FBI can carry its burden of showing that it in fact does not maintain any other records related to Miller aside from the 253 pages admitted to. Golder v. Office of Admin, Exec Off of President, 26 F.3d 32 (5th Cir. 1994)(It is the agency's burden to prove the non-existance of the records sought); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365 (D.C. Cir. 1980)(whether records exist is a question of fact precluding summary judgment and warranting further factual development.

Thus far the FBI has merely offered bald conclusiary assertions to support its claim that no other records exist at the FBI. Conversally, Miller has offered affidavit and other circumstantial evidence that contradicts the FBI's claim and raises the probability that there are other records being maintained by the agency but not admitted to or released as required by statute, U.S. Dept. of Defense v. Fed Labor Rel. Auth., 510 U.S. 325 (1994)(FOIA represents general philosophy of full disclosure unless information is exempt under clearly delineated statutory language); Irons v. Gottshcalk, 548 F.2d 992 (D.C. Cir. 1976).

---

[7] An agency's pattern of obfuscation and delay may be evidence of agency's lack of good faith. Am. Juris. 2d, FOIA, §432.

## CONCLUSION

WHEREFORE, Miller prays this Honorable Court will issue an order to conduct evidentiary hearing to review the agencies files and ascertain whether or not the FBI maintains other records on Miller that are subject to release under the FOIA.

Respectfully prayed for this 20th day of October, 2005.

/s/ *Charles E. Miller*
Charles Miller
Plaintiff, Pro Se