UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,
    Plaintiff,

vs.

Civil Action No.:
05:1314(HHK)

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Investigation
    Defendant.

MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Charles E. Miller, the plaintiff acting pro se in the above-styled civil action and respectfully moves under 28 U.S.C. §1915 requesting that this Honorable Court appoint counsel to represent Miller in this FOIA case for the following reasons:

1. Miller has been unable to retain counsel due to his inability to afford the fees demanded by private attorneys.

2. Miller is not trained in matters of the law generally and specifically lacks knowledge related to the complex and arcane field of FOIA law.[1/]

3. The issues involved in this case are relatively complex and require the assistance of professionally trained legal counsel.

---

[1/] Miller has recruited the assistance of fellow inmates in order to litigate this case so far, however, that help is not assured to continue.

4. The claims alleged by Miller necessitate judicial hearings, investigation, and conducting of deposition which Miller can not do because of his incarceration.

5. Miller has attempted unsucessfully to procure counsel through Pro Bono legal assistance programs and by way of contacting local and D.C. attorneys.

6. The issues r aised by this civil action are meritorious and the appointment of counsel would serve the ends of justice, as well as facilitate this Court's adjudication of this case.

7. Miller is serving life in prison without parole based on conduct and activities that were sactioned by law enforcement agencies--including agents of the FBI--and there does exist records that reflect this relationship within the FBI's possession. The ends of justice and Due Process of Law would seem to demand that Miller be allowed the full extent of law to uncover these records. Appointment of professional counsel would provide Miller and this Court, with the assurance that no stone was left unturned at the FBI.

## CONCLUSION

WHEREFORE, Miller prays this Honorable Court will appoint counsel for the reasons setforth above with "Miller's affidavit in Support of Appointment of Counsel" as argued in accompanied "Memorandum in Support"

Respectfully prayed for this 25th day of October, 2005.

/s/ Charles E. Miller
Charles E. Miller
Plaintiff, ProSe

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,
    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Investigation
    Defendant.

Civil Action No.:
05:1314(HHK)

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Charles E. Miller, and respectfully submits this Memorandum of Law in Support of his "Motion for Appointment of Counsel" which is filed herewith and incorporated by reference.

## II. PLAINTIFF'S CLAIMS

Miller brings this lawsuit against the FBI pursuant to 5 U.S.C. §552 and 552a in order to compel the agency to disclose any and all records in it's possession that relate to or reference Miller as part of the FBI's law enforcement activities. The agency has released approximately 191 pages of 263 reviewed by the agency. All of the released documents relate to the Rochester, New York drug trafficking investigation conducted in the early-mid 1980's. No other records were acknowledged or released dispite the FBI's involvment in subsequent investigations and contacts with Miller.

In particular, the FBI's participation in law enforcement records related to Miller's activities in and around the St. Kitts/Nevis region of the Caribbean Islands from early 1990!sup until Miller's extradition to the U.S. from St. Kitts in 2000 for federal prosecution in Southern District of Florida.

Contrary to the agencies assertions that it ceased all investigative activitites related to Miller after Rochester, New York case, Miller contends that the FBI <u>does</u> have a substantial file on him.<sup>1/</sup>

Without assistance of court appointed counsel Miller is unable to compel the FBI to comply with the FOIA as mandated by Congress.

### III. ARGUMENT AND LAW

In deciding whether to appoint counsel for a <u>pro se</u> litigant the Court should consider "the factual complexity of the case, the existance of conflicting testimony, the ability of the [litigant] to effectively present his claims and the complexity of the legal issues." <u>Abdullah v. Gunter</u>, 949 F.2d 1032, 1035 (8th Cir 1991); <u>Wahl v. McIver</u>, 773 F.2d 1169 (11th Cir. 1985); <u>Fowler v. Jones</u>, 899 F.2d 1088 (11th Cir. 1990).

Additionally, Courts have suggested that the most important

---

<sup>1/</sup>  Miller has provided this Court with his "Affidavit of Charles E. Miller" (attached) which clearly raises the probability that the FBI does, or should have additional records related to him.

-2-

factor is whether the case appears to have merit. <u>Cooper v. Sargenti Co. Inc.</u>, 877 F.2d 170 (2nd Cir. 1989); <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982); <u>Poole v. Lambert</u>, 819 F.2d 1025 (11th Cir. 1987).

Finally, the necessity of conducting discovery requiring depositions and court appearences should be a determinative factor in deciding whether appointment of counsel is appropriate. This factor is accutely illistrated in the case of <u>Jefferson, v. Reno</u>, 123 F.Supp. 2d 2 D.D.C. 2000); <u>Jefferson v. Dept. of Justice</u>, 284 F.3d 172 (D.C. Cir. 2002). Where the court appointed counsel resulting in discovery of eggregious prosecutorial misconduct on the part of an Assistant U.S. Attorney The facts in <u>Jefferson</u> mirror those presented in this case (i.e. nondisclosure and hidding of records that were subject to release).

Moreover, the Justice Department has not had a steller track record of complying with the law in good faith generally, and practicing subterfuge to avoid disclosure under FOIA in particular.[2/]

Miller is serving life imprisonment and therfore can not himself conduct the necessary legal activities, (i.e. depositions court hearings, personal review of agency records, ect...) which demands the assistance of professionally trained legal counsel located in the Washington, D.C. area.

---

[2/] See: DOJ Cover-up for FBI Exposed, National Association of Criminal Defense Lawyers <u>The Champion</u> November 1999; <u>Wilson v. U.S.</u> 721 F2d 967 (5th Cir. 1983) and related Wilson FOIA cases.

-3-

## CONCLUSION

WHEREFORE, Miller prays this Honorable Court will appoint counsel in this case, based on the foregoing arguments.

Respectfully prayed for this 20th day of October, 2005.

/s/ *Charles E. Miller*
Charles E. Miller
Plaintiff, Pro Se