UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,

    Plaintiff,

vs

    Civil Action No.:
    05-1314(HHK)

U.S. DEPT. OF JUSTICE,
Federal Bureau of Investigation

    Defendant.

---

AFFIDAVIT OF CHARLES E. MILLER

IN SUPPORT OF MOTION TO APPOINT COUNSEL

Charles E. Miller, being duly sworn, deposes and says the following under penalty of perjury:

1. I am the plaintiff in the matter of <u>Miller vs. U.S. Dept. of Justice</u>, Civil Action Number 05-1314;

2. That I make this affidavit in support of my "Motion For Appointment of Counsel" which is attached herewith;

3. That I have thus far relied upon the assistance of various fellow prison inmates to litigate this civil action, however, their continued assistance is not assured and, more significantly, the defendant's professional attorneys have filed numerous pleadings in this case that simply transend the legal prowess of myself and/or the jailhouse lawyers available here at U.S. Penitentiary, Atlanta, Georgia. (USPA).

4. This case has turned complex and highly technical insomuch as the defendants pleadings (in particular Declaration of David Hardy) allude to various arcane components of the FBI's Central Records System (CRS) which simply surpass Miller's technical knowledge. 1/ Consequently, Miller

---

1/   Mr. Hardy's declaration illustrates Millers point very clearly. The Hardy declaration is a 31 page tome of technical references which only a professional can comprehend, much less contest.

    can not challenge the FBI's assessments, opinions, and interpretations of its elaberate and complex records keeping apparatus.

5. That I have provided this Court with a sworn affidavit describing my activities that post-date Rochester, New York investigation which raises a probability that the FBI was in fact involved with certain investigations related to myself and other subjects associated with activities in the St. Kitts/Nevis area of the Caribbean It is objectively improbable that the federal investigative agency of the United States turned a blind eye to any and all activities during the time frames alluded to in my affidavit;

6. That I submit in good faith that discovery in the form of depositions and court hearings would in fact uncover evidence that the FBI does possess further records/information response to my FOIA request;

7. That without the assistance of professionally trained and local legal representation the FBI will be able to circumvent the law as prescribed under 5 U.S.C. §552 and §551(a) and deprive me of records that I (and the public at large) are entitled to under the law.

8. That I am an innocent man serving Life without parole for activitives that were sactioned and authorized by U.S. and International Law Enforcement agencys, and without the FBI's cooperation and complience with FOIA laws I was deprived defenses at trial and may spend the remainder of my life in prison unjustly. Therefore, to prevent a continued miscarriage of justice this Court is asked to appoint counsel to represent my interest in the law suit.2/

9. That I am indigent and unable to retain the services of FOIA attorneys in Atlanta, GA, or the Washington, D.C. area;

10. That I bring this lawsuit in good faith and contend that it raises meritorious issues worthy of the judiciary's

---

2/   The Court is respectfully directed to the case of <u>Wilson v. U.S.</u>, 721 F.2d 967 (5th Cir. 1985) and associated withlitigation which effectively illistrates Miller's situation.

attention and expenditure of resources.

Affiant Sayeth No More.

Respectfully Sworn to under oath and penalty of perjury this
___20th___ day of October, 2005.

/s/ _____Charles E. Miller_____
Charles E. Miller
Plaintiff, Pro Se


SWORN TO AND SUBSCRIBED

before me this ___20th___ day of October, 2005


/s/ _____
        Notary Public

My Commission Expires: _____

[Signature] Case Mgr.

NAME                    TITLE
AUTHORIZED BY THE ACT OF JULY 7, 1955
AS AMENDED TO ADMINISTER OATHS
(18 USC 4004).