**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHARLES MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action  No. 05-1314 (HHK) |
| | ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Federal Bureau of Investigation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Defendant United States Department of Justice, and its component the Federal Bureau of Investigation ("FBI"), through counsel, respectfully move this Court for an order protecting Defendant from improper and premature discovery requests propounded by Plaintiff who is representing himself in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Specifically, Defendant respectfully requests that the Court enter a protective order providing that Plaintiff is not currently entitled any discovery, including the discovery sought in Plaintiff's First Set of Interrogatories, dated October 20, 2005, and that Defendant, therefore, does not need to respond or answer Plaintiff's discovery in this case at this time and until further Order of the Court.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Defendant's Memorandum in Support of Motion for a Protective Order.  A proposed Order consistent with this Motion is attached.  Defendant's counsel did not confer with plaintiff, who is proceeding pro se in this matter, because he is presently incarcerated.[1]

---

[1]  Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not require counsel to discuss those motions with pro se parties.

Dated: December 6, 2005.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

---

Nonetheless, it has been the general practice of the U.S. Attorney's office to attempt to discuss
such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with,
Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the
Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any
*nonprisoner* pro se party)" to meet and confer prior to a scheduling conference).  Local Civil
Rule 16.3(a) (emphasis added).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action  No. 05-1314 (HHK) |
| | ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Federal Bureau of Investigation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER**

Although the Court has not yet ruled on Defendant's Motion for Summary Judgment, which is not yet fully briefed, plaintiff has propounded a request for written discovery to which he should not be permitted at this time.  Therefore, pursuant to Federal Civil Procedure Rule 26(c), defendant respectfully moves for a protective order to avoid having to respond to Plaintiff's First Set of Interrogatories until further order of the Court.  A copy of Plaintiff's First Set of Interrogatories is attached as Exhibit 1.

Rule 26(c) provides that a court may grant a motion for protective order upon a showing of good cause.  The Court should find that good cause exists here.  First, discovery is not generally permitted in cases brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Secondly, Plaintiff's discovery requests, served together with Plaintiff's opposition to Defendant's Motion to Dismiss and for Summary Judgment, was served either too late or prematurely.

## ARGUMENT

Discovery in FOIA actions is generally restricted.  See Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions.").  Plaintiff's First Set of Interrogatories relates exclusively to the single issue he raised in his opposition to Defendants' dispositive motion in this case -- the adequacy of defendant's search for responsive documents.  In support of that motion, the Declaration of David M. Hardy describes the Federal Bureau of Investigation's search in reasonable detail, and effectively contains sworn responses to many of the plaintiff's interrogatories.  Therefore, the material Defendant has already provided under oath should obviate the need for discovery at this juncture.

In a FOIA case, the defendant can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith.  Weisberg v. Department of Justice, 745 F.2d 1485 (D.C. Cir. 1985).  Summary judgment is appropriate where, as here, the agency submits a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched,'" unless a review of the record raises substantial doubt" about the adequacy of the search.  Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  The Court takes the initial look at Defendant's evidence, and the Declaration of David M. Hardy patently meets this standard.

Plaintiff in this case has made no showing that the record which exists in this case thus far is insufficient for purposes of resolving the defendant's motion.  Plaintiff is, of course, at

2

liberty to and has opposed Defendant's motion for summary judgment by arguing that the Court

should find that Defendant's search was adequate.  Viewed differently, plaintiff's request for

discovery at this stage also prematurely anticipates discovery that might be had in the event that

the Court's denies Defendant's motion for summary judgment.  In short, plaintiff's request for

discovery is inappropriate now.

Accordingly, the Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c)

barring any discovery in this case until after the Court determines whether Defendant is entitled

to summary judgment on the record as it currently exists.

### <u>Conclusion</u>

For the reasons set forth above, Defendant respectfully submits that discovery at this time

would be inappropriate and that the Court should grant Defendant's request for a protective order

until after the Court rules on the pending motions for summary judgment, and finds that Plaintiff

has made some showing that discovery is warranted.

Dated:  December 6, 2005.

Respectfully submitted,


 /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


 /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

3

_____/s/_____

JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the foregoing *Defendants' Motion for a*

*Protective Order, Defendants' Memorandum in Support of Motion for Protective Order, and*

*draft order* in the first class United States mail, postage paid, marked for delivery to :

> **CHARLES MILLER**
> Reg. No. 18123-053
> U.S. Penitentiary
> P.O. Box 150160
> Atlanta, Georgia   30315

on this <u>6</u>th day of December, 2005.


/s/
JANE M. LYONS, D.C. BAR #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161