UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>Federal Bureau of Investigation )<br>)<br>  Defendant. )<br>  ) | Civil Action No. 05-1314 (HHK)<br>Electronic Case Filing |

**DEFENDANT'S SECOND MOTION FOR ENLARGEMENT OF TIME**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to further enlarge the time for the government to file a reply brief in support of the government's motion for summary judgment and to respond to plaintiff's pending motions to stay [Docket Entry No. 15], for an evidentiary hearing or *in camera* inspection [Docket Entry No. 16] and to appoint counsel [Docket Entry No. 17].  The Court previously granted a motion making the deadline for the reply and oppositions due on December 6, 2005.  Defendant proposes that the reply and other responses all be filed no later than January 6, 2006.  The grounds for this motion are set forth below.

Defendant filed its motion for summary judgment [Docket Entry No. 12] in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") on September 26, 2005.  Plaintiff, who is serving a life sentence without parole, challenges the response he received from the FBI to his FOIA request dated March 16, 2003.  In his partial opposition to the defendant's

dispositive motion, plaintiff has submitted detailed argument and an affidavit which raises a number of potential issues regarding the FBI's search for documents responsive to plaintiff's FOIA request. Plaintiff has filed separate motions seeking other forms of relief but all of the issues are closely intertwined. Accordingly, it makes sense for the government to respond to all of the motions simultaneously. After reviewing the plaintiff's submissions, undersigned counsel requested additional information or clarification from the FBI to enable counsel to prepare appropriate responses and a reply brief. Although FBI has provided some preliminary information to counsel since the Court last extended the deadline, the information provided raised at least as many questions as it answered, and additional inquiries and issues must be resolved before undersigned counsel will be able to file a brief consistent with the standards of practice and appropriate diligence. Undersigned counsel had expected to receive sufficient information prior to the current deadline and has drafted large portions of the reply and opposition brief. Completion of the brief, however, is not possible until the FBI resolves additional issues.

  Allowing the FBI a reasonable amount of additional time to furnish this information will ultimately assist the Court with resolving this matter efficiently. FBI has a heavy FOIA workload and has assigned a Special Agent with little experience in FOIA matters to assist with this case. In addition, the Assistant United States Attorney with daily responsibility for this matter also has a heavy docket of cases pending in this Court and the United States Court of Appeals for the District of Columbia Circuit, and has some use-or-lose leave which must be taken by the end of the year.

This extension of time is sought in good faith and will not unduly delay the resolution of this matter. Plaintiff will not be unfairly prejudiced by the delay associated with this extension as he pursued the administrative process under the FOIA for over two years and one additional month does not amount to significant delay by comparison.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.[1] This is the defendant's second request for an extension of time to file a reply and file oppositions to plaintiff's motions, and no scheduling order has been entered.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for defendant to file a reply brief and responses to plaintiff's motions to stay, for an evidentiary hearing and *in camera* inspection, and to appoint counsel be extended through and including January 6, 2006.

Dated: December 6, 2005.

Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

        /s/
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


        /s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2005, I placed a copy of the foregoing **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME** in the first class United States mail, postage prepaid, marked for delivery to:

>**CHARLES MILLER**
>Reg. No. 18123-053
>U.S. Penitentiary
>P.O. Box 150160
>Atlanta, Georgia   30315

>/s/_____
>Jane M. Lyons
>Assistant United States Attorney