UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1314 (HHK) |
| ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S THIRD MOTION FOR ENLARGEMENT OF TIME**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to further enlarge the time for the government to file a reply brief in support of the government's motion for summary judgment and to respond to plaintiff's pending motions to stay [Docket Entry No. 15], for an evidentiary hearing or *in camera* inspection [Docket Entry No. 16] and to appoint counsel [Docket Entry No. 17].  Defendant requests that the reply and responses be filed no later than February 6, 2006.  The grounds for this motion are set forth below.

Defendant filed its motion for summary judgment [Docket Entry No. 12] in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") on September 26, 2005. Plaintiff, who is serving a life sentence without parole, challenges the response he received from the FBI to his FOIA request dated March 16, 2003.  In his partial opposition to the defendant's dispositive motion, plaintiff has submitted detailed argument and an affidavit that raises a

number of potential issues regarding the FBI's search for documents responsive to plaintiff's FOIA request. Plaintiff has filed separate motions seeking forms of relief other than the denial of defendant's motion, but all of the issues raised in the parties' motions are closely intertwined. For example, plaintiff's requests for *in camera* review or counsel to assist him should be resolved in the context of the complete record produced by the government. Accordingly, allowing the government to respond by filing a reply to all of the motions simultaneously makes sense. After reviewing the plaintiff's submissions, undersigned counsel requested additional information or clarification from the FBI to enable counsel to prepare appropriate responses and a reply brief. Although FBI has provided some preliminary information to counsel since the Court last extended the deadline, the information is not yet complete and there are remaining issues that must be resolved before undersigned counsel will be able to file a brief consistent with the standards of practice and appropriate diligence. As before, complete information is essential to allow the government to present and support appropriate argument. Completion of the brief, however, is not possible until the FBI resolves additional factual issues.

      Allowing the FBI a reasonable amount of additional time to furnish this information will ultimately assist the Court with resolving this matter efficiently and correctly. FBI has a heavy FOIA workload and has assigned a Special Agent with little experience in FOIA matters to assist with this case. Plaintiff's opposition demonstrates that plaintiff is claiming to have had a variety of different types of contacts with the FBI over a significant period of time. This information distinguishes this case from routine prisoner FOIA cases and the FBI only learned of plaintiff's allegations when he filed his opposition to defendant's dispositive motion; he failed to include it in his FOIA request.

This extension of time is sought in good faith and will not unduly delay the ultimate resolution of this matter. Plaintiff will not be unfairly prejudiced by the delay associated with this extension as he pursued the administrative process under the FOIA for over two years and one additional month does not amount to significant delay by comparison. Having the matter examined in light of as full an evidentiary record as is possible serves the interests both of the parties and the Court.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.[1] This is the defendant's third request for an extension of time to file a reply and file oppositions to plaintiff's motions, and no scheduling order has been entered. Undersigned counsel would have filed this motion in advance of the Court's deadline, when it was reasonably clear that all issues would not be resolved by the deadline, but has been awaiting information from the FBI during the week of January 3, 2006 to assess how much additional time would be needed. The absence of personnel over the recent holiday periods delayed consultation.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for defendant to file a reply brief and responses to plaintiff's motions to stay, for an evidentiary

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

hearing and *in camera* inspection, and to appoint counsel be extended through and including February 6, 2006.

Dated: January 6, 2006.

Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


 /s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


 /s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2006, I placed a copy of the foregoing **DEFENDANT'S THIRD MOTION FOR ENLARGEMENT OF TIME** in the first class United States mail, postage prepaid, marked for delivery to:

>   **CHARLES MILLER**
>   Reg. No. 18123-053
>   U.S. Penitentiary
>   P.O. Box 150160
>   Atlanta, Georgia   30315

>                                    /s/_____
>                                    Jane M. Lyons
>                                    Assistant United States Attorney