UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, )<br>)<br>   Plaintiff, )<br>)<br> v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>Federal Bureau of Investigation )<br>)<br>   Defendant. )<br>              ) | Civil Action No. 05-1314 (HHK)<br>Electronic Case Filing |

**DEFENDANT'S FOURTH MOTION FOR ENLARGEMENT OF TIME**

  Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to further enlarge the time for the government to file a reply brief in support of the government's motion for summary judgment and to respond to plaintiff's pending motions to stay [Docket Entry No. 15], for an evidentiary hearing or *in camera* inspection [Docket Entry No. 16] and to appoint counsel [Docket Entry No. 17]. Defendant requests that the reply and responses be filed no later than May 15, 2006. The grounds for this motion are set forth below.

  Defendant filed its motion for summary judgment [Docket Entry No. 12] in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") on September 26, 2005. Plaintiff, who is serving a life sentence without parole, challenges the response he received from the FBI to his FOIA request dated March 16, 2003. In his partial opposition to the defendant's dispositive motion, plaintiff has submitted detailed argument and an affidavit that raises a number of potential issues regarding the FBI's search for documents responsive to plaintiff's

FOIA request.  Plaintiff has filed separate motions seeking forms of relief other than the denial of defendant's motion, but all of the issues raised in the parties' motions are closely intertwined. For example, plaintiff's requests for *in camera* review or counsel to assist him should be resolved in the context of the complete record produced by the government. Accordingly, allowing the government to respond by filing a reply to all of the motions simultaneously makes sense.

As set forth in the attached Second Declaration of David M. Hardy ("2d Hardy Dec."), when the FBI repeated its search of the Central Records System ("CRS") after reviewing plaintiff's opposition to the government's motion, it discovered a Legal Attache ("Legat") Bridgetown main file identified as File 163A-BB-610.  Second Declaration of David M. Harcy ("2d Hardy Dec."), ¶ 6.[1]  When initially retrieved, the file was incomplete, but FBI has located the remainder of the file and received it in Washington, D.C. on January 26, 2006 via Diplomatic Pouch.  Id.  In addition to this file, the FBI is continuing to track down information relating to nine cross-references in the CRS.  Id. ¶ 8.  Consequently, during the additional time the FBI is requesting to respond to plaintiff's opposition and related motions, the FBI may make additional disclosures to plaintiff.  FBI anticipates that it will need approximately ninety days for classification review and processing of all newly-discovered documents, at which point any releases would be made to plaintiff and FBI would create a Vaughn index describing the documents and any withholdings.  Id. ¶ 8.

Undersigned counsel was unable to file this motion sooner because the FBI personnel working on this matter only provided reasonably complete information to counsel on February 6,

---

[1] A complete description of the FBI's Central Records System is contained in Mr. Hardy's First Declaration filed with the Court on September 26, 2005.

2006, which is the date of the current deadline.  FBI has been actively working on this matter.  Until FBI completes its responses to plaintiff's FOIA request and has sufficient time to provide evidence, including any Vaughn index for newly-released information, it will be impossible to complete the briefing in this case.  It serves the interests of the parties and the Court for the disclosures to be made and for the record to be complete.  Allowing the FBI a reasonable amount of additional time to process File 163A-BB-610, as well as any other files which are associated with the cross references, and to document any withholdings from any release, if one is made, will ultimately assist the Court with resolving this matter efficiently and correctly.  Although the delay associated with the discovery of this additional file and cross-references is unfortunate for purposes of resolving this lawsuit promptly, the government is seeking to minimize the delay in Plaintiff's receipt of any additional responsive, non-exempt information.  Defendant notes that Plaintiff's opposition to the defendant's motion for summary judgment raised for the first time information suggesting that he may have had a variety of different types of contacts with the FBI over a significant period of time and outside of the United States.  Rather than quarrel over the scope of Plaintiff's FOIA request or take the position that he should be required to make another request, the FBI proposes to go ahead and review the information now.[2]

      This extension of time is sought in good faith.  Plaintiff will not be unfairly prejudiced by the delay associated with this extension both because he pursued the administrative process under

---

[2] As the Second Declaration of David M. Hardy notes, however, FBI's regulations require that FOIA requests for information from FBI field offices be directed to the individual field office(s).  See 2d Hardy Dec. ¶ 7.  FBI's second search has been confined to its record systems at FBI Headquarters, and has informed counsel that it has not conducted any search for information associated with plaintiff in any of its field offices as part of this litigation or otherwise.

the FOIA for over two years, which is significantly more than the time being requested here, and because the review of the newly discovered file may result in his receipt of additional responsive information.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.[3] This is the defendant's fourth request for an extension of time to file a reply and file oppositions to plaintiff's motions, and no scheduling order has been entered.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for defendant to file a reply brief and responses to plaintiff's motions to stay, for an evidentiary hearing and *in camera* inspection, and to appoint counsel be extended through and including May 15, 2006.

Dated: February 6, 2006.

Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

---

[3] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

      /s/
      JANE M. LYONS, D.C. Bar #451737
      Assistant United States Attorney
      United States Attorney's Office
      Civil Division
      555 4th Street, N.W. - Room E4822
      Washington, D.C. 20530
      (202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2006, I placed a copy of the foregoing **DEFENDANT'S FOURTH MOTION FOR ENLARGEMENT OF TIME** in the first class United States mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> U.S. Penitentiary
> P.O. Box 150160
> Atlanta, Georgia   30315

/s/_____
Jane M. Lyons
Assistant United States Attorney