IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| Plaintiff, ) | |
| v. ) | Civ. Action No. 05-CV-1314 (HHK) |
| FEDERAL BUREAU OF INVESTIGATION ) | |
| Defendant. ) | |

### SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)   I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)   In my current capacity as Section Chief, I supervise the Freedom of Information/Privacy Acts ("FOIPA") Litigation Support Unit. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIPA request of the plaintiff Charles Miller which seeks access to records pertaining to himself.

(4)     The purpose of this declaration is to respond to the Opposition to Defendant's Motion for Summary Judgement ("Opposition"). This declaration is submitted in response to plaintiff's Opposition wherein he indicated he was investigated by the FBI up to and including 1998. It will also provide the Court and plaintiff with an explanation of the FBI's search policies as well as the results of a second search.[1]

### FBI FOIPA POLICY CONCERNING ROUTINE AUTOMATED SEARCHES

(5)     In the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIPA requests. In this case, at the administrative level, plaintiff did not specifically request that a search be conducted for cross-references; therefore, FBIHQ did not conduct a search to identify responsive cross-reference files upon receipt of his FOIPA request. Nonetheless, since receipt of plaintiff's complaint and his opposition to defendants' motion for summary judgment, FBIHQ has conducted a second search of the indices to the headquarters

---

[1] The FBI's Central Records System ("CRS") has been explained in the Hardy Declaration, dated September 26, 2005. (See ¶¶ 11-17).

CRS, to include both main files and cross-references. The FBI searched using the name "Charles Miller" and his A.K.A. "Cecil Connors" including a two-way phonetic breakdown of both names. This search would locate records using the phonetic sounds of the last and first names of: "Miller, Charles", "Miller, C.", and "Connors, Cecil" and "Connors, C." FBIHQ also used the plaintiff's date of birth to facilitate the identification of responsive records.

(6) During this search of the CRS, in addition to the file that the FBI has already processed and released to plaintiff, FBIHQ located a Legal Attache ("Legat") Bridgetown main file, 163A-BB-610, entitled "Foreign Police Cooperation."[2] According to the CRS, File 163A-BB-610 is a multi-subject investigation consisting of approximately 229 serials. When this file was called from the FBIHQ Records Storage Facility ("RSF") on December 5, 2005, it was determined to be charged out to another employee and was placed on locate. When the file was received from the RSF on December 19, 2005, the FBI determined that only eight serials were physically present in the file. On December 19, 2005, FBIHQ contacted the RSF to request that it conduct an urgent search to locate and forward these unfiled serials so the entire file could be processed for release. Additionally on December 19, 2005, FBIHQ contacted Legat Bridgetown regarding the missing serials. On December 19, 2005, that office advised that the closed file had been shipped to the FBIHQ RSF. The remainder of the file was located on January 26, 2006, at which time it had just arrived at the RSF via Diplomatic Pouch from the Legat in Bridgetown. Additionally, this secondary search of the CRS revealed a total of nine cross references found in three files entitled 1) Administrative Matters, 2) Racketeer Enterprise Investigations and 3) Foreign Political Matters.

---

[2] For purposes of FOIA, the FBI considers Legat files to be HQ files.

(7)   It should be noted that this search did not include FBI field office files. If the plaintiff believes that there may be additional files in FBI field offices, it is incumbent upon him to file requests with each individual field office that he believes maintains the records he seeks, per 28 C.F.R. Section 16.3.

(8) File 163A-BB-610 and the nine cross references have been assigned for classification review and processing. It is estimated that the processing will be completed within ninety (90) days.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of February, 2006.

[signature]

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.