IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER, §
    Plaintiff, §
                               §     Civil No. 05-1314(HHK)
vs. §

U.S. DEPARTMENT OF JUSTICE §
and FEDERAL BUREAU OF
INVESTIGATION, §
    Defendants. §

## PLAINTIFF'S OPPOSITION TO DEFEDANT'S FOURTH MOTION FOR ENLARGEMENT OF TIME

COMES NOW, Charles Miller, the pro se plaintiff in the above-styled lawsuit, and respectfully submits this pleading in response and opposition to the Defendant's "Fourth Motion For Enlargement of Time" to make reply to Plaintiff's discovery and other previously filed pleadings in this matter before the Court. In opposition and response to Defendant's motion for enlargement of time the Plaintiff would aver as follows:

### I. BACKGROUND/OPPOSITION

Miller filed this action pursuant to 5 USC §552 after the defendants failed to release certain public information sought by Miller under the Freedom of Information Act (FOIA). Defendants responded to Miller's lawsuit by filing for summary dimissal to which Miller made response and moved for discovery and other judicial relief. Since that time the defendant's have requested, and been granted, three

-1-

FILED
FEB 21 2006
NANCY MAYER WHITTINGTON CLERK

enlargements of time to respond to Miller's discovery requests and other pleadings in opposition to summary judgment. Now the defendants once again have moved for a fourth enlargement of time dated February 6, 2006. To support this Court granting enlargement of time the defendants have submitted an affidavit of David M. Hardy, Section Chief of the Records Dissemination Section, Records Management Division, FBI. This is Mr. Hardy's second affidavit.

Initally, Miller would express that he is not in principal opposed to allowing the defendants additional time to make proper and adequate responses to his pleadings and requests for discovery. However, Miller would, for the record, oppose and make response to some of the defendants' statements and assertions proffered in fourth motion for enlargement. In particular, would be affirmations made by Mr. Hardy. Although some of the assertions made by counsel (Assistant US Attorney) need to be addressed as well.

First, the AUSA's reasons for enlargement are basically stating that FBI (and/or other officials) are to blame for not having all the materials needed to properly respond to Miller's pleadings and move foreword with this litigation. (Motion, pp.2-4). In response, Miller would simply state that the defendants (the FBI in particular) have had over two years to search data files and comply with the federal statue under 5 USC §552. Why are the defendants now being so diligent (and needing time) to search for records that Miller requested years ago? In the end, the defendant's are simply

-2-

offering run-of-the-mill excuses and this Court is urged not to accept such at face value.

As to Mr. Hardy's affirmations; which are attached to and incorporated with defendant's <u>motion for enlargement of time</u>, appear to be made in "respon[se] to [Miller's] Opposition to Defendant's Motion for Summary Judgment." (Hardy Aff. pp.2¶4). Miller will let this Court determine if Hardy's affidavit, purported to be in opposition to Miller's pleadings, is properly submitted in the dress of Defendant's motion for enlargement of time.

Hardy attempts to essentially blame Miller for the Defendant's failure to release information requested under the FOIA. Hardy argues, among other things, that Miller should have made a specific request for a search of cross-references at the administrative level. (Aff. pp. 2, ¶5). This is an ingenuous statement since Miller did make very specific request and included aliases and other information that would aide the agency in its search. Moreover, Miller specifically offered to provide any additional information needed for the agency to locate and release information related to him. (See: <u>Miller's</u> Comp. Exhibits ). At no time did the agency request further or more specific information to conduct their search. Rather the FBI took the position that it did not have any additional files aside from those released and those purported to be exempt from release under statute.

Now it seems that the FBI has numerous information that relates to Miller and very well releasable under FOIA. It would seem more appropriate for the agency to have conducted

-3-

this last-minute search at the administrative level of FOIA request instead of waiting years and forcing Miller to exhausted untold resources.

Hardy next attempts to blame the agencies failure to conduct adequate, good-faith FOIA search on Miller by suggesting that Miller needed to make request to feild offices of the FBI. (Aff. pp. 4, ¶7). Notably, the files that have been discovered at this 11th hour did not originate at any feild office of the FBI. Furthermore, under regulation cited by Hardy (28 CFR §16.3) the agency has an obligation to advise whether it believes any records are maintained by any feild offices. Miller's original request under §552 and subsequent administrative appeal clearly seeks all information including that held by feild offices. Hardy admits that the Bridgetown file (163A-BB-610 Foreign Police Cooperation) is a "Legat File" and therefore considered FBI HQ file. (Aff. pp. 3 n.#2).

Finally, Hardy states that, in essence, the FBI is coming clean with a bunch more information and will need 90 days to process it. (Aff. pp. 4, ¶8). It seems that the Defendants have, for all intents and purposes, conceded that they did not compy with the FOIA law as prescribed under 5 USC §552 and §552(a). By coming forward with further information at this stage in the proceedings should be seen by this Court as proof of the agencies bad faith, or atleast incompetence. Consequently, a judgment should be rended against defendants in favor of Miller and all relief requested by Miller be Ordered against Defendants.

-4-

## CONCLUSION

WHEREFORE, Miller would not contest a reasonable extension of time for Defendants not to exceed sixty (60) days, and this should be the defendants' FINAL enlargement of time. Further, Miller objects to Hardy's wolf affidavit being proffered to this Court in the sheep cloths of a general motion for enlargement of time. Finally, Miller moves for direct judgment granting him all relief requested in his Complaint, and any other relief this Honorable Court deems just and fair.

Respectfully submitted this 15th day of February, 2006

*[signature]*
Charles Miller

## CERTIFICATE OF MAILING/SERVICE

I, **Charles Miller**, do hereby certify under penalty of perjury [28 USC §1746] that I have this day mailed and served the attached: **Opposition to Enlargement** by depositing same in the prison legal mailbox with First Class postage * affixed and addressed as follows:

US Dept. of Justice
US Attorney
District of Columbia
555 4th Street, NW
Washington, DC  20530

US District Court
District of Columbia
333 Constitution Ave. NW
Washington, DC  20001

Done this  15  day of February , 2006 .

*[signature]*
[Name/Number/Address/Signature]
Charles Miller # 18123-053
US Penitentiary
P.O. Box 150160
Atlanta, GA  30315

---

\* This affirmation is intended to comply with Rule 4(c), Fed.R.A.P., with presumption of "mailbox" filing under <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

EZ-Rocket Cert. Mail Form ®
Form No. BR9-45007