# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,            )
                                   )
           Plaintiff,       )
                                   )
       v.                  )      Civil  Action  No. 05-1314 (HHK)
                                   )      Electronic Case Filing
U.S. DEPARTMENT OF JUSTICE,   )
Federal Bureau of Investigation     )
                                   )
           Defendant.     )
                                   )

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

      Defendant, identified in the Complaint as the United States Department of Justice

("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ,

through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R.

Civ. P., to further enlarge the time for the government to file a reply brief in support of the

government's motion for summary judgment.[1]  Defendant requests that the reply be filed no later

than August 15, 2006.  The grounds for this motion are set forth below.

      Plaintiff filed this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Plaintiff, who is serving a life sentence without parole, challenges the response he received from

the FBI to his FOIA request dated March 16, 2003.  Defendant filed its motion for summary

judgment [Docket Entry No. 12] on September 12, 2005.  In his partial opposition to the

defendant's dispositive motion, which he filed on October 24, 2005 [Docket Entry No. 14],

---

    [1] Defendant is filing simultaneously with this motion its response and oppositions to plaintiff's pending motions (motions to stay [Docket Entry No. 15], for an evidentiary hearing or *in camera* inspection [Docket Entry No. 16] and to appoint counsel [Docket Entry No. 17]) on May 15, 2006.  Although some of the issues may be further addressed in defendants' reply, undersigned counsel also recognized the Court's need to advance resolution of this case as much as possible.

plaintiff included an affidavit that provided some additional information which allowed the FBI

to search further for documents responsive to plaintiff's FOIA request. As set forth in the

attached Second Declaration of David M. Hardy ("2d Hardy Dec.") submitted with defendant's

previous request for an extension [Docket Entry No. 22], the FBI discovered a Legal Attache

("Legat") Bridgetown main file identified as File 163A-BB-610. Second Declaration of David

M. Hardy ("2d Hardy Dec."). That file, which undersigned counsel has been informed consisted

of over 1,500 pages (and deals with multiple individuals other than plaintiff), has now been

reviewed and processed, and the FBI made approximately sixty pages available to plaintiff on or

about May 5, 2006.[2] In the course of reviewing the large file, FBI also referred documents out to

four other entities to allow them to make a direct response to plaintiff. Thus, in addition to more

time being needed for FBI to supplement the existing record regarding its search and to create a

Vaughn index describing the documents and any withholdings, four new entities must process

the referred records and justify their application of any FOIA exemptions.

    Accordingly, although progress continues to be made and plaintiff has or will shortly

receive some additional documents, all of the information needed to support defendant's reply

brief and its motion for summary judgment is not yet available. It serves the interests of the

parties and the Court for all disclosures to be made and for the record to be complete before

briefing closes and the Court resolves this case. Allowing the defendant a reasonable and

sufficient amount of time to make complete disclosures with the benefit of information learned

---

[2] Around the same time the FBI sent additional documents to plaintiff from the Legat Bridgetown main file, plaintiff was transferred to a new prison. Undersigned counsel has alerted personnel at the FBI to be on the lookout for those documents to be returned and has provided the FBI with plaintiff's new address in case the Bureau of Prisons does not forward this item of plaintiff's mail successfully.

during the case also serves the purpose of the statute.  Although the delay associated with the

discovery of an additional file and the recent referrals of documents is unfortunate for purposes

of resolving this lawsuit quickly, the government is employing reasonable means on an ongoing

basis to move this matter toward closure without unduly disrupting its FOIA responsibilities to

other requesters.  Defendant notes that Plaintiff's opposition to the defendant's motion for

summary judgment raised for the first time information suggesting that he may have had a variety

of different types of contacts with the FBI over a significant period of time and outside of the

United States.  Rather than quarrel over the scope of Plaintiff's FOIA request or take the position

that he should be required to make another or more specific request, the FBI has provided

maximum access under the law.[3]

     This extension of time is sought in good faith.  Plaintiff will not be unfairly prejudiced by

the delay associated with this extension both because he pursued the administrative process under

the FOIA for over two years, which is significantly more than the time defendant has requested.

Defendant continues to make reasonable progress and undersigned counsel is continuing to work

diligently with personnel at the FBI and now at four new entities to obtain necessary information.

---

[3]  As the Second Declaration of David M. Hardy notes, however, FBI's regulations
require that FOIA requests for information from FBI field offices be directed to the individual
field office(s).  See 2d Hardy Dec. ¶ 7.  FBI's second search has been confined to its record
systems at FBI Headquarters, and has informed counsel that it has not conducted any search for
information associated with plaintiff in any of its field offices as part of this litigation or
otherwise.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.[4]  This is the defendant's fifth request for an extension of time to file a reply, and no scheduling order has been entered.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for defendant to file a reply brief in response to plaintiff's opposition to the defendant's motion for summary judgment be extended through and including August 15, 2006.  A proposed order is attached.

Dated: May 15, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

  /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

---

[4]  Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*."  It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference).  LCvR 16.3(a) (emphasis added).

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, I placed a copy of the foregoing

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME** in the first class United States

mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> USP COLEMAN II
> U.S. PENITENTIARY
> P.O. BOX 1034
> COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney