UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1314 (HHK) |
| ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S CORRECTED MOTION FOR ENLARGEMENT OF TIME**

On May 15, 2006, defendant United States Department of Justice ("DOJ"), through its undersigned counsel, respectfully moved the Court pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure to further enlarge its time to file a reply brief in support of the defendant's motion for summary judgment.[1] Undersigned counsel is filing this corrected motion to rectify an error in the grounds describing the relief sought in the motion, but, as explained below, the defendant's request for time to file being extended through August 15, 2006 remains unchanged.

In defendant's motion filed on May 15, 2006 [Docket Entry No. 28], undersigned counsel represented that: "In the course of reviewing the large file, FBI also referred documents out to four other entities to allow them to make a direct response to plaintiff." This representation was based on a telephone conversation on May 12, 2006 with a person working on the case for the FBI. Based on the detailed nature of the conversation, undersigned counsel prepared the motion

---

[1] Defendant is filing simultaneously with this motion its response and oppositions to plaintiff's pending motions (motions to stay [Docket Entry No. 15], for an evidentiary hearing or *in camera* inspection [Docket Entry No. 16] and to appoint counsel [Docket Entry No. 17]) on May 15, 2006. Although some of the issues may be further addressed in defendants' reply, undersigned counsel also recognized the Court's need to advance resolution of this case as much as possible.

for extension of time without carefully reviewing the disclosure letter accompanying FBI's recent disclosure which arrived several hours after the telephone conversation and the motion were drafted. A copy of the letter is attached. The letter does not indicate that there the FBI made any referrals. When undersigned counsel attempted to trace the referrals, she was unable to locate information and it became clear that a mistake had been made. Undersigned counsel immediately confirmed with the true correct facts from FBI that no referrals were made in this case and apologizes to the Court and plaintiff for this good faith but inadvertent mistake.

Consequently, the three additional months being sought by defendant are exclusively for FBI to prepare a supplemental declaration concerning the search undertaken after FBI received plaintiff's opposition to defendant's motion for summary judgment and to create a Vaughn index to explain the withholdings. Because the Legat file (described below) is so large, FBI needs the time already requested.

The remainder of defendant's motion is accurate in all respects and establishes good cause for the extension. Plaintiff filed this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff, who is serving a life sentence without parole, challenges the response he received from the FBI to his FOIA request dated March 16, 2003. Defendant filed its motion for summary judgment [Docket Entry No. 12] on September 12, 2005. In his partial opposition to the defendant's dispositive motion, which he filed on October 24, 2005 [Docket Entry No. 14], plaintiff included an affidavit that provided some additional information which allowed the FBI to search further for documents responsive to plaintiff's FOIA request. As set forth in the attached Second Declaration of David M. Hardy ("2d Hardy Dec.") submitted with defendant's previous request for an extension [Docket Entry No. 22], the FBI discovered a Legal Attache

("Legat") Bridgetown main file identified as File 163A-BB-610. Second Declaration of David M. Hardy ("2d Hardy Dec."). That file, which undersigned counsel has been informed consisted of over 1,500 pages (and deals with multiple individuals other than plaintiff), has now been reviewed and processed, and the FBI made approximately sixty pages available to plaintiff on or about May 5, 2006.[2]

    Accordingly, although progress continues to be made and plaintiff has or will shortly receive some additional documents, all of the information needed to support defendant's reply brief and its motion for summary judgment is not yet available. It serves the interests of the parties and the Court for all disclosures to be made and for the record to be complete before briefing closes and the Court resolves this case. Allowing the defendant a reasonable and sufficient amount of time to make complete disclosures with the benefit of information learned during the case also serves the purpose of the statute. Although the delay associated with the discovery of an additional file and the recent referrals of documents is unfortunate for purposes of resolving this lawsuit quickly, the government is employing reasonable means on an ongoing basis to move this matter toward closure without unduly disrupting its FOIA responsibilities to other requesters. Defendant notes that Plaintiff's opposition to the defendant's motion for summary judgment raised for the first time information suggesting that he may have had a variety of different types of contacts with the FBI over a significant period of time and outside of the United States. Rather than quarrel over the scope of Plaintiff's FOIA request or take the position

---

[2] Around the same time the FBI sent additional documents to plaintiff from the Legat Bridgetown main file, plaintiff was transferred to a new prison. Undersigned counsel has alerted personnel at the FBI to be on the lookout for those documents to be returned and has provided the FBI with plaintiff's new address in case the Bureau of Prisons does not forward this item of plaintiff's mail successfully.

that he should be required to make another or more specific request, the FBI has provided maximum access under the law.³

This extension of time is sought in good faith. Plaintiff will not be unfairly prejudiced by the delay associated with this extension both because he pursued the administrative process under the FOIA for over two years, which is significantly more than the time defendant has requested. Defendant continues to make reasonable progress and undersigned counsel is continuing to work diligently with personnel at the FBI to obtain necessary information for the reply submission.

Counsel for the defendant did not consult with the plaintiff prior to filing this corrected motion for enlargement because he is presently incarcerated.⁴

---

³ As the Second Declaration of David M. Hardy notes, however, FBI's regulations require that FOIA requests for information from FBI field offices be directed to the individual field office(s). See 2d Hardy Dec. ¶ 7. FBI's second search has been confined to its record systems at FBI Headquarters, and has informed counsel that it has not conducted any search for information associated with plaintiff in any of its field offices as part of this litigation or otherwise.

⁴ Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

WHEREFORE, based on the foregoing, the defendant respectfully requests that the time for defendant to file a reply brief in response to plaintiff's opposition to the defendant's motion for summary judgment be extended through and including August 15, 2006. A new proposed order is attached.

Dated: May 15, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2006, I placed a copy of the foregoing **DEFENDANT'S CORRECTED MOTION FOR ENLARGEMENT OF TIME** in the first class United States mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> USP COLEMAN II
> U.S. PENITENTIARY
> P.O. BOX 1034
> COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney