UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1314 (HHK) |
| ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to further enlarge the time for the government to file a reply brief in support of the government's motion for summary judgment. Defendant requests that the reply be filed no later than September 29, 2006. The grounds for this motion are set forth below.

Plaintiff filed this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff, who is serving a life sentence without parole, challenges the response he received from the FBI to his FOIA request dated March 16, 2003. Defendant filed its motion for summary judgment [Docket Entry No. 12] on September 12, 2005. In his partial opposition to the defendant's dispositive motion, which he filed on October 24, 2005 [Docket Entry No. 14], plaintiff included an affidavit that provided significant additional information which allowed the FBI to search further for documents responsive to plaintiff's FOIA request. As set forth in the Second Declaration of David M. Hardy ("2d Hardy Dec.") submitted with a previous request for

an extension [Docket Entry No. 22], the FBI discovered a Legal Attache ("Legat") Bridgetown main file identified as File 163A-BB-610.  Second Declaration of David M. Hardy ("2d Hardy Dec.").  That file, which undersigned counsel has been informed consisted of over 1,500 pages (and deals with multiple individuals other than plaintiff), has now been reviewed and processed.  The FBI made approximately sixty pages available to plaintiff on or about May 5, 2006.[1]

      Although the FBI personnel working on this matter continue to make progress in documenting the responses made to plaintiff's FOIA request, they have not been able to complete what is necessary in preparation for the currently-scheduled filing deadline of August 15, 2006.  The investigations involving these records are complex and large, involving other subjects, some of whom are fugitives, and law enforcement entities.  Coordination and file logistics are substantially more difficult than the typical FOIA case handled by the FBI.  In addition, FBI has a large FOIA caseload with many other matters requiring attention.  As of the filing of this motion, undersigned counsel has been informed that FBI is preparing a declaration asserting Exemption 7(A) for much of the still-withheld material and is seeking input from other law enforcement agencies.  FBI currently anticipates that it will be able to provide the U.S. Attorney's Office with materials to support a reply brief in mid-September, 2006.  However, the Assistant United States Attorney assigned to this matter is currently scheduled to be in trial between September 12, 2006 and September 22, 2006 in <u>Martin Desmond v. Alberto Gonzales</u>, Civil Action No. 03-1729 (CKK), and will be unable to file a brief until September 29, 2006, at the earliest, if that trial lasts

---

[1] Around the same time the FBI sent additional documents to plaintiff from the Legat Bridgetown main file, plaintiff was transferred to a new prison.  Undersigned counsel has alerted personnel at the FBI to be on the lookout for those documents to be returned and has provided the FBI with plaintiff's new address in case the Bureau of Prisons does not forward this item of plaintiff's mail successfully.

as long as anticipated. Of course, if trial concludes earlier and the necessary materials are available, undersigned counsel will make every reasonable effort to file sooner.

    Accordingly, although progress continues to be made and limited disclosures have been voluntarily made since defendant filed a motion for summary judgment, the evolution of the case and logistical issues have delayed the availability of critical information needed to support defendant's reply brief. It serves the interests of the parties and the Court for all disclosures to be made and for the record to be complete before briefing closes and the Court resolves this case. Allowing the defendant a reasonable and sufficient amount of time to make complete disclosures with the benefit of information learned during the case also serves the purpose of the statute. Although the delay associated with the discovery of an additional file is unfortunate for purposes of resolving this lawsuit quickly, the government is employing reasonable means on an ongoing basis to move this matter toward closure without unduly disrupting its FOIA responsibilities to other requesters. Defendant notes that plaintiff's opposition to the defendant's motion for summary judgment raised for the first time information suggesting that he may have had a variety of different types of contacts with the FBI over a significant period of time and outside of the United States. Rather than quarrel over the scope of Plaintiff's FOIA request or take the position that he should be required to make another or more specific request, the FBI has provided maximum access under the law.[2]

---

[2] As the Second Declaration of David M. Hardy notes, however, FBI's regulations require that FOIA requests for information from FBI field offices be directed to the individual field office(s). See 2d Hardy Dec. ¶ 7. FBI's second search has been confined to its record systems at FBI Headquarters, and has informed counsel that it has not conducted any search for information associated with plaintiff in any of its field offices as part of this litigation or otherwise.

This extension of time is sought in good faith.  Plaintiff will not be unfairly prejudiced by the delay associated with this extension.  Plaintiff pursued the administrative process under the FOIA for over two years, which is still significantly longer than the time defendant has requested to complete the record in this Court with the benefit of additional information only provided during litigation.  Defendant continues to make reasonable progress and undersigned counsel is continuing to work diligently with personnel at the FBI and now at four new entities to obtain necessary information.  Defendant has already filed responses to plaintiff's pending motions (motions to stay [Docket Entry No. 15], for an evidentiary hearing or *in camera* inspection [Docket Entry No. 16] and to appoint counsel [Docket Entry No. 17]).  Thus, the only outstanding matter is defendant's reply.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.  See Local Civil Rule 7(m).  This is the defendant's sixth request for an extension of time to file a reply, and no scheduling order has been entered.

WHEREFORE, for all these reasons, the defendant respectfully requests that the time for defendant to file a reply brief in response to plaintiff's opposition to the defendant's motion for summary judgment be extended through and including September 29, 2006.  A proposed order is attached.

Dated: August 10, 2006.

                          Respectfully submitted,

                          _____
                          KENNETH L. WAINSTEIN, D.C. Bar #451058
                          United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

      /s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2006, I placed a copy of the foregoing

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME** in the first class

United States mail, postage prepaid, marked for delivery to:

>   **CHARLES MILLER**
>   Reg. No. 18123-053
>   USP COLEMAN II
>   U.S. PENITENTIARY
>   P.O. BOX 1034
>   COLEMAN, FL  33521

_____
Jane M. Lyons
Assistant United States Attorney