UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>Federal Bureau of Investigation )<br>)<br>       Defendant. )<br>_____) | Civil Action No. 05-1314 (HHK)<br>Electronic Case Filing |

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to further enlarge the time for the government to file a reply brief in support of the government's motion for summary judgment. Defendant requests that the reply be filed no later than December 21, 2006. The grounds for this motion are set forth below.

Plaintiff filed this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff, who is serving a life sentence without parole, challenges the response he received from the FBI to his FOIA request dated March 16, 2003. Defendant filed its motion for summary judgment [Docket Entry No. 12] on September 12, 2005. In his partial opposition to the defendant's dispositive motion, which he filed on October 24, 2005 [Docket Entry No. 14], plaintiff included an affidavit that provided significant additional information that allowed the FBI to search further for documents responsive to plaintiff's FOIA request. As set forth in the Second Declaration of David M. Hardy ("2d Hardy Dec.") submitted with a previous request for

an extension [Docket Entry No. 22], the FBI discovered a Legal Attache ("Legat") Bridgetown main file identified as File 163A-BB-610. Second Declaration of David M. Hardy ("2d Hardy Dec."). After that file was reviewed and processed, the FBI made approximately sixty pages available to plaintiff on or about May 5, 2006.

      The FBI recognizes that it has had to request an unusually long period of time to complete the record in this case and file its reply. This is a complex matter. To enhance the FBI's ability to bring it to a conclusion, FBI recently re-assigned this case internally to an experienced FOIA attorney who has returned from three and a half years on active military duty. New FBI counsel has been carefully reviewing the information in the Legat file and other FBI records associated with this case, and she has identified some additional steps that need to be taken prior to finalizing the FBI's final response to the Court. The FBI attorney is working diligently on this matter and has spent a great deal of time on this case over the last few weeks. Recognizing that the FBI needs to respond as promptly as possible, she will continue working diligently, but the issues raised by the contents and nature of the Legat file are complex and atypical, and require coordination with multiple other government entities. The recently-added FBI attorney is giving this matter the highest priority of her assignments and is handling the direct contacts with other entities personally and directly instead of the normal avenues of referral and consultation where the FBI waits for responses. Thorough review and careful coordination is essential to ensuring both that the plaintiff receives a full response to his request for information and that the FBI protects sensitive and/or exempt information. Because plaintiff was not the only person mentioned in the Legat file and it contains information involving investigations of other law enforcement entities, the review and consultation has taken longer than expected. During the

next few weeks, the FBI attorney plans to contact other law enforcement entities to obtain information needed by the FBI. Because the timing of responses by other federal agencies is outside the FBI's control, FBI is unable to guarantee that it will be able to provide all necessary information to the U.S. Attorney's Office by the date requested in this motion; however, FBI will make every effort to do so and promptly notify the Court if any additional delays arise. Because the information contained in FBI's files, which is the subject of these consultations, did not originate with the FBI and cannot be released by the FBI, these consultations are critical.

Although the FBI personnel working on this matter continue to make progress in documenting the responses made to plaintiff's FOIA request, they have not been able to complete what is necessary in preparation for the currently-scheduled filing deadline of September 29, 2006. FBI continues to anticipate applying Exemption 7(A) to at least some of the Legat file, and wants to be sure that it only does so where there is a currently open investigation. FBI currently anticipates that it will be able to provide the U.S. Attorney's Office with materials to support a reply brief in mid-December, 2006. If the FBI is able to provide a supporting declaration sooner, the U.S. Attorney's Office will not delay filing it along with a supporting memorandum.

Accordingly, although progress continues to be made and limited disclosures have been voluntarily made since defendant filed a motion for summary judgment, the evolution of the case and logistical issues have delayed the availability of critical information needed to support defendant's reply brief. It serves the interests of the parties and the Court for all disclosures to be made and for the record to be complete before briefing closes and the Court resolves this case. Allowing the defendant a reasonable and sufficient amount of time to make complete disclosures with the benefit of information learned during the case also serves the purpose of the statute.

Although the delay associated with the discovery of additional information is unfortunate for purposes of resolving this lawsuit quickly, the government is employing reasonable means on an ongoing basis to move this matter toward closure without unduly disrupting its FOIA responsibilities to other requesters. Defendant further notes that plaintiff's opposition to the defendant's motion for summary judgment raised for the first time information suggesting that he may have had a variety of different types of contacts with the FBI over a significant period of time and outside of the United States. Rather than quarrel over the scope of Plaintiff's FOIA request or take the position that he should be required to make another or more specific request, the FBI has been attempting to provide maximum access under the law and foregoing defenses that might be available but would not ultimately lead to a resolution of the issues on the merits and on a complete record.[1]

      This extension of time is sought in good faith. Despite the lengthy amount of time it has taken the FBI to file its reply, plaintiff has not been unfairly prejudiced and will not be unfairly prejudiced by the delay associated with the current extension. Plaintiff waited through the administrative appeal process under the FOIA for over two years, a period of time which is still significantly longer than the time defendant has requested to complete the record in this Court. Moreover, plaintiff's conduct contributed to the delay because he only provided the additional information which allowed the FBI to locate additional potentially responsive information after

---

[1] As the Second Declaration of David M. Hardy notes, however, FBI's regulations require that FOIA requests for information from FBI field offices be directed to the individual field office(s). See 2d Hardy Dec. ¶ 7. FBI's second search has been confined to its record systems at FBI Headquarters, and has informed counsel that it has not conducted any search for information associated with plaintiff in any of its field offices as part of this litigation or otherwise.

defendant filed its motion for summary judgment. Defendant continues to make reasonable progress and undersigned counsel is continuing to work diligently with personnel at the FBI.

Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated. See Local Civil Rule 7(m). This is the defendant's seventh request for an extension of time to file a reply, and no scheduling order has been entered.

WHEREFORE, for all these reasons, the defendant respectfully requests that the time for defendant to file a reply brief in response to plaintiff's opposition to the defendant's motion for summary judgment be extended through and including December 21, 2006. A proposed order is attached.

Dated: September 26, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

 /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2006, I placed a copy of the foregoing

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME** in the first class

United States mail, postage prepaid, marked for delivery to:

>   **CHARLES MILLER**
>   Reg. No. 18123-053
>   USP COLEMAN II
>   U.S. PENITENTIARY
>   P.O. BOX 1034
>   COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney