## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,          )
                                   )
             Plaintiff,      )
                                   )
       v.               )     Civil  Action  No. 05-1314 (HHK)
                                   )     Electronic Case Filing
U.S. DEPARTMENT OF JUSTICE,  )
Federal Bureau of Investigation    )
                                   )
            Defendant.    )
                                   )

## DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time further for the government to file a reply brief in support of the government's motion for summary judgment. Defendant requests that the reply be filed no later than April 18, 2007, but will file it sooner if circumstances permit. The grounds for this motion are set forth below and a proposed order is attached.

Plaintiff filed this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff is serving a life sentence without parole based on his conviction for conspiracy to violate federal narcotics laws. Complaint, at pages 1-2; See Miller v. United States, 131 Fed. Appx. 161 (11th Cir. 2005) (denying post-conviction motion and briefly recounting procedural history). In this case, he challenges the response he received from the FBI to his FOIA request dated March 16, 2003. Defendant filed its motion for summary judgment [Docket Entry No. 12] on September 12, 2005. In his partial opposition to the defendant's dispositive motion, which he

filed on October 24, 2005 [Docket Entry No. 14], plaintiff included an affidavit that provided

significant additional information beyond that included in his original FOIA request, and that

information has allowed the FBI to search further for documents responsive to plaintiff's FOIA

request.  As set forth in the Second Declaration of David M. Hardy ("2d Hardy Dec.") submitted

with a previous request for an extension [Docket Entry No. 22], the FBI discovered a Legal

Attache ("Legat") Bridgetown main file identified as File 163A-BB-610.  Second Declaration of

David M. Hardy ("2d Hardy Dec.").  After that file was reviewed and processed, the FBI made

approximately sixty pages available to plaintiff on or about May 5, 2006.

     Since the Court last enlarged the time for the FBI to file its reply brief, the FBI has

continued to make progress and is nearly ready to provide a declaration supporting all of its own

actions since filing its motion for summary judgment.  See Third Declaration of David M. Hardy

("3d Hardy Dec."), ¶¶ 5-14.  However, the FBI continues to work diligently with other federal

law enforcement entities and agencies to coordinate responses on documents referred by FBI to

them over the last few weeks.  Those agencies have each been tasked with preparing declarations

to support their treatment of the material located by FBI in its files, and these declarations are at

various stages of completion due to the existing workloads of the various entities.  The FBI

personnel working on this case need to continue coordinating with personnel from the referral

agencies.  Id.  Thorough review and careful coordination is essential to ensuring both that the

plaintiff receives a full response to his request for information and that the FBI protects sensitive

and/or exempt information.  Because the information contained in FBI's files, which is the

subject of these consultations, did not originate with the FBI and cannot be released by the FBI,

these consultations are critical and at least some of the information is sensitive.  Based on

information available as of the filing of this motion, it does not appear likely that any additional

information will be released to plaintiff.

Complicating the final stages of assembling all of the necessary declarations, however, is

the fact that multiple entities reported to the U.S. Attorney's Office for the first time during the

week of December 11, 2006 that some of the material for which their agency is responsible

includes classified information.  The presence of classified information requires them to follow

procedures for reviewing the classifications and handling and transmitting the information to the

U.S. Attorney's Office in ways more cumbersome than unclassified materials.  Thus, in addition

to the delays associated with more agencies having to prepare declarations to support the FBI's

reply, there will be some delay attributable to the procedures necessary for handling classified

information.  In addition, although the U.S. Attorney's Office may have to work around the fact

that the Assistant United States Attorney assigned to this case from its inception currently lacks

the security clearance required to discuss and analyze the classified information, that will not

further delay filing the reply.[1]

The documents at issue in this FOIA case are unusual and relate to sensitive law

enforcement investigations and matters.  The process of narrowing the information to that

responsive to plaintiff's request, reviewing it carefully and coordinating with multiple other

entities has been inordinately time-consuming.  The FBI recognizes that it has had to request an

---

[1] Although the U.S. Attorney's Office requested that the same AUSA be granted a security clearance in connection with a different case several months ago, the Office of Personnel Management's backlog on security re-investigations prevents the issuance of a security clearance as of the filing of this motion.  To avoid engendering any additional delay, the U.S. Attorney's Office recently began the process for getting access to the materials to work on this case for an employee who already has a security clearance.

unusually long period of time to complete the record in this case and file its reply. Although the FBI personnel working on this matter continue to make progress in documenting the responses made to plaintiff's FOIA request, they have not been able to complete what is necessary in preparation for the currently-scheduled filing deadline of December 21, 2006. FBI and at least one of the referral entities anticipate applying Exemption 7(A) to at least some portion of the Legat file, and wants to be sure that it only does so where there is a currently open investigation. FBI currently anticipates that it will be able to provide the U.S. Attorney's Office with materials to support a reply brief in mid-April, 2007. If all of the material needed for the reply is available from the FBI and the referral entities sooner than currently anticipated, the reply brief will be filed as soon after its receipt as is consistent with the demands of the AUSA's busy caseload.

Accordingly, although progress continues to be made and limited disclosures have been voluntarily made since defendant filed a motion for summary judgment, the evolution of the case and logistical issues have delayed the availability of critical information needed to support defendant's reply brief. It serves the interests of the parties and the Court for all disclosures to be made and for the record to be complete before briefing closes and the Court resolves this case. Allowing the defendant a reasonable and sufficient amount of time to make complete disclosures with the benefit of information learned during the case also serves the purpose of the statute. Although the delay associated with the discovery of additional information is unfortunate for purposes of resolving this lawsuit quickly, the government is employing reasonable means on an ongoing basis to move this matter toward closure without unduly disrupting its FOIA responsibilities to other requesters. Defendant further notes that plaintiff's opposition to the defendant's motion for summary judgment raised for the first time information suggesting that he

may have had a variety of different types of contacts with the FBI over a significant period of

time and outside of the United States.  Rather than quarrel over the scope of Plaintiff's FOIA

request or take the position that he should be required to make another or more specific request,

the FBI has been attempting to provide maximum access under the law and foregoing defenses

that might be available but would ultimately delay a resolution of the issues on the merits and on

a complete record.[2]

       This extension of time is sought in good faith.  Despite the lengthy amount of time it has

taken the FBI to file its reply, plaintiff has not been unfairly prejudiced and will not be unfairly

prejudiced by the delay associated with the current extension.  Plaintiff waited through  the

administrative appeal process under the FOIA for over two years, a period of time which is still

longer than the time defendant has requested to complete the record in this Court.  Defendant

anticipates that this will be the final extension it has to request for the reply.  Moreover,

plaintiff's conduct contributed to the delay because he only provided the additional information

which allowed the FBI to locate additional potentially responsive information after defendant

filed its motion for summary judgment.  Defendant continues to make reasonable progress and

undersigned counsel is continuing to work diligently with personnel at the FBI.

       Counsel for the defendant did not consult with the plaintiff prior to filing this motion for

enlargement because he is presently incarcerated.  <u>See</u> Local Civil Rule 7(m).  Undersigned

---

    [2]  As the Second Declaration of David M. Hardy notes, however, FBI's regulations require that FOIA requests for information from FBI field offices be directed to the individual field office(s).  <u>See</u> 2d Hardy Dec. ¶ 7.  FBI's second search has been confined to its record systems at FBI Headquarters, and has informed counsel that it has not conducted any search for information associated with plaintiff in any of its field offices as part of this litigation or otherwise.

counsel delayed filing this motion to verify that the extension being sought would be sufficient for all of the entities coordinating their responses based on the most current, available information.  This is the defendant's eighth request for an extension of time to file a reply, and no scheduling order has been entered.

WHEREFORE, for all these reasons, the defendant respectfully requests that the time for defendant to file a reply brief in response to plaintiff's opposition to the defendant's motion for summary judgment be extended through and including April 18, 2007.  A proposed order is attached.

Dated:  December 21, 2006.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of December, 2006, I placed a copy of the foregoing

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME** in the first class

United States mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> USP COLEMAN II
> U.S. PENITENTIARY
> P.O. BOX 1034
> COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney