IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-1314 (HHK) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)      In my official capacity as Section Chief of RIDS, I supervise approximately 208 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)      Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the Freedom of Information Act (" FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA") of 1974, 5 U.S.C. § 552a.  Specifically, I am aware of the treatment which has been afforded plaintiff's FOIA/Privacy Act request which seeks access to records pertaining to himself.

(4)      I am submitting this declaration in support of a motion for further enlargement of time to allow both other federal agencies and/or DOJ components to complete processing of documents referred to them by the FBI in this matter, as well as time needed to make any additional modifications to the FBI's claimed exemptions in its own documents based on the outcome of all of the outgoing referrals.

## ACTIONS TAKEN BY FBI WITH RESPECT TO PLAINTIFF'S REQUEST

(5)    The documents responsive to plaintiff's request are contained in a file identified in the Second Hardy Declaration, dated February 6, 2006. These records involve the investigation of plaintiff and other individuals and include information regarding major drug trafficking, corruption and murder. Several agencies have equities in the documents at issue and the nature of the information is such that careful attention must be paid to the processing of the documents.

## FBI REFERRALS TO OTHER AGENCIES

(6)    During the review of material responsive to plaintiff's request, documents were located which either originated in full or in part with other government agencies or other DOJ components. Consistent with the DOJ regulations on referrals, (see 28 C.F.R. § 16.4 (c)), this information has been referred to multiple agencies and/or DOJ components for further processing and direct response to plaintiff.

(7)    Specifically, by letter dated October 3, 2006, FBIHQ forward a referral package to the DOJ Criminal Division, consisting of 44 pages which originated with the Criminal Division for direct response to plaintiff. The FBI has advised the DOJ Criminal Division that this matter is in litigation.

(8)    By letter dated October 3, 2006, FBIHQ forward a referral package to the Bureau of Alcohol, Tobacco and Firearms ("BATF"), consisting of five (5) pages which originated with BATF, for direct response to plaintiff. The FBI has advised BATF that this matter is in litigation.

-3-

(9)    By letter dated October 3, 2006, FBIHQ forward a referral package to the Defense

Intelligence Agency ("DIA"), consisting of 71 pages which originated with DIA, for direct

response to plaintiff. The FBI also forward 22 pages which originated with the FBI that

contained DIA's information. The FBI has advised DIA that this matter is in litigation.

(10)    By letter dated October 3, 2006, FBIHQ forwarded a referral package to the Drug

Enforcement Agency ("DEA"), consisting of ten (10) pages which originated with DEA for direct

response to plaintiff. In addition, by letter dated October 5, 2006, FBIHQ forwarded a second

referral package to DEA consisting of 105 pages which originated with DEA for direct response

to plaintiff. The FBI has advised DEA that this matter is in litigation.

(11)    By letter dated October 3, 2006, FBIHQ forwarded a referral package to the

Department of Defense ("DOD"), consisting of 43 pages for direct response to plaintiff. The FBI

has advised DOD that this matter is in litigation.

(12)    By letter dated October 3, 2006, FBIHQ forwarded a referral package to the

Department of State consisting of 193 pages which originated with the Department of State for

direct response to plaintiff. The FBI has advised the Department of State that this matter is in

litigation.

(13)    By letter dated October 5, 2006, FBIHQ forwarded a referral package to the

Department of the Army consisting of four (4) pages which originated with the Department of

the Army for direct response to plaintiff. The FBI has advised the Department of the Army that

this matter is in litigation.

(14)    By letter dated October 3, 2006, FBIHQ forwarded a referral package consisting of 312 pages to another government agency for direct response to plaintiff. The FBI has advised this third-party government agency that this matter is in litigation.

## RESPONSES FROM OTHER AGENCIES

(15)    Many of the agencies that have received referred documents from the FBI in this matter have contacted FBIHQ to advise us regarding the status of their documents. At least two agencies have indicated that the documents appear to contain classified information and must be processed and defended accordingly. Moreover, DEA has indicated that there are pending law enforcement cases which involve information contained in the documents referred to them, and, as a result, DEA has had to send the documents for review with respect to the pending law enforcement proceedings. While the FBI has processed the documents which contain its own equities, the existence of classified information and pending law enforcement proceedings within other agencies and/or DOJ components may affect the manner in which the FBI processes its own documents and the claimed exemptions therein. It is impossible for the FBI to properly process its documents without the benefit of a full response from all of the agencies and/or DOJ components involved.

(16)    Based on the foregoing, the FBI is requesting an additional 120 days for the coordinated processing and defense of the documents responsive to plaintiff's request. This time will be used by the FBI and the other agencies and/or DOJ components to complete vital coordination with regard to the processing of the referrals, and address any changes to the FBI's documents which may result from the manner in which the referred documents are processed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of December, 2006.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.