UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1314 (HHK) |
| ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully moves the Court pursuant to Rule 6(b)(1), Fed. R. Civ. P., to enlarge the time just a bit longer for the government to file a reply brief in support of the government's motion for summary judgment. Defendant requests that the reply be due no later than May 7, 2007. The grounds for this motion are set forth below and a proposed order is attached.

Plaintiff filed this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff is serving a life sentence without parole based on his conviction for conspiracy to violate federal narcotics laws. Complaint, at pages 1-2; See Miller v. United States, 131 Fed. Appx. 161 (11th Cir. 2005) (denying post-conviction motion and briefly recounting procedural history). In this case, he challenges the response he received from the FBI to his FOIA request dated March 16, 2003. Defendant filed its motion for summary judgment [Docket Entry No. 12] on September 12, 2005. In his partial opposition to the defendant's dispositive motion, which he filed on October 24, 2005 [Docket Entry No. 14], plaintiff included an affidavit that provided

significant additional information beyond that included in his original FOIA request, and that information has allowed the FBI to search further for documents responsive to plaintiff's FOIA request. As set forth in the Second Declaration of David M. Hardy ("2d Hardy Dec.") submitted with a previous request for an extension [Docket Entry No. 22], the FBI discovered a Legal Attache ("Legat") Bridgetown main file identified as File 163A-BB-610. Second Declaration of David M. Hardy ("2d Hardy Dec."). After that file was reviewed and processed, the FBI made approximately sixty pages available to plaintiff on or about May 5, 2006. Undersigned counsel has been informed that FBI has released approximately 300 pages of additional materials in the last few days as a result of further coordination with other entities.

The FBI continues to work diligently with other federal law enforcement entities and agencies to coordinate responses for the documents referred by FBI to them. Those agencies have each been tasked with preparing declarations to support their treatment of the material located by FBI in its files, and these declarations are at various stages of completion due to the existing workloads of the various entities. The FBI personnel working on this case need to continue coordinating with personnel from the referral agencies. Id. Thorough review and careful coordination is essential to ensuring both that the plaintiff receives a full response to his request for information and that the FBI protects sensitive and/or exempt information. Because the information contained in FBI's files, which is the subject of these consultations, did not originate with the FBI and cannot be released by the FBI, these consultations are critical and at least some of the information is sensitive.

Further review and consultation since the Court last enlarged the deadline has resulted in certain additional releases being made to plaintiff recently. Although all of the entities were

given a deadline by the U.S. Attorney's Office of the week of April 1, 2007 to provide all necessary declarations, the U.S. Attorney's Office received only two by the deadline, has received a few more late in the week of April 8, and expects to receive at least one more on April 16, 2007.  However, until all necessary declarations have been received, it is impossible for undersigned counsel to prepare the reply brief in support of the government's motion which will assist the Court in resolving this case.  In the meantime, plaintiff will have an opportunity to review the recently-released material.  In all of the FOIA cases undersigned counsel with daily responsibility for this case has handled in over seven years, this case has presented the most issues and required the most extensive coordination between and among many law enforcement agencies on an ongoing basis.  Undersigned counsel has conducted meetings and remained in communication with these entities to bring this matter toward conclusion.  These efforts are complicated by the presence of classified information[1] and the need to separate out responsive records from large investigations involving other suspects or individuals.  After many months, the light at the end of the tunnel can be seen, but undersigned counsel needs sufficient time with all of the completed declarations to prepare a reply brief.

    The documents at issue in this FOIA case are unusual and relate to sensitive law enforcement investigations and matters involving international contacts.  The process of narrowing the information to that responsive to plaintiff's request, reviewing it carefully and coordinating with multiple other entities has been inordinately time-consuming.  Even after undersigned counsel receives all of the required information, her active docket of cases prevents

---

[1] In a previous motion, defendants noted that undersigned counsel lacked the necessary security clearance, but she has since received the security clearance necessary to deal with the classified material.

her from turning all of the hours of the work week to this one case because doing so would seriously disrupt several other cases, some of which have depositions scheduled in cases where discovery is closing and others on briefing schedules which need to be satisfied.

Accordingly, although progress continues to be made and limited disclosures have been voluntarily made since defendant filed a motion for summary judgment, the evolution of the case and logistical issues have delayed the availability of critical information needed to support defendant's reply brief.  It serves the interests of the parties and the Court for all disclosures to be made and for the record to be complete before briefing closes and the Court resolves this case. Allowing the defendant additional time to make complete disclosures with the benefit of information learned during the case also serves the purpose of the statute.  Although the delay associated with the discovery of additional information is unfortunate for purposes of resolving this lawsuit quickly, the government is employing reasonable means on an ongoing basis to move this matter toward closure without unduly disrupting its FOIA responsibilities to other requesters.  Defendant further notes that plaintiff's opposition to the defendant's motion for summary judgment raised for the first time information suggesting that he may have had a variety of different types of contacts with the FBI over a significant period of time and outside of the United States.  Rather than quarrel over the scope of Plaintiff's FOIA request or take the position that he should be required to make another or more specific request, the FBI has been attempting to provide maximum access under the law and has foregone defenses that might be available but whose assertion would ultimately delay a resolution of the issues on the merits and on a complete record.[2]

---

[2] As the Second Declaration of David M. Hardy notes, however, FBI's regulations require that FOIA requests for information from FBI field offices be directed to the individual

This extension of time is sought in good faith.  Despite the lengthy amount of time it has taken the FBI to file its reply, plaintiff has not been unfairly prejudiced and will not be unfairly prejudiced by the delay associated with the current extension.  Plaintiff waited through the administrative appeal process under the FOIA for over two years, a period of time which is still longer than the time defendant has requested to complete the record in this Court, and plaintiff has had the benefit of additional material being reviewed and, in some cases, released.  Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated.  See Local Civil Rule 7(m).  Undersigned counsel delayed filing this motion to verify that the extension being sought would be sufficient for all of the entities coordinating their responses based on the most current, available information.  This is the defendant's ninth request for an extension of time to file a reply, and no scheduling order has been entered.  Barring unforseen circumstances, this should be defendant's final request for more time on this brief.

WHEREFORE, for all these reasons, the defendant respectfully requests that the time for defendant to file a reply brief in response to plaintiff's opposition to the defendant's motion for summary judgment be extended through and including May 7, 2007.  A proposed order is attached.

Dated: April 16, 2007.

Respectfully submitted,

---

field office(s).  See 2d Hardy Dec. ¶ 7.  FBI's second search has been confined to its record systems at FBI Headquarters, and FBI has informed counsel that it has not conducted any search for information associated with plaintiff in any of its field offices as part of this litigation or otherwise.

                                                _____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 16st day of April, 2007, I placed a copy of the foregoing

**DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME** in the first class

United States mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> USP COLEMAN II
> U.S. PENITENTIARY
> P.O. BOX 1034
> COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney