IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,     )
     Plaintiff,   )
          )
  v.        )  Civ. No. 1:05-cv-01314(HHK)
          )
UNITED STATES DEPARTMENT OF )
  JUSTICE, et al..,    )
      Defendants. )
          )

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am specifically assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2) Due to the nature of my official duties, I am personally familiar with the records referred to this office by the Criminal Division, U.S. Department of Justice, made in connection with a FOIA/PA request made by Mr. Miller to the Federal Bureau of Investigation (FBI), which forms the basis for the above captioned litigation. The records and the EOUSA determination thereon are set forth in the paragraphs below.

3) My official duties include: having the authority to make final disclosure determinations on records requested by an individual using the FOIA/PA, to assure compliance with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)      My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)      The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

**FOIA/PA NO. 06-3924-R**

6)      On November 30, 2006, EOUSA received a referral of records from the U.S. Department of Justice Criminal Division, which were apparently part of a referral made by FBI to the Criminal Division on or about October 3, 2006. These records were located and forwarded as part of a FOIA/PA request dated March 16, 2003 made to the FBI by Mr. Miller. **Exhibit A attached.**

7)      By letter dated December 29, 2006, EOUSA notified Mr. Miller that it had reviewed the referred records and determined to withhold all 15 pages in full ("WIF"). **Exhibit B attached.**

8)      This same letter notified (or should have notified) Mr. Miller that EOUSA had applied FOIA exemptions 5 U.S.C. §552 (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e), (b)(5) (inadvertently omitted from notification, but asserted at this time), (b)(7)(C), and PA exemption 5 U.S.C. §552a(j)(2) to withhold the material. **Id.**

9)    Finally, EOUSA advised Mr. Miller that he had 60 days within which to file an administrative appeal of these actions to the Office of Information and Privacy ("OIP"). **Id.**

10)    By letter dated February 16, 2007, Mr. Miller filed an appeal with the OIP regarding EOUSA's actions, to which OIP responded by letter dated March 19, 2007, notifying him of the letter's receipt on March 2, 2007, and assignment of number 07-0818 to his appeal, and that the appeal would be reviewed in the approximate order it was received. **Exhibits C and D attached.** The appeal is still pending.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

11)    All of the records reviewed by EOUSA are maintained in the Criminal Case File System (Justice/USA-007) given criminal prosecution involved, and are described as follows:

**A.    *Draft Indictment (1996)(3 pages):***    Intra-agency fax from AUSA USAO/SDFL NARC to USDOJ OIA CRM, bearing notation that FBI had reviewed content for classification status, identified as grand jury indictment of several individuals (including Miller), having no grand jury number and unsigned by foreperson, and considered AUSA draft by virtue of these aspects, and in context of Documents B and C below. Names of third party individuals in addition to Mr. Miller contained throughout. Document withheld in full to protect scope of grand jury investigation and matters presented to it, by application of Exemption (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e), and in addition, to protect privileged attorney work product under (b)(5). Exemption (b)(7)(C) was applied to all third party names to protect each from unwarranted invasion of personal privacy. Document was reviewed for and determined not segregable on the bases of Exemptions (b)(3) and (b)(5) as discussed

**B.**    *__Certificate of Trial Attorney(undated)(1 page):__*    Form document contains no case number, relates to indictment and trial considerations, signed by AUSA, and contains names of third party individuals. Document appears to have been part of Document A and B transmission between entities (intra-agency) based upon page numbers of like kind via faxing sequence, and reference thereto as being attached to Document A. FBI notation on document that was reviewed for classification status. Document was withheld in full by application of Exemption (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e) to protect scope of grand jury investigation, and (b)(5) to protect privileged attorney work product and deliberative process as intra-agency communication made in anticipation of indictment. Exemption (b)(7)(C) was applied to protect all third party individuals from unwarranted invasion of personal privacy. Document reviewed for and determined not segregable on the bases of Exemptions (b)(3) and (b)(5) as discussed..

**C.**    *__Draft Affidavit in Support of Request for Extradition (4/96-5/96)(11 pages):__*    Draft third party individual affidavit made in anticipation of contemplated legal proceeding made in course of investigation and prosecution of several individuals (including Mr. Miller), referencing anticipated indictment and supporting evidence and sources therefore, and containing both blanks to be completed and handwritten corrections to text, as well as references to third party individuals inextricably intertwined with references to Miller, all in grand jury context. Fax indicia, including "DOJ OIA Crim" and sequential page number (per Documents A and B) indicates collective transmission between intra-agency entities. Document withheld in full by application of Exemption (b)(5) to protect intra-agency communication attorney work product made in anticipation of litigation, (b)(7)(C) to protect all third party individuals from unwarranted invasion of personal privacy, and (b)(3) in conjunction with Federal Rule of Criminal Procedure

6(e) to protect grand jury scope of investigation, evidence presented to it, and inner workings, which are prohibited disclosure. Document reviewed for and determined not properly segregable.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

12)     EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by the Acts. The Criminal Case Files (Justice/USA-007) are part of the DOJ Privacy Act System of Records. The Attorney General has promulagated rules exempting these records from the PA's access provisions as authorized by 5 U.S.C.§552a(j)(2), which appears at 28 CFR §16.81. Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. As the entire case file pertained to a criminal prosecution, it was necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, the records were then reviewed under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

## EXEMPTION 5 U.S.C. §552(b)(3)

13)     Exemption (b)(3) prohibits disclosure of information specifically exempted release by the language of another statute. For a statute to support withholding information under this exemption, the statute must either (A) require that the matters be withheld from the public without discretion, or (B) establish particular criteria for withholding or refer to particular types of matters to be withheld.

14)     Federal Rule of Criminal Procedure 6(e) regulates disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as "a statute" it must have

been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement, since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the form in which the material is substantively contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

15 )    EOUSA applied this exemption in conjunction with Rule 6(e) to all of the documents listed above. The reasons these records were withheld are because each of the documents concerns the grand jury investigation and contain information (or were specifically created for) reveal the scope and inner workings of the grand jury. Release of such grand jury material impermissibly reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought to find evidence to develop its case, how the Government developed its case, and who the Government relied upon to develop the elements of the alleged crimes. This exemption was applied together with other exemptions set forth below.

### EXEMPTION 5 U.S.C. §552(b)(5)

16)    Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents

or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

17)    EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to each of the documents listed above.

18)    The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Mr. Miller's criminal case. The records are each inter-agency or intra-agency communications, and prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

19)    In addition, these same records contain deliberative process of the USAO/SDFL and other federal entities and their consideration of possible criminal actions against Mr. Miller. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

20)    Exemption (b)(5) was applied to all three documents in conjunction with Exemption (b)(3) and (b)(7)(C).

### EXEMPTION 5 U.S.C. §552(b)(7)(C)

21)    Exemption (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an

unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Miller.

22)    This exemption was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them. It could also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case. In short, disclosure would be detrimental to the persons protected.

23)    In the case of Document C above, such information was inextricably intertwined with references to other third party individuals, such that should Exemptions (b)(3) and (b)(5) be deemed insufficient to withhold this document in its entirety, EOUSA could not segregate and disclose those portions to which this statement is applied without creating a significant risk of disclosing privacy-protected information of the other third party individuals discussed within.

24)    This exemption was also applied to withhold the identities of individuals such as special federal agents, other government employees, and/or local law enforcement personnel all of whom participated in the investigation and prosecution of this case, to the extent that third party individual names in Document C, not defendants, are in fact, such persons. (It is not clearly ascertainable from the information present within this document exactly who all third party individuals are, but at least some are thought likely to fall within this category of persons, and this paragraph accordingly inserted.) Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to

harassment or other harm. These persons have protected privacy interests in the conduct of law

enforcement investigations. To the extent that such persons are tied to third party names

referenced in evidentiary-related materials discussed on a number of the pages in the draft, this

paragraph is set forth.

25)    EOUSA determined that there was no public interest in the information if released,

because its dissemination would not help to explain the activities and operations of the EOUSA.

Furthermore, a prisoner's personal interest in information to challenge his conviction does not

raise a FOIA-recognized interest that should be weighed against the subject's privacy interest.

(See, Thomas v. Office of the United States Attorney, 928 F.Supp. 245, 251 (E.D.N.Y. 1996). In

short, no public interest would counterbalance the protected individual(s)' privacy right in the

information withheld under this exemption.

26)    In addition, EOUSA was provided with no authorization or consents to

release otherwise privacy protected materials from any of the third party individuals to whom this

exemption's protection was applied.

27)    This exemption was applied to material within each of the records identified above

to protect names and information which if disclosed would reveal the identity of such persons. As

stated, each of these records was withheld in their entirety by Exemptions (b)(3) and (b)(5).


## SEGREGABILITY

27)    Each document referred to EOUSA was evaluated to determine if any information

could be segregated and released. The documents withheld in their entirety contained no

meaningful portions that could be released without destroying the integrity of the document or

without identifying a third party individual. Moreover, the Exemption (b)(3) and (b)(5) bases support withholding these records in full.

28)     Each step in the handling of the referral of Mr. Miller's records to EOUSA has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May 24_, 2007.


                                        JOHN F. BOSEKER

                                        Attorney Advisor, EOUSA



U.S. Department of Justice

Criminal Division

Office of Enforcement Operations

RECEIVED

2006 DEC -4  AM 8: 29

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

(202) 616-0307                                      *Washington, DC  20530-0001*

## MEMORANDUM

NOV  3 0 2006

TO:      Gary Stewart, II, Acting Assistant Director
         FOIA/Privacy Unit
         Executive Office for United States Attorneys
         Department of Justice
         Room 7300, 600 E Street, N.W.
         Washington, D.C.  20530-0001

FROM:    Thomas J. McIntyre, Chief
         FOI/PA Unit
         Criminal Division
         Suite 1127, 1301 New York Avenue, N.W.

SUBJECT:   Privacy Act Request - Charles Miller, #200601036P


        We are processing a Privacy Act request from the person named above.  We have located the attached records which originated in an office for which you are responsible.   We are referring these records to you for direct reply to the requester.  We also have attached a copy of the request letter for your assistance and have advised the requester of this referral.

        Please address correspondence to us concerning this matter to: Thomas J. McIntyre, Chief, Freedom of Information/Privacy Act Unit, Office of Enforcement Operations, Criminal Division, Department of Justice, Washington, D.C.  20530.  Attention: Rhonda Smith, (202) 514-1123.

        **Please be advised that this matter has recently become the subject of litigation.  The AUSA handling the litigation is Jane M. Lyons.  She can be reached at 202-514-7161.  Since we are in litigation regarding this matter, your expedited treatment will be appreciated.**





U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

To:   Thomas J. McIntyre, Chief
      FOIA/PA Unit
      Criminal Division
      Department of Justice
      Suite 1127
      Kenney Building, N. W.
      Washington, D.C. 20530-001

October 3, 2006

**"IN LITIGATION"**
**Civil Action No.: 05-CV-1314**

From:  David M. Hardy
       Record/Information Dissemination Section
       Records Management Division

Subject: FOI/PA Request of Charles Miller
         FBI FOI/PA # - 974876-001      Re: Charles Miller

In connection with review of FBI files responsive to the above request, the following was surfaced:

☒   6   unclassified document(s) which originated with your agency is/are being referred to you for direct response to the requester. The requester has not been advised of this referral. Please furnish this Bureau a copy of your disclosure letter to the requester. (See index A).

☐        FBI document(s) containing information (outlined in red) concerning your agency.
   ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

   ☐ Please review this information and return the documents to us, making any deletions you deem appropriate.  (See index B).

☐        classified document(s) which originated with your agency is/are being referred to you for direct response to the requester. The requester ☐ has ☐ has not been advised of this referral. Please furnish this Bureau a copy of your disclosure letter to the requester, and advise us if the classification of the documents(s) changed so that we may amend our files. (See index C).

☐        classified FBI document(s) containing information (outlined in red) concerning your agency.
   ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

   ☐ Please review this information and return the document(s) to us, making any deletions you deem appropriate, citing the exemption(s) claimed. Please advise this Bureau if the document(s) still warrant classification. (See index D).

☒ Please note that some of the enclosed documents contain deletions made by this Bureau. The appropriate exemption appears next to the redacted information. The requester may appeal these denials by writing to the following address within sixty days of your release: Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001.

A copy of the requester's initial letter and other significant correspondence is enclosed for your convenience. If you have any questions concerning this referral, please contact Mary A. Jones (202) 324-1699
The FBI's FOIPA number as well as on the Index Listing (see reverse) should be utilized during any consultation with this Bureau concerning this referral.

Additional Remarks: **Please be advised this matter is in litigation. The court appointed deadline for all Vaughn declarations in this case is currently December 21, 2006. It is being handled by AUSA Jane M. Lyons. She can be reached at (202) 514-7161. Inasmuch as we are in litigation regarding this matter, your expedited treatment will be greatly appreciated.**

Enclosure(s)                               ( INDEX LISTING ON REVERSE)

# IN LITIGATION

Index A:

163A-BB-610-88, 91, 94, 95, 100 and 120.

Index B:

Index C:

Index D:

AGENCIES:

( )  United States Parole Commission
( x )  Federal Bureau of Investigation
( )  Immigration & Naturalization service
( )  Internal Revenue Service
( )  United States Attorney
( )  Treasury Department
( )  Bureau of Prisons
( )  State Agency
( )  Other: _____

DIRECT RESPONSE TO:

Name: Charles Miller
      aka Cecil Conners

Reg. No.:    18123-053

Unit:    D-2

Date:   March  16, 2003

TO:

Justice Department
Federal Buareu of Investigation
Jo. Hoover Bldg.
9th & Pennsylvania Ave. NW
Washington, DC   20535

IDENTIFICATION OF REQUESTER:
NAME:  Charles Miller
ALIAS:       Cecil Conners
DATE OF BIRTH:  03-29-60
PLACE OF BIRTH:  St. Kitts W.I.
F.B.I. NO: 5702 62 bA3
SOC. SEC. NO:
OTHER:

RE:  FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

Right Thumb          Right Index

RT                   Ri

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports. (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507 F. 2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974). Sullivan v. Murphy, 478 F. 2d. 938 156 U.S. App. D.C. 28 (1973). Your Agency is advised that closed investigation reports in told are no longer accorded exempt status unless under the specific exemption noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

Examples of specific requests:

1).      Case #1   Rochester New York, Western District N.Y.
Case #85-113t   U.S. Attorney Melcar Castro.(Narcotics case)

_____

_____

_____

2).     Case #2 Miami Florida, Southern District Florida
Case #95-896-CR.   U.S. Attorney   Russell Killinger.   Agent Larry

Trye, D.E.A. and Robert Catterton, U.S. Customs Agent.

_____

_____

3).   Case #3   Shower Posse case. Southern District Florida.
Agents: James Waterson, FATF; Jim Harter, FATF, Chuck Saradin, FATF.
U.S. Attorney Andrew Reich and Bruce Udolf.   Requester granted
immunity in 1989.

_____

4). _____

_____

_____

5). _____

_____

_____

_____

6). _____

(2)

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency; their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

Dated: 3-17-03

(3)

U.S. Department of Justice

## Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   _CHARLES MILLER AKA CECIL COONNORS_

Citizenship Status [2] _Kittitian_    Social Security Number [3] _____

Current Address _U.S.P. ATLANTA GA 30315_

Date of Birth _03-29-60_   Place of Birth _St. KITTS W.I_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _Charles Miller_    Date _3-14-05_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought

FORM APPROVED OMB NO 1103-0016
EXPIRES 2/28/04

FORM DOJ-361
APR 01

FROM CHARLES E. MILLER
#18123-053 U.S.P ATLANTA
601 McDonough, BLVD SE
ATLANTA GA
30315



CERTIFIED MAIL

7001 2510 0000 6268 2040

To: JUSTICE DEPARTMENT
FEDERAL BUAREU OF INVESTIGATION
J. HOOVER Bldg.
9th & PENNSYLVANIA AVE. NW
WASHINGTON, DC 20535

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: <u>Charles Miller</u>

DEC 2 9 2006

Request Number: <u>06-3924-R</u>

Government Component that referred material: <u>DOJ/Criminal Division/Ofc of Enforcement Ops.</u>

Dear Requester:

This is in reply to your Freedom of Information Act/Privacy Act request of __. Records were referred to us by the government component above for direct response to you.

The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access. Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information. The exemptions cited are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                                  <u>Section 552a</u>

[  ] (b)(1)      [  ] (b)(4)      [  ] (b)(7)(B)      [ X ] (j)(2)
[  ] (b)(2)      [  ] (b)(5)      [  ] (b)(7)(C)      [  ] (k)(2)
[ X ] (b)(3)     [  ] (b)(6)      [  ] (b)(7)(D)      [  ] (k)(5)
<u>Rule 6(e) FRCP</u>   [  ] (b)(7)(A)   [  ] (b)(7)(E)      [  ] _____
<u>7C</u>                            [  ] (b)(7)(F)

We have reviewed <u>15</u> page(s) of material:

__ page(s) are being released in full (RIF);
__ page(s) are being released in part (RIP);
<u>15</u> page(s) are withheld in full (WIF) and
__ pages were duplicate copies of material already processed.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)



FOIA/PA
(A)
EOUSA

3/2/07

CHARLES MILLER-18123-053
FEDERAL CORRECTIONAL COMPLEX USP2
P.O. BOX 1034
COLEMAN, FLORIDA.33521-0879

07-0818

FEBRUARY 16, 2007.

TO: OFFICE OF INFORMATION AND PRIVACY
    UNITED STATES DEPARTMENT OF JUSTICE
    1425 NEW YORK AVENUE, SUITE 11050
    WASHINGTON, D.C. 20530-0001

OFFICE OF INFORMATION
AND PRIVACY

MAR 0 2 2007

IN RE: REQUEST NUMBER-06-3924-R
       "FOIA APPEAL"

RECEIVED

DEAR APPELLATE OFFICER,

    I write this appeal letter in response to the Executive Office
For United States Attorneys'(EOUSA)  final response letter of
December 29, 2006. in which it was responding to a referral packet
sent to them from the Department Of Justice's Criminal Division,
Office Of Enforcement Operations, which contained 15 pages of
requested materials, for which EOUSA determined to be exempt
materials under 5 U.S.C. 552 (b)(3) and 7C (the 7C reference is
very unclear  as to what it actually refers to, however whatever
it refers to by the agency, the requester appeals it), and 552 (j)
(2), thus for withholding all 15 pages in full.

    Therefore since the December 29, 2006. letter constitutes a
final response to the referral materials, this appeal letter is
warranted, the requester therefore appeals ALL of the exemptions
used by EOUSA in withholding the 15 pages in full,and thus request
that this appellate agency reverse such denial of access to the
originally requested records, and order EOUSA to turn the records
over to the requester.

    I now thank you for your time and prompt consideration of these
utmost important matters.

7005 3110 0003 8092 7035

RESPECTFULLY SUBMITTED

s/ CHARLES E. MILLER-18123-053

P.S. Please do note an address change for Mr.Miller in your files.
     see attached

**U.S. Departm    of Justice**

Office of Information and Privacy

RECEIVED

Telephone: (202) 514-3642

Washington, D.C. 20530 MAR 20  AM 10: 50

MAR 1 9 2007 DPT. OF JUSTICE/EOUSA

Mr. Charles E. Miller
Register No. 18123-053
United States Penitentiary
P.O. Box 1034
Coleman, FL 33521-0879

        Re: Request No. 06-3924-R

Dear Mr. Miller:

        This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on March 2, 2007.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-0818**. Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                                Sincerely,

                                Priscilla Jones
                                Supervisory Administrative Specialist



EOUSA