# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,                           )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          Civil Action No. 05-1314 (HHK)
                                          )          Electronic Case Filing
U.S. DEPARTMENT OF JUSTICE,               )
Federal Bureau of Investigation          )
                                          )
                    Defendant.            )
_____)

## DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME
## TO COMPLETE THE RECORD

Defendant, identified in the Complaint as the United States Department of Justice

("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ,

through its undersigned counsel, respectfully moves the Court for additional time in which to

complete the record in this case brought under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA").  As noted in Defendant's Reply in Support of Motion for Summary Judgment, the

Drug Enforcement Administration ("DEA"), another component of DOJ, has been in the process

of having certain documents potentially responsive to plaintiff's FOIA request subjected to

declassification review in preparation for possible processing for release.  See R.35 at 10 n.6.

Although DEA had expected this declassification review to have been completed during the fall

of 2006, it is not yet complete, and defendant respectfully requests additional time to add this

final piece of evidence to the voluminous record previously submitted in support of defendant's

responses to plaintiff's FOIA requests.

As the Supplemental Declaration of Leila I. Wassom demonstrates, the FBI and

Department of State both referred documents to DEA in connection with plaintiff's FOIA

requests.  See Supplemental Declaration of Leila I. Wassom ("Supp. Wassom Dec."), ¶¶ 3-4.

Although DEA processed and released certain unclassified documents in March, 2007, some of

the other documents were classified.  Id. ¶ 4.  Where, as here, DEA is processing documents

under the FOIA whose classification level has not been reviewed within the preceding two years

and there is no date for automatic declassification identified, DEA reviews the documents for

possible declassification.  See id. ¶ 5.  Such review "often requires review by several DEA

offices."  Id.  In this case, 273 pages of referred material were forwarded to DEA's El Paso

Intelligence Center which made an initial review of the documents but indicated that it was

unable to address the status of numerous documents because DEA was not the original

classifying authority.  See id. ¶¶ 6-7.  As a result, now that the El Paso Intelligence Center

returned the documents, personnel in the Administrative Law Section of DEA's Office of Chief

Counsel are undertaking consultations with all of the original classifying authorities.  Id. ¶¶ 8-11.

Each of these stages has consumed significant amounts of time due to other responsibilities being

undertaken by the involved offices of DEA.  In addition, special handling and logistics are

involved with handling and transferring classified materials.  See id. ¶ 13.

DEA currently anticipates that it will take an additional 90 days from the filing of this

motion to complete the necessary consultations with original classifying authorities to determine

if any additional information can be released.  If any can be released, DEA will have to prepare a

suitable Vaughn index to file with the Court.  In whatever way the declassification review

concludes, DEA will notify the Court promptly, however, DEA is prohibited from releasing

classified information to plaintiff at this time.  See 5 U.S.C. § 552(b)(1); Krikorian v. Dep't of

State, 984 F.2d 461, 464 (D.C. Cir. 1993) (noting that declarations concerning classified

- 2 -

information should be afforded  "substantial weight" because "the Executive departments

responsible for national defense and foreign policy matters have unique insights into what

adverse affects [sic] might occur as a result of public disclosures of a particular classified record"

and quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D. C. Cir. 1981)); Salisbury v.

United States, 690 F.2d 966, 970 (D.C. Cir. 1982); see also 18 U.S.C. § 798.

By continuing to pursue declassification review of the remaining documents in this case,

DEA is reasonably advancing its ultimate resolution.  Although DEA has yet to produce tangible

results, DEA is making progress.  In the age of the ongoing war on terrorism, the processes for

handling classified information have many high priorities.  Good cause exists for allowing DEA

a reasonable amount of additional time to complete its efforts.  Plaintiff, who is serving a life

sentence without parole based on his conviction for conspiracy to violate federal narcotics laws,

made the FOIA request in March, 2003 but waited until June, 2005 to initiate this litigation.[1]

During the litigation, plaintiff included an affidavit that provided significant  additional

information beyond that included in his original FOIA request, and that new information led to

the discovery of the information which is classified.  Consequently, although it is taking longer

than usual to complete the record in this case, the additional time redounds ultimately to

plaintiff's benefit if any additional information can be released pursuant to declassification

review.  The alternative, of course, is for DEA to treat all of the remaining material as classified

and exempt from disclosure under the FOIA.  5 U.S.C. § 552(b)(1).  Because the documents

---

[1]  See Complaint, at pages 1-2; see also Miller v. United States, 131 Fed. Appx. 161 (11th Cir. 2005) (denying post-conviction motion and briefly recounting procedural history).

relate to sensitive law enforcement investigations and matters involving international contacts, extreme care and extra time are warranted.

This extension of time is sought in good faith. Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated. See Local Civil Rule 7(m).

WHEREFORE, for all these reasons, the defendant respectfully requests that the time for defendant to supplement the record with further information from the Drug Enforcement Administration be extended through and including May 15, 2008. A proposed order is attached.

Dated: December 20, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of December, 2007, I placed a copy of the foregoing

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE THE**

**RECORD** in the first class United States mail, postage prepaid, marked for delivery to:

> **CHARLES MILLER**
> Reg. No. 18123-053
> USP COLEMAN II
> U.S. PENITENTIARY
> P.O. BOX 1034
> COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney