UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-1314 HHK |
| DEPARTMENT OF JUSTICE, ET AL., | ) ) |
| Defendants | ) ) |

## SUPPLEMENTAL DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. This declaration supplements my previous declaration dated April 18, 2007, submitted in support of *Defendant's Reply in Support of Motion for Summary Judgment,* filed May 7, 2007.

3. This declaration is written to update the Court as to status of the processing of the documents referred to DEA by the Federal Bureau of Investigation (FBI) and the Department of State (DOS). The FBI referrals/consultations were assigned DEA FOIA Request Numbers 07-0234-P, 07-0339-P, 07-0644-P, and the DOS referrals/consultations were 07-0615-P, 07-0616-P and 07-0681-P. Each of

1

the referrals/consultations were for the classification review of portions of the documents and concurrence with determinations made on others.

## SUMMARY OF ADMINISTRATIVE ACTION

4. The DEA Freedom of Information Operations Unit (SARO) received 42 classified and 27 unclassified documents, consisting of 283 pages, in seven (7) referrals/consultations from the FBI and DOS of information related to the plaintiff. The processing in of one of the referrals, which was assigned DEA FOIA Request Number 07-0080-P, was completed, and non-exempt portions of the 10 referred pages were released to the plaintiff by letter March 21, 2007. No classified documents were included in the referral. A copy of the DEA letter dated March 21, 2007, is attached as Exhibit A.

5. The DEA classification review process requires that, when records responsive to a FOIA request are classified and have not been reviewed within two years, or there is no date for automatic declassification, they must be reviewed for classification. The process often requires review by several DEA offices.

6. The 273 pages referred pursuant to the remaining six (6) referrals, were forwarded by SARO to the El Paso Intelligence Center (EPIC), El Paso, Texas, for classification review.[1]

---

[1] Please refer to my declaration dated April 18, 2007, paragraphs 8-22.

7. Since the responsibility for responding and coordinating the responses was transferred, CCA received the response from EPIC via e-mail. EPIC was unable to complete the requested review of the documents until approximately October 1, 2007, providing a detailed justification.[2]

8. On July 24, 2007, CCA received an updated response from EPIC via email in regard to DEA FOIA Request Numbers 07-0158-P and 07-0327-P. EPIC stated that it had reviewed the documents, however, there were numerous documents not originating with EPIC that it could do nothing with, other than recommend that the documents be returned to the originators. EPIC also stated that three of the classified documents originated by it reflect the fact that they were derived from multiple sources, which EPIC was unable to identify, and that therefore it was recommending that the current classification levels be retained. EPIC stated that it would welcome any comments by CCA.

9. In response to the July 24, 2007, EPIC email, CCA stated that continued classification could not be based upon the fact that the source could not be located; it is necessary that someone must be able to attest to the fact that the documents are currently and properly classified, based upon their knowledge of the information.

10. On August 20, 2007, CCA received an additional response from EPIC via email. EPIC stated that all documents referred to EPIC were not originated by EPIC, and recommended that the documents be returned to the originator for review. The email cited DEA FOIA Request

---

[2] Please refer to my declaration dated April 18, 2007, paragraph 12.

Numbers 07-0615-P, 06-0616-P, 07-0644-P, 07-0681-P, and 07-339-P.[3] EPIC provided a recommendation for processing of the only unclassified document in DEA FOIA Request Number 07-0234-P, stating that non-responsive and third-party information should be redacted from the document.

11. In response to the EPIC August 20, 2007, email, CCA requested that the referred documents be returned to DEA Headquarters for further review. EPIC subsequently returned the documents on about September 6, 2007.

12. CCA has concluded that, because of the passage of time and changes to DEA practices and procedures, EPIC, thought to be the best DEA component to conduct the review, is unable to conduct a proper review and make the proper determinations.

13. The classification/declassification review entails logistical difficulties in transmitting the materials for view by a foreign DEA office. The review of the documents also involves obtaining several DEA investigative case files, now stored in long term storage in the United States and coordinating the retrieval and delivery of the investigative case files to the foreign office.

---

[3] The email incorrectly cited DEA FOIA Request Number 06-0616-P. The correct citation is DEA FOIA Request Number 07-0616-P.

14. The review is complicated by the fact that DEA was not the original classification authority, much of the information is foreign source and DEA is being asked in several instances to concur in the Department of State and FBI analysis.

15. Thus, an additional 90 days is requested. At the end of the 90 days, a further update can be provided.

16. Once the final classification review is completed FOIA determinations must be made, and a declaration and *Vaughn* index prepared for submission to the court. The FOIA process will consume approximately 60 days.

17. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

12-19-07
DATE

Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537

# EXHIBIT A



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

*www.dea.gov*

Mr. Charles Miller                                                                                   MAR 21 2007
#18123-053
Federal Correctional Complex USP2
Post Office Box 1034
Coleman, Florida 33521-0879

Re: *Charles Miller v. Department of Justice,* CA 05-1314 HHK;
    DEA FOIA Request No. 07-0080-P

Dear Mr. Miller:

This letter is in further response to the Drug Enforcement Administration (DEA) letter of November 20, 2006, related to the referral of 10 pages from the Federal Bureau of Investigation (FBI). Previously, the 10 pages associated with the FBI referral, assigned DEA FOIA Request No. 07-0080-P, were withheld in their entirety pursuant to the Privacy Act, Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(F). However, the pages were re reviewed after it was recently learned that the release of the information contained in the referred 10 pages would no longer interfere with an ongoing enforcement action.

Upon re reviewing the pages, it was determined that portions of the 10 pages could be released. Thus, enclosed please find portions of the 10 pages. DEA continues to withhold information pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F).

                                                                Sincerely,


                                                                William C. Little, Jr.
                                                                Senior Attorney
                                                                Administrative Law Section

Enclosures

cc:    CCA CHRON _____
       CCA File
       SARO CHRON _____
       SARO FILE _____ 3/21/07
       Document name: H:/wclittle/MyDocuments/litigation/Cases/L-P/Miller/Releaseltr.wpd:3/21/07