UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1314 (HHK) |
| ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S STATUS REPORT AND MOTION FOR FURTHER
ENLARGEMENT OF TIME FOR SUPPLEMENTING THE RECORD**

Defendant, identified in the Complaint as the United States Department of Justice ("DOJ") and/or the Federal Bureau of Investigation ("FBI"), which is a component of DOJ, through its undersigned counsel, respectfully notifies plaintiff and the Court regarding the progress made in the last six months by the Drug Enforcement Administration ("DEA"), another component of DOJ, to process documents relating to this case. As set forth in the accompanying Declaration of William C. Little, Jr. ("Little Dec."), DEA made an additional release of information to plaintiff on April 17, 2008, and has otherwise made significant progress reviewing documents associated with seven referrals from the Department of State and the FBI. See Little Dec. ¶¶ 17. Because DEA is still engaged in the classification / declassification review of six documents consisting of 104 pages of material and reviewing other voluminous files, however, defendant moves the Court for five additional months to allow defendant to complete the record in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). See Little Dec. ¶¶ 24- 26. Specifically, defendant requests until October 15, 2008 to supplement the record with further evidence concerning the referrals.

As noted in Defendant's Reply in Support of Motion for Summary Judgment, the DEA has been in the process of having certain documents potentially responsive to plaintiff's FOIA request subjected to declassification review in preparation for possible processing for release. See R.35 at 10 n.6; Little Dec. ¶¶ 10-12.  DEA has completed its review of many of the documents (approximately 283 pages) which originated with other entities and recently returned or is in the process of returning those documents to FBI and the Department of State.  See Little Dec. ¶¶ 11, 13, 18, 19, 20.  As a result of those actions, DEA has been able to close several of its referrals out, and the FBI and Department of State must now consider what, if any, additional releases can be made, and DEA is now left with 104 pages of previously classified documents of its own to deal with.  See id. ¶¶ 21-24.  In order to assess their continued classification status, which is based on other derivative information DEA has been searching for, and once obtained DEA must review voluminous other files, and that process is time-consuming.  See id. & ¶ 12.  The files involved in the investigation of plaintiff's activities involve multiple foreign governments, sources, and more than 15 individuals who were being investigated for domestic and foreign trafficking.  See id.

From the original universe of pages that were the subject of the Supplemental Declaration of Leila I. Wassom, DEA has now been able to confirm that certain documents were exact duplicates of material previously processed; thus, those documents require no further processing. See Little Dec. ¶¶ 15-16.  At this point, DEA has a little over 100 pages of documents on which it needs to complete declassification review and FOIA processing.  However, the FBI and /or the Department of State will also need additional time to supplement the record with their further responses now that DEA has completed its consultations on pages to make similar decisions and

prepare appropriate Vaughn indices. See id. ¶ 18 (21 pages returned to FBI); ¶ 19 (17 pages to be returned to FBI); ¶ 20 (20 pages to be returned to FBI). Coordinating filing all of the additional information from the DOJ components and the Department of State will help minimize the number of documents the Court ultimately has to review and will tend to minimize confusion in the record.

DEA now anticipates that it will take an additional 150 days from the filing of this motion to complete the necessary consultations with original classifying authorities to determine if any additional information can be released and to complete any necessary Vaughn index to file with the Court. See Little Dec. ¶¶ 24-26. Further review in DEA's El Paso Intelligence Center may be required. See id. ¶ 24. In whatever way the declassification review concludes, DEA will notify the Court promptly, however, DEA is prohibited from releasing classified information to plaintiff at this time. See 5 U.S.C. § 552(b)(1); Krikorian v. Dep't of State, 984 F.2d 461, 464 (D.C. Cir. 1993) (noting that declarations concerning classified information should be afforded "substantial weight" because "the Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects [sic] might occur as a result of public disclosures of a particular classified record" and quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D. C. Cir. 1981)); Salisbury v. United States, 690 F.2d 966, 970 (D.C. Cir. 1982); see also 18 U.S.C. § 798.

By continuing to pursue declassification review of the remaining documents in this case, DEA is reasonably advancing its ultimate resolution. The nature of the information renders this process extremely sensitive. In the age of the ongoing war on terrorism, the processes for handling classified information have many high priorities. Good cause exists for allowing DEA

a reasonable amount of additional time to complete its efforts. Plaintiff, who is serving a life sentence without parole based on his conviction for conspiracy to violate federal narcotics laws, made the FOIA request in March, 2003 but waited until June, 2005 to initiate this litigation.[1] During the litigation, plaintiff included an affidavit that provided significant additional information beyond that included in his original FOIA request, and that new information led to the discovery of the information which is classified. Consequently, although it is taking longer than usual for the government to be able to complete the record in this case, the additional time redounds ultimately to plaintiff's benefit if any additional information can be released pursuant to declassification review. The alternative, of course, is for DEA to treat all of the remaining material as classified and exempt from disclosure under the FOIA. 5 U.S.C. § 552(b)(1). Because the documents relate to sensitive law enforcement investigations and matters involving international contacts, extreme care and extra time are warranted.

      For all of these reasons, this extension of time is sought in good faith. Counsel for the defendant did not consult with the plaintiff prior to filing this motion for enlargement because he is presently incarcerated. See Local Civil Rule 7(m).

      WHEREFORE, defendant respectfully requests that the time for supplementing the record with further information from the Drug Enforcement Administration be extended through and including October 15, 2008. If the Court would deem it appropriate, DEA will also file a status report by August 15, 2008 to update the Court on its efforts between the filing of this motion and that date. A proposed order is attached.

---

[1] See Complaint, at pages 1-2; see also Miller v. United States, 131 Fed. Appx. 161 (11th Cir. 2005) (denying post-conviction motion and briefly recounting procedural history).

Dated: May 15, 2008.

                          Respectfully submitted,

                          _____
                          JEFFREY A. TAYLOR, D.C. Bar #498610
                          United States Attorney

                          _____
                          RUDOLPH CONTRERAS, D.C. Bar # 434122
                          Assistant United States Attorney

                           /s/
                          JANE M. LYONS, D.C. Bar #451737
                          Assistant United States Attorney
                          United States Attorney's Office
                          555 4th Street, N.W. - Room E4822
                          Washington, D.C. 20530
                          (202) 514-7161

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2008, I placed a copy of the foregoing **DEFENDANT'S STATUS REPORT AND MOTION FOR FURTHER ENLARGEMENT OF TIME FOR SUPPLEMENTING THE RECORD** in the first class United States mail, postage prepaid, marked for delivery to:

**CHARLES MILLER**
Reg. No. 18123-053
USP COLEMAN II
U.S. PENITENTIARY
P.O. BOX 1034
COLEMAN, FL  33521

/s/_____
Jane M. Lyons
Assistant United States Attorney