UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,                           )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )
                                          ) Civil Action No. 05-1314 HHK
DEPARTMENT OF JUSTICE, ET AL.,            )
                                          )
        Defendants                        )
                                          )

**DECLARATION OF WILLIAM C. LITTLE, JR.**

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and Privacy Act (PA),

5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the Department of Justice (DOJ) and DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA Office of Chief Counsel, I am responsible for review, for litigation purposes in cases to which I am assigned, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and to provide litigation support for matters arising under the FOIA and the PA in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and conduct all necessary legal research related to issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is an interested party.

8. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and

the maintenance of Privacy Act Systems of Records. The support also included the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA. In addition, I adjudicate Requests for Amendment of Records submitted to DEA, under the Privacy Act and other Federal statutes.

9. As the attorney assigned to this matter, I personally conducted a litigation review of the contents of the file and records maintained by DEA Freedom of Information Operations Unit (SARO). SARO is the DEA office responsible for the initial response to, the search for, and the processing and release of information requested under FOIA and PA.

10. The purpose of this declaration is to provide the Court with the status of the DEA efforts related to the processing of information referred by the Federal Bureau of Investigation (FBI) and the Department of State (DOS) for consultation and/or direct response to the requester and supplements the previous declaration of Leila Wassom dated March 8, 2007, and October 4, 2007, submitted in support of *Defendant's Motion for Summary Judgment*, filed March 7, 2007. the previous declaration of Leila I Wassom, dated April 18, 2007, submitted in support of *Defendant's Reply in Support of Motion for Summary Judgment,* dated May 7, 2007, and the previous declaration December 19, 2007, submitted in support of *Defendant's Motion for Further Enlargement of Time to Complete the Record* dated December 21, 2007.

11. The DEA received seven (7) referrals from the FBI and DOS of information related to the plaintiff consisting of 42 classified and 27 unclassified documents totaling 283 pages. Some of these referrals were for consultation and others for a direct response to the requester. The FBI

referrals/consultations were assigned DEA FOIA Request Numbers 07-0234-P, 07-0339-P, 07-0644-P, and the DOS referrals/consultations were assigned 07-0615-P, 07-0616-P and 07-0681-P. Each of the referrals/consultations contain classified information. In many instances, DEA was not the original classification authority, however, DEA was asked to concur in the classification determinations made by FBI and/or DOS and to apply any other FOIA exemption to the information in which DEA had an interest.

12. As outlined below, since the return of the documents from the El Paso Intelligence Center (EPIC), the materials have been under review. Based on the EPIC review, it was deemed necessary to identify the source investigative reports that were utilized to classify the material originally, since the materials were derivatively classified. During this period and while searching for the source documents, the referred documents were review for release based upon other FOIA exemptions. Action has been taken to administratively close one (1) referral, documents have been processed in which DEA was not the original classification authority or DEA is engaged in the classification/declassification review process.

## SUMMARY OF ADMINISTRATIVE ACTION

### DEA FOIA Request No. 07-0616

13. During the course of the review, it was discovered that the documents assigned DEA FOIA Request No. 07-0616 were exact duplicates of a referral DEA received from the FBI, and assigned DEA FOIA Request Number 07-0339-P. By letter dated January 24, 2008, DEA informed the DOS that the documents were duplicates of an FBI referral that would be processed

4

in FOIA Request No. 07-0339 and that DEA FOIA Request Number 07-0615-P would be closed. A copy of the DEA letter dated January 24, 2008, is attached as Exhibit R.[1]

14. With the closing of DEA FOIA Request No. 07-0616, 244 pages required review and processing by DEA under the FOIA and/or classification/declassification review.

### DEA FOIA Request No. 07-0615

15. During the course of the review, it was discovered that the five (5) documents totaling 38 pages, assigned DEA FOIA Request No. 07-0615 were exact duplicates of a referral DEA received from the FBI, and assigned DEA FOIA Request Number 07-0339-P. By letter dated January 24, 2008, DEA informed the DOS that the documents were duplicates of an FBI referral that would be processed in FOIA Request No. 07-0339 and that DEA FOIA Request Number 07-0615-P would be closed. A copy of the DEA letter dated January 24, 2008, is attached as Exhibit R

16. With the closing of DEA FOIA Request No. 07-0615, 206 pages require review and processing by DEA under the FOIA and/or classification/declassification review.

### DEA FOIA Request No. 07-0339

17. By letter dated April 17, 2008, DEA released portions of 23 pages and six (6) pages in their entirety to the plaintiff in response to request 07-0339-P. Information was withheld pursuant to

---

[1] For purposes of continuity, the numbering of the exhibits will continue based upon the last exhibit attached to the declaration submitted by Leila Wassom dated March 8, 2007, and October 4, 2007, in support of *Defendant's Motion for Summary Judgment*, filed March 7, 2007.

5

FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(C), (b)(7)(D), and (b)(7)(F). A copy of the DEA letter dated April 17, 2008, is attached as Exhibit S.

18. By letter dated May 14, 2008, DEA returned seven (7) documents, totaling 21 pages, to the FBI for a final release determination. It was pointed out to the FBI that exact duplicates of the documents had been referred to DEA by DOS and the direction regarding the release or return was inconsistent. A copy of the DEA letter dated May 14, 2008, is attached as Exhibit T.

### DEA FOIA Request No. 07-0644

19. The three (3) documents totaling 17 pages were review. These documents, referred as a consultation, are to be returned to DOS. DEA is in the process of preparing the transmittal letter.

### DEA FOIA Request No. 07-0681

20. The single document totaling 20 pages was review. These document, referred as a consultation, is being returned to the FBI. DEA is in the process of preparing the transmittal letter.

### DEA FOIA Request No. 07-0681

21. The six (6) documents totaling 104 pages are teletypes that originated with DEA and for which DEA was the original classification authority. These documents, referred for a direct response to the requester, are being reviewed for classification/declassification. The documents were forwarded to CCA by EPIC for assistance in locating the source materials.

22. Pursuant to the classification review, CCA identified six (6) DEA investigative files that must be reviewed: GFKJ-95-9129, GFG5-95-9343, G1-94-0357, G5-93-Z003, C9-95-0041, and KJ-96-0001. All of the files were in long term storage. CCA has retrieved headquarters and field files GFKJ-95-9129 and headquarters file C9-95-0041, and is in the process of retrieving headquarters files GFG5-95-9343, G1-94-0357, and G5-93-Z003 from the National Archives and Record Administration, National Records Center (NRC). Except for G5-93-Z003 and KJ-96-0001, the files have been obtained. Notice was received on May 14, 2008, that G5-93-Z003, a file consisting of 15 volumes, had arrived. The remaining file, KJ-96-0001, is voluminous and resident in a foreign office.

23. In the classification/declassification process of the documents involved in this case, the source documents must be identified. The documents under review relate to matters involving foreign Governments, sources of information and individuals engaged in domestic and foreign illegal trafficking in cocaine and marijuana. The information upon which the classification was based is possibly contained in several investigative case files established in Columbia, Venezuela, Canada and several U.S. cities that relate to more than 15 individuals identified thus far.

24. The review of investigative case files obtained over the course of the past 6 months has enable DEA to take action on the documents referred in six (6) of the above mentioned DEA FOIA requests. The six (6) documents totaling 104 pages assigned DEA FOIA Request No. 07-0681 remain in the classification/declassification review process. It may be necessary to again forward the documents to EPIC for further review.

25. Thus, an additional 90 days is requested, during which time DEA will make every effort to complete the classification/declassification review. In 90 days, DEA can report on the progress being made.

26. However, once the final classification review is completed FOIA determinations must be made, and a declaration and complete *Vaughn* index prepared for submission to the court. The FOIA process will consume approximately 60 days.

27. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

May 15, 2008
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

# EXHIBIT R



**U.S. Department of Justice**
Drug Enforcement Administration
FOIA/Records Management Section
FOIA Operations Unit

www.dea.gov

APR 16 2008

Ms. Margaret P. Grafeld, Director
General Counsel
Office of Information Programs and Services
A/ISS/IPS
Room 8100
SA-2
Department of State
Washington, D.C. 20522-8100

Re: *Charles Miller v. DOJ, et al.*, C.A. 05-1314 (HHK)
    DOS FOIA Case No. 200604923
    FBI FOI/PA No. 974876-001
    DEA FOIA Request No. 07-0616-P

Dear Ms. Grafeld:

This responds to your letter dated March 2, 2007, to the Drug Enforcement Administration (DEA) regarding the above referenced Department of State (DOS) and Federal Bureau of Investigation (FBI) Freedom of Information Act (FOIA) cases. Enclosed are the pages originally referred to DEA, a copy of the pages with recommended redactions and a copy of the draft DEA *Vaughn* index for reference.

In your letter, you referred eight (8) documents totaling 23 pages designated F-26, F-28, F-29, F-30, F-31, F-34, F-41 and F-50 for a concurrence in release. Your referral was assigned DEA FOIA Request No. 07-0616. Please use this number when referring to this group of documents in the future.

In connection with this matter, DEA has received several referrals and consultations from your office and the FBI. For future reference, the pages of the documents related to this referral are numbered in the DEA FOIA file as follows: F-26: pages 51 – 53; F-28: 54 and 55; F-29: 30 – 33; F-30: 56 – 58; F-31: 34 and 35; F-34: 36 and 37; F-41: 59 – 61; and, F-50: 38 – 41. With regard to this particular referral, F-29, F-31, F-34 and F-50 were also referred to DEA by the FBI and assigned DEA FOIA Request No. 07-0339. As it relates to the FBI referral, these pages will be returned to the FBI for coordination and a final release determination.

Ms. Margaret P. Grafeld  Page 2
April 8, 2008

    The DEA Office of Chief Counsel was consulted regarding the referral, since the matter was in litigation. After review, DEA recommends the withholding of the information identified in the attached daft *Vaughn* index. The names of DEA Special Agents and third-parties were withheld pursuant to FOIA Exemption (b)(7)(C). In at least one (1) instance, it is recommended that a date be withheld to protect the identify of a source of information, pursuant to FOIA Exemption (b)(7)(D), since the date in conjunction with other information would allow an individual to uncover the identity of the source. Given the violent nature of the organization, it is recommended that FOIA Exemption (b)(7)(F) be used in conjunction with Exemptions (b)(7)(C) and (b)(7)(D) to protect the safety of the individuals.

    With regard to the classification/declassification of the materials associated with the plaintiff, the suspects have been tried, convicted and, with regard to the plaintiff, his appeals have been exhausted. Thus, there is no foreseeable harm to any enforcement action that could occur. Any decision to continue the current classification based upon the harm to an enforcement action should be reconsidered.

    If you have any questions, please contact William C. Little, Jr., Senior Attorney, Office of Chief Counsel, at (202) 353-9680, or william.c.little@usdoj.gov, or Leila Wassom, Paralegal Specialist, at (202) 307-7605, or leila.i.wassom@usdoj.gov.

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

cc: File Request No. 07-0616-P
    File Request No. 07-0339-P
    David Hardy, FBI
    Christine Kiefer, FBI

# EXHIBIT S



U. S. Department of Justice
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

www.dea.gov

APR 17 2008

Mr. Charles Miller
#18123-053
Federal Correctional Complex USP2
Post Office Box 1034
Coleman, Florida 33521-0879

Re: *Charles Miller v. Department of Justice,* CA 05-1314 HHK;
    DEA FOIA Request No. 07-0339-P
    FBI/FOI/PA No. 974876-001

Dear Mr. Miller:

Enclosed please find portions of 23 pages and six (6) pages in their entirety. These pages were forwarded to the Drug Enforcement Administration for review under the Freedom of Information Act (FOIA) and the Privacy Act (PA) by the Federal Bureau of Investigation (FBI) for a direct response pursuant to your FOI/PA request dated March 16, 2003, that is the subject of the above titled civil action. Information was withheld on the 23 pages pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F).

Sincerely,

William C. Little, Jr.
Senior Attorney
Administrative Law Section

Enclosures

cc:  CCA CHRON
     CCA File _____ 4-17-08
     SARO FILE No. 07-0615 _____
     D. Hardy FBI _____
     DOS M.P. Grafeld _____ USDOS Case No. 200604923
     Document name: H:/wclittle/MyDocuments/litigation/Cases/L-P/Miller/Releaseltr2.wpd:4/17/08

# EXHIBIT T



**U.S. Department of Justice**
Drug Enforcement Administration
FOIA/Records Management Section
FOIA Operations Unit

---

www.dea.gov

MAY 1 4 2008

Mr. David Hardy
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C. 20535

   Re: Charles Miller v. DOJ, et al., C.A. 05-1314 HHK
       FBI FOI/PA # 974876-001
       DEA FOIA Request No. 07-0339
       USDOS Case No. 200604923

Dear Mr. Hardy:

     This is in response to your letter dated December 4, 2006, wherein 6 unclassified and 4 classified documents were referred to the Drug Enforcement Administration (DEA), pursuant to the Freedom of Information Act (FOIA), as documents that originated with DEA for a direct response to the requester. The DEA Office of Chief Counsel was consulted regarding the referral, since the matter was in litigation. It was discovered during review of the DEA files that copies of these same documents were referred to DEA as a consultation for return to the Department of State (DOS). Since the documents did not originate with DEA and the conflicting direction regarding the release or return, these materials, consisting of 21 pages and marked F29, F31, F32, F34, F50, F51 and F53, are returned for a final release determination or whatever action you deem appropriate.

     After review for release under the FOIA, DEA recommends the withholding of the information identified in the attached draft *Vaughn* index. The names of DEA Special Agents and third-parties were withheld pursuant to FOIA Exemption (b)(7)(C). Pursuant to FOIA Exemption (b)(2), internal identifiers and telephone numbers were withheld. The names of sources and the information they provided were withheld pursuant to Exemption (b)(7)(D). Given the violent nature of the drug organization with which Charles Miller was associated, it is also recommended that FOIA Exemption (b)(7)(F) be used in conjunction with Exemptions (b)(7)(C) and (b)(7)(D) to protect the safety of the individuals. Also enclosed for reference with the 21 pages is a copy of a draft *Vaughn* index detailing the information that DEA recommends should be withheld. For clarity , the pages of the documents related to this referral are numbered in the DEA FOIA file as follows: F-1: 1-10; F-2: 11-19; F-9: 20-29; F-29: 30 – 33; F-31: 34 and 35; F-32: 42-45; F-34: 36 and 37; F-50: 38 – 41; F-51: 46 and 47; and, F-53: 48-50.

**SECRET**
(UNCLASSIFIED WHEN SEPARATED FROM ENLOSURES)

Mr. David Hardy  
May 14, 2008

Page 2

    With regard to the classification/declassification of the materials associated with the plaintiff, the suspects have been tried, convicted and, with regard to the plaintiff, his appeals have been exhausted. Thus, there is no foreseeable harm to any enforcement action that could occur. Any decision to continue the current classification based upon the harm to an enforcement action should be reconsidered.

    If you have any questions, please contact William C. Little, Jr., Senior Attorney, Office of Chief Counsel, at (202) 353-9680, or william.c.little@usdoj.gov, or Leila Wassom, Paralegal Specialist, at (202) 307-7605, or leila.i.wassom@usdoj.gov.

Sincerely,

*Katherine Myrick*

Katherine L. Myrick  
Chief, Operations Unit  
FOI/Records Management Section

Enclosures

cc: SARO FOIA Request File No. 07-0339-P  
    SARO FOIA Request File No. 07-0616-P  
    Christine Kiefer, FBI  
    Margaret P. Grafeld, DOS  
    CCA Litigation File