UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1314 HHK |
| ) | |
| DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants ) | |

**DECLARATION OF WILLIAM C. LITTLE, JR.**

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. This supplements my prior declaration dated May 15, 2008, providing the Court with the status of the DEA efforts related to the processing of information referred by the Federal Bureau of Investigation (FBI) and the Department of State (DOS) for consultation and/or direct response to the requester and supplements the previous declaration of Leila I. Wassom dated March 8, 2007, and October 4, 2007, submitted in support of *Defendant's Motion for Summary Judgment*, filed March 7, 2007, the previous declaration of Leila I. Wassom, dated April 18, 2007, submitted in support of *Defendant's Reply in Support of Motion for Summary Judgment*, dated May 7, 2007, and the previous declaration December 19, 2007, submitted in support of *Defendant's Motion for Further Enlargement of Time to Complete the Record* dated December

21, 2007.

2. The purpose of this declaration is to provide the court with the status of my efforts to identify source material used by DEA in creating the six (6) documents, totaling 104 pages, that were referred to DEA and assigned DEA FOIA Request No. 07-0681.

3. Of the six (6) DEA investigative files previously mentioned as needing review, the Headquarters files were obtained and reviewed, except G5-93-Z003 and KJ-96-0001. DEA File No. G5-93-Z003 is a file consisting of 15 volumes that counsel has been reviewing while meeting requirements in other FOIA litigation matters. The remaining file, KJ-96-0001, is voluminous and resident in a foreign office. Counsel has not obtained KJ-96-0001 and is waiting until completion of the review of G5-93-Z003 is nearly complete, since storage space and security are of concern.

4. The EPIC reports are prepared in a narrative form without attribution. The only source reference notations are NADDIS identifier codes of individuals, companies and business enterprises, aircraft vessels, confidential source identifier codes, general file reference numbers and EPIC Special Reports. .

5. Notwithstanding the security classification issue, much of the information appears to be from confidential sources, based upon what has been identified in the investigative case files reviewed by counsel. While searching for the source documents for the security classification purposes, counsel has also been noting the sources of the narrative portions that can be withheld under other

FOIA exemptions. Thus, because of the manner in which the EPIC reports were prepared, the process in which counsel is now engaged would be required in order to properly apply FOIA exemptions.

6. Thus, an additional 90 days is requested, during which time DEA will continue to make every effort to complete the classification/declassification review, and the identification of source material supporting the application of FOIA exemptions. In 90 days, DEA can report on the progress being made.

I declare under the penalty of perjury that the foregoing is true and correct.

August 14, 2008
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537