UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        Civil Action  No. 05-1314 (HHK)
                                       )        Electronic Case Filing
U.S. DEPARTMENT OF JUSTICE,            )
Federal Bureau of Investigation        )
                                       )
            Defendant.                 )
_____)

## DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's June 25, 2008 Order, the defendant United States Department of

Justice, by and through counsel, respectfully renews its motion for summary judgment in its

favor under Fed. R. Civ. P. 56 in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA")

case concerning documents sought by the plaintiff relating to himself.  The grounds for this

motion are set forth in the accompanying Defendant's Memorandum in Support of Renewed

Motion for Summary Judgment.  A statement of material facts not in genuine dispute and a draft

order are attached hereto.

Plaintiff should take notice that any factual assertions contained in the affidavits and other

attachments in support of defendant's motion will be accepted by the Court as true unless the

plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in

the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule

7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit

shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

WHEREFORE, based on the foregoing, the defendant respectfully requests that the Court enter judgment in its favor on the Complaint.

Dated: August 18, 2008.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
_____

JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHARLES MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil  Action  No. 05-1314 (HHK) |
| | ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Federal Bureau of Investigation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT**
**OF RENEWED MOTION FOR SUMMARY JUDGMENT**

This case involves information provided to plaintiff in response to his request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for information about himself.  Plaintiff, who is serving a life sentence stemming from his conviction under federal narcotics laws, has received numerous responsive documents and the Court has already found that certain information has been withheld under various FOIA exemptions.  See Miller v. United States, 131 Fed. Appx. 161 (11th Cir. 2005) (denying post-conviction motion and briefly recounting procedural history); June 25, 2008 Mem. Op. [Docket Entry No. 41].  This renewed motion addresses only the items in the record the Court identified as requiring expansion in its June 25, 2008 Memorandum.

**Procedural History**

The record in this extensive case is not yet complete because the Drug Enforcement Administration ("DEA") has been granted more time to complete its classification review of certain documents.  See Status Report [Docket Entry No. 44].  Once DEA finishes its review and provides an appropriate declaration to explain its treatment of plaintiff's FOIA request, the Court

will be in a position to review the remainder of the withholdings by DEA, FBI, and the State Department and enter a final judgment.

In the meantime, on June 25, 2008, the Court approved certain aspects of the government's responses to plaintiff's FOIA request and noted other items on which it requested additional information.  See R.41 (Memorandum Opinion).  Importantly, the Court found that the combination of searches, taken together, were reasonably calculated to uncover responsive records.  Id. at 8.  The Court determined that the Army, the State Department, and the Defense Intelligence Agency ("DIA") all properly withheld certain information under Exemption 1, but that the Air Force had not sufficiently described the documents or harm it claimed would result from their release under Exemption 1.  Id. at 10-22.  The Court went on to approve the withholdings FBI, DIA and Drug Enforcement Administration ("DEA") made of certain internal information under Exemption 2.  See id. at 24-28.  Although the Court found that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") properly withheld Firearms Trace Reports under Exemption 3 and that DIA also properly applied Exemption 3, the Court requested more information from FBI concerning its treatment of information relating to lawful interception of communications.  Id. at 28-30.

With respect to Exemption 5, the Court found that communications between law enforcement and prosecutors were correctly withheld by FBI and that the Criminal Division of DOJ properly exempted material covered constituting attorney work product.  Id. at 32-34.  Less clear was whether certain information contained in a State Department draft telegram was deliberative.  Id. at 35-36.  As for Exemption 6, the Court found that DIA properly withheld an

Intelligence Report, the State Department correctly withheld another telegram, and the Army appropriately withheld two of its documents.  Id. at 37-38.

Furthermore, the Court found that nearly all of the withholdings made in information compiled for law enforcement were correct under various sub-parts of Exemption 7 of the FOIA. See id. at 39-54.  This includes identifying information for law enforcement personnel, third parties, including confidential informants, as well as other information on law enforcement techniques.  Id.  But the Court also found that the State Department's explanation for applying Exemptions 7(C) and 7(D) to telegrams failed to connect the telegrams to any law enforcement proceedings.  Id. at 42.

All of the areas where additional information was needed are addressed below.

## Argument

### I.     The Supplemented Record Justifies All Withholdings

### A.     Air Force

The Air Force withheld an "intelligence report regarding the overseas location and activities of a particular fugitive from justice."  Declaration of Michael L. Bietsch ("Bietsch Dec."), ¶ 3; see June 25, 2008 Mem. Op. at 16-17.  The entire document is currently classified at the "Secret" level because it contains a range of foreign intelligence sources and information, the disclosure of which could reasonably be expected to harm the national security interests of the United States.  Id. ¶¶ 6-8.  In particular, the intelligence report includes information from a particular source of the Air Force Office of Special Investigations.  Id. ¶ 8.  Because the future ongoing effectiveness of law enforcement investigations depends on such sources remaining strictly confidential, the Air Force properly withheld the intelligence report in its entirety.

Because the Air Force's declaration demonstrates that the intelligence report has been properly classified based on the substantive and procedural criteria set forth in the currently applicable Executive Order, the Court should approve its complete withholding under Exemption 1 of the FOIA.  See Halperin v. CIA, 629 F.2d 144, 148 (D.C. Cir. 1980); Weisman v. CIA, 565 F.2d 692, 697 (D.C. Cir. 1977).

### B.     Federal Bureau of Investigation ("FBI")

The Court noted two areas in which it needed supplemental information from the FBI in order to assess the agency's application of Exemptions 3 and 7(D) as applied to wiretaps and foreign law enforcement authorities.  See June 25, 2008 Mem. at 28-29, 50.  As the Fifth Declaration of David M. Hardy explains, the FBI applied Exemption 3 to court-ordered interceptions of telephone and vocal communications.  See Fifth Declaration of David M. Hardy ("5th Hardy Dec."), ¶ 5.  The content of these lawful recordings and their summaries of their contents, which relate to a multi-subject drug conspiracy, are covered by Title III of the Omnibus Crime Control and Safe Streets Act.  See id. & ¶ 6.  All of the information withheld is covered by Title III which prohibits disclosure of the information and leaves the FBI no discretion.  See 5th Hardy Dec. ¶ 6.  Accordingly, release of the information is prohibited and Exemption 3 clearly applies.  Lam Lek Chong v. Drug Enforcement Admin., 929 F.2d 729, 733 (D.C. Cir. 1991) (holding that Title III specifies the matters to be withheld and satisfies subsection (B) of Exemption 3); see  Greenberg v. U.S. Dep't of Treasury, 10 F.Supp.2d 3, 27-28 (D.D.C. 1998) (permitting agency to withhold transcripts of conversations that were taped during an FBI investigation).  Accordingly, the Court should approve the FBI's application of Exemption 3.

- 4 -

Exemption 7(D) protects information provided by and the identities of confidential informants to law enforcement.  See 5 U.S.C. § 552(b)(7)(D).  In this case, the FBI withheld the names and other identifying information of foreign law enforcement authorities who provided information to the FBI based on an express promise of confidentiality.  See 5th Hardy Dec. ¶¶ 7-8. The ongoing and future cooperation of these foreign law enforcement sources is critical to the FBI's mission and Exemption 7(D) allows FBI to protect them from disclosure.  United States Dep't of Justice v. Landano, 508 U.S. 165, 172 (1993); Parker v. Department of Justice, 934 F.2d 375, 378-80 (D.C. Cir. 1991).  Moreover, FBI need not demonstrate any particular harm from specific disclosures because the protection applies even if the source is deceased.  Campbell v. Dept. of Justice, 164 F.3d 20, 33 n.14 (D.C. Cir. 1998).

Because the FBI provided express assurances of confidentiality to the foreign law enforcement sources it utilized during its investigation of plaintiff's activities, its withholdings under Exemption 7(D) should be upheld.

### C.     State Department

As the Second Declaration of Margaret P. Grafeld evidences, the State Department withheld information relating mainly to the extradition of plaintiff to the United States.  See Second Delcaration of Margaret P. Grafeld ("2d Grafeld Dec."), ¶ 7.  The draft telegrams in document F27A contain the Bridgetown Embassy's recommendations to the DEA regarding arrangements for plaintiff's extradition.  Id. ¶ 4.  The character of the telegrams as drafts also supports their protection as the very fabric of a deliberative process.  See, e.g., National Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1122 (9th Cir. 1988); Kidd v. U.S. Dep't of Justice, 362 F.Supp.2d 291, 296 (D.D.C. 2005).  Even facts may be withheld when they themselves are

part of the deliberative process, and here those facts are also classified.  National Wildlife, 861

F.2d at 1118-19; 2d Grafeld Dec. ¶ 4.

      The State Department also applied Exemptions 7(C) and 7(D) to information in certain

documents.  See 2d Grafeld Dec. ¶¶ 5-8.  As an initial matter, it is worth noting that all of the

State Department's Exemption 7(C) withholdings were also covered by Exemption 6.  Id. ¶ 5.

While the Court has approved the State Department's use of Exemption 6 to protect identities

already, these withholdings also satisfy Exemption 7(C).  See June 25, 2008 Mem. Op. at 38.

Because matters involving extradition of plaintiff as a criminal suspect for prosecution in the

United States is plainly a law enforcement function, the State Department satisfies Exemption 7's

threshold with respect to the documents at issue.  See 2d Grafeld Dec. ¶¶ 6-7; Jefferson v. Dep't

of Justice, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (emphasizing that the focus is the context of

the creation and compilation of the documents); Sinsheimer v. Department of Homeland Sec.,

437 F.Supp.2d 50, 55 (D.D.C. 2006) (stressing that "[i]t is the purpose of the record, not the role

of the agency, that is determinative" of whether Exemption 7's threshold law enforcement

purposes is satisfied); see also FBI v. Abramson, 456 U.S. 615, 622 (1982).

      With respect to the other telegram, identified as F12, the State Department withheld only

the names of several U.S. government employees because there names were withheld in other

documents released to plaintiff, in part to prevent plaintiff from discovering identities using

information from it.  See 2d Grafeld Dec. ¶ 8; Carter v. Dep't of Commerce, 830 F.2d 388, 391

(D.C. Cir. 1987); Dept of the Air Force v. Rose, 425 U.S. 352, 376-81 (1976).  There is virtually

no legitimate public interest in revealing the names of these government employees, and in terms

of assessing the balance, the Court should consider what the requester and others might do with

the information.  <u>National Archives & Records Admin. v. Favish</u>, 541 U.S. 157, 174 (2004).  In

this case, the requester is a convicted member of a violent and international narco-trafficking

organization.

## II.     Dismissal is Warranted Based on Plaintiff's Failure to Pay Fees

It is well-established in administrative law that "no one is entitled to judicial relief for a

supposed or threatened injury until the prescribed administrative remedy has been exhausted."

<u>McKart v. United States</u>, 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies

is required under the FOIA before a party can seek judicial review.  <u>Dettmann v. United States</u>

<u>Dep't of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have

failed to exhaust administrative remedies whenever the requester does not comply with the

administrative process set forth under the FOIA, including: (1) failure to provide the required

proof of identity, <u>Summers v. United States Dep't of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir.

1993); (2) failure to reasonably describe the records being sought, <u>Gillin v. IRS</u>, 980 F.2d 819,

822-23 (1st Cir. 1992); (3) **failure to comply with fee requirements**, <u>Trueblood v. United States</u>

<u>Dep't of Treasury</u>, 943 F.Supp. 64, 68 (D.D.C. 1996); and (4) failure to administratively appeal a

denial of information, <u>Oglesby v. United States Dep't of the Army</u>, 920 F.2d 57 (D.C. Cir. 1990).

Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full

administrative exhaustion, his lawsuit is subject to immediate dismissal for lack of subject matter

jurisdiction.  <u>Id</u>.

Here, plaintiff's lawsuit should be dismissed because of his failure to comply with the

Department of Justice's fee requirements.  The FOIA provides that "each agency shall

promulgate regulations... specifying the schedule of fees applicable to the processing of requests

under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced."  5 U.S.C. § 552(a)(4)A)(i).  The FOIA further provides that "[d]ocuments shall be furnished without charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(A)(4)(A)(iii).

Pursuant to these provisions, the Department of Justice ("DOJ") has promulgated guidelines for determining when fees should be waived.  These regulations require the agency to consider four factors in determining whether requested information is sufficiently likely to contribute significantly to the public understanding of the government to warrant a fee waiver. Specifically, the DOJ must consider whether (1) the subject of the requested records concerns the operations or activities of the United States government; (2) disclosure is likely to contribute to an understanding of these operations or activities; (3) disclosure will contribute to public understanding of United States government operations or activities; and (4) disclosure is likely to contribute significantly to this public understanding.  See 28 C.F.R. § 16.11(k) (1998).  In addition, the DOJ's regulations provide that:

> In cases in which a requester has been notified that actual or estimated fees amount to more than $25.00, **the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee**.

28 C.F.R. § 16.11(e)(1998) (emphasis added).  The burden is on the requester to establish its entitlement to the fee waiver.  See Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C. Cir. 1988).

- 8 -

In this case, the FBI has provided responsive records to plaintiff and he has failed to pay or even to agree to pay the amounts associated with his FOIA request. <u>See</u> Fifth Hardy Dec. ¶ 9. Because Plaintiff's request seeks only documents about himself and his criminal conviction, responsive material is not "likely to contribute significantly to the public understanding of the operations or activities of the government." 28 C .F.R. § 16.11(k)(i).  <u>Compare</u> <u>McClain v .</u> <u>Department of Justice</u>, 13 F.3d 220, 221 (7th Cir. 1993) (noting that there was no public interest where requester sought documents "to serve his own interest in vindication.").  Plaintiff s failure to comply with DOJ regulations regarding prepayment of estimated fees calls for dismissal of his FOIA request.  <u>See</u> <u>Oglesby v . United States Department of the Army</u>, 920 F.2d 57, 66 (D .C. Cir. 1990); <u>Center to Prevent Handgun Violence v. Department of Treasury</u>, 981 F. Supp . 20, 23 (D.D.C. 1997); <u>Trueblood v. United States Dept of Treasury</u>, 943 F. Supp . 64, 67 (D .D.C. 1996); <u>Crooker v. United States Secret Service</u>, 577 F. Supp. 1218, 1219 (D.D.C. 1983). Importantly, a FOIA plaintiff is not relieved of his obligation to pay the assessed fee merely because he has filed a federal court lawsuit.  <u>See</u> <u>Pollack v . Department of Justice</u>, 49 F.3d 115, 119-20 (4th Cir. 1995) (holding that commencement of a FOIA action does not relieve the requester of the obligation to pay fees).

Plaintiff has therefore failed to comply with published rules to pay applicable fees in accordance with his statutory obligation under 5 U.S.C. § 552(a)(3)(A)(ii).  <u>Id</u>.  Moreover, plaintiff has not requested a fee waiver or explained why he would be entitled to a fee waiver. Accordingly, plaintiff has failed to exhaust his administrative remedies and his claims to any further response from defendant should be dismissed because he has failed to exhaust the required administrative remedies.

- 9 -

## Conclusion

For all of these reasons, there are no genuine issues of fact regarding the applications of Exemptions 1, 3, 7(C) and 7(D) by the Air Force, the FBI and the State Department.  Defendant is entitled to partial judgment as a matter of law on the issues addressed in the Court's June 25, 2008 Memorandum Opinion and this motion.

       Dated: August 18, 2008.

                                     Respectfully submitted,

                                  _____

                                  JEFFREY A. TAYLOR, D.C. Bar #498610
                                  United States Attorney

                                  _____

                                  RUDOLPH CONTRERAS, D.C. Bar # 434122
                                  Assistant United States Attorney

                                      /s/_____

                                  JANE M. LYONS, D.C. Bar #451737
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  Civil Division
                                  555 4th Street, N.W. - Room E4822
                                  Washington, D.C. 20530
                                  (202) 514-7161

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of August, 2008, I placed a copy of the foregoing

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT** in the first class

United States mail, postage prepaid, marked for delivery to:

        **CHARLES MILLER**
        Reg. No. 18123-053
        U.S. Penitentiary
        P.O. Box 150160
        Atlanta, Georgia   30315


                                /s/_____
                                Jane M. Lyons
                                Assistant United States Attorney