IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES MILLER, et al., )<br><br>Plaintiffs )<br><br>v. )<br><br>UNITED STATES DEPARTMENT, )<br>OF JUSTICE, et al., )<br><br>Defendants ) | Civil Action No. 05-CV-1314 |

## DECLARATION OF MICHAEL L. BIETSCH

Pursuant to 28 U.S.C. 1746, I, MICHAEL L. BIETSCH hereby declare under penalty of perjury that the following is true and correct.

1. I am the Deputy Director of Operations for Counterintelligence (XO-CI) for Headquarters, Air Force Office of Special Investigations (HQ AFOSI). I have held this position since July 9, 2007. My responsibilities include reviewing classified information to determine whether it can be released. Because of my official duties, I am familiar with Air Force and Department of Defense (DoD) requirements for processing requests made pursuant to the FOIA, 5 U.S.C. § 552, and with local procedures for tracking the processing of requests received by HQ AFOSI.

2. On March 26, 2007, HQ AFOSI received a request from the Federal Bureau of Investigation, concerning a classified document originating with this agency regarding Mr. Charles Miller. The document is identified herein as document number one.

3. Document number one is an intelligence report regarding the overseas location and activities of a particular fugitive from justice.

4. Upon review, I have determined the information is exempt from disclosure pursuant to FOIA Exemption 1 (5 U.S.C. § 552 (b) (1)), which exempts from disclosure those records that are "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy; and (B) are in fact properly classified pursuant to such Executive Order..."

5. FOIA Exemption 1 exempts from disclosure those records that are "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy; and (B) are in fact properly classified

pursuant to such Executive Order..." Document number one was classified by an original classification authority pursuant to a predecessor to Executive Order 12958, as amended. Section 1.1(a) of Executive Order 12958, as amended, provides:

> Information may be originally classified under the terms of this order only if all of the following conditions are met:
>
> > (1) an original classification authority is classifying the information;
>
> > (2) the information is owned by, produced by or for, or is under the control of the United States Government;
>
> > (3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and
>
> > (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.[1]

Further, section 1.2(a) of Executive Order 12958, as amended, provides that the "Secret" classification level "shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security that the original classification authority is able to identify or describe."

6. I personally examined the information contained in document number one, withheld from plaintiff under FOIA Exemption (b)(1). I determined that the entire document continues to warrant classification at the "Secret" level because it meets one of the criteria of E.O. 12958, as amended, § 1.4. Specifically, document number one concerns intelligence activities (including special activities), intelligence sources or methods[2]; and foreign activities of the United States, including confidential sources.[3] In addition E.O. 12958, as amended, § 3.3, permits an agency head to exempt from automatic declassification information that would "reveal the identity of a confidential human source, or a human intelligence source, or reveal information about the application of an intelligence source or method,"[4] or "reveal information, including foreign government information, that would seriously and demonstrably impair relations between

---

[1] Section 6.1 (y) of E.O. 12958, as amended, defines "National Security" as "the national defense or foreign relations of the United States."

[2] E.O. 12958, as amended, § 1.4(c).

[3] E.O. 12958, as amended, § 1.4(b).

[4] E.O. 12958, as amended, § 3.3(b)(1).

the United States and foreign governments, or seriously and demonstrably undermine ongoing diplomatic activities of the United States."[5]

7. E.O. 12958, as amended, § 1.4(d), exempts from disclosure information concerning foreign activities of the United States. Information that identifies intelligence information gathered by the United States either about or from a foreign country is sensitive. The unauthorized disclosure of information concerning foreign activities of the United States can reasonably be expected to identify the target, scope or time frame of intelligence activities of the United States in or about a foreign country, which may result in the curtailment or cessation of these activities; enable hostile entities to assess United States intelligence gathering activities in or about a foreign country and devise countermeasures against these activities; or compromise cooperative foreign sources which may jeopardize their safety and curtail the flow of information from these sources. Such result could be expected to cause serious damage to the national security.

8. Executive Order 12958 section 1.4(c), as amended, exempts intelligence activities (including special activities), intelligence sources and methods, or cryptology from disclosure. Document number one contains specific information provided by a source and, if disclosed, reasonably could be expected to reveal the identity of the contributing source. Disclosure of AFOSI sources, regardless of whether they are active or inactive, alive or deceased, can reasonably be expected to jeopardize the physical well-being of the source or the source's family and could cause damage to national security by causing current intelligence sources to cease providing information, and discourage potential intelligence sources from cooperating with the AFOSI for fear their identities would be publicly revealed at some point. Such a source reaction would eliminate one of the most crucial means of collecting intelligence information and, therefore, severely hamper the AFOSI's law enforcement efforts to detect and apprehend individuals who seek to damage the national security through violation of the United States criminal and national security laws. Such result could be expected to cause serious damage to the national security.

9. Thus, the release of information in document one is properly classified at the "Secret" level pursuant to E.O. 12958, as amended, §§ 1.4(c), 1.4(d), and 3.3(b)(1), and is exempt from disclosure pursuant to Exemption 1.

Executed this 18th day of August, 2008.

Michael L. Bietsch, YN-03, DAFC
Director, Counterintelligence

---

[5] E.O. 12958, as amended, §3.3(b)(6).