UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Charles Miller,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Investigation,<br><br>    Defendant. | Civil Action No.<br>05-1314 HHK |

## SECOND DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1. I am the same Margaret P. Grafeld who executed the declaration on behalf of the Department of State (the "Department") dated April 17, 2007. My previous declaration is hereby incorporated by reference into this declaration.

2. I make the following statements based upon my personal knowledge, which in turn is based upon a personal review of the records in the case file established for the processing of the subject request, and upon information furnished to me in the course of my official duties.

3. The purpose of this declaration is to provide the Court with additional information requested by the Court's Memorandum Opinion of June 24, 2008 regarding the Department's withholding of information based upon FOIA exemption (b)(5) (memorandum ¶4.c., p. 34) and FOIA exemptions (b)(7)(C) and (D) (memorandum ¶6.v., p. 41).

4. While paragraph 100 of my declaration may have given the impression that the sole basis for the assertion of exemption 5 in document F27A was the document's character as a draft, in fact, the deliberative process withholding is justified by the fact that it presents Embassy Bridgetown's recommendation to the Drug Enforcement Administration regarding arrangements for plaintiff Miller's transfer from St. Kitts to the United States. Even if there were factual portions that might be segregated from the deliberative material, there is no information that may also be declassified and released because the entire telegram is currently and properly classified and thus withheld in full under exemption 1 for the reasons explained in my first declaration.

5. As described in my previous declaration, the Department has asserted exemptions (b)(7)(C) for information in 40 documents and (b)(7)(D) for information in 10 documents. The following information provides further description of our

3

determination that the withheld material meets the threshold requirement of constituting records or information compiled for law enforcement purposes. I note that, in every instance in which the Department is asserting the (b)(7)(C) exemption in this case, the Department has also asserted exemption (b)(6) for the same information.

6. The process of international extradition, involving as it does the action of national governments to apprehend fugitives from justice and return them to a country that has requested their extradition for prosecution or for imposition or service of a sentence, is an important law enforcement function. The Department of State is a principal actor in the process. The Department of State heads U.S. delegations in negotiating extradition treaties with foreign countries. Pursuant to such treaties, requests to foreign countries for the return of a person to the United States for prosecution or for imposition or service of a sentence, whether under federal or state law, are made to foreign governments by the Department through its embassies in those countries, and the documents typically required in support of such requests are authenticated by the Department. Similarly, requests to the United States for the apprehension and return of persons to foreign countries for

prosecution or for imposition or service of a sentence are made to the Department of State, and evidence provided by foreign countries in support of their requests for extradition from the United States are authenticated by U.S. diplomatic or consular officers in the requesting country (18 U.S.C. § 3190). The Secretary of State is the U.S official to whom a judge or magistrate certifies, among other things, that there is sufficient evidence under the applicable treaty to support the request for extradition from the United States (18 U.S.C. § 3184). Once such a certification is made, the Secretary of State is the U.S. official authorized to surrender a fugitive, or to decline to do so, to the foreign country requesting extradition (18 U.S.C. § 3186). In some cases, as in Charles Miller's, judicial proceedings in the foreign country are necessary to secure an individual's extradition to the United States.

7. All of the documents in which the (b)(7)(C) and (D) exemptions have been asserted relate to the extradition of Charles Miller to the United States. With one exception (noted below), they were all generated as part of the process of requesting and securing his extradition, and they contain reports and information about judicial proceedings arising from

5

the decision to seek Miller's extradition as well as about related threats made by Miller and the law enforcement response to them. They are, therefore, documents created and compiled for law enforcement purposes.

8. The only document with a different relationship to law enforcement is document F12, which is linked to a law enforcement proceeding in that it reports the reaction within St. Kitts to a Newsweek magazine article about the ongoing extradition proceedings against Miller - which is the only reason the telegram was considered responsive to the request in the first place. That this document was produced, like the others, from FBI files further indicates that it was assembled with other records for a law enforcement purpose. The only information withheld from this telegram consists of the names of several U.S. government employees listed as its drafters or recipients. Release of this information, which concerns a notorious and violent narcotrafficker and which (as noted above) has additionally been withheld under exemption (b)(6), gives rise to a potential for harassment or retaliation of these individuals. Not least because the identities of these individuals' offices have already been released in this document, releasing these individuals' names would be highly

6

unlikely to add meaningfully to the public's understanding of how an agency operates or performs its duties.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _____ day of August, 2008.

_____
Margaret P. Grafeld