IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil A. No. 05-CV-1314 (HHK) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendant. | ) | |

## FIFTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)      I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)      In my official capacity as Section Chief of RIDS, I supervise approximately 194 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act request of plaintiff Charles Miller which seeks access to records pertaining to himself.

(4)    This declaration is submitted in response to the Court's June 24, 2008, Memorandum Opinion in which the Court "directed the Defendants to renew their summary judgment motion within 45 days of the entry of the Order accompanying this Memorandum Opinion." Particularly, this declaration addresses the portions of the Court's Memorandum Opinion which state that 1) for FOIA Exemption 3 the Declaration of David M. Hardy is "incomplete, [] as it neither explains that it had no discretion on the decision to withhold [Title III] information nor sets forth the particular criteria applied in reaching its decision to withhold the wiretap information in full," and that 2) for FOIA Exemption 7(D) "it remains unclear [from the Fourth Declaration of David M. Hardy] whether these [foreign law enforcement authorities] provided information under an express grant of confidentiality." Additionally, this declaration addresses the fact that the FBI has not received payment of the fees assessed for the release of

-2-

records sent to plaintiff pursuant to two letters dated September 8, 2004, and April 17, 2007,

respectively. **See Exhibits A and B attached hereto**.

## EXEMPTION 3: Title III Material

(5)    The FBI asserts Exemption 3 to protect information that is specifically exempted

pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§

2510-2520 ("Title III"), which concerns the Court-ordered lawful interception and recording of

telephonic communications and vocal communications recorded by electronic microphone

surveillance by a federal law enforcement agency in criminal investigations. The Title III statute

specifically exempts from disclosure certain criteria of information concerning Court-ordered

interceptions and recordings by federal law enforcement agencies, including the identities of

targeted individuals, targeted locations of microphones, the identities of participants in

intercepted and/or recorded conversations, and the content of these intercepted and recorded

conversations.

(6)    Specifically, the information withheld from disclosure pursuant to Exemption 3

consists of the identities of the individuals targeted for interception through an electronic

microphone surveillance. That surveillance was conducted  pursuant to the provisions of Title III

in the Organized Crime Drug Enforcement Task Force investigation of  a multi-subject drug

investigation of numerous co-conspirators (including plaintiff) contained in FBIHQ file

245-HQ-657. Additionally, information concerning the physical location of the electronic

microphone surveillance, the participants of some of the intercepted conversations, and the

summarized content of some of the intercepted conversations were also withheld from disclosure

pursuant to Exemption 3. As stated above, this type of information is specifically exempt from

-3-

disclosure pursuant to the provisions of Title III, 18 U.S.C. §§ 2510-2520, and the FBI has

properly asserted Exemption 3 to withhold this information from disclosure.

**EXEMPTION 7(D): Names and/or Identifying Information**
**Furnished by Foreign Law Enforcement Authorities**

(7)    Exemption (b)(7)(D)-4 has been asserted to exempt from disclosure the names and

other identifying information of foreign law enforcement authorities who provided information

and cooperated with the FBI under an express assurance of confidentiality. These foreign law

enforcement authorities cooperated with the FBI and provided valuable information concerning

the criminal drug-related activities of a number of subjects of the investigation which is the

subject of file 163A-BB-610 with the express agreement that their identities and any information

which would tend to identify them would only be used for law enforcement purposes and would

not be released to the public.

(8)    In this instance, the FBI has protected both the identity of these foreign law

enforcement authorities and any specific information provided by them which could possibly

reveal their identities. The FBI has worked very closely with foreign law enforcement authorities

who have become partners with the FBI in its criminal, counterterrorism, and national security

investigations. These foreign law enforcement authorities have requested information from and

have provided information to the FBI. Because of the sensitive nature of the information

provided by these foreign law enforcement authorities, it is natural that they have the express

expectation and assurances that its identity and the information and assistance that it provided to

the FBI would remain confidential. Disclosure of the identity of these foreign law enforcement

authorities and the information that they provided would have a chilling effect on the FBI's future

-4-

relationship with these authorities. Disclosure of the identity of these cooperative foreign law enforcement authorities could result in their refusal to cooperate with the FBI in future investigations. Furthermore, disclosure of the identity of these foreign law enforcement authorities would have a chilling effect on the FBI's relationships with other cooperative foreign law enforcement authorities that were not involved in this case, but who assist the FBI with other investigations. Accordingly, since the disclosure of this information could reasonably be expected to disclose the identity of these cooperative foreign law enforcement authorities which provided information to the FBI under an express assurance of confidentiality, the FBI has properly asserted FOIA Exemption 7(D)-4 to protect the names and other identifying information of these foreign law enforcement authorities.

## NONPAYMENT OF FEES

(9)     The FBI has completed the processing of records responsive to plaintiff's FOIA/Privacy Act request and released all reasonably segregable material pursuant to letters dated September 8, 2004, and April 17, 2007. (**See Exhibits A and B.**)  To date, plaintiff has failed to make payments for duplication fees for the responsive records in the amount of $9.10 for the first release and $32.30 for the second release, for a total amount due of $ 41.40.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this 18th day of August, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES MILLER,                          )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )    Civil Action Number 05-CV-01314
                                         )
U.S. DEPARTMENT OF JUSTICE,              )
FEDERAL BUREAU OF INVESTIGATION          )
et al.,                                  )
                                         )
        Defendants.                      )


# EXHIBIT A



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 8, 2004

MR CHARLES MILLER
**18123-053
UNIT: D-2
601 MCDONOUGH BOULEVARD, SOUTHEAST
ATLANTA, GA 30315

Subject: MILLER, CHARLES

FOIPA No. 0974876- 000

Dear Mr. Miller:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☒(b)(3)__FRCP rule 6e_____ | ☒(b)(7)(C) | ☐(k)(1) |
| __18 USC 2515-20_____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

253  page(s) were reviewed and 191  page(s) are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

  ☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has

shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

Please be advised that the enclosed documents are maintained in a multiple subject investigation. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion specifically requested by providing all information pertaining to you rather than that information pertaining to other subjects. Therefore, only those documents which contained substantive information concerning you were processed for release. Portions of sections one through three of file number 245 HQ-657 were processed and are enclosed.

As a means of releasing documents to you in a more timely and efficient manner, we are enclosing the requested material in advance of your payment. At this time, we are requesting payment in the amount of $9.10 for this release of 191 pages. Your check or money order should be made payable to the Federal Bureau of Investigation, and should include the FOIPA number assigned to this request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLES MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 05-CV-01314 |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| FEDERAL BUREAU OF INVESTIGATION | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT B

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

Mr. Charles Miller
R18123-053
USP COLEMAN II
U.S. PENITENTIARY
P.O. BOX 1034
COLEMAN, FL. 33521

APRIL 17, 2007

Subject: MILLER, CHARLES

FOIPA No. - 974876-001

Dear Requester:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☒(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

1440 page(s) were reviewed and 323 page(s) are being released.

☒ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

  ☒ referred to the OGA for review and direct response to you.

  ☒ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident. references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure (2)

As a means of releasing documents to you in a more timely and efficient manner, we are enclosing the requested material in advance of your payment. Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages.

At this time, we are requesting payment in the amount of $41.40 for the previous release dated September 8, 2004 which contained 191 pages from main file 245-HQ-657 and this release of 323 pages dated April 17, 2007 from the following main files, Bridgetown 163A-BB-610 and HQ 163A-BB-610 and cross references, 109-HQ-C1244428-202-6, 109-HQ-C1244428-210-150,245, 109-HQ-C1244428-417-5, 109-HQ-C1244428-420-24, and 66F-HQ-1091216-38-18, and 92B-HQ-1020656-E15-5-54.

Your check or money order should be made payable to the Federal Bureau of Investigation and mailed to the attention of Work Process Unit, Site 2, 170 Marcel Drive, Winchester, VA. 22606-4843. Please return a copy of this letter and/or include the FOIPA number assigned to this request.

1